UNITED STATES DISTRICT COURT
MIDDLE DISTRICTOF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs,
vs.

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

    Defendant.
_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

    Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

    Plaintiffs/Counter-Defendants.
_____/

### ISIAH ROBINSON'S AND LISA CLAYTON ROBINSON'S ANSWER AND DEFENSES TO NATIONAL AUTOMOTIVE, INC'S COUNTERCLAIM

Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, each and individual ("Counter-Defendants"), by and through undersigned counsel, hereby file their Answer and Defenses to Defendant/Counter-

Plaintiff, NATIONAL AUTOMOTIVE, INC., a Florida corporation ("Counter-Plaintiff"), Counterclaim [DE 17], and in support thereof state:

## ANSWER

## GENERAL ALLEGATIONS

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied by Counter-Defendants who demand strict proof thereof.

## COUNT I – BREACH OF CONTRACT

6. A response is not required to this numbered paragraph of the Counterclaim.

7. Admitted.

8. Admitted that a Retail Installment Sales Contract was signed. Denied that the Retail Installment Sales Contract attached as Exhibit "A" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

9. Admitted that a Buyer's Order was signed. Denied that the Buyer's Order attached as Exhibit "B" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

10. Admitted that a "As Is – Sold Without Warranty" agreement was signed. Denied that the "As Is – Sold Without Warranty" agreement attached as Exhibit "C"

is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

11. Admitted that a "Customer Consent to Contact via Telephone and Wireless Devices" agreement was signed. Denied that the "Customer Consent to Contact via Telephone and Wireless Devices" agreement attached as Exhibit "D" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

12. Admitted that a "Federal Risk Based Pricing Notice" was signed. Denied that the "Federal Risk Based Pricing Notice" attached as Exhibit "E" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

13. Admitted that a "Separate Odometer Disclosure Statement and Acknowledgement" was signed. Denied that the "Separate Odometer Disclosure Statement and Acknowledgement" attached as Exhibit "F" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

14. Admitted that a Buyer's Guide was signed. Denied that the "Buyer's Guide" attached as Exhibit "G" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

15. Admitted that a "Power of Attorney for a Motor Vehicle, Mobile Home, Vessel or Vessel with Trailer" was signed. Denied that the "Power of Attorney for a Motor Vehicle, Mobile Home, Vessel or Vessel with Trailer" attached as Exhibit "H"

is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

16. Admitted that a "Application for Certificate of Motor Vehicle Title" was signed. Denied that the "Application for Certificate of Motor Vehicle Title" attached as Exhibit "I" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

17. Admitted that a "Odometer Disclosure Statement" was signed. Denied that the "Odometer Disclosure Statement" attached as Exhibit "J" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

18. Admitted that a "Acknowledgement of Purchase of Vehicle Containing Past Due Starter Interrupt and/or Electronic Tracking (GPS) Device as Condition of Sale" was signed. Denied that the "Application for Certificate of Motor Vehicle Title" attached as Exhibit "K" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

19. Admitted that a "Repossession Agreement" was signed. Denied that the "Repossession Agreement" attached as Exhibit "L" is a true and correct representation of the document as signed by the Counter-Defendants and demand strict proof thereof.

20. The referenced documents speak for themselves. To the extent that a response is required, admitted that the documents referenced contain the initials "TMU." Denied that the Counter-Defendants signed the referenced documents with "TMU" initials present.

21. Denied by Counter-Defendants who demand strict proof thereof.

22. Denied by Counter-Defendants who demand strict proof thereof.

23. The document speaks for itself. To the extent that a response is required, admitted that the document contains the statements identified in (a)-(d).

24. Denied by Counter-Defendants who demand strict proof thereof.

25. Denied by Counter-Defendants who demand strict proof thereof.

26. Denied by Counter-Defendants who demand strict proof thereof.

27. Denied by Counter-Defendants who demand strict proof thereof.

28. Denied by Counter-Defendants who demand strict proof thereof.

29. Denied by Counter-Defendants who demand strict proof thereof.

Counter-Defendants deny that Counter-Plaintiff is entitled to any relief requested in its WHEREFORE clause.

## DEFENSES

Counter-Defendants submit these defenses based upon facts presently known and expressly reserve the right to supplement these defenses as discovery warrants.

### FIRST DEFENSE

The Counterclaim fails to state a cause of action upon which relief can be granted. Specifically, the Counter-Plaintiff failed to allege any quantifiable damages, nor can Counter-Plaintiff show that the Counter-Defendants were the proximate cause of the GPS device disablement.

### SECOND DEFENSE

The Defendant lacks standing to assert its Counterclaim under Article III of the United States Constitution. The Counter-Plaintiff has not demonstrated a concrete, particularized injury traceable to the Counter-Defendants' alleged actions, nor has it shown that any purported injury is redressable by a favorable decision. Without an actual or imminent injury in fact, the Counter-Plaintiff cannot maintain its Counterclaim.

### THIRD DEFENSE

The Court lacks jurisdiction to hear the Counter-Plaintiff's state law breach of contract claim because it is unrelated to the Counter-Defendants' underlying Federal Odometer Act claim. The Counterclaim for breach of contract grounded in state law does not arise from a common nucleus of operative fact as required for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a). The Counterclaim concerns an

alleged breach of a GPS agreement, which is wholly distinct from the Counter-Defendants' allegations regarding odometer fraud. Accordingly, the Court should decline jurisdiction over this unrelated state law claim.

## FOURTH DEFENSE

To the extent Counter-Plaintiff has been damaged, which Counter-Defendants specifically deny, Counter-Plaintiff has failed to mitigate its damages and therefore should not be able to recover unmitigated damages from Counter-Defendants.

## FIFTH DEFENSE

Counter-Defendants did not tamper with or disable the GPS device. Any failure of the GPS device is attributable to factors outside their control, including accidental damage by a third-party and/or internal defect or failure of the device.

## SIXTH DEFENSE

The failure of the GPS device, if any, was caused by the actions of an independent third-party mechanic, who may have inadvertently disabled or damaged the device while conducting legitimate repairs. Counter-Defendants cannot be held liable for the acts of an independent third party beyond their control. The actions of the mechanic constitute an intervening and superseding cause that precludes liability.

## SEVENTH DEFENSE

The GPS addendum failed to specify the type, make, or model of the device purportedly installed in the vehicle. As a result, Counter-Defendants had no meaningful notice of the existence, location, or nature of the device to even be able to

tamper with or properly protect it during routine maintenance. This lack of specificity renders the provision ambiguous, unenforceable, and insufficient to support a breach of contract claim.

### EIGHTH DEFENSE

The Counter-Plaintiff has failed to plead or demonstrate damages resulting from the alleged breach of contract. Without properly alleging or proving damages, the Counterclaim must fail as a matter of law.

### NINTH DEFENSE

The failure of the GPS device, if any, was caused by the Counter-Plaintiff's installation of defective or faulty equipment. Counter-Defendants are not liable for a failure caused solely by the Counter-Plaintiff's equipment.

### TENTH DEFENSE

The Counter-Plaintiff's prior material breach of the contract preclude its ability to enforce its terms. Specifically, the Counter-Plaintiff installed a defective GPS device, failed to notify Counter-Defendants of the type and specifications of the device, and/or failed to ensure the device was properly functioning at the time of sale. These breaches materially impaired Counter-Defendants ability to comply with the terms of the agreement.

### ELEVENTH DEFENSE

The Counter-Plaintiff comes to the court with unclean hands. The Counter-Plaintiff failed to provide adequate notice of the terms and specifications of the GPS

agreement and/or installed faulty equipment, and now seeks to shift the burden of its own failures onto Counter-Defendants.

## TWELFTH DEFENSE

By installing defective equipment and failing to notify Counter-Defendants of the type and location of the GPS device, the Counter-Plaintiff waived any right to enforce the GPS provisions of the contract.

## THIRTEENTH DEFENSE

The Counter-Plaintiff materially breached its own obligations under the contract by installing defective equipment and failing to ensure the GPS device was properly functioning. As a result, any enforcement of the GPS agreement is barred.

## FOURTEENTH DEFENSE

Counter-Defendants lacked any intent or knowledge regarding tampering with the GPS device. Without intent or knowledge, there can be no liability for the alleged breach.

## FIFTEENTH DEFENSE

If the GPS device failed, it was due to the Counter-Plaintiff's own negligence in installing or maintaining the equipment. The Counter-Plaintiff cannot recover for its own negligence.

## SIXTEENTH DEFENSE

Counter-Defendants affirmatively allege that injuries and/or damages sustained by Counter-Plaintiff, if any, were not due to any act or failure to act on the part of

Counter-Defendants, but were caused in whole or in part by the acts of others for whose conduct Counter-Defendants are not responsible. Such other persons were superseding and intervening causes, and/or Counter-Defendants are entitled to an apportionment of fault and an apportionment of damages under section 768.81, Florida Statutes.

### SEVENTEENTH DEFENSE

Counter-Defendants affirmatively allege that Counter-Plaintiff cannot recover because the conduct of Counter-Defendants was, at all times, reasonable.

### EIGHTEENTH DEFENSE

Counter-Defendants affirmatively allege that Counter-Defendants are entitled to a setoff of damages caused by Counter-Plaintiff for the claims raised in the operative complaint. [DE 1].

WHEREFORE, Counter-Defendants respectfully request that the Court dismiss the Counterclaim with PREJUDICE and award Counter-Defendants their reasonable attorney's fees and costs pursuant to Fla. Stat. § 57.105(7).

### DEMAND FOR ATTORNEY'S FEES AND COSTS

Pursuant to Fla. Stat. §57.105(7), when a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce same, the Court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. Counter-Defendants hereby provide notice of their intent to seek attorney's fees as the prevailing party.

## DEMAND FOR JURY TRIAL

Counter-Defendants demand a jury trial on all issues so triable.

Dated: November 20, 2024

>Respectfully submitted,
>
>*/s/ Joshua Feygin*
>Joshua Feygin, Esq.
>FLORIDA BAR NO: 124685
>Email: Josh@JFeyginesq.com
>**SUE YOUR DEALER – A LAW FIRM**
>1930 Harrison Street, Suite 208 F
>Hollywood, FL 33020
>Telephone: (954) 228-5674
>Facsimile: (954) 697-0357

## CERTIFICATE OF SERVICE

I certify that on Wednesday, 20 November 2024, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Joshua Feygin*
>Joshua Feygin, Esq.
>FLORIDA BAR NO: 124685