UNITED STATES DISTRICT COURT
MIDDLE DISTRICTOF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

    Defendant.
_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

    Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

    Plaintiffs/Counter-Defendants.
_____/

**PLAINTIFFS/COUNTER-DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS[1]**

Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, each and individual ("Plaintiffs"), by and through undersigned counsel, move for judgment on the pleadings on the counterclaim [DE 17] filed by Defendant, NATIONAL

---

[1] Plaintiffs have not completed a pre-filing conferral as Local Rule 3.01(g) does not require one for a Motion for Judgment on the Pleadings.

AUTOMOTIVE, INC. ("NAI"), pursuant to Federal Rule of Civil Procedure 12(c). In support thereof, Plaintiffs state as follows:

## PROCEDURAL BACKGROUND

1. On September 12, 2024, Plaintiffs initiated this action against NAI, alleging, *inter-alia*, violations of the Federal Odometer Act, fraud, fraudulent inducement, breach of express warranty, and revocation of acceptance related to the purchase of a 2011 Chevrolet Equinox from NAI ("Complaint"). [DE 1].

2. On November 08, 2024, NAI filed its answer ("Answer") [DE 17], which included a counterclaim ("Counterclaim") against Plaintiffs for breach of contract, alleging that Plaintiffs disabled a GPS unit installed in the vehicle, resulting in unspecified damages.

3. On November 20, 2024, Plaintiffs filed their Answer to NAI's Counterclaim ("Counterclaim Answer") [DE 18], denying the allegations and asserting defenses, including that NAI lacked Article III standing. Accordingly, the pleadings were closed as of the filing of the Counter-Claim Answer.

## STATEMENT OF MATERIAL FACTS

1. Plaintiffs purchased a 2011 Chevrolet Equinox ("vehicle") from NAI on September 08, 2023, executing a Retail Installment Sales Contract ("RISC") and a GPS Acknowledgment.[2] Counterclaim, ¶¶ 8 & 18. The RISC and GPS Acknowledgment were both purportedly executed on September 8, 2023. *See* Counterclaim, at pgs. 55 & 79.

---

[2] By referencing the RISC and GPS Acknowledgement throughout this Motion, Plaintiffs do not waive any challenges to the authenticity of the same and expressly reserve the right to do so.

2. According to the allegations of NAI, Plaintiffs agreed not to tamper with or disable the GPS unit installed in the vehicle by signing the GPS Acknowledgment. Counterclaim, ¶23.

3. The GPS Acknowledgment failed to identify the type of device installed in the vehicle.

**Device Disclosure**
The Vehicle being purchased is equipped with a
☐ Payment Guarantee Device - For Starter Interrupt.
☐ GPS Device **AND** Payment Guarantee Device.
☐ GPS Device Only.
as a Condition of Sale.

Counterclaim, Ex. K.

4. NAI alleges that Plaintiffs disabled the GPS unit installed in the vehicle, thereby breaching their contractual obligations. *See* Counterclaim, ¶¶ 24–26.

5. NAI fails to identify how the device was disabled, how the Plaintiffs were the proximate cause of the disablement or that the Plaintiffs even had the occasion to know of the type of device NAI installed in the vehicle to be able to disable it. *See* Counterclaim, *generally*.

6. NAI's counterclaim asserts that it incurred damages due to the alleged disablement of the GPS device but fails to plead any specific, concrete details or quantifiable financial harm resulting from the alleged tampering. Counterclaim, ¶¶ 27–28.

7. NAI does not allege that the Plaintiffs have defaulted on the terms of the underlying financing agreement. *See* Counterclaim, *generally*. NAI does not allege it has tried to repossess the vehicle or that it has a present desire to do so. *Id*. NAI does not allege it has been deprived of its property. *Id*. Nor does NAI allege as much as a

hypothetical claim of loss of the vehicle or potential waste in the hands of the Plaintiffs. *Id.*

8. The RISC clearly and unambiguously discloses that it is a fully integrated document:

> **Signatures**
>
> **Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

Counterclaim, pg. 10

9. The RISC defines the term "*Contract*" as "this Retail Installment Contract and Security Agreement." Counterclaim at pg. 95.

10. The RISC does not incorporate or otherwise reference the GPS Acknowledgement. *See* Counterclaim, Ex. A, *generally.*

11. The GPS Acknowledgment also fails to incorporate or otherwise reference the RISC. *See* Counterclaim, Ex. K, *generally.*

12. The RISC's default provision does not specify that tampering or disabling a GPS device constitutes a breach of the RISC. *See* Counterclaim at pg. 95.

## LEGAL STANDARD

A motion for judgment on the pleadings is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which allows a party to move for judgment after the pleadings are closed. The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss under Rule 12(b)(6): a court must accept all factual allegations in the pleadings as true and view them in the light most favorable to the non-moving party. *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996), or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 Fed.Appx. 173, 174 (11th Cir. 2011) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When ruling on a motion for judgment on the pleadings under Rule 12(c), the court's review is generally limited to the pleadings, including any exhibits attached to or incorporated into them. *See* Fed. R. Civ. P. 10(c); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

When evaluating a motion for judgment on the pleadings, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). However, the court need not credit a nonmoving party's legal contentions. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1304 n.12 (11th Cir. 2003) (*citing Honduras Aircraft Registry, Ltd. v. Government of Honduras*, 129 F.3d 543, 545 (11th Cir. 1997).

As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff's complaint fails to allege facts that would give the court jurisdiction, the court need not undertake a factual investigation to determine whether facts exist that would, if pleaded, give the court jurisdiction. *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 935

(11th Cir. 2020) (en banc) (holding that the district court must dismiss a case where the plaintiff fails to allege facts that would give the court jurisdiction).

## ARGUMENT

### i. *NAI Lacks Article III Standing Because it Fails to Show Concrete Injury*

To establish standing, a plaintiff must demonstrate: (1) a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). "The Judiciary's role is limited to providing relief to claimants . . . who have suffered, or will imminently suffer, actual harm." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1053, 194 L. Ed. 2d 124 (2016) (quotations omitted). An injury must be "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560). A plaintiff alleging a threat of harm does not have Article III standing unless the hypothetical harm alleged is either "certainly impending" or there is a "substantial risk" of such harm. *I Tan Tsao v. Captiva MVP Rest. Partners, Ltd. Liab. Co.*, 986 F.3d 1332, 1339 (11th Cir. 2021).

"In order to state a claim for breach of contract, a plaintiff must allege the existence of (1) a valid contract; (2) a material breach; and (3) damages." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014). In the Eleventh Circuit, a breach of contract claim alone is insufficient to confer standing unless accompanied by a showing of actual harm or loss caused by the breach. *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016). Merely asserting a contractual breach without showing concrete harm is insufficient. *Id.*

NAI's Counterclaim is fatally deficient in establishing any plausible basis for harm. Its allegations hinge on Plaintiffs' alleged interference with the GPS tracking device but fail to articulate any specific or measurable damages resulting from this alleged conduct. Beyond a boilerplate recitation of a generic demand for damages and interest, the Counterclaim utterly lacks the requisite particularity to demonstrate how the purported disablement of the GPS device caused any tangible or financial injury to NAI. The Eleventh Circuit has made clear that standing requires more than vague or speculative allegations—it demands concrete, specific, and identifiable harm directly resulting from the alleged breach of contract. *Nicklaw*, 839 F.3d at 1002.

Here, NAI offers nothing but generalized claims of harm, without any quantifiable loss or description of injury, falling well short of the Eleventh Circuit's standard. Worse still, the Counterclaim fails to allege even the risk of impending harm or any credible exposure to future injury. Simply put, NAI's Counterclaim is devoid of any allegations of actual or imminent harm, rendering it legally insufficient. Because NAI cannot establish the fundamental prerequisite of standing, judgment in favor of Plaintiffs is not just appropriate—it is compelled.

### ii. Lack of Supplemental Jurisdiction Over the Counterclaim

Even if Article III standing were satisfied, the Court should decline to exercise supplemental jurisdiction over NAI's Counterclaim under 28 U.S.C. § 1367(c). Section 1367(c)(2) provides that the Court may refuse supplemental jurisdiction if the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." This is precisely the case here.

NAI's breach of contract counterclaim regarding the alleged disablement of a GPS unit is wholly distinct from Plaintiffs' claims under the Federal Odometer Act, fraud, and

warranty laws, which center on odometer misrepresentations during the vehicle's sale. These claims do not share a "common nucleus of operative fact," as established in *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

Allowing NAI's Counterclaim to proceed would derail the litigation from its primary focus on statutory and consumer protection issues. It would divert attention to an unrelated contractual dispute, necessitate additional evidence, and extend proceedings unnecessarily. This would undermine judicial efficiency and fairness, as the Counterclaim introduces issues far removed from the heart of Plaintiffs' claims. Accordingly, the Court should decline to exercise supplemental jurisdiction over NAI's Counterclaim.

### iii. Anticipated Claim of Acceleration

Plaintiffs anticipate that NAI will attempt to argue that its damages are grounded in an acceleration clause within the four-corners of the fully integrated RISC. Counterclaim at pg. 178 ("If you are in default of this Contract […] [w]e may require you to immediately pay us the remaining unpaid balance of the amount financed [.]"). This argument must fail.

First, NAI bears the burden to "clearly and specifically set forth facts sufficient to satisfy [] Art. III standing requirements." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1230 (11th Cir. 2000) (emphasis added) (citations omitted). Yet, NAI has wholly failed to meet this burden. It has not clearly and specifically presented any facts to establish Article III standing. To the extent NAI attempts to cure its defective pleading by asserting harm from unpled facts, the Court should reject this effort. NAI's failure to articulate such facts in its Counterclaim precludes consideration of such an argument.

Second, under Florida contract law, the merger clause in the RISC establishes that the RISC supersedes the GPS Agreement and its terms. And the RISC imposes no obligations upon the Plaintiffs to maintain a GPS device. As a result, NAI cannot seek remedies under the RISC for the Plaintiffs' alleged breach of the GPS Agreement.

"The purpose of a merger clause is 'to affirm the parties' intent to have the parol evidence rule applied to their contract.'" *Duval Motors Co. v. Rogers*, 73 So. 3d 261, 265 (Fla. 1st DCA 2011) (citing *Centennial Mortg., Inc. v. SG/SC, Ltd.*, 772 So. 2d 564, 565 (Fla. 1st DCA 2000)).

A merger clause serves as a "highly persuasive statement" of the parties' intent to create a fully integrated agreement, thereby barring the introduction of parol evidence to vary or contradict the contract's written terms. *Id.* (emphasis added). The merger clause also bars consideration of any prior written agreements concerning the same subject matter. *Id.* at n.3. Furthermore, "provisions from one contract cannot be extended to a separate contract between the same parties unless the parties expressly agree to do so." *Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc.*, 484 So. 2d 610, 611 (Fla. 5th DCA 1986) (holding that the arbitration agreement in a written contract did not apply to a dispute arising from a subsequent oral agreement, which did not incorporate the arbitration clause from the written contract).

Here, the RISC unambiguously includes a merger clause, evidencing the parties' intent to make the RISC a "totally integrated" document. The RISC contains no reference to the GPS Agreement or that a breach of the terms of the GPS Agreement would constitute a breach of the RISC. Under Florida law, the RISC's merger clause supersedes any other agreements, including the GPS Agreement and its terms. *See Jenkins v.*

*Eckerd Corp.*, 913 So. 2d 43, 53 n.1 (Fla. 1st DCA 2005). Moreover, parol evidence—including agreements like the GPS Agreement—cannot be introduced to alter the RISC's terms. *Duval Motors Co.*, 73 So. 3d at 265, 269(parole evidence includes "other extrinsic evidence" like a previously signed agreement "where such agreement was made before **or at the time** of the instrument in question.")(Emphasis supplied).

Accordingly, the RISC constitutes the parties' complete and final agreement. NAI is precluded from holding the Plaintiffs liable for damages afforded under the RISC based on an alleged breach of the GPS Agreement as there is no agreement between the parties to do so. Moreover, the fully integrated RISC contains no default terms tethered to the GPS Agreement.

## CONCLUSION

WHEREFORE, Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, each and individual, respectfully request that this Court grant judgment on the pleadings in their favor and dismiss Defendant, NATIONAL AUTOMOTIVE, INC., a Florida corporation's Counterclaim for lack of standing and supplemental jurisdiction. Plaintiffs/Counter-Defendants also pray for an award of attorney's fees and costs pursuant to Fla. Stat. §57.105(7).

Dated: November 20, 2024

                 Respectfully submitted,

                 */s/ Joshua Feygin*
                 Joshua Feygin, Esq.
                 FLORIDA BAR NO: 124685
                 Email: Josh@JFeyginesq.com
                 **SUE YOUR DEALER – A LAW FIRM**
                 1930 Harrison Street, Suite 208 F

        Hollywood, FL 33020
        Telephone: (954) 228-5674
        Facsimile: (954) 697-0357

## **CERTIFICATE OF SERVICE**

I certify that on Wednesday, 20 November 2024, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Joshua Feygin*
        Joshua Feygin, Esq.
        FLORIDA BAR NO: 124685