United States District Court
Middle District of Florida
Jacksonville Division

**ISIAH ROBINSON &
LISA CLAYTON ROBINSON,**

 *Plaintiffs,*

v.              **NO. 3:24-cv-948-WWB-PDB**

**NATIONAL AUTOMOTIVE, INC.,**

 *Defendant.*

# Order

  The defendant has filed an answer and affirmative defenses, Doc. 16, a version of that pleading with the plaintiffs' personal information redacted, Doc. 17, and a sealed motion to seal the former version, S-Docs. 23, 23-1.

  In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Local Rule 1.11 explains, "Sealing a docketed item … used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access." Local Rule 1.11(a). Under Rule 1.11, the movant "must establish: (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory[.]" *Id.* at 1.11(b)(3).

Rule 5.2, Federal Rules of Civil Procedure, protects privacy. The rule provides:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> >
> > (2) the year of the individual's birth;
> >
> > (3) the minor's initials; and
> >
> > (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). The rule further provides:

> (e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:
>
> > (1) require redaction of additional information; or
> >
> > (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

Fed. R. Civ. P. 5.2(e).

The redacted information is the plaintiffs' dates of birth, addresses, phone numbers, and driver's license numbers, and a vehicle information number (VIN). S-Doc. 23 at 1. The defendant states sealing is warranted to protect the confidentiality of the plaintiffs' information. S-Doc. 23 at 2.

The Court **grants** the motion, S-Doc. 23, with respect to the months and days of birth and **directs** the clerk to redact that information from the unredacted version on the public docket. *See* Doc. 16 at 40.

The Court further **directs** the clerk to unseal the motion to seal, S-Doc. 23, but not the exhibit to the motion to seal, S-Doc. 23-1. The motion itself contains no private or otherwise protected information. The exhibit to the motion to seal, S-Doc. 23-1, may remain sealed because a duplicate of the exhibit is on the public docket, *see* Doc. 16. The directive to unseal the motion is stayed for fourteen days to permit a motion to reconsider or other relief.

The Court **denies** the motion, S-Doc. 23, without prejudice with respect to the other information. If the plaintiffs want that additional information sealed, they may file a motion to seal under Local Rule 1.11 and Rule 5.2(e).

Counsel must review the Local Rules. Local Rule 3.01(g)(2) requires a certification at the end of the motion and under the heading "Local Rule 3.01(g) Certification." Local Rule 1.08, as amended by the district judge's standing order, establishes typography requirements. *See* Doc. 6 ("NOTICE TO COUNSEL AND PARTIES"); Doc. 12 (endorsed order explaining that future motions must comply with the district judge's standing order).

**Ordered** in Jacksonville, Florida, on December 30, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*