## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICTOF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
each an individual,

      Plaintiffs,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

      Defendant.

_____/

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

      Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
each an individual.

      Plaintiffs/Counter-Defendants.

_____/

### AMENDED[1] MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

    **COMES NOW** Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON

ROBINSON, each an individual, ("Plaintiffs") by and though their undersigned counsel, and

hereby request leave to amend their complaint. In support thereof, Plaintiffs state as follows:

### BACKGROUND

_____

[1] Amended to add L.R. 3.01(g)(2) Certification of Conferral

On September 12, 2024, Plaintiffs initiated this action against NAI, alleging, *inter-alia*, violations of the Federal Odometer Act, fraud, fraudulent inducement, breach of express warranty, and revocation of acceptance related to the purchase of a 2011 Chevrolet Equinox from NAI ("Complaint"). [DE 1]. On November 08, 2024, NAI filed its answer [DE 17], which included a counterclaim against Plaintiffs for breach of contract, alleging that Plaintiffs disabled a GPS unit installed in the vehicle, resulting in unspecified damages.

On December 19, 2024, this Court entered its Scheduling Order wherein a deadline to amend pleadings was set for January 27, 2025. [DE 22]. This matter is presently set the two-week trial period commencing on March 2, 2026. *Id*. Discovery is set to close on August 29, 2025. *Id*. Dispositive motions are due to be filed by September 30, 2025. *Id*.

On October 2, 2024, Plaintiffs timely served her First Request for Production of Documents and First Set of Interrogatories upon Defendant. *See* Exhibit "A." Among the requests, Plaintiffs sought information to elucidate the identity of actors engaged in the conspiracy to violate the Act. Responses were served by the Defendant on January 06, 2025. *See* Exhibit "B." Upon review, Plaintiffs determined that the Defendant did not fully respond to the interrogatories when it failed to identity the individuals involved in misrepresenting the mileage. As a result, between January 08, 2025 and  January 16, 2025, Plaintiffs diligently engaged in conferral efforts to resolve the deficient responses in the Defendant's interrogatory responses. *See* Exhibit "C."

Ultimately, on January 24, 2025 unverified amended responses were served by the Defendant and for the first time the Plaintiffs were able to definitively discern the identity of certain co-conspirators. *See* Composite Exhibit "D." On January 26, 2025, Defendant served verified responses. *See* Exhibit "E." On January 27, 2025, Plaintiffs attempted to confer with respect to the amendment of the Complaint via email. *See* Exhibit "F." Ultimately, on January

29, 2025 the Parties held a conferral call to discuss, *inter-alia*, the Plaintiffs' request for leave to amend and the Defendant did not consent to the amendment.

Due to the press of business, the undersigned was only able to complete his research and revisions to the complaint more recently.

As is evident from the above, Plaintiffs have acted with diligence in seeking leave to amend their complaint only after definitively confirming the identity of the co-conspirators engaged in the scheme to violate the Odometer Act.

## MEMORANDUM OF LAW

Leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). "However, when granting leave would require modifying a Rule 16 schedule order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.* 132 F. App'x 267, 269 (11th Cir. 2005) (*citing* Fed. R. Civ. P. 16(b)(4)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

In deciding whether a plaintiff has exercised diligence, the Eleventh Circuit has identified three factors to be considered: (1) whether the plaintiff failed to ascertain facts before filing the complaint or to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether the plaintiff delayed in asking for amendment even after acquiring the information. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (*citing* Sosa, 133 F.3d at 1418). "[G]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay v. Palm Beach Tours &Transp., Inc*., 243 F.R.D. 697, 699 (S.D. Fla. 2007).

Courts also take into account other factors, such as undue delay, undue prejudice to

defendants, and futility of the amendment in considering a motion for leave to amend. *Kendall v. Thaxton Rd. LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (*citing Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir.2003)).

Here, Plaintiffs were not privy to the identities of all co-conspirators who acted in concert with Defendant to violate the Act. While Plaintiffs possessed the vehicle's title history, which included, *inter alia*, a certificate of title [DE 1-J] presumptively bearing the signature of Robin Ramaghi, they lacked certainty as to the actual signer of the document. For ease of reference, a screenshot of the signature is provided below.



Notably, Mrs. Ramaghi's full name does not appear anywhere in the certificate of title. Furthermore, the document was not executed in Plaintiffs' presence. Nor was Mrs. Ramaghi's involvement disclosed in Defendant's Rule 26 Disclosures. *See* Exhibit "G." Accordingly, to satisfy their pre-filing obligations under Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs first sought to confirm her identity through discovery and subsequent proffer before seeking leave to amend. Upon verifying that Mrs. Ramaghi had executed the transfer of title, Plaintiffs promptly moved for leave to amend their complaint. Given Plaintiffs' initial inability to ascertain the identities of the co-conspirators who violated the Act, coupled with their diligence in conducting discovery and promptly seeking leave to amend, good cause is apparent and the request for leave to amend should be granted in the interest of justice.

Further, amendment of the complaint would not be futile. Congress passed the Odometer Act to prevent fraud in the sale of motor vehicles. The Congressional intent in passing the Act was to prevent odometer tampering and to provide other general safeguards

for the protection of consumers. The Act has four major substantive provisions relating to odometers:

(1)    the Act prohibits odometer tampering, advertising or selling odometer fraud devices, and operating a vehicle knowing the odometer is not functioning, 49 U.S.C. §32703;

(2)    the Act establishes procedures to follow when a motor vehicle repair results in the change of an odometer reading, 49 U.S.C. §32704;

(3)    the Act requires that each time a vehicle is transferred, that the transfer disclose the odometer reading and whether the odometer reading is accurate, 49 U.S.C. §32705;

(4)    and the Act prohibits parties from conspiring to violate any of the Act's provisions, 49 U.S.C. §32703(4).

Federal courts interpreting the Odometer Act have concluded that "[a]ny human being or business entity that violates any section of the Act may be held liable." *Phillips v. David Hay Enters. Inc.,* No. CV-19-05042-PHX-SMB, 2022 U.S. Dist. LEXIS 5227, 2022 WL 2820800, at *3 (D. Ariz. Jan. 10, 2022) *(citing Rowan v. Rax Auto Mall, Inc.,* No. 01 C 3648, 2002 U.S. Dist. LEXIS 2202, 2002 WL 215524 (N.D. Ill. Feb. 12, 2002); *see also Rife v. Randolf Ezrre Wholesale Auto Sales LLC,* No. CV-19-04689-PHX-DLR, 2022 U.S. Dist. LEXIS 21480, 2022 WL 355088, at *4 (D. Ariz. Feb. 7, 2022) (finding dealership employee personally liable under the Odometer Act for illegal actions taken on behalf of company); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 724 (8th Cir. 1978)(holding individual that assisted with a disclosure violation liable for violating the Act, even though the person was not a transferor).

As reflected in the proposed amended complaint attached as Exhibit "H," Plaintiffs have asserted a colorable claim for Mrs. Ramaghi conspiring with the Defendant to violate the Act's provisions. 49 U.S.C. §32703(4). Accordingly, leave to amend will not be futile. And, given that

this action is just in its infancy and limited written discovery has been propounded, no party will be prejudiced should this Court grant leave to amend.

**WHEREFORE**, for the reasons set forth above, Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA ROBINSON, each an individual, respectfully request that this Court grant their Motion for Leave to Amend and for any further relief deemed just and proper. Dated February 19, 2025.

## L.R. 3.01(g)(2) CERTIFICATE OF CONFERRAL

The undersigned certifies that the movant has conferred with the opposing party who does not agree to relief sought by this Motion. Conferral occurred through email and telephone conference on January 29, 2025.

Respectfully submitted,

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on February 19, 2025, a true and correct copy of the foregoing has been served, via e-mail, to:

**Kimberly Held Israel, Esq.**
Florida Bar No. 47287
10407 Centurion Pkwy. N., Ste. 200
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
*Attorney for Defendant/Counter-Plaintiff*

                      */s/ Joshua Feygin*
                      **Joshua Feygin, Esq.**

# EXHIBIT A

## Subject: SERVICE OF COURT DOCUMENT – Case 3:24-cv-00948-WWB-PDB Robinson et al v. National Automotive, Inc.



**JOSHUA FEYGIN** <josh@sueyourdealer.com>                         Fri, Nov 22, 2024, 11:23 AM
to Israel, Kim, Gipson, Christine, Powell, Jennifer

### TO ALL COUNSEL OF RECORD:

| | |
|---|---|
| **Court in which proceeding is pending:** | **U.S. District Court Middle District of Florida** |
| **Case Number:** | **3:24-cv-00948-WWB-PDB** |
| **Name of initial party on each side:** | **Robinson et al v. National Automotive, Inc.** |
| **Documents served:** | <ul><li>**Plaintiffs' First Set of Requests for Production;**</li><li>**Plaintiff Isiah Robinson's First Interrogatory Requests**</li></ul> |
| **Sender's Name & Telephone Number:** | **Joshua Feygin, Esq.** <br> **954-228-5674** |

**Joshua Feygin, Esq.**
Attorney at Law

954.321.0507
josh@sueyourdealer.com
www.sueyourdealer.com
1930 Harrison St. Suite 208
Hollywood, FL 33020



---

**2 Attachments** · Scanned by Gmail



PDF ROG 1 Robinson.p.



PDF RFP Robinson.pdf

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICTOF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

       Plaintiffs,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

     Defendant.

_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

     Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

     Plaintiffs/Counter-Defendants.

_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT NATIONAL AUTOMOTIVE, INC**
**(Vehicle Purchase and Sale Documents)**

TO:  NATIONAL AUTOMOTIVE, INC
      c/o Kimberly Held Israel, Esq.
      kisrael@mcglinchey.com
      McGlinchey Stafford PLLC
      Suite 200
      10407 Centurion Parkway N.
      Jacksonville, FL 32256

Plaintiffs, Isaiah Robinson and Lisa Clayton Robinson, each an individual, pursuant to Rule 34, Federal Rules of Civil Procedure, requests Defendant, NATIONAL AUTOMOTIVE, INC, a Florida corporation, to produce at the Law Office of SUE YOUR DEALER – A LAW FIRM, Esquire, 1930 Harrison Street, Hollywood, Florida 33020, within the time period provided in said Rule for inspection, examination, and copying of the following described documents:

## I.  DEFINITIONS

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition.

As used herein, the term "**Vehicle**" shall refer to that certain 2011 Chevrolet Equinox which is the subject matter of the instant Complaint.

As used herein, the term "**NATIONAL AUTOMOTIVE**" shall refer to Defendant, NATIONAL AUTOMOTIVE, INC.

As used herein, the term "**Transferee Party**" shall refer to any person with whom NATIONAL AUTOMOTIVE did business with to sell, transfer, assign, or dispose of the Vehicle.

As used herein, the term the "**Robinsons**" shall collectively refer to  Plaintiffs, Isaiah Robinson and Lisa Clayton Robinson.

## II.    DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(1).    The date of the document;

(2).    The identity of all persons having knowledge of the contents of the document; and

(3).    The basis on which the privilege is claimed.

B.    Applicable Time Period.

The instant request shall address the time period extending from September 1, 2022 to the present, unless the request indicates otherwise.

**PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE**

### III.    DOCUMENTS

A.    All documents received from or sent to **NATIONAL AUTOMOTIVE** in connection with the **Vehicle**.

B.      All documents which refer or pertain to the **Robinsons**' purchase of the **Vehicle** or the sale or transfer of the **Vehicle** by **NATIONAL AUTOMOTIVE**, or to the **Vehicl**e including the following:

(1).    each purchase order and sales invoice, including any draft or aborted copies;

(2).    each odometer statement including any draft or aborted copies;

(3).    each document which constitutes or refers to the title to the **Vehicle** at any time, including but without limitation to each application for a certificate of title  and  related documents including any draft or aborted copies;

(4).    the complete deal jacket or deal file (both interior and exterior) for the sale of **Vehicle**;

(5).    the stock and inventory cards or like records for the **Vehicle**, including electronically stored records that describe the Vehicle as inventory or equipment of **NATIONAL AUTOMOTIVE**;

(6).    the daily cash receipts journal and/or ledger which reflects any payments by the **Robinsons** or other person, including any **Transferee Party**, in connection with the purchase and sale of the **Vehicle**;

(7).    all internal worksheets or other documents, including any drafts or aborted copies, used by **NATIONAL AUTOMOTIVE** in connection with the **Vehicle**;

(8). each inspection sticker or stickers for the **Vehicle** and any other documents referring to the **Vehicle** as being inspected by, passed or failed by any inspection station;

(9). all documents which record or refer to changes made, inspections completed, or work done to the **Vehicle** by **NATIONAL AUTOMOTIVE** prior to the sale to the **Robinsons**, at the time of sale or after its sale to the **Robinsons**, including modifications, tampering or alterations to any odometer;

(10). all notes, memoranda, or other documents which record or reflect other documents which record or reflect conversations or other communications related to the **Vehicle**, the **Transferee Party**, the **Robinsons**, whether before, during or after the sale, transfer or purchase of the **Vehicle**;

(11). all documents prepared for, sent to, or received from any insurance company concerning any theft, vandalism, accidents or damage involving the **Vehicle** at any time;

(12). each photograph, videotape, or other visual embodiment of the **Vehicle** taken or prepared at any time;

(13). all printed advertisements, sales brochures, or other promotional materials which refer to the **Vehicle** at any time, including but not limited to the complete Manheim Condition Report or similar auction house condition report;

(14). the warranty as to the **Vehicle** and all documents submitted by or received by **NATIONAL AUTOMOTIVE** in connection with any warranty claims on the **Vehicle**;

(15). all handwritten or typewritten notes and a print-out of all computer entries which refer to the **Robinsons**, the **Transferee Party**, the purchase and sale of the **Vehicle**, or the **Vehicle**;

(16). all correspondence and other documents which **NATIONAL AUTOMOTIVE**
sent to, or received from, any person or entity from whom **NATIONAL
AUTOMOTIVE** acquired the **Vehicle** which referred to the **Vehicle** in any way at
any time, including but not necessarily limited to any Buyer's order, bill of sale, pre-
delivery inspection, disclosure of prior use or prior accident damage;

(17). all documents which contain an explanation of any accounting codes or
other documents needed to understanding abbreviations or codes contained in the
documents and things produced in response to any request herein;

C.    All communications to and from **NATIONAL AUTOMOTIVE** concerning the
purchase of the **Vehicle** by **NATIONAL AUTOMOTIVE**, including but not
limited to any post-acquisition disputes waged by **NATIONAL
AUTOMOTIVE** with any action house or **Transferee Party.**

D.    All communications to and from **NATIONAL AUTOMOTIVE** concerning the
purchase of the **Vehicle** by the **Robinsons**, including tape recording of
phone calls.

E.    All documents which evidence the purchase and sale of the **Vehicle** by
**NATIONAL AUTOMOTIVE** from any third-party.

F.    All documents pertaining to any estimates of value of the **Vehicle.**

G.    All emails and text messages of any sort that mention, pertain to or discuss
in any way:

(1). the **Vehicle**;

(2). the instant lawsuit; or

(3). the **Robinsons** or the attorney for the **Robinsons**.

I.     All documents pertaining to any audit of the **NATIONAL AUTOMOTIVE** with respect to the **Vehicle** by any state agency.

J.     All documents which refer to any **Transferee Party**.

K.    All text messages or emails to and from the **Transferee Party.**

L.    All phone records that reflect calls by or to any employee, agent, or representative of **NATIONAL AUTOMOTIVE** and the **Transferee Party**.

M.     A copy (front and back) of any title to the **Vehicle** and any transfer documents for the **Vehicle**.

P. Any receipt or other document showing monies received by **NATIONAL AUTOMOTIVE** as a result of the transfer or sale of the **Vehicle**.

Q. All correspondences between **NATIONAL AUTOMOTIVE** and any governmental agency pertaining to the **Vehicle** or the **Robinsons**.

R. The **Robinsons'** payment history for the loan for the **Vehicle**.

S. All telematics and GPS coordinates or logs of the **Vehicle**.

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2024, I served the foregoing

Request for Production of Documents via e-mail to the following counsel of record:

Kimberly Held Israel, Esq.
FL Bar No.: 47287
kisrael@mcglinchey.com
McGlinchey Stafford PLLC
Suite 200
10407 Centurion Parkway N.
Jacksonville, FL 32256
*Counsel for Defendant,*
*NATIONAL AUTOMOTIVE, INC.*

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

      Plaintiffs,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

      Defendant.

_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

      Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

      Plaintiffs/Counter-Defendants.

_____/

### PLAINTIFF ISIAH ROBINSON'S FIRST INTERROGATORIES TO DEFENDANT NATIONAL AUTOMOTIVE, INC.

TO:   NATIONAL AUTOMOTIVE, INC
       c/o Kimberly Held Israel, Esq.
       kisrael@mcglinchey.com
       McGlinchey Stafford PLLC
       Suite 200
       10407 Centurion Parkway N.
       Jacksonville, FL 32256

Pursuant to Rule 33, Federal Rules of Civil Procedure, the above-named party is required, within the time period prescribed by said Rule, to answer under oath and in writing the following Interrogatories:

## I. DEFINITIONS

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business

affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

As used herein, the term "**Vehicle**" shall refer to that certain that certain 2011 Chevrolet Equinox which is the subject matter of the instant Complaint.

As used herein, the term "**NATIONAL AUTOMOTIVE**" shall refer to Defendant, NATIONAL AUTOMOTIVE, INC.

As used herein, the term "**Transferee Party**" shall refer to any person with whom NATIONAL AUTOMOTIVE did business with to sell, transfer, assign, or dispose of the Vehicle.

## II. DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(a).  The date of the document;

(b). The identity of all persons having knowledge of the contents of the document; and

(c).  The basis on which the privilege is claimed.

B.    Applicable Time Period.

The instant request shall address the time period extending from January 1, 2016 to the present, unless the request indicates otherwise.

**PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE**

III.    **INTERROGATORIES**

1.    **Affiant.** Please identify the person(s) who participated in the preparation of the answers to these Interrogatories. As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

2.    **Potential Witness(es).** Please identify all persons who are believed or known by **NATIONAL AUTOMOTIVE**, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

3.      **Expert Witness(es) - Trial.** In regard to any expert witness(es) that **NATIONAL AUTOMOTIVE** intends to call at the trial of this case, please set forth the following:

(a).  Identify each such witness;

(b).  Describe his or her qualifications as an expert;

(c).  State the subject matter upon which he or she is expected to testify;

(d).  State the substance of the facts and opinions to which he or she is expected to testify; and

(e).  Provide a summary of the grounds of each such opinion.

4.      **Expert witness(es) - Consultation.** Identify any and all experts with whom **NATIONAL AUTOMOTIVE** has consulted in regard to this case.

5.      **Statements by Plaintiffs.** Identify each and every person believed or known by **NATIONAL AUTOMOTIVE**, its agents and/or attorneys, to have heard the Plaintiffs, their agents, or their representatives, make any statement, remark, or comment concerning any matters or issues raised in the pleadings herein, and state the substance of any such statement, remark, or comment.

6.      **Witness Statement(s).** State whether **NATIONAL AUTOMOTIVE**, its agents, attorneys, or anyone acting on **NATIONAL AUTOMOTIVE's** behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit. If so, state the following:

(a). Identify the person(s) giving the statement(s);

(b). The date when such statement(s) was taken;

(c). The name and address of the person(s) taking the statement; and

(d). Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

7.      **Identification of Actors as to Vehicle.** Identify each person (including the **Transferee Party**) known to **NATIONAL AUTOMOTIVE** who performed any activity with respect to the repair, servicing, marketing, sale, transfer, assignment, or disposition of the **Vehicle** (regardless of whether the person is an employee or agent of **NATIONAL AUTOMOTIVE**). As to any such person, identify:

(a). The activity performed;

(b). Whether the person knew the mileage displayed on the **Vehicle's** odometer was inaccurate; and,

(d). All communications (both written and oral) between **NATIONAL AUTOMOTIVE** and the person concerning the instant action.

8.      **Disposition of Vehicle.** Describe the step-by-step process by which **NATIONAL AUTOMOTIVE** marketed, sold, transferred, assigned, inspected or disposed of the **Vehicle.** In responding to this request, state with particularity how the title transfer documents were executed, who signed the transfer documents on behalf of **NATIONAL AUTOMOTIVE** and who signed on behalf of the Plaintiffs.

9.      **Acquisition of Vehicle.** Describe the step-by-step process by which **NATIONAL AUTOMOTIVE** acquired the **Vehicle** and had its title transferred to it. Identify any pre-purchase inspections that occurred and the individual(s) involved in the inspection along with all documents that were executed to transfer title to **NATIONAL AUTOMOTIVE.**

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2024, I served the foregoing

Request for Production of Documents via e-mail to the following counsel of record:

Kimberly Held Israel, Esq.
FL Bar No.: 47287
kisrael@mcglinchey.com
McGlinchey Stafford PLLC
Suite 200
10407 Centurion Parkway N.
Jacksonville, FL 32256
*Counsel for Defendant,*
*NATIONAL AUTOMOTIVE, INC.*

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

**NATIONAL AUTOMOTIVE, INC.**

By:_____

STATE OF_____)
                                                    :
COUNTY OF_____)

The foregoing answers to interrogatories were acknowledged before me (  ) in person (  )
remotely/electronically as true and correct this_____day of_____, 2024,
by_____on behalf of **NATIONAL AUTOMOTIVE**, INC. (  )
who is personally known to me or (   ) who has produced a valid driver's license as
identification.

_____/
NOTARY PUBLIC

# EXHIBIT B

# NOTICE OF ELECTRONIC SERVICE OF COURT DOCUMENT

| Court: | United States District Court<br>Middle District of Florida<br>Jacksonville Division |
|---|---|
| Case Number: | 3:24-cv-00948 |
| Case Name: | Isiah Robinson, et al. v. National Automotive, Inc. |
| Document Filed: | 1. Defendant's Answers and Objections to Plaintiff's First Interrogatories; and<br>2. Counter-Plaintiff's Answers and Objections to First Interrogatories. |
| Attorney: | Kimberly H. Israel |
| Email: | kisrael@mcglinchey.com |
| Telephone: | 904-224-4485 |

**Christine B. Gipson**

Legal Assistant

*Legal Assistant to Will Grimsley, Kim Israel, and Amy Kisz*



**cgipson@mcglinchey.com**

10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256

T (904) 224-4452  F (904) 339-9037

**mcglinchey.com**



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York  Ohio  Tennessee  Texas  Washington, DC

---

www.mcglinchey.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Massachusetts, Mississippi, New York, Ohio, Tennessee, Texas, Washington, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged, work product-protected, and/or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer (https://www.mcglinchey.com/disclaimer/) and Privacy Policy (https://www.mcglinchey.com/privacy-policy/)

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

CASE NO. 3:24-cv-00948-WWB-PDB

       Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

       Defendant/Counter-Plaintiff.

_____

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF ISIAH ROBINSON'S FIRST INTERROGATORIES

COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Rule 33, Fed. R. Civ. P., hereby serves its answers and objections to Plaintiff Isiah Robinson's First Interrogatories as follows:

### GENERAL ANSWERS AND OBJECTIONS

Because the applicable Federal Rules of Civil Procedure permits discovery of certain information, documents, or things which would otherwise be inadmissible at trial or evidentiary hearing, NAI does not waive its rights to object to the admission into evidence of any information contained in these answers on any proper grounds.

NAI objects to each Interrogatory to the extent that it may be read to seek information that is immune from discovery under the attorney/client privilege, the work product doctrine, or that is otherwise privileged or protected from disclosure.

NAI reserves the right to supplement and/or modify these answers as may be needed.

1

## SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.    **Affiant**.  Please identify the person(s) who participated in the preparation of the answers to these Interrogatories.  As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

**RESPONSE:**  Robin Byler Ramaghi, President of NAI, along with NAI's counsel, Kimberly Held Israel, Esq.  To the extent applicable, NAI objects to the portion of the interrogatory that seeks the disclosure of attorney-client communications between Mrs. Ramaghi and counsel, e.g. the "source of information" for the assistance rendered by counsel.  Mrs. Ramaghi and counsel conferred regarding each of the interrogatories and NAI's corresponding responses.

2.    **Potential Witness(es)**.  Please identify all persons who are believed or known by National Automotive, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

**RESPONSE:**    (1) Robin Byler Ramaghi – NAI's defenses to Plaintiffs' claims, interactions between Plaintiffs and NAI related to the purchase and sale of the Vehicle, and the allegations in NAI's Counterclaim; (2) Christopher Caldwell – interactions between Plaintiffs and NAI related to the purchase and sale of the Vehicle (which may bear on NAI's defenses to Plaintiffs' claims) and potentially certain allegations in NAI's Counterclaim; (3) Pierson Satterwauske – the inspection of the Vehicle upon NAI's receipt of same and the installation of the GPS device on the Vehicle; (4) Plaintiffs – the allegations of their verified Complaint, interactions between them and NAI related to the purchase and sale of the Vehicle, and the allegations of NAI's Counterclaim; (5) a corporate representative of Murray Ford – information related to the Vehicle while it was in its possession, including but not limited to its receipt of the Vehicle and the transfer of title to the Vehicle; and (6) potentially a corporate representative of Manheim, who conducted the auction of the Vehicle, as Manheim may have information about the Vehicle, including its reported mileage.

3.    **Expert Witness(es) – Trial**.    In regard to any expert witness(es) that National Automotive intends to call at the trial of this case, please set forth the following:

(a)    Identify each such witness;

(b)    Describe his or her qualifications as an expert;

2

(c)      State the subject matter upon which he or she is expected to testify;

(d)      State the substance of the facts and opinions to which he or she is expected to
testify; and

(e)      Provide a summary of the grounds of each such opinion.

**RESPONSE:** Unknown at this time.

4.    **Expert Witness(es) – Consultation**.  Identify any and all experts with whom
National Automotive has consulted in regard to this case.

**RESPONSE:** None.

5.    **Statements by Plaintiffs**.  Identify each and every person believed or known by
National Automotive, its agents and/or attorneys, to have heard the Plaintiffs, their agents, or their
representatives, make any statement, remark, or comment concerning any matters or issues raised
in the pleadings herein, and state the substance of any such statement, remark, or comment.

**RESPONSE:** On or around September 8, 2023, Plaintiffs came to NAI's location to look
at vehicles and asked if they could have a blank set of contract documents to take with them so
they could read everything over first before making a purchase. Christopher Caldwell was present
at the time, discussed this with Plaintiffs, and gave them a blank set of documents to review, per
their request. Some time later, Plaintiffs returned to NAI's location to purchase the Vehicle.

On September 14, 2023, Robin Byler Ramaghi and Christopher Caldwell spoke to Plaintiffs in
person at NAI's office. They discussed the mileage on the Vehicle following NAI's receipt of the
actual Certificate of Title, which reflected the mileage was not actual. During that conversation,
NAI gave Plaintiffs the option to surrender the Vehicle and terminate the contract, and to receive
a return of their deposit. Plaintiffs said they didn't want to do that and instead wanted to keep the
Vehicle. Based on their decision to keep the Vehicle, Plaintiffs then signed new paperwork that
clearly was marked as "TMU" in multiple places. Robin Byler Ramaghi specifically explained to
Plaintiffs what "TMU" meant before Plaintiffs signed the new paperwork. Mr. Robinson in
particular was concerned about Mrs. Robinson having a vehicle to drive due to her job. Mrs.
Robinson expressed no concerns at all during this conversation. NAI was also told that Mrs.
Robinson is a realtor and was "always working," whereas Mr. Robinson was retired and worked
part time at Volkswagen, so he had a more flexible schedule.

3

6.      **Witness Statement(s)**.  State whether National Automotive, its agents, attorneys, or anyone acting on National Automotive's behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit.  If so, state the following:

(a)      Identify the person(s) giving the statement(s);

(b)      The date when such statement(s) was taken;

(c)      The name and address of the person(s) taking the statement; and

(d)      Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

**RESPONSE:**  None at this time, other than the statements identified in paragraph 5 above and Mrs. Robinson's comments on the phone in response to Mrs. Ramaghi's request to bring the Vehicle to NAI so it could inspect the GPS device.  Those statements are referenced in response to Interrogatory number 7 below and in the other set of Interrogatories related to the Counterclaim (*see* the response to Interrogatory 5 in that set).

7.      **Identification of Actors as to Vehicle**.   Identify each person (including the Transferee Party) known to National Automotive who performed any activity with respect to the repair, servicing, marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of whether the person is an employee or agent of National Automotive). As to any such person, identify:

(a)      The activity performed;

(b)      Whether the person knew the mileage displayed on the Vehicle's odometer was inaccurate; and

(d)[sic] All communications (both written and oral) between National Automotive and the person concerning the instant action.

**RESPONSE:**  Murray Ford had the Vehicle in its possession, custody and control before NAI did, and NAI believes that Travis Ward had the Vehicle prior to Murray Ford.  NAI does not know what activities were performed by Mr. Ward or Murray Ford, if any; nor is NAI able to

answer the remaining questions as to Mr. Ward or Murray Ford. Manheim picked up the Vehicle from Murray Ford's wholesale lot, transported the Vehicle to the auction lot and then transported the Vehicle to NAI. NAI is not able to speak for Manheim as to whether it performed any other activities and/or whether it had any knowledge of the mileage of the Vehicle. NAI has not communicated with Manheim about this.

On behalf of NAI, Christopher Caldwell sold the Vehicle to Plaintiffs. Mr. Caldwell would have been dependent on the estimated mileage provided by Murray Ford and is not believed to have spoken to anyone at Murray Ford about the sale of the Vehicle to Plaintiffs. After September 8, 2023, Mr. Caldwell and Mrs. Ramaghi spoke to the Plaintiffs in person, as described above. Mrs. Ramaghi also repeatedly attempted to contact Plaintiffs about the disabled GPS unit attached to the Vehicle after NAI discovered that it was no longer sending any data about the Vehicle to NAI. Mr. Robinson refused to return NAI's phone calls. During one phone call between Mrs. Ramaghi and Mrs. Robinson, Mrs. Robinson cursed at Mrs. Ramaghi, saying, "We aren't bringing the damn vehicle back to the fucking dealership two hours away so you can track us. You'll hear from our attorney," at which point she hung up on Mrs. Ramaghi.

8.    **Disposition of Vehicle**. Describe the step-by-step process by which National Automotive marketed, sold, transferred, assigned, inspected or disposed of the Vehicle. In responding to this request, state with particularity how the title transfer documents were executed, who signed the transfer documents on behalf of National Automotive and who signed on behalf of the Plaintiffs.

**RESPONSE:** NAI bought the Vehicle from Murray Ford as part of a wholesale lot of vehicles at auction. Manheim transported the Vehicle from the auction to NAI. NAI inspected the Vehicle for any engine, transmission, and/or any other potential mechanical or operational issues. The Vehicle was cleaned, had a GPS device installed on it, and then stickered and photographed to be marketed for sale on Facebook. NAI then sold the Vehicle to Plaintiffs. When NAI received the title from Murray Ford, NAI promptly contacted Plaintiffs about the mileage information on the title. Plaintiffs returned to NAI to discuss the situation, and review their options. Despite being given the opportunity to surrender the Vehicle, terminate the contract and receive the return of their deposit, Plaintiffs chose to keep the Vehicle and sign new paperwork with "TMU" clearly marked in multiple places. Murray Ford assigned/transferred the title to the Vehicle to NAI, who in turn assigned the title to Plaintiffs through the Clay County DMV. NAI identified those documents as exhibits to its Counterclaim.

9.    **Acquisition of Vehicle**. Describe the step-by-step process by which National Automotive acquired the Vehicle and had its title transferred to it. Identify any pre-purchase

inspections that occurred and the individual(s) involved in the inspection along with all documents that were executed to transfer title to National Automotive.

**RESPONSE:** NAI bought the Vehicle from Murray Ford as part of a wholesale lot of vehicles at auction. Manheim transported the Vehicle from the auction to NAI. NAI does not know if anyone at Murray Ford or Manheim inspected the Vehicle before NAI purchased it. NAI inspected the Vehicle following its purchase at auction. As described in response to Interrogatory number 8 above, Murray Ford assigned/transferred the title to the Vehicle to NAI, who in turn assigned the title to Plaintiffs through the Clay County DMV. NAI identified those documents as exhibits to its Counterclaim.

**NATIONAL AUTOMOTIVE, INC.**

By: _____
Robin Ramaghi
Its: President

STATE OF FLORIDA
COUNTY OF DUVAL

Sworn to and subscribed before me this _____ day of January, 2025, by ROBIN RAMAGHI, as the President of NATIONAL AUTOMOTIVE, INC., and who is personally known to me or who produced _____ as identification and said that the interrogatory answers are true and correct to the best of her knowledge and belief.

_____
Notary Public, State of Florida
My Commission expires:

ERIN MIKELL
Notary Public - State of Florida
Commission # HH 288790
My Comm. Expires Jul 17, 2026
Bonded through National Notary Assn.

6

# EXHIBIT C

Good afternoon – I will amend those answers, have them re-verified and served on you.  I believe Robin Ramaghi was the individual who handled that but the amended answers will bear that out.  I'll get those to you by the end of next week.
Kim

**Kimberly "Kim" Held Israel**  (she/her/hers)
Attorney at Law

kisrael@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4485  F (904) 485-8083

**bio** | **vCard** | **mcglinchey.com**

Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC



**From:** JOSHUA FEYGIN <josh@sueyourdealer.com>
**Sent:** Thursday, January 16, 2025 2:39 PM
**To:** Israel, Kim <kisrael@mcglinchey.com>
**Cc:** Gipson, Christine <cgipson@mcglinchey.com>; Travis, Kathleen <ktravis@mcglinchey.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Robinson v. National Automotive, Inc. - Case No. 3:24-cv-948

Hello:

Following up once more.

Regards,

On Tue, Jan 14, 2025 at 10:34 AM JOSHUA FEYGIN <josh@sueyourdealer.com> wrote:
  Following up on the below email.

On Wed, Jan 8, 2025 at 12:34 PM JOSHUA FEYGIN <josh@sueyourdealer.com> wrote:

Interrogatory # 7 (Identification of Actors) & 8 (Disposition of Vehicle) of the interrogatory requests served in reference to the affirmative claims of the Plaintiffs seek, inter-alia, the disclosure of the actors associated with the title transfers. This would include identifying the name of any individual(s) that executed title transfer documents.



On Wed, Jan 8, 2025 at 12:23 PM Israel, Kim <kisrael@mcglinchey.com> wrote:

Good afternoon – I'm pending receipt of the verifications and will send those to you upon receipt.  With regard to your question about the transfer of title documents, can you please direct me to which particular interrogatory (and corresponding answer) you're referring to, and I'll gladly take a look.

Thanks

Kim

**Kimberly "Kim" Held Israel**  (she/her/hers)
Attorney at Law

kisrael@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4485  F (904) 485-8083

bio | vCard | mcglinchey.com

Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC



**From:** JOSHUA FEYGIN <josh@sueyourdealer.com>
**Sent:** Wednesday, January 8, 2025 11:27 AM
**To:** Israel, Kim <kisrael@mcglinchey.com>
**Cc:** Gipson, Christine <cgipson@mcglinchey.com>; Travis, Kathleen <ktravis@mcglinchey.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT - Robinson v. National Automotive, Inc. - Case No. 3:24-cv-948

Good morning:

Please provide executed jurats. Further, it is not clear by the responses who executed the title transfer documents on behalf of the dealership. Please advise.

Regards,

On Mon, Jan 6, 2025 at 8:47 PM Israel, Kim <kisrael@mcglinchey.com> wrote:

## NOTICE OF ELECTRONIC SERVICE OF COURT DOCUMENT

| Court: | U.S. District Court, Middle District of Florida, Jacksonville Division |
|---|---|
| Case Number: | 3:24-cv-948 |
| Case Name: | Isiah Robinson, etc. v. National Automotive, Inc. |
| Documents Served: | (1) Defendant's Answers and Objections to Plaintiff Isiah Robinson's First Interrogatories and (2) Counter-Plaintiff's Answers and Objections to Counter-Defendant Isiah Robinson's First Interrogatories |
| Attorney: | Kimberly Held Israel |
| E-mail: | kisrael@mcglinchey.com |
| Telephone: | 904.224.4485 |

Good evening – please see attached the unverified answers to interrogatories.  I'm expecting the signed set tomorrow and will send those to you upon receipt.

Thanks,

Kim

**Kimberly "Kim" Held Israel** (she/her/hers)
Attorney at Law

kisrael@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4485  F (904) 485-8083

bio | vCard | mcglinchey.com



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

www.mcglinchey.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Massachusetts, Mississippi, New York, Ohio, Tennessee, Texas, Washington, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged, work product-protected, and/or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer (https://www.mcglinchey.com/disclaimer/) and Privacy Policy (https://www.mcglinchey.com/privacy-policy/)

# EXHIBIT D

## NOTICE OF ELECTRONIC SERVICE OF COURT DOCUMENT

| | |
|---|---|
| Court: | U.S. District Court, Middle District of Florida, Jacksonville Division |
| Case Number: | 3:24-cv-948 |
| Case Name: | Isiah Robinson, etc. v. National Automotive, Inc. |
| Document Served: | Defendant's unverified Amended Answers to Plaintiff Isiah Robinson's First Interrogatories (Interrogatories 7 and 8) |
| Attorney: | Kimberly Held Israel |
| E-mail: | kisrael@mcglinchey.com |
| Telephone: | 904.224.4485 |

Good evening – please see attached the unverified amended answers to interrogatories 7 and 8.  I'm expecting the signed set next week will send those to you upon receipt.

Thanks,
Kim

**Kimberly "Kim" Held Israel** (she/her/hers)
Attorney at Law

kisrael@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4485  F (904) 485-8083

bio | vCard | mcglinchey.com



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

www.mcglinchey.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Massachusetts, Mississippi, New York, Ohio, Tennessee, Texas, Washington, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged, work product-protected, and/or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer (https://www.mcglinchey.com/disclaimer/) and Privacy Policy (https://www.mcglinchey.com/privacy-policy/)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ISIAH ROBINSON, and LISA                       CASE NO. 3:24-cv-00948-WWB-PDB
CLAYTON ROBINSON, Each an
Individual,

       Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

       Defendant/Counter-Plaintiff.

_____

## DEFENDANT'S AMENDED ANSWERS TO PLAINTIFF ISIAH ROBINSON'S FIRST INTERROGATORIES

      COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through

its undersigned counsel, and pursuant to Rule 33, Fed. R. Civ. P., hereby serves its amended

answers to Plaintiff Isiah Robinson's First Interrogatories numbered 7 and 8 as follows:[1]

## SPECIFIC ANSWERS TO INTERROGATORIES

      7.    **Identification of Actors as to Vehicle**.  Identify each person (including the

Transferee Party) known to National Automotive who performed any activity with respect to the

repair, servicing, marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of

whether the person is an employee or agent of National Automotive). As to any such person,

identify:

      (a)    The activity performed;

---

[1] NAI incorporates its General Answers and Objections previously served in conjunction with its
original answers and objections to Plaintiff Isiah Robinson's First Interrogatories as though fully
set forth herein.

1

(b)      Whether the person knew the mileage displayed on the Vehicle's odometer was

inaccurate; and

(d)[sic]All communications (both written and oral) between National Automotive and the

person concerning the instant action.

**RESPONSE:**  Murray Ford had the Vehicle in its possession, custody and control before NAI did, and NAI believes that Travis Ward had the Vehicle prior to Murray Ford.  NAI does not know what activities were performed by Mr. Ward or Murray Ford, if any; nor is NAI able to answer the remaining questions as to Mr. Ward or Murray Ford.  Manheim picked up the Vehicle from Murray Ford's wholesale lot, transported the Vehicle to the auction lot and then transported the Vehicle to NAI.  NAI is not able to speak for Manheim as to whether it performed any other activities and/or whether it had any knowledge of the mileage of the Vehicle.  NAI has not communicated with Manheim about this.

On behalf of NAI, Christopher Caldwell sold the Vehicle to Plaintiffs.  Mr. Caldwell would have been dependent on the estimated mileage provided by Murray Ford and is not believed to have spoken to anyone at Murray Ford about the sale of the Vehicle to Plaintiffs.  Mrs. Ramaghi signed the Certificate of Title on behalf of NAI, as reflected on the copy attached to NAI's Counterclaim.

After September 8, 2023, Mr. Caldwell and Mrs. Ramaghi spoke to the Plaintiffs in person, as described above.  Mrs. Ramaghi also repeatedly attempted to contact Plaintiffs about the disabled GPS unit attached to the Vehicle after NAI discovered that it was no longer sending any data about the Vehicle to NAI.  Mr. Robinson refused to return NAI's phone calls.  During one phone call between Mrs. Ramaghi and Mrs. Robinson, Mrs. Robinson cursed at Mrs. Ramaghi, saying, "We aren't bringing the damn vehicle back to the fucking dealership two hours away so you can track us.  You'll hear from our attorney," at which point she hung up on Mrs. Ramaghi.

8.      **Disposition of Vehicle**.  Describe the step-by-step process by which National

Automotive marketed, sold, transferred, assigned, inspected or disposed of the Vehicle.  In

responding to this request, state with particularity how the title transfer documents were executed,

who signed the transfer documents on behalf of National Automotive and who signed on behalf of

the Plaintiffs.

**RESPONSE:**  NAI bought the Vehicle from Murray Ford as part of a wholesale lot of vehicles at auction.  Manheim transported the Vehicle from the auction to NAI.  NAI inspected the Vehicle for any engine, transmission, and/or any other potential mechanical or operational issues.  The Vehicle was cleaned, had a GPS device installed on it, and then stickered and photographed to be marketed for sale on Facebook.  NAI then sold the Vehicle to Plaintiffs.  When

NAI received the title from Murray Ford, NAI promptly contacted Plaintiffs about the mileage information on the title.  Plaintiffs returned to NAI to discuss the situation, and review their options.  Despite being given the opportunity to surrender the Vehicle, terminate the contract and receive the return of their deposit, Plaintiffs chose to keep the Vehicle and sign new paperwork with "TMU" clearly marked in multiple places.  Murray Ford assigned/transferred the title to the Vehicle to NAI, who in turn assigned the title to Plaintiffs through the Clay County DMV.  Mrs. Ramaghi signed the Certificate of Title on behalf of NAI, a copy of which is attached to the Counterclaim.  NAI identified those documents as exhibits to its Counterclaim.

**NATIONAL AUTOMOTIVE, INC.**

By:_____
    Robin Ramaghi
Its: President

STATE OF FLORIDA
COUNTY OF DUVAL

    Sworn to and subscribed before me this _____ day of January, 2025, by ROBIN RAMAGHI, as the President of NATIONAL AUTOMOTIVE, INC., and who is personally known to me or who produced _____ as identification and said that the interrogatory answers are true and correct to the best of her knowledge and belief.


_____
Notary Public, State of Florida
My Commission expires:

# EXHIBIT E

## NOTICE OF ELECTRONIC SERVICE OF COURT DOCUMENT

| Court: | U.S. District Court, Middle District of Florida, Jacksonville Division |
|---|---|
| Case Number: | 3:24-cv-948 |
| Case Name: | Isiah Robinson, etc. v. National Automotive, Inc. |
| Document Served: | Defendant's Amended Answers to Plaintiff Isiah Robinson's First Interrogatories (Interrogatories 7 and 8) with verification |
| Attorney: | Kimberly Held Israel |
| E-mail: | kisrael@mcglinchey.com |
| Telephone: | 904.224.4485 |

Good afternoon - please see the verified amended answers to interrogatories 7 and 8 attached.
Kim

**Kimberly "Kim" Held Israel** (she/her/hers)
Attorney at Law

kisrael@mcglinchey.com
10407 Centurion Pkwy N, Ste 200, Jacksonville, FL 32256
T (904) 224-4485  F (904) 485-8083

bio | vCard | mcglinchey.com



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

---

www.mcglinchey.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Massachusetts, Mississippi, New York, Ohio, Tennessee, Texas, Washington, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged, work product-protected, and/or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer (https://www.mcglinchey.com/disclaimer/) and Privacy Policy (https://www.mcglinchey.com/privacy-policy/)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,                                    CASE NO. 3:24-cv-00948-WWB-PDB

      Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant/Counter-Plaintiff.

_____

**DEFENDANT'S AMENDED ANSWERS TO PLAINTIFF ISIAH**
**ROBINSON'S FIRST INTERROGATORIES**

      COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through

its undersigned counsel, and pursuant to Rule 33, Fed. R. Civ. P., hereby serves its amended

answers to Plaintiff Isiah Robinson's First Interrogatories numbered 7 and 8 as follows:[1]

**SPECIFIC ANSWERS TO INTERROGATORIES**

      7.    **Identification of Actors as to Vehicle**.  Identify each person (including the

Transferee Party) known to National Automotive who performed any activity with respect to the

repair, servicing, marketing, sale, transfer, assignment, or disposition of the Vehicle (regardless of

whether the person is an employee or agent of National Automotive). As to any such person,

identify:

      (a)    The activity performed;

---

[1]  NAI incorporates its General Answers and Objections previously served in conjunction with its original answers and objections to Plaintiff Isiah Robinson's First Interrogatories as though fully set forth herein.

1

(b)    Whether the person knew the mileage displayed on the Vehicle's odometer was

inaccurate; and

(d)[sic]All communications (both written and oral) between National Automotive and the

person concerning the instant action.

**RESPONSE:**  Murray Ford had the Vehicle in its possession, custody and control before NAI did, and NAI believes that Travis Ward had the Vehicle prior to Murray Ford.  NAI does not know what activities were performed by Mr. Ward or Murray Ford, if any; nor is NAI able to answer the remaining questions as to Mr. Ward or Murray Ford.  Manheim picked up the Vehicle from Murray Ford's wholesale lot, transported the Vehicle to the auction lot and then transported the Vehicle to NAI.  NAI is not able to speak for Manheim as to whether it performed any other activities and/or whether it had any knowledge of the mileage of the Vehicle.  NAI has not communicated with Manheim about this.

On behalf of NAI, Christopher Caldwell sold the Vehicle to Plaintiffs.  Mr. Caldwell would have been dependent on the estimated mileage provided by Murray Ford and is not believed to have spoken to anyone at Murray Ford about the sale of the Vehicle to Plaintiffs.  Mrs. Ramaghi signed the Certificate of Title on behalf of NAI, as reflected on the copy attached to NAI's Counterclaim.

After September 8, 2023, Mr. Caldwell and Mrs. Ramaghi spoke to the Plaintiffs in person, as described above.  Mrs. Ramaghi also repeatedly attempted to contact Plaintiffs about the disabled GPS unit attached to the Vehicle after NAI discovered that it was no longer sending any data about the Vehicle to NAI.  Mr. Robinson refused to return NAI's phone calls.  During one phone call between Mrs. Ramaghi and Mrs. Robinson, Mrs. Robinson cursed at Mrs. Ramaghi, saying, "We aren't bringing the damn vehicle back to the fucking dealership two hours away so you can track us.  You'll hear from our attorney," at which point she hung up on Mrs. Ramaghi.

8.    **<u>Disposition of Vehicle</u>**.  Describe the step-by-step process by which National Automotive marketed, sold, transferred, assigned, inspected or disposed of the Vehicle.  In responding to this request, state with particularity how the title transfer documents were executed, who signed the transfer documents on behalf of National Automotive and who signed on behalf of the Plaintiffs.

**RESPONSE:**  NAI bought the Vehicle from Murray Ford as part of a wholesale lot of vehicles at auction.  Manheim transported the Vehicle from the auction to NAI.  NAI inspected the Vehicle for any engine, transmission, and/or any other potential mechanical or operational issues.  The Vehicle was cleaned, had a GPS device installed on it, and then stickered and photographed to be marketed for sale on Facebook.  NAI then sold the Vehicle to Plaintiffs.  When

NAI received the title from Murray Ford, NAI promptly contacted Plaintiffs about the mileage information on the title.  Plaintiffs returned to NAI to discuss the situation, and review their options.  Despite being given the opportunity to surrender the Vehicle, terminate the contract and receive the return of their deposit, Plaintiffs chose to keep the Vehicle and sign new paperwork with "TMU" clearly marked in multiple places.  Murray Ford assigned/transferred the title to the Vehicle to NAI, who in turn assigned the title to Plaintiffs through the Clay County DMV.  Mrs. Ramaghi signed the Certificate of Title on behalf of NAI, a copy of which is attached to the Counterclaim.  NAI identified those documents as exhibits to its Counterclaim.

**NATIONAL AUTOMOTIVE, INC.**

By:_____
     Robin Ramaghi
Its: President

STATE OF FLORIDA
COUNTY OF DUVAL

     Sworn to and subscribed before me this _____ day of January, 2025, by ROBIN RAMAGHI, as the President of NATIONAL AUTOMOTIVE, INC., and who is personally known to me or who produced _____ as identification and said that the interrogatory answers are true and correct to the best of her knowledge and belief.

_____
Notary Public, State of Florida
My Commission expires:

3

NAI received the title from Murray Ford, NAI promptly contacted Plaintiffs about the mileage information on the title. Plaintiffs returned to NAI to discuss the situation, and review their options. Despite being given the opportunity to surrender the Vehicle, terminate the contract and receive the return of their deposit, Plaintiffs chose to keep the Vehicle and sign new paperwork with "TMU" clearly marked in multiple places. Murray Ford assigned/transferred the title to the Vehicle to NAI, who in turn assigned the title to Plaintiffs through the Clay County DMV. Mrs. Ramaghi signed the Certificate of Title on behalf of NAI, a copy of which is attached to the Counterclaim. NAI identified those documents as exhibits to its Counterclaim.

NATIONAL AUTOMOTIVE, INC.

By: _____
    Robin Ramaghi
Its: President

STATE OF FLORIDA
COUNTY OF DUVAL

Sworn to and subscribed before me this 23 day of January, 2025, by ROBIN RAMAGHI, as the President of NATIONAL AUTOMOTIVE, INC., and who is personally known to me or who produced __FL DL__ as identification and said that the interrogatory answers are true and correct to the best of her knowledge and belief.

_____
Erin Mikell
Notary Public, State of Florida
My Commission expires:

3

# EXHIBIT F

# Subject: Meet/Confer - Leave to amend - Robinson v. National Automotive, Inc. - Case No. 3:24-cv-948



**JOSHUA FEYGIN** <josh@sueyourdealer.com>                                    10:52 AM (2 hours ago)

to Israel, Kim

Dear Counselor:

Please accept this correspondence as the Plaintiffs' attempt to confer with respect to the Plaintiffs' anticipated Motion for Leave to Amend the Complaint. The basis for the amendment is to raise claims against Christopher Caldwell and Mrs. Ramaghai for their involvement in the conspiracy to violate the Odometer Act.

As you are aware, on November 22, 2024, Plaintiffs served upon the Defendant their first set of interrogatory requests seeking, *inter-alia*, the identity of any actors involved in transferring title to the subject vehicle and providing inaccurate odometer disclosures to the Plaintiffs.

Thereafter, on January 06, 2025, Defendant served its unverified and incomplete responses to the interrogatory requests. As a result, on January 08, 2025 Plaintiffs attempted to confer with respect to the deficient responses to uncover the identity of those who conspired with the dealership to violate the Odometer Act. Plaintiffs followed up once more on January 14th and again on January 16th.

More recently, on 6:20 pm on January 24, 2025 Defendant served its amended responses and for the first time identified the identities of an additional co-conspirator (*i.e.*, Mrs. Ramaghai). Defendant thereafter served its verified responses on Sunday, January 26, 2025.

Having just had the chance to review the responses, the Plaintiffs have for the first time definitievely learned of the identity of the co-conspirators and the actions taken with respect to the violation of the Odometer Act. As a result, the Plaintiffs shall be moving to amend their complaint to raise claims against Christopher Caldwell and Mrs. Ramaghai as stated above.

By close of business Wednesday, 01/29/2025, please provide the Defendant's position with respect to the relief identified above so the Plaintiffs may inform the Court accordingly.

Sincerely,

**Joshua Feygin, Esq.**

Attorney at Law

954.321.0507
josh@sueyourdealer.com
www.sueyourdealer.com
1930 Harrison St. Suite 208
Hollywood, FL 33020



# EXHIBIT G

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA CLAYTON
ROBINSON,                                         CASE NO.: 3:24-cv-00948

      Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,

      Defendant/Counter-Plaintiff.

_____

**DEFENDANT/COUNTER-PLAINTIFF'S RULE 26(a)(1)(A) INITIAL DISCLOSURES**

COMES NOW Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and hereby submits its Initial Disclosures pursuant to Rule 26(a)(1)(A), Fed. R. Civ. P., and the Uniform Case Management Report (D.E. 20), as follows:

**PRELIMINARY STATEMENT**

The following disclosures are made based on the information reasonably available to NAI at this stage of the proceedings. By making these disclosures, NAI does not represent that it is identifying every document, tangible thing, or witness possibly relevant or material to this lawsuit.

Moreover, by listing witnesses in accordance with the Uniform Case Management Report (D.E. 20), NAI does not waive – and instead expressly reserves – its right to object to any discovery from any of its disclosed witnesses on matters that are otherwise confidential or protected from disclosure pursuant to attorney-client privilege, the work product doctrine, the confidentiality afforded to mediations, the litigation privilege and/or the provisions and protections of Rule 408, Fed. R. Evid.

Nor does NAI waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection.

**i.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

(a)    Corporate representative of NAI
c/o Kimberly Held Israel, Esq.
McGlinchey Stafford
10407 Centurion Pkwy. N., Suite 200
Jacksonville, FL 32256
Telephone: 904.224.4449

The subjects of information include, but are not limited to, the allegations in Plaintiff's Complaint, NAI's defenses thereto, and NAI's allegations in its Counterclaim.

(b)    Isiah Robinson
c/o Joshua Feygin, Esq.
Sue Your Dealer, a Law Firm
1930 Harrison Street, Suite 208
Hollywood, FL 33020
Telephone: 954.321.0507

The subjects of information include, but are not limited to, the allegations in Plaintiffs' Complaint, including Plaintiff's alleged damages.

(c)    Lisa Robinson
c/o Joshua Feygin, Esq.
Sue Your Dealer, a Law Firm
1930 Harrison Street, Suite 208
Hollywood, FL 33020
Telephone: 954.321.0507

The subjects of information include, but are not limited to, the allegations in Plaintiff's Complaint, including Plaintiff's alleged damages.

(d)    Chris Caldwell, employee of NAI
c/o Kimberly Held Israel, Esq.
McGlinchey Stafford
10407 Centurion Pkwy. N., Suite 200
Jacksonville, FL 32256
Telephone: 904.224.4449

2

The subjects of information include, but are not limited to, the allegations in Plaintiff's Complaint and NAI's defense(s) thereto, in particular what transpired during Plaintiffs' in-person visits to NAI's business location.

NAI reserves the right to amend and/or supplement this list as discovery progresses, including but not limited to any persons identified in any deposition, answer to interrogatory, request for production or request for admission, and any expert witness(es) identified by either party, and any and all rebuttal witnesses.

**ii.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

(a)    Any and all of the contracts signed by Plaintiffs in relation to the purchase of the subject vehicle;

(b)    Any and all reports related to the GPS system affixed to the subject vehicle, including but not limited to the location(s) of the vehicle by date, the mileage driven by Plaintiffs with the vehicle, and the status of the GPS system;

(c)    Any documents disclosed by Plaintiff.

NAI reserves the right to amend and/or supplement this list as discovery progresses.

**iii.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

NAI's damages stemming from its Counterclaim have not yet been computed, although it includes its entitlement to attorney's fees and costs. With regard to Plaintiffs' underlying claims, NAI also asserts its entitlement to an award of its attorney's fees and costs under the subject contracts, and applicable Florida law and/or federal law.

**iv.    Provide for inspection and copying under Rule 34 any insurance agreement which may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

DATED this 6th day of December, 2024.

Respectfully Submitted,

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar #47287
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
(904) 224-4449 (Telephone)
(904) 485-8083  (Facsimile)
Primary E-mail: kisrael@mcglinchey.com
Secondary E-mail: cgipson@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff,***
***NATIONAL AUTOMOTIVE, INC.***

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing Defendant/Counter-

Plaintiff's Rule 26(a)(1)(A) Initial Disclosures has been furnished electronically, via E-mail, this

**6th** day of **December, 2024**, to:

**Joshua Feygin, Esq.**
josh@sueyourdealer.com
*Attorney for Plaintiff*

*/s/ Kimberly Held Israel*
Attorney

4

# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICTOF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

       Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,
and ROBIN RAMAGHI,
an individual,

       Defendants.
_____/

NATIONAL AUTOMOTIVE,INC.,
a Florida Corporation,

       Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

       Plaintiffs/Counter-Defendants.
_____/

## <u>VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF</u>

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, sues Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation,("**National Automotive**") and ROBIN RAMAGHI, an individual, ("**Mrs. Ramaghi**") and allege:

*Jurisdiction and Venue*

1.      This Court has jurisdiction under the Federal Odometer Act, 49 U.S.C. §32710 and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

2.      Venue is as National Automotive is a legal entity incorporated under the laws of Florida whose principal business location was or is in Duval County, Florida, and as the vehicle sale upon which these claims are based occurred in Duval County, Florida.

## GENERAL ALLEGATIONS

*SYNOPSIS OF PROCEEDING*

3.      The instant action involves claims under the Federal Odometer Act, 49 U.S.C. §32701 ("**Odometer Act**"), which prohibits the disconnection, resetting or alteration of odometers with the intent to change the number of miles indicated thereon. The law requires that a written disclosure of the mileage registered on the odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership of the vehicle is transferred. If the odometer mileage is incorrect, the law requires a statement to that effect to be furnished on the title to the buyer.

4.      Odometer tampering is a significant criminal and consumer fraud issue in the United States. According to the National Highway Traffic Safety Administration ("**NHTSA**"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

5.      In Florida, automobile dealerships are routinely rolling back the odometers of vehicles in order to purloin profit. In many instances, dealerships focus on rolling back the odometers of so-called "working people" cars — such as vehicles manufactured by

Ford, Chevrolet and GMC.

6.    As more particularly described below, National Automotive provided numerous mileage disclosures to the Plaintiffs leading them to believe they were purchasing a used motor vehicle with accurate mileage. Following the consummation of the transaction to purchase the Vehicle, National Automotive altered the disclosures outside of the presence of the Plaintiffs and without their knowledge to conceal the odometer discrepancy. Upon information and belief, Mrs. Ramaghi was involved in the aforementioned misrepresentations and alterations and/or ratified said acts.

### *ALLEGATIONS AS TO PARTIES*

7.    At all times material hereto, Plaintiffs, ISIAH ROBINSON ("**Mr. Robinson**") and LISA CLAYTON-ROBINSON ("**Mrs. Robinson**")(together "**Mr. & Mrs. Robinson**"), are *sui juris* and each a resident of Flagler County, Florida.

8.    At all times material hereto, Defendant, NATIONAL AUTOMOTIVE, INC. ("**National Automotive**" or "**Dealership**") was a Florida Corporation, doing business at in Duval County at 6600 Blanding Boulevard, Jacksonville, FL 32244.

9.    At all times material hereto, Defendant, ROBIN RAMAGHI, an individual, was *sui* juris, and a resident of Duval County.

10.    Upon good information and belief, at all times material hereto, Mrs. Ramaghi was the manager and control person of the Dealership, and maintained complete authority and control over Dealership to the extent that dealership was the alter ego and mere instrumentality of Mrs. Ramaghi.

11.    As detailed below, Mrs. Ramaghi either directly participated in the wrongful conduct described below or alternatively ratified such activity upon being informed of

same.

12.    At all times material hereto, the National Automotive was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and Florida Statute §320.77(1)(a) and a "transferor" as said term is defined under 49 C.F.R. §590.3.

13.    At all times material hereto, National Automotive was in the business of buying, selling and financing used motor vehicles to the public-at-large in Duval County, Florida.

### *FACTUAL ALLEGATIONS*

14.    On or about September 8th, 2023, Mr. & Mrs. Robinson visited the place of business of the Dealership for the purpose of selecting a used motor vehicle to be used for personal, family and household purposes.

15.    After brief negotiations, Mr. & Mrs. Robinson selected a used 2011 Chevrolet Equinox, VIN ending in 4389 ("**Equinox**").

16.    At the time Mr. & Mrs. Robinson selected the Equinox, Defendant, both in writing and orally, affirmatively represented that the odometer reading for the Equinox was at or about 118,245 miles ("**Mileage Representation**").

17.    As finances were tight, Mr. & Mrs. Robinson decision to purchase the Equinox was made in reliance of the Mileage Representation as they understood used vehicles with lower mileage tend to have less mechanical issue and require less maintenance than vehicles with higher mileage.

18.    As part of the transaction to purchase the Equinox, Mr. & Mrs. Robinson executed a document entitled "Retail Installment Sales Contract" ("**RISC**") which was prepared by the Dealership.

19.    A true and correct copy of the RISC (with redacted personal information of Mr. Robinson) is attached hereto and incorporated herein by reference as Exhibit "A".

20.    Pursuant to the RISC, Mr. & Mrs. Robinson agreed to pay the sum of Eleven Thousand Three Hundred Twenty-Two and 44/100ths Dollars ($11,322.44), consisting of Ten Thousand Dollars ($10,000.00) as the Equinox's purchase price, a Pre-delivery Service fee of $599.00, and sales tax of $723.44, as and for the purchase price for the Equinox.

21.    Following the application of a Two Thousand Dollar ($2,000.00) down payment, the remaining Nine Thousand Three Hundred Twenty-Two and 44/100ths Dollars ($9,322.44) was financed under the RISC.

22.    As part of the nefarious scheme to defraud Mr. & Mrs. Robinson, the Dealership had Mr. & Mrs. Robinson execute an "*Odometer Disclosure Statement*" that affirmatively disclosed the Equinox's mileage as "118245."

23.    A true and correct copy of the Odometer Disclosure Statement executed at the time of the sale which was retained by Mr. & Mrs. Robinson is attached hereto and incorporated herein by reference as Exhibit "B".

24.    In the Odometer Disclosure statement, the Dealership failed to select the

I, NATIONAL AUTOMOTIVE, INC. _____ (transferor's name, print) state that the odometer now reads 118246 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is *NOT* the actual mileage.    **WARNING—ODOMETER DISCREPANCY.**

| Make | CHEVROLET | Vehicle Identification Number | 2GNALBEC1B1284389 |
| Model | EQUINOX | Year | 2011 |
| Body Type | LS | Date of Statement | 09/08/2023 |

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
(Printed Name)

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

checkbox designating the mileage to be inaccurate:

25.    In addition, the Dealership also had Mr. & Mrs. Robinson execute a "*Separate Odometer Disclosure Statement*" wherein the Dealership affirmatively represented that the mileage of 118,245 was the "actual" mileage:



26.    A true and correct copy of the Separate Odometer Disclosure Statement executed at the time of the sale which was retained by Mr. & Mrs. Robinson is attached hereto and incorporated herein by reference as Exhibit "C".

27.    In addition to the Separate Odometer Disclosure Statement and the Odometer Disclosure Statement, the Dealership also had Mr. & Mrs. Robinson execute an unsecure Power of Attorney for a Motor Vehicle appointing an agent or employee of the dealership as attorney in fact to affix their signature upon the title to the Equinox with the express intent to conceal the tampering and to select the designation that the mileage was inaccurate without altering them.

28.    A true and correct copy of the Unsecure Power of Attorney is attached hereto and incorporated herein by reference as Exhibit "D".

29.    Lastly, the Dealership had Mr. and Mrs. Robinson execute a "**Application for Certificate of Motor Vehicle Title**" wherein the dealership certified that the actual

mileage was 118245:

| I/we state that this ☐5 or ☐6-digit odometer now reads | 118245 | xx miles. | Date Read: | 9/8/2023 |
|---|---|---|---|---|

(No tenths)

I/we hereby certify that to the best of my/our knowledge the odometer reading:

☒ 1. REFLECTS ACTUAL MILEAGE.      ☐ 2. IS NOT THE ACTUAL MILEAGE.      ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.

30.     A true and correct copy of the Application for Certificate of Motor Vehicle Title retained by Mr. and Mrs. Robinson following the conclusion of the transaction is attached hereto and incorporated herein by reference as Exhibit "E".

31.     However, as will be shown below, the Dealership had actual and constructive knowledge that the Equinox's mileage was not accurate at the time the representations were made.

### Discovery of Mileage Rollback

32.     Upon conclusion of the transaction to purchase the Equinox, Mr. & Mrs. Robinson left the Dealership in the belief that they acquired reliable transportation.

33.     However, they satisfaction was short lived as Mr. & Mrs. Robinson quickly realized that the Equinox did not reflect the mechanical condition of a vehicle with 118,245 miles.

34.     Ultimately, Mr. & Mrs. Robinson discovered the nefarious conduct of the Dealership and filed a complaint with the Florida Department of Highway Safety and Motor Vehicles ("**DHSMV**").

35.     Throughout the course of the DHSMV investigation, the Dealership manipulated the disclosures originally provided to Mr. & Mrs. Robinson and submitted altered documents to the DHSMV to conceal the fraud.

36.     Specifically, Mr. & Mrs. Robinson discerned the Dealership inserted a hand-written "X" into the box demarcating that the mileage was not the actual mileage on the Separate Odometer Disclosure Statement:

NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0610

**SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT**

| VEHICLE DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
| 2GNALBEC1B1284389 | 2011 | CHEVROLET | | 4D SUV FWD | |

**ODOMETER DISCLOSURE STATEMENT**

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5 or ☐ 6 DIGIT ODOMETER NOWS READS | 1 1 8 |, | 2 4 5 | .XX (NO TENTHS) MILES. DATE READ _9_ / _8_ / _2023_ , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

CAUTION:
Read carefully before checking a box.

☒ 1. REFLECTS ACTUAL MILEAGE.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☒ 3. IS NOT THE ACTUAL MILEAGE. WARNING   ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

37.     A true and correct copy of the ***Altered Separate Odometer Disclosure Statement*** provided to the DHSMV during the course of the investigation is attached hereto and incorporated herein by reference as Exhibit "F".

38.     In addition, the Dealership likewise inserted a hand-written check mark into the not actual mileage certification on the Odometer Disclosure Statement:

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, NATIONAL AUTOMOTIVE, INC. _____ (transferor's name, print) state that the odometer now reads 118245 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☑ (2) I hereby certify that the odometer reading is NOT the actual mileage.   WARNING—ODOMETER DISCREPANCY.

| Make | CHEVROLET | Vehicle Identification Number | 2GNALBEC1B1284389 |
|---|---|---|---|
| Model | EQUINOX | Year | 2011 |
| Body Type | LS | Date of Statement | 09/08/2023 |

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
[Printed Name]

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
[Printed Name]

Page **8** of **19**

39.     A true and correct copy of the ***Altered Odometer Disclosure Statement*** provided by the Dealership to the DHSMV during the investigation is attached hereto and incorporated herein by reference as Exhibit "G".

40.     Mr. and Mrs. Robinson also learned that the Dealership altered the Application for Certificate of Motor Vehicle Title following their execution of the document by inserting a hand-written "X" into the selection that the mileage was not actual:

| | | |
|---|---|---|
| I/we state that this ☐5 or ☐6-digit odometer now reads    118245    .xx miles. | | Date Read: ____ 9/8/2023 ____ . |
| *(No tenths)* | | |
| I/we hereby certify that to the best of my/our knowledge the odometer reading: | | |
| ☒ 1. REFLECTS ACTUAL MILEAGE. | ☐ 2. IS NOT THE ACTUAL MILEAGE. | ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS. |

41.     A true and correct copy of the ***Altered Application for Certificate of Motor Vehicle Title*** submitted by the Dealership to the DHSMV to transfer the Equinox's title is attached hereto and incorporated herein by reference as Exhibit "H".

42.     Ultimately, the DHSMV cited the Dealership for its conduct.

43.     A true and correct copy of the citation issued by the DHSMV is attached hereto as Exhibit "**I**".

44.     As part of their due diligence in the preparation of the instant claim, Mr. Robinson, through counsel, obtained a copy of the title history ("**Title History**") for the Equinox from the DHSMV, including Certificate of Title No. 139878230 with an issue date of February 22, 2023 ("**Transfer Title**").

45.     A true and correct copy of the Transfer Title is attached hereto as Exhibit "J".

46.     According to the Transfer Title for the Equinox, the Dealership acquired the Equinox on September 01, 2023 from "*MURRAY FORD.*"

47.     At the time of the acquisition of the Equinox by the Dealership, the face of

the transfer title disclosed that the mileage was "not actual":

| Odometer Status or Vessel Manufacturer or OH use | | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 112990 MILES | 02/22/2023 NOT ACTUAL | | | 02/22/2023 |

48.     As part of the transfer of title from Murray Ford to the Dealership, Murray Ford disclosed the mileage to be "118135" but failed to ever make a selection regarding the veracity of the mileage:



49.     Despite being on actual notice that the mileage was "NOT ACTUAL" as far back as February 22, 2023, Dealership accepted transfer of the title with an incomplete odometer disclosure from Murray Ford.

50.     With respect to the transfer from Murray Ford to the Dealership, upon good information and belief, Mrs. Ramaghi executed the Transfer Title:

51.     In order to facilitate and conceal the odometer fraud, Dealership forged the signature of Mr. & Mrs. Robinson on the Transfer Title which plainly disclosed that the mileage was not actual on its face.

52.     Upon good information and belief, with respect to the disclosure purportedly provided to Mr. and Mrs. Robinson, Mrs. Ramghi completed the mileage disclosures on the Transfer Title.

53.     Upon good information and belief, Mrs. Ramaghi executed the Transfer Title on behalf of the Dealership:



54.     By this artifice and scheme, the Dealership attempted to feign compliance with the requirements of the federal and state odometer acts in the event the DHSMV or Mr. & Mrs. Robinson discovered the actual mileage and misconduct of the Dealership at a later time.

55.     Upon good information and belief, circumventing title procedures and the sale of vehicles with tampered odometers is a regular business practice of the Dealership which was implemented or otherwise condoned or ratified by Mrs. Ramaghi.

56.     All conditions precedent to instituting this action have occurred or have otherwise been waived.

57.     Mr. & Mrs. Robinson have retained the undersigned law firm and have obligated themselves to pay a reasonable fee for its services.

58.     Mr. and Mrs. Robinson have sustained damages as a result of the aforementioned conduct. Such damages include, but are not limited to, higher maintenance costs as a result of the impaired mileage reading, diminution in value of the Equinox, inability to realize fair market value for the Equinox, and, deprivation of statutorily required information in the form of truthful and accurate mileage disclosures.

59.     All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

### COUNT I

## ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT
### (All Defendants)

60.     This is an action for violation of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et seq*., and the regulations promulgated thereunder.

61.     Mr. & Mrs. Robinson reallege and reaffirm the allegations contained in Paragraphs 1 through 59  above as if set forth herein in full.

62.     Pursuant to 49 U.S.C. §32705, a motor vehicle, the ownership of which is transferred, may not be licensed for use in the state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future transfer, a statement, signed and dated by the transferor under the Odometer Act.

63.     Dealership has violated the Act in that Dealership made a false statement to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.5, with intent to defraud.

64.     Dealership has violated the Act with intent to defraud in that Dealership failed to provide Mr. & Mrs. Robinson with the actual title certificate to transfer title for examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

65.     Dealership has violated the Act with intent to defraud in that the Dealership utilized an unsecure power of attorney to sign as both buyer and seller in confirming a federal odometer reading. 49 U.S.C. §32705(2)(A).

66.     Dealership has violated the Act with intent to defraud in that the Dealership accepted an incomplete title transfer from Murray Ford. 49 U.S.C. 32705(a)(3).

67.     Dealership has violated the Act with intent to defraud in that the Dealership signed the Transfer Title as both the transferor and transferee. 49 C.F.R. §580.5.

68.     Mrs. Ramaghi has violated the act with intent to defraud by conspiring with the Dealership to violated the provisions of the Act, as more particularly set forth above. 49 U.S.C. §32703(4)

69.     As a direct and proximate result of the above-described actions, Mr. & Mrs. Robinson have been harmed.

70.     As a result of the violation of the Odometer Act, Dealership is liable to Mr. & Mrs. Robinson in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

71.     Mr. & Mrs. Robinson retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

72.     Mr. & Mrs. Robinson reserve the right to amend the complaint upon discovery and subsequent proffer revealing the identity of any additional individuals who conspired with the Dealership to violate the Odometer Act upon discovery and further proffer.

**WHEREFORE,** Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation, and ROBIN RAMAGHAI, an individual, for three times the amount of their actual damages sustained or $10,000.00, whichever is greater, together with reasonable attorney's fees and costs pursuant to 49 U.S.C. §32710.

## <u>COUNT II</u>
## <u>ACTION FOR FRAUD</u>

73.    Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 59  above as if set forth hereat in full.

74.    As more fully described above, Dealership misrepresented material facts concerning the sale of the Equinox to Mr. & Mrs. Robinson at the time of the sale of the Equinox, to wit: the Mileage Representation.

75.    Dealership knew that the representations set forth above were false or made such representations recklessly, and Dealership had no reasonable grounds for believing those representations to be true.

76.    Dealership knew that the above representations and omissions concerning the purchase of the Equinox were material and important.

77.    Dealership intended to deceive Mr. & Mrs. Robinson, who relied upon the misrepresentations and omission to his detriment.

78.    As a direct and proximate result of the misrepresentations and non-disclosures by Dealership, the actual and economic damages of Mr. & Mrs. Robinson include, but is not limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

WHEREFORE, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, National Automotive, Inc., a Florida Corporation, jointly and severally, together with interest and costs.

## COUNT III
## ACTION FOR FRAUDULENT INDUCEMENT

79.    Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 59  above as if set forth hereat in full.

80.    As more particularly described above, Dealership induced Mr. & Mrs.

Robinson into signing the RISC and consummating the transaction for the sale of the Equinox by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. & Mrs. Robinson rely on them to their detriment.

81.    Dealership's misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Mr. & Mrs. Robinson rely on them, or be deceived by them to their detriment.

82.    Mr. & Mrs. Robinson justifiably relied upon the misrepresentations to their detriment and further, had Mr. & Mrs. Robinson been advised of the truth, they would not have entered into the RISC.

83.    As a result of the fraud and deceit by Dealership, the actual and economic damages of Mr. & Mrs. Robinson include, but are not limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

WHEREFORE, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation, together with interest and costs.

## COUNT IV
## ACTION FOR BREACH OF EXPRESS WARRANTY

84.    Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 59  above as if set forth hereat in full.

85.    From the various statements by Dealership, including the Mileage Representation, Dealership made an express warranty pursuant to Section 2-313 of the Uniform Commercial Code ("**UCC**") by both affirmation of fact or promise and by description of goods ("**Express Mileage Warranty**").

86.    As evidenced by the title records and other evidence, Dealership has breached the Express Mileage Warranty.

87.    As a direct and proximate result of the breach of the Express Mileage Warranty, Mr. & Mrs. Robinson have been damaged. The damages include, but are not necessarily limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

88.    Mr. & Mrs. Robinson have performed all conditions precedent to the filing of the instant action.

**WHEREFORE,** Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation, jointly and severally, together with interest and costs.

**COUNT V**
**ACTION FOR REVOCATION OF ACCEPTANCE**

89.    This is a claim for revocation of acceptance pursuant to the Magnusson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

90.    Mr. & Mrs. Robinson reaffirm and reallege the allegations contained in Paragraphs 1 through 59 and 80 through 84  above as if set forth hereat in full.

91.    Dealership provided an express warranty to Mr. and Mrs. Robinson, to wit: the Express Mileage Warranty.

92.    Through the above-described activities, Dealership was in direct privity with Mr. and Mrs. Robinson.

93.    Mr. & Mrs. Robinson accepted the Equinox without discovering the above-described defects because Plaintiff was reasonably induced to accept the Equinox based

on Dealership's misrepresentations and the difficulty of discovering the above facts.

94.     Dealership refused and continues to refuse to correct the nonconformities present in the Equinox.

95.     The nonconformities substantially impair the value of the Equinox.

96.     Mr. and Mrs. Robinson, notified Dealership, verbally and in writing, that they were revoking acceptance.

97.     Despite receipt of Mr. & Mrs. Robinsons' notices, Dealership failed to resolve the dispute.

**WHEREFORE**, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation, jointly and severally, for the following:

A.     Declaring acceptance has been properly revoked by Mr. & Mrs. Robinson and for damages incurred in revoking acceptance;

B.     A refund of the entire purchase amount paid by Mr. & Mrs. Robinson for the subject vehicle;

C.     Consequential, incidental and actual damages;

D.     Costs, interest and attorneys' fees pursuant to 15 U.S.C. §2310(d)(2); and,

E.     Such other relief this Court deems appropriate.

### *DEMAND FOR JURY TRIAL*

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable.

## VERIFICATION

The undersigned, ISIAH ROBINSON and LISA CLAYTON-ROBINSON are the Plaintiffs in the above-captioned action. We have read the Verified Complaint, and all of the facts set forth in the Verified Complaint are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 19, 2025.


_____
ISIAH ROBINSON

February 19, 2025
DATE


_____
LISA CLAYTON-ROBINSON

February 19, 2025
DATE


Dated February 19, 2025.

Respectfully submitted,

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on _____, a true and correct copy of the foregoing has been served, via e-mail, to:

**Kimberly Held Israel, Esq.**
Florida Bar No. 47287
10407 Centurion Pkwy. N., Ste. 200
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
*Attorney for Defendant/Counter-Plaintiff*

                                        */s/ Joshua Feygin*
                                        **Joshua Feygin, Esq.**

# EXHIBIT A

FL-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | | Summary |
|---|---|---|---|
| NATIONAL AUTOMOTIVE, INC.<br>6600 BLANDING BLVD<br>JACKSONVILLE, FL 32244<br>COUNTY: DUVAL<br>PHONE: (904) 778-4168 | ISIAH ROBINSON | COBUYER<br>LISA CLAYTON-ROBINSON | No. 4762<br>Date 09/08/2023 |

Buyers' Month of Birth: March             CO-BUYER'S MONTH OF BIRTH: JULY

☐ Business, commercial or agricultural purpose Contract.

**Documentary Stamp Tax.** Florida documentary stamp tax required by law in the amount of $ 32.90 _____ has been paid or will be paid directly to the Florida Department of Revenue. Certificate of Registration No. 26-801631325-7 _____ .

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 28.0000 % | $ 4520.08 | $ 9355.34 | $ 13875.42 | $ 2000.00<br>$ 15875.42 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 78 | $ 177.89 | BI-WEEKLY Beginning 09/22/2023 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you may have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2011 | CHEVROLET | EQUINOX | 4D SUV FWD | 4389 | 118245 |

☐ New
☒ Used
☐ Demo

Other:

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: N/A
N/A _____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 9355.34 _____ plus finance charges accruing on the unpaid balance at the rate of _____ 28.0000 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure.* You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed.*

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFLZ.PDF (922A/351) VER: DOTNET 2/17/2016

SIMPLE INTEREST

BUYER'S INITIALS 

ASSURIIVLFLZFL 10/10/2015

11/14/2023 02:32PM 8864398999

☐ **Loan Processing Fee.** You agree to pay a loan processing fee of

$ N/A_____ that will be ☐ paid in cash.
☐ financed over the term of the Contract.

☒ **Pre-delivery Service Fee.** You agree to pay a pre-delivery service fee of

$ 599.00_____ that will be ☐ paid in cash.
☒ financed over the term of the Contract. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of

$ N/A_____ if you pay this Contract in full before we have earned that much in finance charges.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. Price of Vehicle, etc. (incl. sales tax of | | |
| $ 723.44_____ ) | $ | 10723.44 |
| b. Pre-delivery service fee | $ | 599.00 |
| c. **Cash Price** (a+b) | $ | 11322.44 |
| d. Trade-in allowance | $ | N/A |
| e. Less: Amount owing, paid to (includes m): | | |
| N/A | $ | N/A |
| f. Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ | N/A |
| g. Cash payment | $ | 2000.00 |
| h. Manufacturer's rebate | $ | N/A |
| i. Deferred down payment | $ | N/A |
| j. Other down payment (describe) | | |
| N/A | $ | N/A |
| k. **Down Payment** (f+g+h+i+j) | $ | 2000.00 |
| l. **Unpaid balance of Cash Price** (c-k) | $ | $9,322.44 |
| m. Financed trade-in balance (see line f) | $ | N/A |
| n. Paid to public officials, including filing fees | $ | N/A |
| o. Insurance premiums paid to insurance company(ies) (See *Insurance Disclosures* section for coverage and benefits types.) | $ | N/A |
| p. Service Contract, paid to: | | |
| N/A | $ | N/A |
| q. To: STATE - TITLE/TAG/REG. | $ | C.O.D. |
| r. To: STATE - DOC STAMPS | $ | 32.90 |
| s. To: N/A | $ | N/A |
| t. To: N/A | $ | N/A |
| u. To: N/A | $ | N/A |
| v. To: N/A | $ | N/A |
| w. To: N/A | $ | N/A |
| x. To: N/A | $ | N/A |
| y. To: N/A | $ | N/A |
| z. To: N/A | $ | N/A |
| aa. **Total Other Charges/Amts Paid** (m thru z) | $ | 32.90 |
| bb. **Prepaid Finance Charge** | $ | N/A |
| cc. **Amount Financed** (l+aa-bb) | $ | 9355.34 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single    ☐ Joint    ☒ None
Premium $ N/A_____    Term N/A_____
Insured N/A_____

**Credit Disability**
☐ Single    ☐ Joint    ☒ None
Premium $ N/A_____    Term N/A_____
Insured N/A_____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

_____

By: _____    DOB _____

_____

By: _____    DOB _____

_____

By: _____    DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 500.00_____ . If you get insurance from or through us you will pay $ N/A_____ for N/A_____ of coverage.
This premium is calculated as follows:
☐ $ N/A_____ Deductible, Collision Cov.  $ N/A_____
☐ $ N/A_____ Deductible, Comprehensive  $ N/A_____
☐ Fire-Theft and Combined Additional Cov.  $ N/A_____
☐ N/A_____  $ N/A_____

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS CHECKED AND INDICATED.**

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFLZ.PDF (922a/361) VER: DOTNET 2/17/2016        SIMPLE INTEREST        BUYER'S INITIALS _____    RSSIMVLFLZFL 10/10/2016
Page 2 of 8

☐ **Single-Interest Insurance.** You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay
$ N/A _____ for N/A _____
of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit. You authorize us to purchase Single-Interest Insurance.

By: _Isiah Robinson_ Date 9/8/2023
    ISIAH ROBINSON

By: _____ Date _____
    LISA CLAYTON-ROBINSON

By: _____ Date _____

## Additional Protections

You may buy one of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____ N/A _____
Price $ N/A _____
Coverage _____ N/A _____

☐ **Gap Waiver or Gap Coverage**
Term _____ N/A _____
Price $ N/A _____
Coverage _____ N/A _____

☐ **N/A**
Term _____ N/A _____
Price $ N/A _____
Coverage _____ N/A _____

By: _Isiah Robinson_ 9/8/23 Date
    ISIAH ROBINSON

By: _Lisa Clayton Robinson_ Date
    LISA CLAYTON-ROBINSON

By: _____ Date _____

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**Deferment.** We may agree to defer the scheduled due date of all or any part of any installment payment, and we will collect a $15.00 fee for such deferment. You must maintain the insurance on the Property required by this Contract during any deferment period. You may extend any optional insurance company you bought with this Contract if the insurance company or your insurance contract allows the extension and if you pay the extension charge. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge that is the greater of 5% of the face amount of the instrument, including orders of payment, debit card orders, or electronic funds transfers, or: $25.00, if the face value of the instrument does not exceed $50.00; $30.00 if the face value exceeds $50.00 but does not exceed $300.00; $40.00 if the face value exceeds $300.00

**Governing Law and Interpretation.** This Contract is governed by the law of Florida and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSIMFLZ.PDF (922A/381) VER: DOTNET 2/17/2016
SIMPLE INTEREST    BUYER'S INITIALS _____    RSSIMVLFLZFL 10/10/2013
Page 3 of 6

If you default, you agree to pay our court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.

◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.

◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.

◆ You will pay all taxes and assessments on the Property as they become due.

◆ You will notify us with reasonable promptness of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____    Date _____

Signature of Third Party Owner (NOT the Buyer)

Customized by Wayne Reaves Computer Systems, inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems TM VMP®
Wolters Kluwer Financial Services © 2015          SIMPLE INTEREST          RSSIMVLFLZFL 10/10/2015
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016                                         Page 4 of 6
BUYER'S INITIALS

PAGE 12/38          11/14/2023  02:32PM  3864389999

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: ISIAH ROBINSON          Date  9/8/2023

By: LISA CLAYTON-ROBINSON   Date  9/8/23

By:                         Date

**Notice to Buyer.** a. Do not sign this Contract before you read it or if it contains any blank spaces. b. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer** ISIAH ROBINSON AND LISA CLAYTON-ROBINSON

By: ISIAH ROBINSON          Date  9/8/2023

By: LISA CLAYTON-ROBINSON   Date  9/8/23

By:                         Date

**Seller** NATIONAL AUTOMOTIVE, INC.

By:                         Date

---

**Assignment.** This Contract and Security Agreement is assigned to

_____ ,

the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

**Seller**

By:                         Date

---

Customized by Wayne Reeves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2016
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016

RSSIMVLFLZFL 10/10/2015

SIMPLE INTEREST        BUYER'S INITIALS_____        Page 5 of 6

11/14/2023  02:32PM  8864838999

# EXHIBIT B

# ODOMETER DISCLOSURE STATEMENT

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, NATIONAL AUTOMOTIVE, INC. _____ (transferor's name, print) state that the odometer now reads 118245 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage.    **WARNING—ODOMETER DISCREPANCY.**

| | |
|---|---|
| Make CHEVROLET | Vehicle Identification Number ███4389 |
| Model EQUINOX | Year 2011 |
| Body Type LS | Date of Statement 09/08/2023 |

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
(Printed Name)

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

### TRANSFEROR'S NAME AND ADDRESS

NATIONAL AUTOMOTIVE, INC.
(Printed Name)

6600 BLANDING BLVD
(Street or Address)

JACKSONVILLE, FL 32244
(City)          (State)          (Zip)

### TRANSFEREE'S NAME AND ADDRESS

ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

████████
(Street or Address)

████████
(City)          (State)          (Zip)

Customized by Wayne Reeves Computer Systems, Inc.  XODS.PDF [(152U/394) SOLD; (152Z/398) TRADE
Odometer Disclosure Statement

ODS 4/24/2007

Bankers Systems ®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

# EXHIBIT C

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway
NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0810

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

| VEHICLE DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
| ███████4389 | 2011 | CHEVROLET | | 4D SUV FWD | |

### ODOMETER DISCLOSURE STATEMENT

**WARNING:  Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.**

WE STATE THAT THIS ☐ 5  or  ☐ 6 DIGIT ODOMETER NOWS READS  | 1 | 1 | 8 | , | 2 | 4 | 5 | .XX (NO TENTHS) MILES,
DATE READ  9  /  8  / 2023  , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE
ODOMETER READING:

**CAUTION:**
Read carefully before checking a box.

☒ 1. REFLECTS ACTUAL MILEAGE.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☐ 3. IS NOT THE ACTUAL MILEAGE.  **WARNING    ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name |
|---|---|
| | NATIONAL AUTOMOTIVE, INC. |

| Seller's Street Address | | |
|---|---|---|
| 6600 BLANDING BLVD | | |

| City | State | Zip |
|---|---|---|
| JACKSONVILLE | FL | 32244 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| *[signature]* | ISIAH ROBINSON AND LISA CLAYTON-ROBINSON |

| Buyer's Street Address | | |
|---|---|---|
| ████ | | |

| City | State | Zip |
|---|---|---|
| ████ | ██ | ███ |

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1.   WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2.   WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3.   WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1.   WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2.   WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3.   WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4.   WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1.   COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER.  DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2.   IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

**HSMV 82993 (REV. 10/09)**
82993.PDF [(6U/5) / (6U/6)]

www.flhsmv.gov

# EXHIBIT D

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME, VESSEL or VESSEL with TRAILER**
**Please submit this form to your local tax collector office or license plate agent.**
http://www.flhsmv.gov/locations/

As of today, 9/5/23 , I/we hereby name and appoint, **ROBERT KARR** - 3rd party,
(Full Legibly Printed Name is Required)
to be my/our lawful attorney-in-fact to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home, vessel, or vessel with a trailer described below, and to print my/our name and sign their name, in my/our behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we or myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

Please check **only one** of the following options:

☒ Motor Vehicle     ☐ Mobile Home     ☐ Vessel     ☐ **Vessel with an Untitled Trailer**     ☐ Vessel with a Titled Trailer
                                                      *(Trailers less than 2,000 pounds)*     *(Trailers 2,000 pounds or more)*

| Year | Make/Manufacturer | Body Type | Title Number | Vehicle Identification Number (VIN)/ Hull Identification Number (HIN) |
|------|-------------------|-----------|--------------|-------------------------------------------------------------------------|
| 2011 | Chev |  | 139878230 | ▉4389 |
|  |  |  |  |  |

**NOTICE TO OWNER(S):**  Please complete this form in its entirety prior to signing.

**Under penalties of perjury, I/we declare that I/we have read the foregoing document and that the facts stated in it are true.**

| Legibly Printed Name of Owner ("Grantor") | | Signature of Owner ("Grantor") | |
|---|---|---|---|
| Isiah Robinson | | *Oseah Robinson* | |
| Driver License, Identification Card or FEID Number of Owner | | | Date of Birth of Owner, if applicable |
| Owner's Address | City | State | Zip Code |
| Legibly Printed Name of Co-Owner ( "Grantor"), if applicable | | Signature of Co-Owner ("Grantor") | |
| Lisa Robinson | | *Rose A Chyza Robin* | |
| Driver License, Identification Card or FEID Number of Co-Owner | | | Date of Birth of Co-Owner, if applicable |
| Co-Owner's Address | City | State | Zip Code |

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the buyer only or the seller only.  However, this form cannot be used to allow an individual or entity (such as a dealership) to sign as both buyer and seller for the purpose of disclosing the odometer reading.  This may be accomplished only with the secure power of attorney (HSMV 82995) when:

    (a)    the title is physically being held by the lienholder; or
    (b)    the title is lost.

A licensed dealer and his/her employees are considered a single entity. The Owner and/or Co-owner must be the same for ALL vehicles, mobile homes, vessels, or vessels with a trailer listed above.

HSMV 82053 (Rev. 06/16/22)

# EXHIBIT E

# FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE
### Please submit this form to your local tax collector office or license plate agency.
https://www.flhsmv.gov/locations/
Note: All fields are required unless otherwise stated or not applicable.

**Application Type:** ☐ Original ☐ Transfer    **Request to print Certificate of Title:** ☐ No ☐ Yes: In office ☐ Yes: Mailed
**Off-Highway Vehicle Type:** ☐ All-Terrain Vehicle (ATV)    ☐ Recreational Off-Highway Vehicle (ROV)    ☐ Off-Highway Motorcycle (OHM)

## Section 1: OWNER/APPLICANT INFORMATION

| Customer Number | Fleet Number | Unit Number | Owner's County of Residence |
|---|---|---|---|
| 4762 | | 284389 | FLAGLER |

**Owner Details:** | Are you a Florida Resident? ☒ YES ☐ NO | Are you a US Citizen? ☐ YES ☐ NO | Are you deaf or hard of hearing? *(Voluntary)* ☐ YES ☐ NO

When joint ownership, please indicate if "or" or "and" is to be shown on title when issued,
☐ OR    ☒ AND    *(If neither box is checked, the title will be issued with "and.")*

Select, if applicable:
☐ Tenancy by the Entirety
☐ Life Estate/Remainder Person
☐ With Rights of Survivorship

| Owner's Name as it Appears on Driver License *(First, Full Middle/Maiden, & Last Name)* | Owner's Phone Number *(Voluntary)* | Owner's Email *(Voluntary)* | Sex | Date of Birth |
|---|---|---|---|---|
| ISIAH ROBINSON | | | | 03/04/1957 |

| FL DL/ID or FEID/Suffix Number | Owner's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Owner's Residential Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

*(Co-owner / Mail-To section illegible)*

## Section 2: MOTOR VEHICLE DESCRIPTION

| Vehicle Identification Number (VIN) | Florida Title Number | License Plate Number | Previous State of Issue |
|---|---|---|---|
| 4389 | | | |

| Make/Manufacturer | Model | Year | Body | Color | Weight | GVW | BHP/CC |
|---|---|---|---|---|---|---|---|
| | | | | | | 4980 | |

| Van Use *(if applicable)* | Fuel Type | | | | |
|---|---|---|---|---|---|
| ☐ Passenger ☐ Other | ☐ Natural Gas (Liquid) | ☐ Natural Gas (Compressed) | ☐ Hybrid (Gas/Electric) | ☐ Hybrid (Diesel/Electric) | ☐ Electric |

## Section 3: BRANDS/USAGE *(if applicable)*

☐ Assembled from Parts  ☐ Autonomous  ☐ Bonded Title  ☐ Custom  ☐ Electric  ☐ Flood  ☐ Glider Kit  ☐ ILEV  ☐ Kit Car
☐ Long Term Lease  ☐ Manuf. Buy Back  ☐ Police Veh.  ☐ Private Use  ☐ Rebuilt  ☐ Replica  ☐ Short Term Lease  ☐ Street Rod  ☐ Taxicab

## Section 4: LIENHOLDER INFORMATION *(if applicable)*

ELT Customer  ☐ FEID/Suffix #  ☐ DMV Account #  ☐ DL/ID #, Sex and DOB | Lienholder's Phone Number *(Voluntary)* | Lienholder's Email *(Voluntary)* N/A
☐ YES ☒ NO

| Date of Lien | Lienholder's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| 9/8/2023 | | | | |

Lienholder's Name *(If box is not checked, title will be mailed to the first lienholder.)*
NATIONAL AUTOMOTIVE,INC DBA NATIONAL AUTOMOTIVE,INC

☐ Check this box if you, lienholder representative, authorize the Department to send
the motor vehicle title to the owner and sign here: _____

## Section 5: TRANSFER TITLE *(if applicable)*

If ownership has transferred, how and when was the motor vehicle acquired? ☐ Inheritance | Date Acquired:
☒ Sale (Price: $ _____ )  ☐ Gift  ☐ Repossession  ☐ Court Order  ☐ Other *(Specify)*: _____ | 9 / 8 / 2023

## Section 6: ODOMETER DECLARATION

**WARNING:** *(text illegible)*

I/we state that this ☐5 or ☐6-digit odometer now reads **118245** .xx miles.    Date Read: 9/8/2023
*(No tenths)*
I/we hereby certify that to the best of my/our knowledge the odometer reading:
☒ 1. REFLECTS ACTUAL MILEAGE.    ☐ 2. IS NOT THE ACTUAL MILEAGE.    ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE

### Section 1: DEALER SALES TAX REPORT AND MOTOR VEHICLE TRADE INFORMATION

| Florida Sales Tax Registration Number | Dealer License Number | Date of Sale 09/08/2023 | Amount of Tax 723.44 | Dealer/Agent Signature |
|---|---|---|---|---|
| Year of Trade In | Make of Trade In | Title Number of Trade In *(if known)* | Vehicle Identification Number (VIN) of Trade In | |

### Section 2: MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION

This section requires a physical inspection and a verification of the vehicle identification number (VIN) (or the motor number for motor vehicles manufactured prior to 1955) of the motor vehicle described on this form by a licensed Florida dealer, Florida notary public, law enforcement officer, or authorized FLHSMV, tax collector (TC) or license plate agency (LPA) employee. **Complete this section on all used motor vehicles, including trailer (with abbreviation of "TL" and a weight of 2,000lbs or more), not currently titled in Florida.**

The undersigned certify that they physically inspected the above described vehicle.

| Vehicle Identification Number (VIN) | Name Certifying Inspector | Certifying Inspector Signature | Date |
|---|---|---|---|

Select which option best represents the certifying inspector:

☐ Law Enforcement    Agency Name: _____    Badge Number: _____    ☐ Florida Notary Public *(Stamp or Seal)*
☐ Florida Dealer    Dealer Name: _____    Dealer Number: _____
☐ FLHSMV    Office Name: _____    User ID/Badge: _____
☐ Tax Collector or    Agency Name: _____    County/Agency: _____
    License Plate Agency                                               Signature: _____

### Section 3: SALES TAX EXEMPTION CERTIFICATION

The purchaser of the above vehicle has offered my dealership the proper documentation to establish exemption from the sales tax on the vehicle described below. (County of residence and exemption information is as impressed above the Florida State Statutes.)

☐ Purchaser *(state agencies, counties, etc.)* holds valid exemption certificate    ☐ Vehicle will be used exclusively for rental.

Consumer's Certificate of Exemption Number: _____    Sales Tax Registration Number: _____

I hereby certify that ownership of the motor vehicle described on this application, is not subject to Florida Sales and Use Tax for the following reason:

☐ Inheritance    ☐ Gift    ☐ Divorce Decree    ☐ Transfer between a married couple    ☐ Other: _____

☐ Even trade or trade down _____

*(State the facts of the even trade or trade down and the transferor information, including the transferor's name and address.)*

### Section 4: REPOSSESSION DECLARATION

☐ I certify that this motor vehicle was repossessed upon default in the terms of the lien instrument and is now in my possession.

### Section 5: NON-USE AND OTHER CERTIFICATIONS

If checked, the following certifications are made by the applicant:
☐ I certify that the certificate of title is lost or destroyed.
☐ The vehicle identified will not be operated on the streets and highways of this state until properly registered.
☐ Other: *(explain)* _____

### Section 12: APPLICATION, ATTESTMENT AND SIGNATURES

I/we physically inspected the VIN.
Under penalty of Section 837.06, Florida Statutes, I/we have read the foregoing document and know that the facts stated in it are true.

| Full Name of Applicant, Owner ISIAH ROBINSON | Signature of Applicant, Owner *Isiah Robinson* | Date |
|---|---|---|
| Full Name of Applicant, Co-Owner LISA CLAYTON-ROBINSON | Signature of Applicant, Co-Owner *Lisa A Clayton Laura* | Date 9/8/2023 |

### Section 13: RELEASE OR SPOUSE OR HEIRS INTEREST *(if applicable)*

The undersigned person(s) state(s) that _____ died on _____
                                       *(Name of deceased)*                          *(Date)*
☐ Testate (with a will)    ☐ Intestate (without a will) and left the surviving heir(s) named below.
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.

Under penalty of Section 837.06, Florida Statutes, I/we have read the foregoing document and know that the facts stated in it are true.

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |

The undersigned certify that the seller was the owner of the motor vehicle described on this application and has sold the vehicle to the buyer and releases all of the seller's right, title and interest and claim to it and warrants the title and now applies to transfer ownership to the identified vehicle to the buyer.

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
| Full Name of Applicant | Signature of Applicant | Date |

# EXHIBIT F

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway
NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0610

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

| VEHICLE DESCRIPTION | | | | | | |
|---|---|---|---|---|---|---|
| Vehicle Identification Number | Year | Make | Color | Body | | Title Number |
| ████ 4389 | 2011 | CHEVROLET | | 4D SUV FWD | | |

**ODOMETER DISCLOSURE STATEMENT**

**WARNING:   Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title.  Failure to complete or providing a false statement may result in fines and/or imprisonment.**

WE STATE THAT THIS ☐ 5  or  ☐ 6 DIGIT ODOMETER NOWS READS  |1|1|8|,|2|4|5| .XX (NO TENTHS) MILES, DATE READ ___9__ / __8__ / _2023_ , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

☒ 1. REFLECTS ACTUAL MILEAGE.

**CAUTION:**
Read carefully before checking a box.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☒ 3. IS NOT THE ACTUAL MILEAGE.  **WARNING    ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name |
|---|---|
| *[signature]* | NATIONAL AUTOMOTIVE, INC. |
| **Seller's Street Address** 6600 BLANDING BLVD | |
| **City** JACKSONVILLE | **State** FL    **Zip** 32244 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| *Isiah Robinson* *[signature]* | ISIAH ROBINSON AND LISA CLAYTON-ROBINSON |
| **Buyer's Street Address** | |
| **City** ████ | **State** ████    **Zip** ████ |

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1.   WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2.   WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3.   WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1.   WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2.   WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3.   WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4.   WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1.   COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER.  DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2.   IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

**HSMV 82993 (REV. 10/09)**                              **www.flhsmv.gov**
82993.PDF [(5U/5) / (6U/6)]

*[handwritten left margin: NOT ACTUAL — TMU]*

*[handwritten right margin: TMU — TMU — TMU —]*

*[handwritten bottom: EX 10]*

# EXHIBIT G

☀ *TMU* ☀        ☀ *TMU* ☀

## ODOMETER
## DISCLOSURE STATEMENT

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, NATIONAL AUTOMOTIVE, INC. _____ (transferor's name, print) state that the odometer now reads 118245 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☑ (2) I hereby certify that the odometer reading is *NOT* the actual mileage.    **WARNING—ODOMETER DISCREPANCY.**

| | |
|---|---|
| Make          CHEVROLET | Vehicle Identification Number ▮▮▮▮4389 |
| Model          EQUINOX | Year                2011 |
| Body Type          LS | Date of Statement          09/08/2023 |

_____          _____
(Transferor's Signature)                    (Transferee's Signature)
CHRISTOPHER CALDWELL              ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
NATIONAL AUTOMOTIVE, INC.                    (Printed Name)
(Printed Name)

### TRANSFEROR'S NAME AND ADDRESS                    ### TRANSFEREE'S NAME AND ADDRESS

NATIONAL AUTOMOTIVE, INC.                    ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)                                        (Printed Name)

6600 BLANDING BLVD                    ▮▮▮▮▮▮▮▮▮
(Street or Address)                                        (Street or Address)

JACKSONVILLE, FL 32244                    ▮▮▮▮▮▮▮
(City)          (State)          (Zip)                    (City)          (State)          (Zip)

Customized by Wayne Reaves Computer Systems, Inc.  XODS.PDF [(152U/384) SOLD; (153Z/396) TRADE
Odometer Disclosure Statement                                        ODS 4/24/2007

Bankers Systems ®
©2017 The Reynolds and Reynolds Company
THERE IS NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

EX 11

# EXHIBIT H

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE**

**Section 7: DEALER SALES TAX REPORT AND MOTOR VEHICLE TRADE IN INFORMATION** *(if applicable)*

| Florida Sales Tax Registration Number | Dealer License Number | Date of Sale | Amount of Tax | Dealer/Agent Signature |
|---|---|---|---|---|
| 26-8016313205-7 | VI-1065376-2 | 09/08/2023 | 723.44 | |

| Year of Trade In | Make of Trade In | Title Number of Trade In *(if known)* | Vehicle Identification Number (VIN) of Trade In |
|---|---|---|---|
| | | | |

**Section 8: MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION**

This section requires a physical inspection and a verification of the vehicle identification number (VIN) (or the motor number for motor vehicles manufactured prior to 1955) of the motor vehicle described on this form by a licensed Florida dealer, Florida notary public, law enforcement officer, or authorized FLHSMV, tax collector (TC) or license plate agency (LPA) employee. Complete this section on all used motor vehicles, including trailer (with abbreviation of "TL" and a weight of 2,000lbs or more), not currently titled in Florida.

**I, the undersigned, certify that I have physically inspected the above-described vehicle:**

| Vehicle Identification Number (VIN) | Name Certifying Inspector | Certifying Inspector Signature | Date |
|---|---|---|---|
| | | | |

Select which option best represents the certifying inspector:

☐ Law Enforcement  Agency Name: _____  Badge Number: _____  ☐ Florida Notary Public *(Stamp or Seal)*
☐ Florida Dealer  Dealer Name: _____  Dealer Number: _____
☐ FLHSMV  Office Name: _____  User ID/Badge: _____
☐ Tax Collector or  Agency Name: _____  County/Agency: _____
  License Plate Agency  Signature: _____

**Section 9: SALES TAX EXEMPTION CERTIFICATION** *(if applicable)*

The purchase of a recreational vehicle to be offered for rent as living accommodations does not qualify for exemption. I certify the motor vehicle described has been purchased and is exempt from the sales tax imposed by Chapter 212, Florida Statutes, by:

☐ Purchaser *(state agencies, counties, etc.)* holds valid exemption certificate    ☐ Vehicle will be used exclusively for rental.

Consumer's Certificate of Exemption Number: _____    Sales Tax Registration Number: _____

I hereby certify that ownership of the motor vehicle described on this application, is not subject to Florida Sales and Use Tax for the following reason:

☐ Inheritance   ☐ Gift   ☐ Divorce Decree   ☐ Transfer between a married couple   ☐ Other: _____
☐ Even trade or trade down
(State the facts of the even trade or trade down and the transferor information, including the transferor's name and address.)

**Section 10: REPOSSESSION DECLARATION**

☐ I certify that this motor vehicle was repossessed upon default in the terms of the lien instrument and is now in my possession.

**Section 11: NON-USE AND OTHER CERTIFICATIONS**

If checked, the following certifications are made by the applicant:
☐ I certify that the certificate of title is lost or destroyed.
☐ The vehicle identified will not be operated on the streets and highways of this state until properly registered.
☐ Other: *(explain)*

**Section 12: APPLICATION ATTESTMENT AND SIGNATURES**

I/We physically inspected the VIN. (More than one form HSMV 82040 may be used for additional signatures.)
Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

| Full Name of Applicant, Owner | Signature of Applicant, Owner | Date |
|---|---|---|
| ISIAH ROBINSON | *Isiah Robinson* | |

| Full Name of Applicant, Co-Owner | Signature of Applicant, Co-Owner | Date |
|---|---|---|
| LISA CLAYTON-ROBINSON | *Lisa A Clayton Robinson* | 9/8/2023 |

**Section 13: RELEASE OF SPOUSE OR HEIRS INTEREST** *(if applicable)*

The undersigned person(s) state(s) that _____ died on _____
        (Name of deceased)        (Date)

☐ Testate (with a will)   ☐ Intestate (without a will) and left the surviving heir(s) named below.
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.
Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.
(More than one form HSMV 82040 may be used for additional signatures.)

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
| | | |

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
| | | |

That at the time of death the decedent was owner of the motor vehicle described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle to:

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
| | | |

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
| | | |

HSMV 82040 MV – Rev. 07/23                https://www.flhsmv.gov                RULE 15C-21.001, FAC
FL_TITLEAPP_MOTORVEHICLE82040.PDF (50U/12S) VER: DOTNET 06/27/2023



FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE**
**Please submit this form to your local tax collector office or license plate agency.**
https://www.flhsmv.com/locations/
Note: All fields are required unless otherwise stated or not applicable.

Application Type: ☐ Original ☐ Transfer               Request to print Certificate of Title: ☐ No ☐ Yes: In office ☐ Yes: Mailed
Off-Highway Vehicle Type: ☐ All-Terrain Vehicle (ATV) ☐ Recreational Off-Highway Vehicle (ROV) ☐ Off-Highway Motorcycle (OHM)

**Section 1: OWNER/APPLICANT INFORMATION**

| Customer Number 4762 | Fleet Number | Unit Number 284389 | Owner's County of Residence FLAGLER |
|---|---|---|---|

Owner Details: Are you a Florida Resident? ☒ YES ☐ NO | Are you a US Citizen? ☐ YES ☐ NO | Are you deaf or hard of hearing? (Voluntary) ☐ YES ☐ NO

When joint ownership, please indicate if "or" or "and" is to be shown on title when issued.   Select, if applicable:   ☐ Life Estate/Remainder Person
☐ OR   ☒ AND   (If neither box is checked, the title will be issued with "and.")   ☐ Tenancy by the Entirety   ☐ With Rights of Survivorship

| Owner's Name as It Appears on Driver License (First, Full Middle/Maiden, & Last Name) ISIAH ROBINSON | Owner's Phone Number (Voluntary) | Owner's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|

| FL DL/ID or FEID/Suffix Number | Owner's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|

| Owner's Residential Street Address | | City | State | Zip Code |
|---|---|---|---|---|

| Mail To Customer Name (If different from above owner) | Mail To's Phone Number (Voluntary) | Mail To's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|

| FL DL/ID or FEID/Suffix Number | Mail To's Address (If different from above mailing address) | City | State | Zip Code |
|---|---|---|---|---|

Co-Owner Details: Are you a Florida Resident? ☒ YES ☐ NO | Are you a US Citizen? ☐ YES ☐ NO | Are you deaf or hard of hearing? (Voluntary) ☐ YES ☐ NO

| ☒ Co-Owner or ☐ Lessee's Name as it Appears on Driver License (First, Full Middle/Maiden, & Last Name) LISA CLAYTON-ROBINSON | Co-Owner's Phone Number (Voluntary) | Co-Owner's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|

| FL DL/ID or FEID/Suffix Number | Co-Owner's/Lessee's Mailing Address | City | State | Zip Code N/A |
|---|---|---|---|---|

| Co-Owner's/Lessee's Residential Street Address | | City | State | Zip Code |
|---|---|---|---|---|

**Section 2: MOTOR VEHICLE DESCRIPTION**

| Vehicle Identification Number (VIN) 4389 | Florida Title Number | License Plate Number | Previous State of Issue |
|---|---|---|---|

| Make/Manufacturer CHEVROLET | Model EQUINOX | Year 2011 | Body 4D S | Color | Weight | GVW 4960 | BHP/CC |
|---|---|---|---|---|---|---|---|

Van Use (If applicable)   Fuel Type
☐ Passenger   ☐ Other   ☐ Natural Gas (Liquid)   ☐ Natural Gas (Compressed)   ☐ Hybrid (Gas/Electric)   ☐ Hybrid (Diesel/Electric)   ☐ Electric

**Section 3: BRANDS, USAGE AND TYPE** (Check applicable types)

☐ Assembled from Parts   ☐ Autonomous   ☐ Bonded Title   ☐ Custom   ☐ Electric   ☐ Flood   ☐ Glider Kit   ☐ ILEV   ☐ Kit Car
☐ Long Term Lease   ☐ Manuf. Buy Back   ☐ Police Veh.   ☐ Private Use   ☐ Rebuilt   ☐ Replica   ☐ Short Term Lease   ☐ Street Rod   ☐ Taxicab

**Section 4: LIENHOLDER INFORMATION** (If applicable)

| ELT Customer ☐ YES ☒ NO | ☐ FEID/Suffix # ☐ DMV Account # ☐ DL/ID #, Sex and DOB 36-4766251 | Lienholder's Phone Number (Voluntary) | Lienholder's Email (Voluntary) N/A |
|---|---|---|---|

| Date of Lien 9/8/2023 | Lienholder's Mailing Address 6600 Banting Blvd | City Jack | State FL | Zip Code 32244 |
|---|---|---|---|---|

Lienholder's Name (If box is not checked, title will be mailed to the first lienholder.) NATIONAL AUTOMOTIVE,INC DBA NATIONAL AUTOMOTIVE,INC | ☐ Check this box if you, lienholder representative, authorize the Department to send the motor vehicle title to the owner and sign here: _____

**Section 5: TRANSFER TYPE** (If applicable)

If ownership has transferred, how and when was the motor vehicle acquired?   ☐ Inheritance   | Date Acquired:
☒ Sale (Price: $_____)   ☐ Gift ☐ Repossession ☐ Court Order ☐ Other (Specify): _____   9 / 8 / 2023

**Section 6: ODOMETER DECLARATION**

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/we state that this ☐5 or ☐6-digit odometer now reads   118245   .xx miles.   Date Read: ____9/8/2023____ .
(No tenths)

I/we hereby certify that to the best of my/our knowledge the odometer reading:
☒ 1. REFLECTS ACTUAL MILEAGE.   ☐ 2. IS NOT THE ACTUAL MILEAGE.   ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.

# EXHIBIT I



**Dave Kerner**
Executive Director

FLORIDA HIGHWAY SAFETY    AND MOTOR VEHICLES

May 3rd, 2024

2900 Apalachee Parkway
Tallahassee, Florida 32399-0500
www.flhsmv.gov

Isiah Robinson

█████████████

RE: Isiah Robinson vs. National Automotive Inc.
Complaint #171760

Dear Mr. Robinson:

In response to the complaint you filed against the above-mentioned dealership, this letter is to inform you that our investigation is complete, and we are closing the complaint accordingly.  We will be forwarding this information to DMV Enforcement for further investigation.

If this office can be of further assistance to you, please feel free to contact us at the number shown below.

Best regards,

*Sylvester E. Krzykalski*, Compliance Examiner
Motor Vehicle Field Office, Region 3
9550 Regency Square Blvd, Suite 100
Jacksonville, FL  32225
SylwekKrzykalski@FLHSMV.Gov
Telephone:  904-365-2681
Fax:  904-723-2001

FLHSMV
FLORIDA HIGHWAY SAFETY    AND MOTOR VEHICLES

Ex 16



**FLORIDA HIGHWAY SAFETY AND MOTOR VEHICLES**

Dave Kerner
Executive Director

May 3rd, 2024

2900 Apalachee Parkway
Tallahassee, Florida 32399-0500
www.flhsmv.gov

National Automotive Inc.
6600 Blanding Blvd.
Jacksonville, FL 32244

RE: Isiah Robinson vs. National Automotive Inc.
Complaint #171760

Complaint #171760

Dear Robin Lynn Taylor:

This office has completed the investigation of the complaint that was filed against your dealership by the above named complainant.  Your dealership has been charged with the following violations:

**F.S. 319.225(4)**            **DEALER FAILED TO COMPLETE PROPER ODOMETER DISCLOSURE STATEMENT**

This letter is to serve as written notice that the complaint is now closed.  This office appreciates your prompt attention to this matter.

Best regards,

*Sylvester E. Krzykalski*, Compliance Examiner
Motor Vehicle Field Office, Region 3
9550 Regency Square Blvd, Suite 100
Jacksonville, FL  32225
SylwekKrzykalski@FLHSMV.Gov
Telephone:  904-365-2681
Fax:  904-723-2001

*Service  •  Integrity  •  Courtesy  •  Professionalism  •  Innovation  •  Excellence*
An Equal Opportunity Employer

Ex 17

# EXHIBIT J

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

A00088

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 4389 | 2011 | CHEV | UT | 3786 | | 139878230 |

Date of Issue 02/22/2023

Registered Owner:

TRAVIS LEE WARD

**LIEN SATISFACTION**

Lien Release
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

Mail To:

TRAVIS LEE WARD

**IMPORTANT INFORMATION**
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel:
   http://www.flhsmv.gov/html/titlinf.html

---

## CERTIFICATE OF TITLE

**STATE OF FLORIDA**

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 4389 | 2011 | CHEV | UT | 3786 | | 139878230 |

Interest in the described vehicle is hereby released
By_____

| Prev. State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev. Issue Date |
|---|---|---|---|---|---|---|
| FL | WHI | | | | PRIVATE | 02/21/2023 |

Title_____

| Odometer Status or Vessel Manufacturer or CH Use | | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 112990 MILES | 02/22/2023 NOT ACTUAL | | | 02/22/2023 |

Date_____

Registered Owner

TRAVIS LEE WARD

1st Lienholder

NONE

DIVISION OF MOTORIST SERVICES        TALLAHASSEE        FLORIDA        DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Robert R. Kynoch
Director

Control Number  162109843

David M. Kerner
David M. Kerner
Executive Director

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)
Federal and/or state law requires that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership.
Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name:  MURRAY FORD          Address____ 13447 US HWY 301 S. STARKE, FL 32091

Seller Must Enter Selling Price:  P/S          Seller Must Enter Date Sold 5/19/23

I/We state that this ☐ is or ☐ 6 digit odometer now reads I_1_I_0_I_1_I_3_I_7_I x_1 (no tenths) miles, date read 5/19/23 and I hereby certify that to the best of my knowledge the odometer reading:
☐ 1. reflects ACTUAL MILEAGE.    ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    ☐ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must
Sign Here ▶ Travis Wacey          CO-SELLER Must Sign Here ▶
Print Here ▶ Travis Wacey          Print Here ▶
Selling Dealer's License Number_____    Tax No._____    License Number:_____    Tax Collected:_____
Auction Name_____

PURCHASER Must
Sign Here ▶ Miranda Wilkinson Agent          CO-PURCHASER Must Sign Here ▶
Print Here ▶ Miranda Wilkinson Agent          Print Here ▶

**NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE**

HSMW 82250 (REV. 3/15)          **STATE OF FLORIDA**

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway • Neil Kirkman Building - Tallahassee, FL 32399-0620
**Notice of Sale of Motor Vehicle, Mobile Home or Vessel**

Section 319.22(2), Florida Statutes, requires that the seller file a Notice of Sale with the department within 30 days after the sale or transfer of the motor vehicle, vessel or mobile home. Filing this form removes any civil liability for the operation of the sold motor vehicle, vessel or mobile home. In addition to filing this form, we suggest you keep a copy of your bill of sale (we suggest it be notarized), certificate of title or other type of transaction document showing the vehicle was sold. **Complete the information below, tear the top portion of this document at the perforation and mail to the address above or submit to your local tax collector's office or license plate agency.**

I have this _____ day of _____, _____, transferred by assignment of and delivered Florida Certificate of Title to:

Name: Purchaser(s) _____    Purchaser's DL/ID _____
                        First                    MI              Last

Address _____    Selling Price $ _____

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Seller's Signature _____    Co-Seller's Signature _____

**NOTE: THE SUBMISSION OF THIS FORM, ACCURATELY COMPLETED, TO A TAX COLLECTOR'S OFFICE, LICENSE PLATE AGENCY OR TO THE ADDRESS ABOVE WILL ALLOW THE TITLE CLERK TO UPDATE THE DMV DATABASE TO REFLECT THE TITLE RECORD AS "SOLD". HOWEVER, THE OWNERSHIP STATUS WILL NOT CHANGE UNTIL THE PURCHASER APPLIES FOR AND IS ISSUED A CERTIFICATE OF TITLE.**

---

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**FIRST REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: VF10249927    Selling Dealer's Name: MURRAY FORD    Tax Collected: YS

Selling Dealer's Address: 13447 US HWY 301 S. STARKE, FL 3209

Purchaser's Name: National Automotive Inc    Address: 6600 Blanding Blvd Jax Fl 32244

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS |1|8|5|3|5| XX (NO TENTHS) MILES, DATE READ 9/1/23 AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE    ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF 5 DIGIT ODOMETERS)    ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: [signature]    Co-Purchaser Must Sign Here: ____
Print Here: ____    Print Here: ____

Seller/Agent Must Sign Here: Miranda Wilkinson    Auction Name (When Applicable): ____
Print Here: Miranda Wilkinson    Auction License Number: ____

**SECOND REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: V1045876?    Selling Dealer's Name: National Automotive    Tax Collected: 733.44

Selling Dealer's Address: 6600 Blanding Blvd Jax Fl 32244    2080 6313205T

Purchaser's Name: Isiah + Lisa Robinson    Address: [redacted]    9/3/23

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS |1|8|5|2|4| XX (NO TENTHS) MILES, DATE READ 9/3/23 AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE    ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF 5 DIGIT ODOMETERS)    ☑ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: Isiah Robinson PohBy PohKan    Co-Purchaser Must Sign Here: Lisa Clayton Robinson PohKan
Print Here: Isiah Robinson    Print Here: Lisa Robinson

Seller/Agent Must Sign Here: [signature]    Auction Name (When Applicable): ____
Print Here: ____    Auction License Number: ____

**THIRD REASSIGNMENT BY LICENSED DEALER**

Selling Dealer's License No.: ____    Selling Dealer's Name: ____    Tax Collected: ____

Selling Dealer's Address: ____    Date Sold: ____

Purchaser's Name: ____    Address: ____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS |_|_|_|_|_| XX (NO TENTHS) MILES, DATE READ __/__/__ AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE    ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF 5 DIGIT ODOMETERS)    ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here: ____    Co-Purchaser Must Sign Here: ____
Print Here: ____    Print Here: ____

Seller/Agent Must Sign Here: ____    Auction Name (When Applicable): ____
Print Here: ____    Auction License Number: ____