United States District Court
Middle District of Florida
Jacksonville Division

**ISIAH ROBINSON &
LISA CLAYTON ROBINSON,**

    *Plaintiffs,*

v.                                         **NO. 3:24-cv-948-WWB-PDB**

**NATIONAL AUTOMOTIVE, INC.,**

    *Defendant.*

---

# Order

Through a motion and an amended motion, both filed twenty-three days after the deadline to amend the pleadings, Doc. 22, the plaintiffs request leave to amend the complaint to add Robin Ramaghi as a defendant. Docs. 25, 26. The Court **strikes** the response, Doc. 27, for failure to comply with the Local Rules, as amended by the district judge's standing order. Counsel has been told three times to comply with those rules. *See* Docs. 6, 12, 24.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Parties generally cannot begin discovery until after the case-management conference. Fed. R. Civ. P. 26(d). After receiving the parties' case-management report, a district court must enter a scheduling order that limits "the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b)(1), (3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" is hard to define but

"generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests involved. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "To establish good cause [for extending a deadline in a scheduling order], the party seeking the extension must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008).

A district court has "inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal quotation marks and quoted authority omitted). Beyond the rules, a court may modify a scheduling order under its inherent authority. *See Middlebrooks v. Equifax, Inc.*, No. 23-22086, 2024 WL 631000, at *5 (11th Cir. Feb. 15, 2024) ("Good cause or not, modification of the scheduling order was within the district court's inherent authority.").

Allowing amendment is warranted. The action is relatively new, having been filed approximately six months ago. Doc. 1. Discovery does not close until the end of August. Doc. 22 at 1. The plaintiffs did not know the identity of the signer at the outset of the action, Doc. 26 at 4, and diligently conducted discovery to learn that information by propounding interrogatories the day after discovery began, *see* Doc. 20 (explaining the parties met for their case management conference on November 21, 2024); Doc. 26 at 10–25 (the plaintiffs' interrogatories served on November 22, 2024); requesting amended answers to clarify who executed the title transfer documents, Doc. 26 at 38; and following-up on the amended answers twice more, Doc. 26 at 36–37. The defendant served the verified amended answers identifying Ramaghi, Doc. 26 at 53, on the day (a Sunday) before the deadline to amend the pleadings, Doc.

22 at 1. The plaintiffs, complying with Local Rule 3.01(g), attempted to confer with the defendant regarding the amendment but were unsuccessful until two days after the deadline. Doc. 26 at 2–7. That Ramaghi was identified as the defendant's president, a potential witness, and someone who interacted with the plaintiffs when they purchased the vehicle, *see* Doc. 27 at 3, does not mean the plaintiffs had sufficient evidence to name her as a defendant before receiving the discovery identifying her signature on the title transfer documents. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … the claims … and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

The plaintiffs explain that the twenty-three-day delay in moving to amend was "[d]ue to the press of business" and the need to complete research and revise the complaint. Doc. 26 at 3. Whether or not they have exhibited due diligence, leave to amend may be granted under the Court's inherent authority for other reasons, including the circumstances described in the motion. *See Middlebrooks*, 2024 WL 631000, at *5.

The motion to amend, Doc. 25, as amended, Doc. 26, is **granted**. The plaintiffs must file the amended complaint and exhibits, Doc. 26 at 60–106, as a standalone docket entry by **March 27, 2025**. The defendant must serve a response to the amended complaint by **April 10, 2025**.

This order makes no ruling on futility, an issue better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment.

**Ordered** in Jacksonville, Florida, on March 21, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*