**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICTOF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.:** 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

Defendant.
_________________________________/

**VERIFIED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, sues Defendant, NATIONAL AUTOMOTIVE, INC., a Florida Corporation, and alleges:

***Jurisdiction and Venue***

1. This Court has jurisdiction under the Federal Odometer Act, 49 U.S.C. §32710 and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

2. Venue is as National Automotive, Inc. is a legal entity incorporated under the laws of Florida whose principal business location was or is in Duval County, Florida, and as the vehicle sale upon which these claims are based occurred in Duval County, Florida.

**GENERAL ALLEGATIONS**

***SYNOPSIS OF PROCEEDING***

3. The instant action involves claims under the Federal Odometer Act, 49 U.S.C. §32701 ("**Odometer Act**"), which prohibits the disconnection, resetting or alteration of odometers

with the intent to change the number of miles indicated thereon. The law requires that a written disclosure of the mileage registered on the odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership of the vehicle is transferred. If the odometer mileage is incorrect, the law requires a statement to that effect to be furnished on the title to the buyer.

4. Odometer tampering is a significant criminal and consumer fraud issue in the United States. According to the National Highway Traffic Safety Administration ("**NHTSA**"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

5. In Florida, automobile dealerships are routinely rolling back the odometers of vehicles in order to purloin profit. In many instances, dealerships focus on rolling back the odometers of so-called "working people" cars — such as vehicles manufactured by Ford, Chevrolet and GMC.

6. As more particularly described below, the Defendant provided numerous mileage disclosures to the Plaintiffs leading them to believe they were purchasing a used motor vehicle with accurate mileage. Following the consummation of the transaction to purchase the Vehicle, the Defendant altered the disclosures outside of the presence of the Plaintiffs and without their knowledge to conceal the odometer discrepancy.

***ALLEGATIONS AS TO PARTIES***

7. At all times material hereto, Plaintiffs, ISIAH ROBINSON ("**Mr**. **Robinson**") and LISA CLAYTON-ROBINSON ("**Mrs. Robinson**")(together the "**Mr. & Mrs. Robinson**"), is *sui juris* and a resident of Flagler County, Florida.

8. At all times material hereto, Defendant, NATIONAL AUTOMOTIVE, INC. ("**National Automotive**" or "**Dealership**") was a Florida Corporation, doing business at 6600

Blanding Boulevard, Jacksonville, FL 32244.

9. At all times material hereto, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and Florida Statute §320.77(1)(a) and a "transferor" as said term is defined under 49 C.F.R. §590.3.

10. At all times material hereto, the Dealership was in the business of selling and financing used motor vehicles to the public-at-large in Duval County, Florida.

***FACTUAL ALLEGATIONS***

11. On or about September 8th, 2023, Mr. & Mrs. Robinson visited the place of business of the Dealership for the purpose of selecting a used motor vehicle to be used for personal, family and household purposes.

12. After brief negotiations, Mr. & Mrs. Robinson selected a used 2011 Chevrolet Equinox, VIN ending in 4389 ("**Equinox**").

13. At the time Mr. & Mrs. Robinson selected the Equinox, Defendant, both in writing and orally, affirmatively represented that the odometer reading for the Equinox was at or about 118,245 miles ("**Mileage Representation**").

14. As finances were tight, Mr. & Mrs. Robinson decision to purchase the Equinox was made in reliance of the Mileage Representation as they understood used vehicles with lower mileage tend to have less mechanical issue and require less maintenance than vehicles with higher mileage.

15. As part of the transaction to purchase the Equinox, Mr. & Mrs. Robinson executed a document entitled "Retail Installment Sales Contract" ("**RISC**") which was prepared by the Dealership.

16. A true and correct copy of the RISC (with redacted personal information of Mr.

Robinson) is attached hereto and incorporated herein by reference as Exhibit "A".

17. Pursuant to the RISC, Mr. & Mrs. Robinson agreed to pay the sum of Eleven Thousand Three Hundred Twenty-Two and 44/100ths Dollars ($11,322.44), consisting of Ten Thousand Dollars ($10,000.00) as the Equinox's purchase price, a Pre-delivery Service fee of $599.00, and sales tax of $723.44, as and for the purchase price for the Equinox.

18. Following the application of a Two Thousand Dollar ($2,000.00) down payment, the remaining Nine Thousand Three Hundred Twenty-Two and 44/100ths Dollars ($9,322.44) was financed under the RISC.

19. As part of the nefarious scheme to defraud Mr. & Mrs. Robinson, the Dealership had Mr. & Mrs. Robinson execute an "***Odometer Disclosure Statement***" that affirmatively disclosed the Equinox's mileage as "118245."

20. A true and correct copy of the Odometer Disclosure Statement executed at the time of the sale which was retained by Mr. & Mrs. Robinson is attached hereto and incorporated herein by reference as Exhibit "B".

21. In the Odometer Disclosure statement, the Dealership failed to select the checkbox designating the mileage to be inaccurate:

I, NATIONAL AUTOMOTIVE, INC. (transferor's name, print) state that the odometer now reads 118245 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is *NOT* the actual mileage. **WARNING—ODOMETER DISCREPANCY.**

Make CHEVROLET
Model EQUINOX
Body Type LS

Vehicle Identification Number 2GNALBEC1B1284389
Year 2011
Date of Statement 09/08/2023

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
(Printed Name)

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

22. In addition, the Dealership also had Mr. & Mrs. Robinson execute a "***Separate Odometer Disclosure Statement***" wherein the Dealership affirmatively represented that the mileage of 118,245 was the "actual" mileage:

**SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT**

| VEHICLE DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
| 2GNALBEC1B1284389 | 2011 | CHEVROLET | | 4D SUV FWD | |

**ODOMETER DISCLOSURE STATEMENT**

**WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.**

WE STATE THAT THIS ☐ 5 or ☐ 6 DIGIT ODOMETER NOWS READS 118,245 .XX (NO TENTHS) MILES, DATE READ 9 / 8 / 2023, AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

CAUTION: Read carefully before checking a box.

☒ 1. REFLECTS ACTUAL MILEAGE.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☐ 3. IS NOT THE ACTUAL MILEAGE. **WARNING ODOMETER DISCREPANCY**

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.**

23. A true and correct copy of the Separate Odometer Disclosure Statement executed at the time of the sale which was retained by Mr. & Mrs. Robinson is attached hereto and incorporated herein by reference as Exhibit "C".

24. In addition to the Separate Odometer Disclosure Statement and the Odometer Disclosure Statement, the Dealership also had Mr. & Mrs. Robinson execute an unsecure Power of Attorney for a Motor Vehicle appointing an agent or employee of the dealership as attorney in fact to affix their signature upon the title to the Equinox with the express intent to conceal the tampering and to select the designation that the mileage was inaccurate without altering them.

25. A true and correct copy of the Unsecure Power of Attorney is attached hereto and incorporated herein by reference as Exhibit "D".

26. Lastly, the Dealership had Mr. and Mrs. Robinson execute a "**Application for Certificate of Motor Vehicle Title**" wherein the dealership certified that the actual mileage was 118245:

I/we state that this ☐5 or ☐6-digit odometer now reads 118245 (No tenths) xx miles. Date Read: 9/8/2023

I/we hereby certify that to the best of my/our knowledge the odometer reading:
☒ 1. REFLECTS ACTUAL MILEAGE ☐ 2. IS NOT THE ACTUAL MILEAGE ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS

27. A true and correct copy of the Application for Certificate of Motor Vehicle Title retained by Mr. and Mrs. Robinson following the conclusion of the transaction is attached hereto and incorporated herein by reference as Exhibit "E".

***Discovery of Mileage Rollback***

28. Upon conclusion of the transaction to purchase the Equinox, Mr. & Mrs. Robinson left the Dealership in the belief that they acquired reliable transportation.

29. However, they satisfaction was short lived as Mr. & Mrs. Robinson quickly realized that the Equinox did not reflect the mechanical condition of a vehicle with 118,245 miles.

30. Ultimately, Mr. & Mrs. Robinson discovered the nefarious conduct of the Dealership and filed a complaint with the Florida Department of Highway Safety and Motor Vehicles ("**DHSMV**").

31. Throughout the course of the DHSMV investigation, the Dealership manipulated the disclosures originally provided to Mr. & Mrs. Robinson and submitted altered documents to the DHSMV to conceal the fraud.

32. Specifically, Mr. & Mrs. Robinson discerned the Dealership inserted a hand-written "X" into the box demarcating that the mileage was not the actual mileage on the Separate Odometer Disclosure Statement:

NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0610

SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

| VEHICLE DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
| 2GNALBEC1B1284389 | 2011 | CHEVROLET | | 4D SUV FWD | |

ODOMETER DISCLOSURE STATEMENT

WARNING: Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5 or ☐ 6 DIGIT ODOMETER NOWS READS 1 1 8 , 2 4 5 .XX (NO TENTHS) MILES. DATE READ 9 / 8 / 2023 , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

CAUTION: Read carefully before checking a box.

☒ 1. REFLECTS ACTUAL MILEAGE.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☒ 3. IS NOT THE ACTUAL MILEAGE. WARNING ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

33. A true and correct copy of the ***Altered Separate Odometer Disclosure*** Statement provided to the DHSMV during the course of the investigation is attached hereto and incorporated herein by reference as Exhibit "F".

34. In addition, the Dealership likewise inserted a hand-written check mark into the not actual mileage certification on the Odometer Disclosure Statement:

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, NATIONAL AUTOMOTIVE, INC. (transferor's name, print) state that the odometer now reads 118245 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☑ (2) I hereby certify that the odometer reading is *NOT* the actual mileage. **WARNING—ODOMETER DISCREPANCY.**

Make CHEVROLET
Model EQUINOX
Body Type LS

Vehicle Identification Number 2GNALBEC1B1284389
Year 2011
Date of Statement 09/08/2023

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
(Printed Name)

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

35. A true and correct copy of the ***Altered Odometer Disclosure Statement*** provided by the Dealership to the DHSMV during the investigation is attached hereto and incorporated herein by reference as Exhibit "G".

36. Mr. and Mrs. Robinson also learned that the Dealership altered the Application for Certificate of Motor Vehicle Title following their execution of the document by inserting a hand-written "X" into the selection that the mileage was not actual:

I/we state that this ☐5 or ☐6-digit odometer now reads 118245 .xx miles. (No tenths) Date Read: 9/8/2023.
I/we hereby certify that to the best of my/our knowledge the odometer reading:
☒ 1. REFLECTS ACTUAL MILEAGE. ☒ 2. IS NOT THE ACTUAL MILEAGE. ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.

37. A true and correct copy of the ***Altered Application for Certificate of Motor Vehicle Title*** submitted by the Dealership to the DHSMV to transfer the Equinox's title is attached hereto and incorporated herein by reference as Exhibit "H".

38. Ultimately, the DHSMV cited the Dealership for its conduct.

39. A true and correct copy of the citation issued by the DHSMV is attached hereto as

Exhibit "I".

40. As part of their due diligence in the preparation of the instant claim, Mr. Robinson, through counsel, obtained a copy of the title history ("**Title History**") for the Equinox from the DHSMV, including Certificate of Title No. 139878230 with an issue date of February 22, 2023 ("**Transfer Title**").

41. A true and correct copy of the Transfer Title is attached hereto as Exhibit "J".

42. According to the Transfer Title for the Equinox, the Dealership acquired the Equinox on September 01, 2023 from "*MURRAY FORD*."

43. At the time of the acquisition of the Equinox by the Dealership, the face of the transfer title disclosed that the mileage was "not actual":

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 112990 MILES 02/22/2023 NOT ACTUAL | | | 02/22/2023 |

44. As part of the transfer of title from Murray Ford to the Dealership, Murray Ford disclosed the mileage to be "118135" but failed to ever make a selection regarding the veracity of the mileage:

Selling Dealer's License No.: VF1024927 Selling Dealer's Name: MURRAY FORD Tax No.: Tax Collected: RS
Selling Dealer's Address: 13447 US HWY 301 S. STARKE, FL 3209 Date Sold: 9-1-23
Purchaser's Name(s): National Automotive Inc Address: 6600 Blanding Blvd Jax FL 32244
I/WE STATE THAT THIS 5 OR 6 DIGIT ODOMETER NOW READS 118135 (NO TENTHS) MILES, DATE READ 9/1/23, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:
CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX ☐ 1. REFLECTS ACTUAL MILEAGE ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS) ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

45. Despite being on actual notice that the mileage was "NOT ACTUAL" as far back as February 22, 2023, Dealership accepted transfer of the title with an incomplete odometer disclosure from Murray Ford.

46. In order to facilitate and conceal the odometer fraud, Dealership forged the signature of Mr. & Mrs. Robinson on the Transfer Title which plainly disclosed that the mileage

was not actual on its face.

47. By this artifice and scheme, the Dealership attempted to feign compliance with the requirements of the federal and state odometer acts in the event the DHSMV or Mr. & Mrs. Robinson discovered the actual mileage and misconduct of the Dealership at a later time.

48. Upon good information and belief, circumventing title procedures and the sale of vehicles with tampered odometers is a regular business practice of the Dealership.

49. All conditions precedent to instituting this action have occurred or have otherwise been waived.

50. Mr. & Mrs. Robinson have retained the undersigned law firm and have obligated themselves to pay a reasonable fee for its services.

51. All conditions precedent to bringing this action have occurred, have been performed, or have been waived.

**COUNT I**
**ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT**

52. This is an action for violation of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et seq*., and the regulations promulgated thereunder.

53. Mr. & Mrs. Robinson reallege and reaffirm the allegations contained in Paragraphs 1 through 51 above as if set forth herein in full.

54. At all times material hereto, Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2).

55. Pursuant to 49 U.S.C. §32705, a motor vehicle, the ownership of which is transferred, may not be licensed for use in the state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the

transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future transfer, a statement, signed and dated by the transferor under the Odometer Act.

56. Dealership has violated the Act in that Dealership made a false statement to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4 with intent to defraud.

57. Dealership has violated the Act with intent to defraud in that Dealership failed to provide Mr. & Mrs. Robinson with the actual title certificate to transfer title for examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

58. Dealership has violated the Act with intent to defraud in that the Dealership utilized an unsecure power of attorney to sign as both buyer and seller in confirming a federal odometer reading. 49 U.S.C. §32705(2)(A).

59. Dealership has violated the Act with intent to defraud in that the Dealership accepted an incomplete title transfer from Murray Ford. 49 U.S.C. 32705(a)(3).

60. As a direct and proximate result of the above-described actions, Mr. & Mrs. Robinson have been harmed.

61. As a result of the violation of the Odometer Act, Dealership is liable to Mr. & Mrs. Robinson in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

62. Mr. & Mrs. Robinson retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

63. Mr. & Mrs. Robinson reserve the right to amend the complaint upon discovery and subsequent proffer revealing the identity of all individuals who conspired with the Dealership to violate the Odometer Act.

**WHEREFORE, Plaintiffs,** ISIAH ROBINSON and LISA CLAYTON-ROBINSON,

each an individual, demand judgment against Defendant, National Automotive, INC., a Florida Corporation, jointly and severally, for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

**COUNT II**
**ACTION FOR FRAUD**

64. Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 51 above as if set forth hereat in full.

65. As more fully described above, Dealership misrepresented material facts concerning the sale of the Equinox to Mr. & Mrs. Robinson at the time of the sale of the Equinox, to wit: the Mileage Representation.

66. Dealership knew that the representations set forth above were false or made such representations recklessly, and Dealership had no reasonable grounds for believing those representations to be true.

67. Dealership knew that the above representations and omissions concerning the purchase of the Equinox were material and important.

68. Dealership intended to deceive Mr. & Mrs. Robinson, who relied upon the misrepresentations and omission to his detriment.

69. As a direct and proximate result of the misrepresentations and non-disclosures by Dealership, the actual and economic damages of Mr. & Mrs. Robinson include, but is not limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

**WHEREFORE**, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, National Automotive, Inc., a Florida Corporation, jointly and severally, together with interest and costs.

**COUNT III**
**ACTION FOR FRAUDULENT INDUCEMENT**

70. Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 51 above as if set forth hereat in full.

71. As more particularly described above, Dealership induced Mr. & Mrs. Robinson into signing the RISC and consummating the transaction for the sale of the Equinox by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. & Mrs. Robinson rely on them to his detriment.

72. Dealership's misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Mr. & Mrs. Robinson rely on them, or be deceived by them to his detriment.

73. Mr. & Mrs. Robinson justifiably relied upon the misrepresentations to their detriment and further, had Mr. & Mrs. Robinson been advised of the truth, they would not have entered into the RISC.

74. As a result of the fraud and deceit by Dealership, the actual and economic damages of Mr. & Mrs. Robinson include, but are not limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

**WHEREFORE**, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, National Automotive, INC., a Florida Corporation, together with interest and costs.

**COUNT IV**
**ACTION FOR BREACH OF EXPRESS WARRANTY**

75. Mr. & Mrs. Robinson realleges and reaffirms the allegations contained in Paragraph 1 through 51 above as if set forth hereat in full.

76. From the various statements by Dealership, including the Mileage Representation, Dealership made an express warranty pursuant to Section 2-313 of the Uniform Commercial Code ("**UCC**") by both affirmation of fact or promise and by description of goods ("**Express Mileage Warranty**").

77. As evidenced by the title records and other evidence, Dealership has breached the Express Mileage Warranty.

78. As a direct and proximate result of the breach of the Express Mileage Warranty, Mr. & Mrs. Robinson have been damaged. The damages include, but are not necessarily limited to, the diminution in value of the Equinox as a result of it having an inaccurate odometer.

79. Mr. & Mrs. Robinson have performed all conditions precedent to the filing of the instant action.

**WHEREFORE, Plaintiffs,** ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, National Automotive, INC., a Florida Corporation, jointly and severally, together with interest and costs.

**COUNT V**
**ACTION FOR REVOCATION OF ACCEPTANCE**

80. This is a claim for revocation of acceptance pursuant to the Magnusson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

81. Mr. & Mrs. Robinson reaffirm and reallege the allegations contained in Paragraphs 1 through 51 and 75 through 79 above as if set forth hereat in full.

82. Dealership provided an express warranty to Mr. and Mrs. Robinson, to wit: the Express Mileage Warranty.

83. Through the above-described activities, Dealership was in direct privity with Mr.

and Mrs. Robinson.

84. Mr. & Mrs. Robinson accepted the Equinox without discovering the above-described defects because Plaintiff was reasonably induced to accept the Equinox based on Dealership 's misrepresentations and the difficulty of discovering the above facts.

85. Dealership refused and continues to refuse to correct the nonconformities present in the Equinox.

86. The nonconformities substantially impair the value of the Equinox.

87. Mr. and Mrs. Robinson, notified Dealership, verbally and in writing, that they were revoking acceptance.

88. Despite receipt of Mr. & Mrs. Robinsons' notices, Dealership failed to resolve the dispute.

**WHEREFORE**, Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual, demand judgment against Defendant, National Automotive, INC., a Florida Corporation, jointly and severally, for the following:

A. Declaring acceptance has been properly revoked by Mr. & Mrs. Robinson and for damages incurred in revoking acceptance;

B. A refund of the entire purchase amount paid by Mr. & Mrs. Robinson for the subject vehicle;

C. Consequential, incidental and actual damages;

D. Costs, interest and attorneys' fees pursuant to 15 U.S.C. §2310(d)(2); and,

E. Such other relief this Court deems appropriate.

***DEMAND FOR JURY TRIAL***

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON-ROBINSON, each an individual,

pursuant to Rule 38(b), Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues so triable.

***VERIFICATION***

The undersigned, ISIAH ROBINSON and LISA CLAYTON-ROBINSON are the Plaintiffs in the above-captioned action. We have read the Verified Complaint, and all of the facts set forth in the Verified Complaint are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 11, 2024.

Isiah Robinson
ISIAH ROBINSON

September 11, 2024
DATE

Lisa Robinson
LISA CLAYTON-ROBINSON

September 11, 2024
DATE

Respectfully Submitted,

/s/ Joshua Feygin
**Joshua Feygin, Esq.**
FLORIDA BAR NO: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
*Counsel for the Plaintiffs*