UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

       Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation, and ROBIN
RAMAGHI, an individual,

       Defendants/Counter-Plaintiff.
_____

CASE NO. 3:24-cv-00948-WWB-PDB

## DEFENDANT, NATIONAL AUTOMOTIVE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("Defendant"), by and through its undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiffs' Verified Amended Complaint for Damages and Incidental Relief (D.E. 30) as follows:

### *JURISDICTION AND VENUE*

1. Defendant admits that Plaintiffs have attempted to assert claims under the Federal Odometer Act, as well as state claims, but denies that Plaintiffs have stated said claims or are entitled to any relief thereby.  All further allegations of Paragraph 1 are denied.

2. Defendant admits that it is a Florida corporation with its principal place of business in Duval County, Florida, and further admits that the vehicle sale at issue in the Complaint occurred in Duval County, Florida. Otherwise denied.

1

## **GENERAL ALLEGATIONS**

### *SYNOPSIS OF PROCEEDING*

3.      Paragraph 3 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 3 and therefore denies same.

4.      Paragraph 4 contains generalized statements to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 4 and therefore denies same.

5.      Paragraph 5 contains generalized statements to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 5 and therefore denies same.

6.      Denied.

### *ALLEGATIONS AS TO PARTIES*

7.      Without knowledge, and therefore denied.

8.      Admitted.

9.      Admitted.

10.      Denied.

11.      Denied.

12.      Without knowledge, therefore denied.

13.      Denied.

*FACTUAL ALLEGATIONS*

14.     Admitted that, on or about September 8, 2023, Plaintiffs came to Defendant's place of business and purchased a used automobile.  Otherwise without knowledge, and therefore denied.

15.     Admitted that Plaintiffs purchased a used 2011 Chevrolet Equinox, VIN ending in 4389.  Otherwise denied.

16.     Denied.

17.     Without knowledge, therefore denied.

18.     Admitted that Plaintiffs executed a Retail Installment Contract and Security Agreement, portions of which are pre-printed and portions of which were filled in by Defendant.  Otherwise denied.

19.     Admitted that portions of the document attached as Exhibit "A" appear to be redacted.  Otherwise denied.

20.     The Retail Installment Contract and Security Agreement attached as Exhibit "A" speaks for itself.

21.     Admitted that Plaintiffs made a $2,000 cash down payment towards the purchase of the vehicle.  The Retail Installment Contract and Security Agreement attached as Exhibit "A" otherwise speaks for itself.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted that Plaintiffs signed a Power of Attorney for a Motor Vehicle, Mobile Home, Vessel or Vessel with Trailer, which speaks for itself.  Otherwise denied.

28.     Denied.

29.     Admitted that Plaintiffs signed an Application for Certificate of Motor Vehicle Title, which speaks for itself.  Otherwise denied.

30.     Denied.

31.     Denied.

### DISCOVERY OF MILEAGE ROLLBACK

32.     Without knowledge, therefore denied.

33.     Without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     Denied.

36.     Without knowledge, therefore denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Without knowledge, therefore denied.

41.     Denied.

42.     Denied.

43.     Denied.  Exhibit "I" speaks for itself and is not a "citation."

44.     Without knowledge, therefore denied.

45.     Without knowledge, therefore denied.

46.    Admitted that Defendant acquired the vehicle from Murray Ford.    The document that Plaintiffs attached as Exhibit "J" otherwise speaks for itself.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Without knowledge, therefore denied.

55.    Denied.

56.    Denied.

57.    Without knowledge, therefore denied.

58.    Denied.

59.    Duplicative of paragraph 56 above, but denied.

## COUNT I – ACTION FOR VIOLATION OF THE
## FEDERAL ODOMETER ACT

60.    Paragraph 60 does not make an allegation for which a response from Defendant is required. To the extent a response is required, Defendant admits that Plaintiffs are attempting to state a claim but denies that Plaintiffs have done so and/or that Plaintiffs are entitled to any relief.

61.    Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

62.    Paragraph 62 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge as to the allegations of Paragraph 62 and therefore denies same.

63.    Paragraph 63 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge as to the allegations of Paragraph 63 and therefore denies same.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Without knowledge, therefore denied.

71.    Paragraph 71 contains a generalized statement attempting to reserve the right to amend the Complaint that is not subject to admission or denial but rather left to the discretion of the Court upon proper Motion and Defendant's opportunity to be heard. To the extent a response is required, Defendant denies the allegations of Paragraph 71.

72.    Paragraph 72 does not make an allegation for which a response from Defendant is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to amend the complaint.  Any other allegations of Paragraph 72 are likewise denied.

**COUNT II – ACTION FOR FRAUD**

73.     Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

**COUNT III – ACTION FOR FRAUDULENT INDUCEMENT**

79.     Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

**COUNT IV – ACTION FOR BREACH OF EXPRESS WARRANTY**

84.     Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

**COUNT V – ACTION FOR REVOCATION OF ACCEPTANCE**

89.    Paragraph 89 contains a generalized statement that is not subject to admission or denial.   To the extent a response is required, Defendant denies the allegations of Paragraph 89.

90.    Defendant restates and reincorporates its responses to paragraphs 1-59 and 80-84 above as though fully set forth herein.

91.    Denied.

92.    Defendant admits only that Defendant and Plaintiffs were parties to a contract comprised of multiple documents, copies of which are attached to Defendant's Counterclaim.  Otherwise denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

***DEMAND FOR JURY TRIAL***

Defendant denies Plaintiffs' demand for a jury trial.

Defendant further denies any and all allegations of the Amended Complaint not expressly admitted herein; Defendant denies all of Plaintiffs' prayers for relief; and Defendant demands an award of its attorney's fees and costs incurred in having to defend this action.

## **AFFIRMATIVE DEFENSES**

1.      As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on waiver.  Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled.  In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant.  Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

3.       As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on estoppel.  Plaintiffs returned to Defendant's place

of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract. Defendant relied to its detriment on Plaintiffs' representations that they wanted to keep and continuing using the vehicle, and corresponding refusal to accept a return of their down payment, only to have Plaintiffs sue Defendant thereafter.

4.      As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action for fraud upon which relief can be granted. Plaintiffs failed to plead fraud with specificity as required under Florida and/or federal law and the applicable Rules of Civil Procedure.

5.      As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action for fraud in the inducement upon which relief can be granted.  Plaintiffs failed to plead fraud in the inducement and failed to plead the ultimate facts upon which such claim is based with specificity, as required under Florida and/or federal law and the applicable Rules of Civil Procedure.

6.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' material breach of the Parties' agreements.  More specifically, Plaintiffs tampered with, removed and/or disabled the GPS unit attached to the subject vehicle, in violation of the GPS Acknowledgement, thereby causing damages to Defendant.

7.      As a further and alternative defense, Defendant states that, to the extent Plaintiffs are entitled to any damages, which Defendant denies, then Plaintiff's damages must be reduced and/or offset by the damages incurred by Defendant due to Plaintiffs tampering with, removing and/or disabling the GPS unit attached to the subject vehicle, in violation of the GPS Acknowledgement.

8.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on unclean hands.  Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose

to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract. Defendant relied to its detriment on Plaintiffs' misconduct, e.g. their representations that they wanted to keep and continuing using the vehicle, and corresponding refusal to accept a return of their down payment, and Defendant has been damaged as a result.

9.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on laches. Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle

between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled.  In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant.  Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

10.     As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, because they have committed fraud in the filing of the Amended Complaint, which they verified as true and accurate and swore to under penalty of perjury.  Plaintiffs are well aware of the sequence of events related to the purchase of the subject vehicle, their full knowledge that the actual mileage of the vehicle was unknown, their in-person meeting with Defendant's personnel regarding the mileage disclosure within six days of the original purchase, and their opportunity to return the vehicle to Defendant in exchange for the return of their cash down payment and termination of the underlying contract without any further monetary obligation to Defendant, as well as their tearing up of Defendant's check for said $2,000 cash down payment, but have intentionally avoided and completely ignored the true and actual sequence of events for the purposes of attempting to extract exorbitant sums of money from Defendant.

11.     As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on accord and satisfaction.  Plaintiffs returned to

Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled.  In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant.  Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

12.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' execution of an "As Is – Sold Without Warranty" agreement in conjunction with their purchase of the subject vehicle.  In said agreement, a true and correct copy of which is attached as Exhibit "C" to Defendant's Counterclaim, Defendant expressly disclaimed all warranties, either express or implied, including all implied warranties of merchantability or fitness for a particular purpose, and Defendant neither assumed nor authorized any other person to assume for it any liability

in connection with the sale of the vehicle. The "As Is – Sold Without Warranty" agreement also makes clear that the vehicle is sold "AS IS, WHERE IS AND WITHOUT ANY WARRANTY." Moreover, Plaintiffs also signed a Buyers Guide, a true and correct copy of which is attached as Exhibit "G" to Defendant's Counterclaim, which states plainly and clearly that the vehicle is being sold "AS IS – NO DEALER WARRANTY." Plaintiffs wholly disregarded *both* of these agreements in their assertion of claims against Defendant, including but not limited to Count IV and Count V, in an apparent effort to conceal from the Court that they signed these agreements in relation to their purchase of the subject vehicle.

13.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages.

Defendant asserts these affirmative defenses based upon the facts known at this time. As discovery is ongoing, Defendant expressly reserves the right to supplement or amend these affirmative defenses upon the discovery of additional facts and information during the course of this case.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: cgipson@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff,***
***NATIONAL AUTOMOTIVE, INC.***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 10, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney
