**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ISIAH ROBINSON, and LISA CLAYTON ROBINSON, Each an Individual,

      Plaintiffs,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant.
_____

CASE NO. 3:24-cv-00948-WWB-PDB

**DEFENDANT'S UNOPPOSED MOTION TO REINSTATE COUNTERCLAIM OR IN THE ALTERNATIVE FOR LEAVE TO AMEND TO REASSERT COUNTERCLAIM**

      COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC., a Florida corporation ("NAI"), by and though its undersigned counsel, and pursuant to Local Rule 3.01, Rule 60(b)(1) and/or (6), Fed. R. Civ. P., and the Court's inherent authority, respectfully files this unopposed Motion to Reinstate its Counterclaim (D.E. 17), or alternatively pursuant to Rules 15 and 16, Fed. R. Civ. P., to allow NAI to re-file its Answer and Affirmative Defenses to Amended Complaint to include the Counterclaim (the "Motion to Reinstate"). In support thereof, NAI states as follows:

      1.    On or about September 12, 2024, Plaintiffs commenced this action by the filing of their Verified Complaint for Damages and Incidental Relief (the "Complaint").

      2.    NAI was served with the Complaint on or about September 20, 2024.

      3.    On November 8, 2024, NAI filed its Answer and Affirmative Defenses to Verified Complaint for Damages and Incidental Relief and Counterclaim. (D.E. 17).

1

4. On November 20, 2024, Plaintiffs filed their Motion for Judgment on the Pleadings directed to the Counterclaim. (D.E. 19).

5. On December 11, 2024, NAI timely filed its Response in Opposition to Plaintiffs/Counter-Defendants' Motion for Judgment on the Pleadings. (D.E. 21).

6. On February 19, 2025, Plaintiffs filed their Amended Motion for Leave to File an Amended Complaint (D.E. 26), which NAI opposed. (D.E. 27).[1]

7. On March 21, 2025, the Court entered its Order granting Plaintiffs leave to amend, requiring Plaintiffs to file the amended complaint and exhibits as a standalone docket entry by March 27, 2025, and requiring NAI to serve a response to the amended complaint by April 10, 2025. (D.E. 28).

8. On March 27, 2025, Plaintiffs filed an "Amended Complaint" (D.E. 29), but it appears to have been the original Complaint, not the proposed Amended Complaint attached as an exhibit to their Amended Motion for Leave to File an Amended Complaint. (D.E. 26).

9. On March 28, 2025, Plaintiffs filed the Amended Complaint that had previously been attached as an exhibit to their Amended Motion for Leave to File an Amended Complaint. (D.E. 30).

10. On April 10, 2025, NAI timely filed its Answer and Affirmative Defenses to Amended Complaint. (D.E. 32). Believing that the version of the "Amended Complaint" filed by Plaintiffs on March 27th was inadvertent, and ensuring its compliance with the April 10th deadline set by the Court (rather than waste time and fees engaging in motion

---

[1] NAI's Response was subsequently stricken by the Court's Order of March 21, 2025. (D.E. 28).

2

practice about and/or stemming from the March 27th filing), NAI responded to the Amended Complaint at D.E. 30.

11. On April 17, 2025, the Court entered its Order denying Plaintiffs' Motion for Judgment on the Pleadings as moot, because NAI did not include its Counterclaim or reference its previously-filed Counterclaim in its Answer and Affirmative Defenses to Amended Complaint. (D.E. 34).

12. NAI now respectfully files this unopposed Motion to Reinstate its previously-filed Counterclaim (D.E. 17), or alternatively to allow NAI to re-file its Answer and Affirmative Defenses to Amended Complaint that includes the previously-filed Counterclaim[2], within the time frame set by the Court.

13. This Motion to Reinstate is not made for the purposes of delay, has been made with diligence only one day after issuance of the Court's Order, and will not prejudice any party if granted. To the contrary, NAI will be prejudiced in its ability to efficiently and economically prosecute its Counterclaim in conjunction with litigating Plaintiffs' underlying claims, and this will likewise negatively impact judicial economy if NAI has to pursue its Counterclaim through separate litigation despite the Counterclaim being based upon the exact same set of operative facts and circumstances as Plaintiffs' underlying claims, if this Motion to Reinstate is denied. While the matter is currently set for trial, the parties are already engaged in discovery related to the Counterclaim, and NAI is not seeking to modify the Court's Case Management and Scheduling Order in relation to the relief sought herein (except solely as necessary to afford NAI leave to re-file its Counterclaim).

---

[2] Which re-filing would be the same Counterclaim originally filed at D.E. 17.

14. As noted in the Rule 3.01(g) Certification below, the parties agree on the resolution of this Motion to Reinstate, and the relief sought herein is unopposed.

## MEMORANDUM

The Court "possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' (internal cites omitted)…the exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice. (internal cites omitted)." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). Moreover, "…the Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case. (internal cites omitted)." *Id.* at 46. "This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. (internal cites omitted)." *Id.* at 47; *In re LoanCare Data Security Breach Litigation*, Lead Case No. 3:23-cv-1508-MMH-MCR, 2024 WL 2318147, at *1 (M.D. Fla. May 22, 2024); *Davis v. Little Giant Ladder Sys., LLC*, Case No. 2:19-cv-780-SPC-NPM, 2021 WL 12299507, at *1 (M. D. Fla. Nov. 5, 2021)("Within a district court's inherent powers is the power to manage cases and ensure basic fairness. *Id.* [citing *Dietz*]. The express rules and inherent powers combine to task district courts with the duty to balance completeness with efficiency to ensure fairness in every proceeding.").

In this instance, NAI did not intend to abandon its Counterclaim; to the contrary, NAI was following the express instructions of the Court, in its Order of March 21, 2025 (D.E. 28), which ordered it to "serve a response to the amended complaint by April 10,

2025." To the extent NAI failed to also include/restate its Counterclaim and/or failed to make reference to its previously-filed Counterclaim, these omissions were not due to a lack of a desire to pursue its Counterclaim, and NAI sincerely apologizes to the Court for any confusion caused. Because Plaintiffs' Motion for Judgment on the Pleadings as to the Counterclaim was still pending review and decision by the Court at the time NAI filed its Answer and Affirmative Defenses to the Amended Complaint, NAI believed it was deferring to the Court's pending review of that Motion and that reasserting the Counterclaim under those procedural circumstances would create even more confusion and potentially unnecessary additional motion practice.

Under the circumstances, and in the interest of fairness, completeness, the orderly disposition of cases and judicial economy, NAI respectfully requests that the Court exercise its inherent authority and allow it to either reinstate the Counterclaim (D.E. 17) or leave to amend in order to re-file its Answer and Affirmative Defenses to Amended Complaint to include its previously-filed Counterclaim[3], so that all of the issues stemming from the underlying transaction between the parties can be heard and decided on the merits in the same proceeding.

In the alternative analysis under Rules 15 and 16, Fed. R. Civ. P., NAI has not acted with undue delay, in bad faith, with dilatory motive, or with a repeated failure to cure

---

[3] "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P. *See also, Middlebrooks v. Equifax, Inc.*, Case No. 23-cv-22086, 2024 WL 631000, at *5 (11th Cir. Feb. 15, 2024) ("Good cause or not, modification of the scheduling order was within the district court's inherent authority.). Moreover, "[u]nder Rule 15, a litigant should generally be afforded the opportunity to test their claim on the merits as long as the underlying facts and circumstances may properly warrant relief. (internal cites omitted)." *Stone Technology (HK) Co., Ltd. v. GlobalGeeks, Inc.*, Case No. 2020-cv-23251-BLOOM/Louis, 2021 WL 86776, at *6 (S. D. Fla. Jan. 11, 2021).

5

deficiencies through prior amendments. Nor would amendment be prejudicial to Plaintiffs or futile, as the amendment would merely refile the Counterclaim as previously filed, with no impact on the other deadlines set out in the Case Management and Scheduling Order. Thus, to the extent applicable, NAI has demonstrated "good cause" to amend its Answer and Affirmative Defenses to Amended Complaint to re-assert its Counterclaim, and leave to amend should be freely given so that the Counterclaim may be heard and decided on its merits along with Plaintiffs' underlying claims.

**Local Rule 3.01(g) Certification:**  NAI's counsel certifies that she has conferred with Plaintiffs' counsel in a good faith effort to resolve this Motion to Reinstate and is authorized to represent to the Court that the parties agree on the resolution of this Motion to Reinstate and that Plaintiffs' counsel does not oppose the relief sought herein.

WHEREFORE, Defendant, NATIONAL AUTOMOTIVE, INC., a Florida corporation, respectfully requests this Court enter an Order reinstating its Counterclaim or alternatively granting Defendant leave to amend its Answer and Affirmative Defenses to Amended Complaint for the purpose of refiling the Counterclaim within the time set by the Court, and for such further relief as the Court deems just and proper.

Dated this 18th day of April, 2025.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: cgipson@mcglinchey.com

*Counsel for Defendant/Counter-Plaintiff, National Automotive, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2025, a true and correct copy of the foregoing has been served, via CM/ECF, to:

**Joshua Feygin, Esq.**
josh@sueyourdealer.com
*Attorney for Plaintiffs/Counter-Defendants*

/s/ Kimberly Held Israel
Attorney