UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

        Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation, and ROBIN
RAMAGHI, an individual,

        Defendants/Counter-Plaintiff.

CASE NO. 3:24-cv-00948-WWB-PDB

_____

**DEFENDANT, NATIONAL AUTOMOTIVE, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF AND AMENDED COUNTERCLAIM[1]**

COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("Defendant"), by and through its undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiffs' Verified Amended Complaint for Damages and Incidental Relief (D.E. 30) and Amended Counterclaim as follows:

### JURISDICTION AND VENUE

1.      Defendant admits that Plaintiffs have attempted to assert claims under the Federal Odometer Act, as well as state claims, but denies that Plaintiffs have stated said claims or are entitled to any relief thereby.  All further allegations of Paragraph 1 are denied.

---

[1] This Amended Answer, Affirmative Defenses and Amended Counterclaim are filed in compliance with the Court's Endorsed Order dated April 24, 2025 (D.E. 38).

1

2.      Defendant admits that it is a Florida corporation with its principal place of business in Duval County, Florida, and further admits that the vehicle sale at issue in the Complaint occurred in Duval County, Florida. Otherwise denied.

## GENERAL ALLEGATIONS

### SYNOPSIS OF PROCEEDING

3.      Paragraph 3 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 3 and therefore denies same.

4.      Paragraph 4 contains generalized statements to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 4 and therefore denies same.

5.      Paragraph 5 contains generalized statements to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge sufficient as to the allegations of Paragraph 5 and therefore denies same.

6.      Denied.

### ALLEGATIONS AS TO PARTIES

7.      Without knowledge, and therefore denied.

8.      Admitted.

9.      Admitted.

10.     Denied.

11.     Denied.

12.     Without knowledge, therefore denied.

13.     Denied.

2

### FACTUAL ALLEGATIONS

14.    Admitted that, on or about September 8, 2023, Plaintiffs came to Defendant's place of business and purchased a used automobile.  Otherwise without knowledge, and therefore denied.

15.    Admitted that Plaintiffs purchased a used 2011 Chevrolet Equinox, VIN ending in 4389.  Otherwise denied.

16.    Denied.

17.    Without knowledge, therefore denied.

18.    Admitted that Plaintiffs executed a Retail Installment Contract and Security Agreement, portions of which are pre-printed and portions of which were filled in by Defendant.  Otherwise denied.

19.    Admitted that portions of the document attached as Exhibit "A" appear to be redacted.  Otherwise denied.

20.    The Retail Installment Contract and Security Agreement attached as Exhibit "A" speaks for itself.

21.    Admitted that Plaintiffs made a $2,000 cash down payment towards the purchase of the vehicle.  The Retail Installment Contract and Security Agreement attached as Exhibit "A" otherwise speaks for itself.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

3

27.    Admitted that Plaintiffs signed a Power of Attorney for a Motor Vehicle, Mobile Home, Vessel or Vessel with Trailer, which speaks for itself.  Otherwise denied.

28.    Denied.

29.    Admitted that Plaintiffs signed an Application for Certificate of Motor Vehicle Title, which speaks for itself.  Otherwise denied.

30.    Denied.

31.    Denied.

### *DISCOVERY OF MILEAGE ROLLBACK*

32.    Without knowledge, therefore denied.

33.    Without knowledge, therefore denied.

34.    Without knowledge, therefore denied.

35.    Denied.

36.    Without knowledge, therefore denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Without knowledge, therefore denied.

41.    Denied.

42.    Denied.

43.    Denied.  Exhibit "I" speaks for itself and is not a "citation."

44.    Without knowledge, therefore denied.

45.    Without knowledge, therefore denied.

4

46.    Admitted that Defendant acquired the vehicle from Murray Ford.    The document that Plaintiffs attached as Exhibit "J" otherwise speaks for itself.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Without knowledge, therefore denied.

55.    Denied.

56.    Denied.

57.    Without knowledge, therefore denied.

58.    Denied.

59.    Duplicative of paragraph 56 above, but denied.

### COUNT I – ACTION FOR VIOLATION OF THE
### FEDERAL ODOMETER ACT

60.    Paragraph 60 does not make an allegation for which a response from Defendant is required. To the extent a response is required, Defendant admits that Plaintiffs are attempting to state a claim but denies that Plaintiffs have done so and/or that Plaintiffs are entitled to any relief.

61.    Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

62.    Paragraph 62 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge as to the allegations of Paragraph 62 and therefore denies same.

63.    Paragraph 63 is a legal conclusion that is not subject to admission or denial. To the extent a response is required, Defendant is without knowledge as to the allegations of Paragraph 63 and therefore denies same.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Without knowledge, therefore denied.

71.    Paragraph 71 contains a generalized statement attempting to reserve the right to amend the Complaint that is not subject to admission or denial but rather left to the discretion of the Court upon proper Motion and Defendant's opportunity to be heard. To the extent a response is required, Defendant denies the allegations of Paragraph 71.

72.    Paragraph 72 does not make an allegation for which a response from Defendant is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to amend the complaint.  Any other allegations of Paragraph 72 are likewise denied.

## COUNT II – ACTION FOR FRAUD

73.    Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

## COUNT III – ACTION FOR FRAUDULENT INDUCEMENT

79.    Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

## COUNT IV – ACTION FOR BREACH OF EXPRESS WARRANTY

84.    Defendant restates and reincorporates its responses to paragraphs 1-59 above as though fully set forth herein.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## COUNT V – ACTION FOR REVOCATION OF ACCEPTANCE

89.    Paragraph 89 contains a generalized statement that is not subject to admission or denial.  To the extent a response is required, Defendant denies the allegations of Paragraph 89.

90.    Defendant restates and reincorporates its responses to paragraphs 1-59 and 80-84 above as though fully set forth herein.

91.    Denied.

92.    Defendant admits only that Defendant and Plaintiffs were parties to a contract comprised of multiple documents, copies of which are attached to Defendant's Amended Counterclaim.  Otherwise denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

### *DEMAND FOR JURY TRIAL*

Defendant denies Plaintiffs' demand for a jury trial.

Defendant further denies any and all allegations of the Amended Complaint not expressly admitted herein; Defendant denies all of Plaintiffs' prayers for relief; and Defendant demands an award of its attorney's fees and costs incurred in having to defend this action.

## AFFIRMATIVE DEFENSES

1.      As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on waiver. Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

3.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on estoppel. Plaintiffs returned to Defendant's place

of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract. Defendant relied to its detriment on Plaintiffs' representations that they wanted to keep and continue using the vehicle, and corresponding refusal to accept a return of their down payment, only to have Plaintiffs sue Defendant thereafter.

4.    As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action for fraud upon which relief can be granted. Plaintiffs failed to plead fraud with specificity as required under Florida and/or federal law and the applicable Rules of Civil Procedure.

5.    As a further and alternative defense, Defendant states that Plaintiffs have failed to state a cause of action for fraud in the inducement upon which relief can be granted.  Plaintiffs failed to plead fraud in the inducement and failed to plead the ultimate facts upon which such claim is based with specificity, as required under Florida and/or federal law and the applicable Rules of Civil Procedure.

6.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' material breach of the Parties' agreements.  More specifically, Plaintiffs tampered with, removed and/or disabled the GPS unit attached to the subject vehicle, in violation of the GPS Acknowledgement, thereby causing damages to Defendant.

7.    As a further and alternative defense, Defendant states that, to the extent Plaintiffs are entitled to any damages, which Defendant denies, then Plaintiff's damages must be reduced and/or offset by the damages incurred by Defendant due to Plaintiffs tampering with, removing and/or disabling the GPS unit attached to the subject vehicle, in violation of the GPS Acknowledgement.

8.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on unclean hands.  Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose

11

to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled.  In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant.  Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.   Defendant relied to its detriment on Plaintiffs' misconduct, e.g. their representations that they wanted to keep and continue using the vehicle, and corresponding refusal to accept a return of their down payment, and Defendant has been damaged as a result.

9.      As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on laches.  Plaintiffs returned to Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle

between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

10.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, because they have committed fraud in the filing of the Amended Complaint, which they verified as true and accurate and swore to under penalty of perjury. Plaintiffs are well aware of the sequence of events related to the purchase of the subject vehicle, their full knowledge that the actual mileage of the vehicle was unknown, their in-person meeting with Defendant's personnel regarding the mileage disclosure within six days of the original purchase, and their opportunity to return the vehicle to Defendant in exchange for the return of their cash down payment and termination of the underlying contract without any further monetary obligation to Defendant, as well as their tearing up of Defendant's check for said $2,000 cash down payment, but have intentionally avoided and completely ignored the true and actual sequence of events for the purposes of attempting to extract exorbitant sums of money from Defendant.

11.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, based on accord and satisfaction. Plaintiffs returned to

Defendant's place of business a mere six days later, on September 14, 2023, at Defendant's request and/or invitation, during which Plaintiffs were given the opportunity to inspect the original Certificate of Title that was tendered by Murray Ford, and to return the subject vehicle to Defendant and, in exchange, receive the return of their cash down payment without any further monetary or contractual obligation to Defendant. Despite being presented with this opportunity and option by Defendant, Plaintiffs intentionally, freely and voluntarily chose to re-sign all of the paperwork, keep the vehicle and continued to use it (and use it to this day, to Defendant's knowledge), putting approximately 13,800 miles on the vehicle between September 8, 2023 and May 4, 2024, when the GPS unit was tampered with/disabled. In fact, I. Robinson actually tore up the $2,000 check that Defendant issued to Plaintiffs for the return of their cash down payment and left the torn check with Defendant. Plaintiffs' conduct is wholly inconsistent with, and directly contrary to, their claimed assertions that they were defrauded and/or allegedly damaged by their own choice to keep the vehicle and continue using it, rather than to surrender it to Defendant, in exchange for the return of their down payment and termination of the underlying contract.

12.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' execution of an "As Is – Sold Without Warranty" agreement in conjunction with their purchase of the subject vehicle. In said agreement, a true and correct copy of which is attached as Exhibit "C" to Defendant's Amended Counterclaim, Defendant expressly disclaimed all warranties, either express or implied, including all implied warranties of merchantability or fitness for a particular purpose, and Defendant neither assumed nor authorized any other person to assume for

14

it any liability in connection with the sale of the vehicle. The "As Is – Sold Without Warranty" agreement also makes clear that the vehicle is sold "AS IS, WHERE IS AND WITHOUT ANY WARRANTY." Moreover, Plaintiffs also signed a Buyers Guide, a true and correct copy of which is attached as Exhibit "G" to Defendant's Amended Counterclaim, which states plainly and clearly that the vehicle is being sold "AS IS – NO DEALER WARRANTY." Plaintiffs wholly disregarded *both* of these agreements in their assertion of claims against Defendant, including but not limited to Count IV and Count V, in an apparent effort to conceal from the Court that they signed these agreements in relation to their purchase of the subject vehicle.

13.    As a further and alternative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages.

Defendant asserts these affirmative defenses based upon the facts known at this time. As discovery is ongoing, Defendant expressly reserves the right to supplement or amend these affirmative defenses upon the discovery of additional facts and information during the course of this case.

## AMENDED COUNTERCLAIM

Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), sues Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, and alleges:

## GENERAL ALLEGATIONS

1.    The Court has supplemental jurisdiction over this matter pursuant to 28 USC §1367.

15

2.      Counter-Plaintiff, NAI, is a Florida corporation with its principal place of business in Jacksonville, Duval County, Florida.

3.      Counter-Defendant, ISIAH ROBINSON ("I. Robinson"), is an adult resident of Flagler County, Florida.

4.      Counter-Defendant, LISA CLAYTON ROBINSON ("L. Robinson"), is an adult resident of Flagler County, Florida.

5.      All conditions precedent to bringing this action have occurred, performed or waived.

### COUNT I – BREACH OF CONTRACT
**(Against I. Robinson and L. Robinson)**

6.      NAI realleges the allegations in paragraphs 1-5 above as though fully set forth herein.

7.      On or about September 8, 2023, I. Robinson and L. Robinson purchased a used 2011 Chevrolet Equinox, VIN ending in 4389, from NAI.

8.      In conjunction with said purchase, I. Robinson and L. Robinson signed a Retail Installment Contract and Security Agreement with NAI.  A true and correct copy of said Retail Installment Contract and Security Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

9.      In conjunction with said purchase, I. Robinson and L. Robinson also signed a Bill of Sale Buyer's Order (the "Buyer's Order").  A true and correct copy of said Buyer's Order is attached hereto as Exhibit "B" and incorporated herein by reference.

10.      In conjunction with said purchase, I. Robinson and L. Robinson also signed an "As Is – Sold Without Warranty" agreement (the "As Is agreement").  A true and correct

16

copy of said As Is agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

11.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a "Customer Consent to Contact via Telephone and Wireless Devices" agreement (the "Customer Contact agreement").  A true and correct copy of said Customer Contact agreement is attached hereto as Exhibit "D" and incorporated herein by reference.

12.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a "Federal Risk Based Pricing Notice" (the "Credit Report Notice").  A true and correct copy of said Credit Report Notice is attached hereto as Exhibit "E" and incorporated herein by reference.

13.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a "Separate Odometer Disclosure Statement and Acknowledgement" (the "Odometer Disclosure Acknowledgement").  A true and correct copy of said Odometer Disclosure Acknowledgement is attached hereto as Exhibit "F" and incorporated herein by reference.

14.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a Buyers Guide.  A true and correct copy of the Buyers Guide is attached hereto as Exhibit "G" and incorporated herein by reference.

15.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a Power of Attorney for a Motor Vehicle, Mobile Home, Vessel or Vessel with Trailer (the "Power of Attorney").  A true and correct copy of the Power of Attorney is attached hereto as Exhibit "H" and incorporated herein by reference.

16.    In conjunction with said purchase, I. Robinson and L. Robinson also signed an Application for Certificate of Motor Vehicle Title (the "Application for Certificate").  A

true and correct copy of the Application for Certificate is attached hereto as Exhibit "I" and incorporated herein by reference.

17.    In conjunction with said purchase, I. Robinson and L. Robinson also signed an Odometer Disclosure Statement (the "Odometer Disclosure"). A true and correct copy of said Odometer Disclosure is attached hereto as Exhibit "J" and incorporated herein by reference.

18.    In conjunction with said purchase, I. Robinson and L. Robinson also signed an Acknowledgement of Purchase of Vehicle Containing Past Due Starter Interrupt and/or Electronic Tracking (GPS) Device as Condition of Sale (the "GPS Acknowledgement"). A true and correct copy of said GPS Acknowledgement is attached hereto as Exhibit "K" and incorporated herein by reference.

19.    In conjunction with said purchase, I. Robinson and L. Robinson also signed a Repossession Agreement (the "Repo Agreement"). A true and correct copy of said Repo Agreement is attached hereto as Exhibit "L" and incorporated herein by reference.

20.    Notably, the Retail Installment Contract and Security Agreement, Buyer's Order, As Is agreement, Odometer Disclosure Acknowledgement, Power of Attorney, Application for Certificate and Odometer Disclosure all contain the initials "TMU" featured prominently on the face of each document, and in some instances multiple times throughout the document. "TMU" means "True Mileage Unknown." *See* Exhibits A, B, C, F, H, I and J.

21.    The notations of TMU on each of the documents described in Paragraph 20 above were made in the presence of Counter-Defendants and prior to Counter-Defendants' signatures on each of those documents. Counter-Defendants did not

18

express any objections or concerns to the notations of "TMU" being placed on each document before they signed them.

22.    The meaning of the initials "TMU" were explained to Counter-Defendants by NAI prior to Counter-Defendants' signatures on each of the documents described in Paragraph 20 above.

23.    The GPS Acknowledgement states, in pertinent part, that Counter-Defendants:

(a)    understood and agreed that NAI, as the lien holder, may use a GPS unit to locate the subject vehicle;

(b)    agreed not to tamper with the GPS unit installed in the subject vehicle and that it remained the property of NAI;

(c)    agreed that, when the Retail Installment Contract and Security Agreement has been paid in full, they would return to NAI to have the GPS unit removed from the subject vehicle at no cost to them; and

(d)    agreed that they had no right to privacy regarding the use of the GPS unit to track the location of the subject vehicle and that the GPS unit was being used to secure collection of monies owed and, where allowed, to repossess the vehicle. *See* Exhibit "K."

24.    I. Robinson and L. Robinson breached the GPS Acknowledgement by tampering with and/or disabling the GPS unit that was placed on the subject vehicle and which was required to remain intact throughout the duration of their payments to NAI.

25.    Based on NAI's GPS records, I. Robinson and L. Robinson tampered with, permanently disabled and/or removed the GPS unit from the subject vehicle on or about May 4, 2024.

26.     At the time that I. Robinson and L. Robinson tampered with and/or disabled the GPS unit on the vehicle, they had already driven the vehicle approximately 13,800 miles since the purchase of the vehicle in early September 2023.

27.     NAI has been damaged by Counter-Defendants' breaches of the GPS Acknowledgement.

28.     NAI is entitled to an award of damages against I. Robinson and L. Robinson as a result of their ongoing breaches of the GPS Acknowledgement, plus interest from the date of the first breach of the GPS Acknowledgement.

29.     NAI has retained the services of undersigned counsel to represent it in this action.  NAI is entitled to an award of its attorney's fees and costs against I. Robinson and L. Robinson as expressly authorized in the Retail Installment Contract and Security Agreement.  *See* Exhibit "A."

WHEREFORE, Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC., demands the entry of judgment against Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, for the full amount of its damages, including interest, attorney's fees and costs, and for such further relief as the Court deems just and proper.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: cgipson@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff,
NATIONAL AUTOMOTIVE, INC.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney

# Exhibit A

FL-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | | Summary |
|---|---|---|---|
| NATIONAL AUTOMOTIVE, INC.<br>6600 BLANDING BLVD<br>JACKSONVILLE, FL  32244<br>COUNTY: DUVAL<br>PHONE: (904) 778-4168 | ISIAH ROBINSON<br><br>COUNTY: FLAGLER<br>PHONE: | COBUYER<br>LISA CLAYTON-ROBINSON<br><br>COUNTY: FLAGLER<br>PHONE: (  )   - | No.  4762<br>Date  09/08/2023 |

Buyers' Month of Birth: March         CO-BUYER'S MONTH OF BIRTH: JULY

☐ Business, commercial or agricultural purpose Contract.

**Documentary Stamp Tax.** Florida documentary stamp tax required by law in the amount of $ 32.90 _____ has been paid or will be paid directly to the

Florida Department of Revenue. Certificate of Registration No. 26-801631325-7 _____ .

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 28.0000% | $ 4520.08 | $ 9355.34 | $ 13875.42 | $        2000.00<br>$       15875.42 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 78 | $ 177.89 | BI-WEEKLY Beginning 09/22/2023 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you may have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2011 | CHEVROLET | EQUINOX | 4D SUV FWD | 4389 | 118245 |

☐ New<br>☒ Used<br>☐ Demo

Other:

## Description of Trade-In

N/A

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: N/A

N/A _____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of

$ 9355.34 _____ plus finance charges accruing on the unpaid

balance at the rate of _____ 28.0000 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

BUYER'S INITIALS

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016

SIMPLE INTEREST

ASSRMVLFLZFL 10/10/2015

☐ **Loan Processing Fee.** You agree to pay a loan processing fee of

$ N/A _____ that will be ☐ paid in cash.

☐ financed over the term of the Contract.

☒ **Pre-delivery Service Fee.** You agree to pay a pre-delivery service fee of

$ 599.00 _____ that will be ☐ paid in cash.

☒ financed over the term of the Contract. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of

$ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 723.44 ) | $ | 10723.44 |
| b. | Pre-delivery service fee | $ | 599.00 |
| c. | **Cash Price** (a+b) | $ | 11322.44 |
| d. | Trade-in allowance | $ | N/A |
| e. | Less: Amount owing, paid to (includes m): N/A | $ | N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ | N/A |
| g. | Cash payment | $ | 2000.00 |
| h. | Manufacturer's rebate | $ | N/A |
| i. | Deferred down payment | $ | N/A |
| j. | Other down payment (describe) N/A | $ | N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ | 2000.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ | $9,322.44 |
| m. | Financed trade-in balance (see line f) | $ | N/A |
| n. | Paid to public officials, including filing fees | $ | N/A |
| o. | Insurance premiums paid to insurance company(ies) (See Insurance Disclosures section for coverage and benefits types.) | $ | N/A |
| p. | Service Contract, paid to: N/A | $ | N/A |
| q. | To: STATE - TITLE/TAG/REG. | $ | C.O.D. |
| r. | To: STATE - DOC STAMPS | $ | 32.90 |
| s. | To: N/A | $ | N/A |
| t. | To: N/A | $ | N/A |
| u. | To: N/A | $ | N/A |
| v. | To: N/A | $ | N/A |
| w. | To: N/A | $ | N/A |
| x. | To: N/A | $ | N/A |
| y. | To: N/A | $ | N/A |
| z. | To: N/A | $ | N/A |
| aa. | **Total Other Charges/Amts Paid** (m thru z) | $ | 32.90 |
| bb. | Prepaid Finance Charge | $ | N/A |
| cc. | **Amount Financed** (l+aa-bb) | $ | 9355.34 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify) and agree to pay the additional premium. We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single    ☐ Joint    ☒ None

Premium $ N/A _____    Term N/A _____

Insured N/A _____

**Credit Disability**

☐ Single    ☐ Joint    ☒ None

Premium $ N/A _____    Term N/A _____

Insured N/A _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____    DOB _____

By: _____    DOB _____

By: _____    DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 500.00 _____ . If you get insurance from or through us you will pay $ N/A _____ for N/A _____ of coverage.

This premium is calculated as follows:

☐ $ N/A _____ Deductible, Collision Cov.    $ N/A _____

☐ $ N/A _____ Deductible, Comprehensive    $ N/A _____

☐ Fire-Theft and Combined Additional Cov.    $ N/A _____

☐ N/A _____    $ N/A _____

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS CHECKED AND INDICATED.**

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016

SIMPLE INTEREST    BUYER'S INITIALS     BSSIMVLFLZFL 10/10/2016    Page 2 of 5



☐ **Single-Interest Insurance.** You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay

$ N/A _____ for N/A _____

of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit. You authorize us to purchase Single-Interest Insurance.

By: _Isiah Robinson_ _____ 9/8/2023
    ISIAH ROBINSON               Date

By: _____
    LISA CLAYTON-ROBINSON        Date

By: _____
                               Date

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term              N/A _____
Price             $ N/A _____
Coverage       N/A _____

☐ **Gap Waiver or Gap Coverage**
Term              N/A _____
Price             $ N/A _____
Coverage       N/A _____

☐ N/A _____
Term              N/A _____
Price             $ N/A _____
Coverage       N/A _____

By: _Isiah Robinson_ _____ 9/8/2023
    ISIAH ROBINSON               Date

By: _Lisa Clayton-Robinson_ _____
    LISA CLAYTON-ROBINSON        Date

By: _____
                                 Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**Deferment.** We may agree to defer the scheduled due date of all or any part of any installment payment, and we will collect a $15.00 fee for such deferment. You must maintain the insurance on the Property required by this Contract during any deferment period. You may extend any optional insurance you bought with this Contract if the insurance company or your insurance contract allows the extension and if you pay the extension charge. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge that is the greater of 5% of the face amount of the instrument, (including orders of payment, debit card orders, or electronic funds transfers), or: $25.00, if the face value of the instrument does not exceed $50.00; $30.00 if the face value exceeds $50.00 but does not exceed $300.00; $40.00 if the face value exceeds $300.00

**Governing Law and Interpretation.** This Contract is governed by the law of Florida and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

❖   You fail to perform any obligation that you have undertaken in this Contract.

❖   We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015         SIMPLE INTEREST         BUYER'S INITIALS _____     Page 3 of 5
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016

RSSIMVLFLZFL 10/10/2015

If you default, you agree to pay our court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You are not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.

- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____     Date _____
　　Signature of Third Party Owner (NOT the Buyer)

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By:  ISIAH ROBINSON                                   Date

By:  LISA CLAYTON-ROBINSON                           Date

By:                                                   Date

**Notice to Buyer. a.** Do not sign this Contract before you read it or if it contains any blank spaces. **b.** You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer ISIAH ROBINSON AND LISA CLAYTON-ROBINSON

By:  ISIAH ROBINSON                                   Date

By:  LISA CLAYTON-ROBINSON                           Date

By:                                                   Date

Seller NATIONAL AUTOMOTIVE, INC.

By:                                                   Date

**Assignment.** This Contract and Security Agreement is assigned to

_____ ,

the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

Seller

By:                                                   Date

Customized by Wayne Reeves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015                          SIMPLE INTEREST
FLRSMFLZ.PDF (922A/361) VER: DOTNET 2/17/2016

RSSIMVLFLZFL 10/10/2015
BUYER'S INITIALS _____                Page 5 of 5

# Exhibit B

## Bill Of Sale
## Buyer's Order

**Dealer/Seller Name and Address**
NATIONAL AUTOMOTIVE, INC.
6600 BLANDING BLVD
JACKSONVILLE, FL 32244
COUNTY: DUVAL
PHONE: (904) 778-4166
FAX: (904) 778-7195

**Buyer/Co-Buyer Name(s) and Address(es)**

ISIAH ROBINSON

COUNTY: FLAGLER

COBUYER
LISA CLAYTON-ROBINSON

COUNTY: FLAGLER

| | | | |
|---|---|---|---|
| Salesperson CHRIS | Home: N/A | | Home: N/A |
| Date 09/08/2023   Stock No. 284389 | Work: N/A | | Work: N/A |
| App No. N/A   Contract No. 4762 | Cell: | | Cell: |
| | Mo. of birth: March | | Mo. of birth: July |

### Vehicle Information

☐ New   ☒ Used   ☐ Demo   ☐
Year 2011          Lic. No. N/A
Make CHEVROLET    Odometer Reading 118245
Model EQUINOX     Color
Body Style 4D SUV FWD
VIN ___4389
Other

✱ TMU ✱
✱ TMU ✱

### Insurance Information

Buyer has arranged insurance on the motor vehicle.
Insurance Company N/A
Policy No. N/A

### Trade-In Information

**Trade-in 1**
Year N/A               Lic. No. N/A
Make N/A               Odometer Reading N/A
Model N/A              Color N/A
Body Style N/A
VIN N/A
Lienholder Name N/A
Address
N/A
Phone                  Payoff N/A
Payoff good through            N/A
Approved

**Trade-in 2**
Year N/A               Lic. No. N/A
Make N/A               Odometer Reading N/A
Model N/A              Color N/A
Body Style N/A
VIN N/A
Lienholder Name
Address N/A
N/A
Phone                  Payoff N/A
Payoff good through            N/A
Approved

### Itemization of Sale

| | | |
|---|---|---|
| 1. Vehicle Sales Price | $ | 10000.00 |
| 2. Sales Tax | $ | 635.94 |
| 3. County Tax | $ | 87.50 |
| 4. Other Tax (es) | $ | N/A |
| 5. Subtotal (Add lines 1 through 4) | $ | 10723.44 |
| **Title, License, Taxes & Other Fees** | | |
| 6. Predelivery Service Fee* | $ | 599.00 |
| 7. Electronic Transfer Fee* | $ | N/A |
| 8. TITLE FEE | $ | C.O.D. |
| 9. TAG/REG FEE | $ | C.O.D. |
| 10. STATE - DOC STAMPS | $ | 32.90 |
| 11. N/A | $ | N/A |
| 12. N/A | $ | N/A |
| 13. N/A | $ | N/A |
| 14. N/A | $ | N/A |
| 15. Total Other Fees (Add lines 6 through 14) | $ | 631.90 |
| **Additional Products** | | |
| 16. N/A | $ | N/A |
| 17. N/A | $ | N/A |
| 18. N/A | $ | N/A |
| 19. N/A | $ | N/A |
| 20. N/A | $ | N/A |
| 21. N/A | $ | N/A |
| 22. N/A | $ | N/A |
| 23. N/A | $ | N/A |
| 24. Total Products (Add lines 16 through 23) | $ | N/A |
| 25. Cash Sale Price (Add lines 5 + 15 + 24) | $ | 11355.34 |
| 26. Trade-in Allowance | $ | N/A |
| 27. Less Payoff | $ | N/A |
| 28. Net Trade Allowance (Line 26-27) | $ | N/A |
| 29. Cash Down Payment | $ | 2000.00 |
| 30. Deferred Down Payment | $ | N/A |
| 31. Total Down Payment (Line 28 + 29 + 30) | $ | 2000.00 |
| 32. Total Balance Due (Line 25-31) | $ | 9355.34 |

We may retain or receive a portion of any amounts paid to others.

* This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale. These fees are not state or government fees.

Buyers Order-FL Customized by Wayne Reaves Computer Systems, Inc.
©2000 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
FLBUYODR.PDF (9602/398) VER: DOTNET 06/29/2023

BUY-ORDER-FL 10/18/2020
Bankers Systems™
Page 1 of 1

BUYER SIGNATURE _Isiah Robinson_

COBUYER SIGNATURE _Lisa Clayton Rob_

## Additional Terms

**Definitions.** *Contract* refers to this *Buyer's Order*. The pronouns *you* and *your* refer to each Buyer signing this Contract. *Dealer* and the pronouns *we*, *us* and *our* refer to the Dealer/Seller. *Vehicle* means the motor vehicle described in the *Vehicle Information* section. *Trade-in Vehicle(s)* refers to the vehicle(s) described in the *Trade-in Information* section being traded to the Dealer/Seller as part of this transaction. *Manufacturer* refers to the entity that manufactured the Vehicle.

**Agreement to Purchase.** You agree to buy the Vehicle from us for the price stated in this Contract. You agree to sign any documents necessary to complete this transaction. Unless you have canceled this Contract under the condition described in the *Manufacturer* section, if you refuse to take delivery of the Vehicle, we can keep any deposits you have made to us, and you will be liable to us for all of our damages and expenses in connection herewith, including but not limited to reasonable attorneys' fees.

You represent that you are of legal age and have legal capacity to enter into this Contract.

**Manufacturer.** We are not an agent of the Manufacturer. Manufacturer can change the price, design or standard features of the Vehicle at any time without notice. If we cannot obtain the Vehicle from the Manufacturer at the price in effect as of the date of this Contract, or if we cannot obtain the agreed upon product from the Manufacturer, you or we can cancel this Contract.

If you cancel this Contract under the terms of this section, we will refund to you any amounts you have paid to us. If you have delivered a Trade-in Vehicle to us, we will return it to you. If we have already sold the Trade-in Vehicle, we will pay you the trade-in allowance after adjusting for any payoff we made to a lienholder and costs for repair and reconditioning, if any.

**Insurance.** You represent that the insurance information you have given us is accurate.

**Trade-in Vehicle.** You will transfer title to the Trade-in Vehicle to us free of all liens except those noted on this Contract. You give permission to us to contact the lienholder(s) for payoff information. If the payoff information that we obtain from the lienholder(s) differs from the amount disclosed in this Contract, you agree to pay the difference to us if the actual amount of the balance owed is greater than the amount listed in this Contract. If the actual amount of the balance owed is less than the amount listed in this Contract, then we will pay you the difference.

If you do not deliver the Trade-in Vehicle to us at the time of the initial appraisal, we may reappraise the Trade-in Vehicle when it is delivered to us. If the reappraised value is lower than the original appraisal, you can cancel this transaction as long as you have not taken delivery of the Vehicle.

You represent that (a) you are the sole true and lawful owner of the Trade-in Vehicle, (b) the Trade-in Vehicle has never been titled under any state or federal "brand" such as "defective," "rebuilt," "salvage," "flood," etc., (c) the mileage of the Trade-in Vehicle shown in this Contract is the actual mileage of the Trade-in Vehicle, and (d) all emission control equipment is on the Trade-in Vehicle and is in satisfactory working order. If any of these representations are not true, we may elect to cancel the transaction. We may also choose to reappraise the Trade-in Vehicle and adjust the Total Balance Due instead of canceling the transaction. You agree to immediately pay us the difference.

**Retail Installment Contract.** In the event that you and we enter into a retail installment contract for the financing of the purchase of the Vehicle, the terms of the retail installment contract will control any inconsistencies between this Contract and the retail installment contract.

**Vehicle Inspection.** You are purchasing the Vehicle based upon your personal inspection, and are not relying upon any opinion, statement, promise or representation of the salesperson, or any other of our employees that is not contained in the written agreements you are signing today.

**Vehicle Condition.** You understand that the Vehicle may have sustained prior body damage and may have undergone prior mechanical repairs during or after its manufacture, during or after transit to us or while in the possession of prior owners or operators.

Buyer's Order-FL, Customized by Wayne Reaves Computer Systems, Inc.
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

FLBUYODR.PDF (960Z/398) VER: DOTNET 06/29/2023

BUY-ORDER-FL 10/15/2020
Bankers Systems®
Page 2 of 3

BUYER SIGNATURE:

COBUYER SIGNATURE:

## Warranty Information

**Warranty. We make no express or implied warranties. Except as required by law, we make no implied warranty of merchantability and no warranty that the Vehicle is fit for a particular purpose. We sell the Vehicle AS IS - NOT EXPRESSLY WARRANTED OR GUARANTEED, WITH ALL FAULTS.**
**If this is a new Vehicle, the Vehicle is subject to a standard written manufacturer's warranty. This warranty is made by the manufacturer and not by us.**

**Used Car Buyer Notice. If you are buying a used vehicle, the information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

## Notices

☐ You understand that the balance owed on the Trade-in exceeds the Trade-in Allowance and that as a result the Total Balance Due has been increased by this $ _N/A_____ of negative equity.

Section 501.98, Florida Statutes, requires that, at least 30 days before bringing any claim against a motor vehicle dealer for an unfair or deceptive trade practice, a consumer must provide the dealer with a written demand letter stating the name, address, and telephone number of the consumer; the name and address of the dealer; a description of the facts that serve as the basis for the claim; the amount of damages; and copies of any documents in the possession of the consumer which relate to the claim. Such notice must be delivered by the United States Postal Service or by a nationally recognized carrier, return receipt requested, to the address where the subject vehicle was purchased or leased or where the subject transaction occurred, or an address at which the dealer regularly conducts business.

_____    9/8/2023
ISIAH ROBINSON                         Date

_____    _____
LISA CLAYTON-ROBINSON              Date

_____    _____
                                        Date

Check the box below when Fla. Stat. Ann. § 319.001(9) applies:
☐ THIS VEHICLE WAS DELIVERED TO A PREVIOUS PURCHASER.

_____    _____
                                        Date

_____    _____
                                        Date

_____    _____
                                        Date

## Signatures

**This agreement is not binding upon the Dealer/Seller until it is signed by an authorized representative of the Dealer/Seller.**

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it. This is the complete agreement; there are no other written or oral agreements.

☐ A separate Arbitration Agreement is a part of this Contract.

_____    9/8/2023
ISIAH ROBINSON                         Date

_____    _____
LISA CLAYTON-ROBINSON              Date

_____    _____
                                        Date

_____    _____
Dealer/Seller                          Date

TOTAL BALANCE DUE ($9355.34) TO BE FINANCED BY:
NATIONAL AUTOMOTIVE,INC DBA NATIONAL AUTOMOTIVE,INC
6600 BLANDING BLVD

JACKSONVILLE, FL  32244-

BUY-ORDER-FL 10/16/2020
Bankers Systems®
Page 3 of 3

BUYER SIGNATURE: _____

COBUYER SIGNATURE: _____

# Exhibit C

# AS IS - SOLD WITHOUT WARRANTY

**Date:** 09/08/2023

**Acct. No.** 4762

**Seller's Name and Address**
NATIONAL AUTOMOTIVE, INC.
6600 BLANDING BLVD
JACKSONVILLE, FL 32244

**County:** DUVAL

**Purchaser's Name** ISIAH ROBINSON
**Address**
**City** ____ **State** ___ **Zip** ____
**County** FLAGLER
**Res. Phone** N/A
**Bus. Phone** N/A
**Cell Phone**
**Email** N/A

| New / Used | Year | Make | Model |
|---|---|---|---|
| USED | 2011 | CHEVROLET | EQUINOX |
| **Odometer Mileage** | **Body Style** | **Tag No.** | **MVI or Serial No.** |
| 118245 | 4D S | N/A | 4389 |

The vehicle identified above is subject to the terms and conditions of this agreement

SELLER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED INCLUDING ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND SELLER NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THE VEHICLE.

### "NOTICE OF VEHICLE SOLD WITHOUT ANY WARRANTY"

THIS VEHICLE IS SOLD AS IS, WHERE IS AND WITHOUT ANY WARRANTY. THE PURCHASER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST AND/OR MAY OCCUR IN THE VEHICLE UNLESS THE SALESPERSON PROMISES IN WRITING AT THE TIME OF THE SALE TO CORRECT SUCH DEFECTS.

BUYER HEREBY ACKNOWLEDGES HE HAS READ, UNDERSTANDS, AND ACCEPTS THE PROVISIONS OF THIS WARRANTY STATEMENT FOR THE ABOVE IDENTIFIED VEHICLE.

_____
Purchaser Signature

_____
Witness

# WARRANTY DISCLAIMER - SOLD AS IS

© COPYRIGHT 2007 Wayne Reaves Computer Systems, Inc.
WR As Is ver. 1.02 (rev. 1/07)
WRASIS.PDF (11U/11) VER: DOTNET

# Exhibit D

**Customer Consent to Contact via Telephone and Wireless Devices**

DEALER NAME:  NATIONAL AUTOMOTIVE, INC.

FINANCE SOURCE NAME:  NATIONAL AUTOMOTIVE,INC

The words "you", "your" and "yours" mean each customer signing below.  The words "we", "us", "our" and "ours" refers to the dealer and the finance source listed above.

*Consent to Receive Telephone Calls on Cellular Phones and to the Use of Auto-Dialers and Pre-Recorded Messages*

You hereby grant us consent to call you on your cellular/mobile telephone with regard to this Contract. You further agree and consent to us using auto-dialers and pre-recorded messages in connection with any telephone calls we make to you, including, but not limited to, landlines and cellular/mobile telephones. You understand and agree that if we call your cellular/mobile telephone, depending upon the type of plan or program you have with your telecommunication provider, you may incur a cost or charge for such a telephone call. You understand and agree that we may obtain telephone numbers for you (including, but not limited to, landlines cellular/mobile) directly from you or another source.

Name:  ISIAH ROBINSON

Customer Phone Number(s):  N/A

Customer Phone Number(s):  [redacted]        Cell Phone Carrier:  N/A

Customer Phone Number(s):  N/A

Name:  LISA CLAYTON-ROBINSON

Customer Phone Number(s):

Customer Phone Number(s):  [redacted]        Cell Phone Carrier:  N/A

[redacted]   156

*Consent for Mobile Service Commercial Messages (i.e., messages delivered directly to a wireless device)*

You agree that we may send mobile service commercial messages to your wireless device to the extent permitted by law.  You may be charged by your wireless service provider in connection with receipt of these messages.  You may revoke your authorization to receive our mobile service commercial messages at any time.  The email addresses for the wireless device(s) that you are providing consent for are as follows:

Name:  ISIAH ROBINSON

Customer Email Address:  N/A

Customer Email Address:

Name:  LISA CLAYTON-ROBINSON

Customer Email Address:

Customer Email Address:

Customer Name:  ISIAH ROBINSON

Signature: _____        Date:  09/08/2023

Customer Name:  LISA CLAYTON-ROBINSON

Signature: _____        Date:  09/08/2023

DIALER PDF (126U/317) VER: DOT NET 04/02/2018

# Exhibit E

# Federal Risk Based Pricing Notice

## NATIONAL AUTOMOTIVE, INC.
**6600 BLANDING BLVD**
**JACKSONVILLE, FL 32244**
**PH: (904) 778-4168   FAX: (904) 778-7195**

### Your Credit Report[s] and the Price You Pay for Credit

| | |
|---|---|
| **What is a credit report?** | A credit report is a record of your credit history.   It includes information about whether you pay your bills on time and how much you owe to creditors. |
| **How did we use your credit report[s]?** | ☐   We did not use a credit report to determine your credit terms. <br> ☐   We used information from your credit report[s] to set the terms of the credit we are offering you, such as the [Annual Percentage Rate/down payment].The terms offered to you may be less favorable than the terms offered to consumers who have better credit histories. |
| **What if there are mistakes in your credit report[s]?** | You have a right to dispute any inaccurate information in your credit report[s]. If you find mistakes on your credit report[s], contact: <br> ☐ **Equifax**    ☐ **Experian**    ☐ **Trans Union** <br> which [is/are] the [consumer reporting agency/consumer reporting agencies] from which we obtained your credit report[s]. <br> It is a good idea to check your credit report[s] to make sure the information contained is accurate. |
| **How can you obtain a copy of your credit report[s]?** | Under federal law, you have the right to obtain a copy of your credit report[s] without charge for 60 days after you receive this notice. To obtain your free report[s], contact: <br><br> **Equifax:**    Call toll-free:    (800) 685-1111 <br> or Visit:    www.equifax.com/fcra <br><br> **Experian:**    Call toll-free:    (866) 200-6020 <br> or Visit:    www.experian.com/reportaccess <br><br> **Trans Union:**    Call toll-free:    (800) 888-4213 <br> or Visit:    www.transunion.com |
| **How can you get more information about credit reports?** | For more information about credit reports and your rights under federal law, visit the Federal Reserve Board's web site at www.federalreserve.gov , or the Federal Trade Commission's web site at www.ftc.gov. |

## I/WE ACKNOWLEDGE THAT I/WE HAVE RECEIVED A COPY OF THIS NOTICE

ISIAH ROBINSON
Printed Name of Buyer

_____
Signature of Buyer                          Date

LISA CLAYTON-ROBINSON
Printed Name of Co-Buyer

_____
Signature of Co-Buyer                          Date

© COPYRIGHT 2010 Wayne Reaves Computer Systems, Inc.
WR Risk Pr  ver. 1.01 (rev. 12/10) RISKBASEDPRICING.PDF (127U/318) VER: DOTNET. 01/26/2022

# Exhibit F

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway
NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0610

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
|---|---|---|---|---|---|
| ████4389 | 2011 | CHEVROLET | | 4D SUV FWD | |

### ODOMETER DISCLOSURE STATEMENT

**WARNING:** Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5  or  ☐ 6 DIGIT ODOMETER NOWS READS | 1 1 8 | , | 2 4 5 | .XX (NO TENTHS) MILES,

DATE READ __9__ / __8__ / __2023__ , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

**CAUTION:**
Read carefully before checking a box.

☒ 1. REFLECTS ACTUAL MILEAGE.

☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)

☒ 3. IS NOT THE ACTUAL MILEAGE. **WARNING  ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name |
|---|---|
| *[signature]* | NATIONAL AUTOMOTIVE, INC. |

Seller's Street Address
6600 BLANDING BLVD

| City | State | Zip |
|---|---|---|
| JACKSONVILLE | FL | 32244 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| *[signature]* | ISIAH ROBINSON AND LISA CLAYTON-ROBINSON |

Buyer's Street Address

| City | State | Zip |
|---|---|---|
| ████ | █ | █ |

*[Handwritten in left margin: NOT ACTUAL - TMU]*
*[Handwritten in right margin: TMU - TMU - TMU -]*

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3. WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1. WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2. WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3. WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4. WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1. COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER. DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2. IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

**HSMV 82993 (REV. 10/09)**    **www.flhsmv.gov**
82993.PDF [(5U/5) / (6U/6)]

# Exhibit G

# BUYERS GUIDE

▮4389

**IMPORTANT:** Spoken promises are difficult to enforce. Ask the dealer to put all promises in writing. Keep this form.

| Chevrolet | Equinox | 2011 | ▮▮▮▮ 4389 |
|---|---|---|---|
| VEHICLE MAKE | MODEL | YEAR | VEHICLE IDENTIFICATION NUMBER (VIN) |

## WARRANTIES FOR THIS VEHICLE:

☒ # AS IS - NO DEALER WARRANTY

THE DEALER DOES NOT PROVIDE A WARRANTY FOR ANY REPAIRS AFTER SALE.

☐ # DEALER WARRANTY

☐ FULL WARRANTY.

☐ LIMITED WARRANTY. The dealer will pay __0.00__ % of the labor and __0.00__ % of the parts for the covered systems that fail during the warranty period. Ask the dealer for a copy of the warranty, and for any documents that explain warranty coverage, exclusions, and the dealer's repair obligations. *Implied warranties* under your state's laws may give you additional rights.

**SYSTEMS COVERED:**                    **DURATION:**

## NON-DEALER WARRANTIES FOR THIS VEHICLE:

☐ MANUFACTURER'S WARRANTY STILL APPLIES. The manufacturer's original warranty has not expired on some components of the vehicle.

☐ MANUFACTURER'S USED VEHICLE WARRANTY APPLIES.

☐ OTHER USED VEHICLE WARRANTY APPLIES.

Ask the dealer for a copy of the warranty document and an explanation of warranty coverage, exclusions, and repair obligations.

☐ SERVICE CONTRACT. A service contract on this vehicle is available for an extra charge. Ask for details about coverage, deductible, price, and exclusions. If you buy a service contract within 90 days of your purchase of this vehicle, *implied warranties* under your state's laws may give you additional rights.

**ASK THE DEALER IF YOUR MECHANIC CAN INSPECT THE VEHICLE ON OR OFF THE LOT.**

**OBTAIN A VEHICLE HISTORY REPORT AND CHECK FOR OPEN SAFETY RECALLS.** For information on how to obtain a vehicle history report, visit ftc.gov/usedcars. To check for open safety recalls, visit safercar.gov. You will need the vehicle identification number (VIN) shown above to make the best use of the resources on these sites.

**SEE OTHER SIDE** for important additional information, including a list of major defects that may occur in used motor vehicles.

**Si el concesionario gestiona la venta en español, pídale una copia de la Guía del Comprador en español.**

Wolters Kluwer Financial Services - Bankers Systems™ Form BUYERS-GUIDE 12/31/2016
BG_ASIS2PAGE PDF (712/121) VER: DOTNET 2/8/2017

Here is a list of some major defects that may occur in used vehicles.

**Frame & Body**
Frame-cracks, corrective welds, or rusted
    through
Dog tracks-bent or twisted frame
**Engine**
Oil leakage, excluding normal seepage
Cracked block or head
Belts missing or inoperable
Knocks or misses related to camshaft
    lifters and push rods
Abnormal exhaust discharge
**Transmission & Drive Shaft**
Improper fluid level or leakage, excluding
    normal seepage
Cracked or damaged case which is visible
Abnormal noise or vibration caused by faulty
    transmission or drive shaft
Improper shifting or functioning in any gear
Manual clutch slips or chatters
**Differential**
Improper fluid level or leakage, excluding
    normal seepage
Cracked or damaged housing which is
    visible
Abnormal noise or vibration caused by faulty
    differential

**Cooling System**
Leakage including radiator
Improperly functioning water pump
**Electrical System**
Battery leakage
Improperly functioning alternator, generator,
    battery, or starter
**Fuel System**
Visible leakage
**Inoperable Accessories**
Gauges or warning devices
Air conditioner
Heater & Defroster
**Brake System**
Failure warning light broken
Pedal not firm under pressure (DOT spec.)
Not enough pedal reserve (DOT spec.)
Does not stop vehicle in straight line
    (DOT spec.)
Hoses damaged
Drum or rotor too thin (Mfgr. Specs)
Lining or pad thickness less than 1/32 inch
Power unit not operating or leaking
Structural or mechanical parts damaged
**Air Bags**

**Steering System**
Too much free play at steering wheel
    (DOT specs.)
Free play in linkage more than 1/4 inch
Steering gear binds or jams
Front wheels aligned improperly
    (DOT specs.)
Power unit belts cracked or slipping
Power unit fluid level improper
**Suspension System**
Ball joint seals damaged
Structural parts bent or damaged
Stabilizer bar disconnected
Spring broken
Shock absorber mounting loose
Rubber bushings damaged or missing
Radius rod damaged or missing
Shock absorber leaking or functioning
    improperly
**Tires**
Tread depth less than 2/32 inch
Sizes mismatched
Visible damage
**Wheels**
Visible cracks, damage or repairs
Mounting bolts loose or missing
**Exhaust System**
Leakage
Catalytic Converter

DEALER NAME
NATIONAL AUTOMOTIVE, INC.

ADDRESS
6600 BLANDING BLVD, JACKSONVILLE, FL 32244

TELEPHONE                                              EMAIL
(904) 778-4168

FOR COMPLAINTS AFTER SALE, CONTACT:

I hereby acknowledge receipt of the Buyers Guide at the closing of this sale.

_Asiah Robson  Lisa Clark_                09/08/2023
SIGNATURE

**IMPORTANT:** The information on this form is part of any contract to buy this vehicle. Removing this label before consumer purchase (except for purpose of test-driving) violates federal law (16 C.F.R. 455).

Wolters Kluwer Financial Services - Bankers Systems™ Form BUYERS-GUIDE 12/31/2018
BG_ASIS2PAGE.PDF (712/121) VER: DOTNET 2/9/2017

# Exhibit H

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME, VESSEL or VESSEL with TRAILER**

**Please submit this form to your local tax collector office or license plate agent.**
http://www.flhsmv.gov/locations/

As of today, _09/08/2023_____, I/we hereby name and appoint, _NATIONAL AUTOMOTIVE,INC._____,
(Full Legibly Printed Name is Required)
to be my/our lawful attorney-in-fact to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home, vessel, or vessel with a trailer described below, and to print my/our name and sign their name, in my/our behalf. My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we or myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

Please check <u>only one</u> of the following options:

☐ Motor Vehicle    ☐ Mobile Home    ☐ Vessel    ☐ **Vessel with an Untitled Trailer**    ☐ **Vessel with a Titled Trailer**
                                            *(Trailers less than 2,000 pounds)*        *(Trailers 2,000 pounds or more)*

| Year | Make/Manufacturer | Body Type | Title Number | Vehicle Identification Number (VIN)/ Hull Identification Number (HIN) |
|------|-------------------|-----------|--------------|----------------------------------------------------------------------|
| 2011 | CHEVROLET EQUINOX | LS 4D SUV FWD | | ,4389 |
| | | | | |

**NOTICE TO OWNER(S):** Please complete this form in its entirety prior to signing.

**Under penalties of perjury, I/we declare that I/we have read the foregoing document and that the facts stated in it are true.**

| Legibly Printed Name of Owner ("Grantor") ISIAH ROBINSON | Signature of Owner ("Grantor") |
|---|---|
| Driver License, Identification Card or FEID Number of Owner | Date of Birth of Owner, if applicable |

| Owner's Address | City | State | Zip Code |
|---|---|---|---|

| Legibly Printed Name of Co-Owner ("Grantor"), if applicable LISA CLAYTON-ROBINSON | Signature of Co-Owner ("Grantor") |
|---|---|
| Driver License, Identification Card or FEID Number of Co-Owner | Date of Birth of Co-Owner, if applicable |

| Co-Owner's Address | City | State | Zip Code |
|---|---|---|---|

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the buyer only or the seller only. However, this form **cannot** be used to allow an individual or entity (such as a dealership) to sign as both buyer and seller for the purpose of disclosing the odometer reading. This may be accomplished only with the secure power of attorney (HSMV 82995) when:

(a)    the title is physically being held by the lienholder; or
(b)    the title is lost.

A licensed dealer and his/her employees are considered a single entity. The Owner and/or Co-owner must be the same for ALL vehicles, mobile homes, vessels, or vessels with a trailer listed above.

HSMV 82053 (Rev. 06/16/22) Customized by Wayne Reaves Computer Systems, Inc. 82053.PDF [(8U/8); (18Z/9); (73U/190)] VER: DOTNET 06/21/2022

# Exhibit I



FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE**
**Please submit this form to your local tax collector office or license plate agency.**
https://www.flhsmv.gov/locations/
Note: All fields are required unless stated or not applicable.

Application Type: ☐ Original ☐ Transfer    Request to print Certificate of Title: ☐ No ☐ Yes: In office ☐ Yes: Mailed
Off-Highway Vehicle Type: ☐ All-Terrain Vehicle (ATV) ☐ Recreational Off-Highway Vehicle (ROV) ☐ Off-Highway Motorcycle (OHM)

### Section 1: OWNER/APPLICANT INFORMATION

| Customer Number | Fleet Number | Unit Number | Owner's County of Residence |
|---|---|---|---|
| 4762 | | 284389 | FLAGLER |

**Owner Details:** Are you a Florida Resident? ☒ YES ☐ NO | Are you a US Citizen? ☐ YES ☐ NO | Are you deaf or hard of hearing? (Voluntary) ☐ YES ☐ NO

When joint ownership, please indicate if "or" or "and" is to be shown on title when issued.
☐ OR ☒ AND *(If neither box is checked, the title will be issued with "and.")*
Select, if applicable: ☐Life Estate/Remainder Person ☐Tenancy by the Entirety ☐With Rights of Survivorship

| Owner's Name as it Appears on Driver License *(First, Full Middle/Maiden, & Last Name)* | Owner's Phone Number *(Voluntary)* | Owner's Email *(Voluntary)* | Sex | Date of Birth |
|---|---|---|---|---|
| ISIAH ROBINSON | | | | |

| FL DL/ID or FEID/Suffix Number | Owner's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Owner's Residential Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Mail To Customer Name *(If different from above owner)* | Mail To's Phone Number *(Voluntary)* | Mail To's Email *(Voluntary)* | Sex | Date of Birth |
|---|---|---|---|---|
| | | | | |

| FL DL/ID or FEID/Suffix Number | Mail To's Address *(If different from above mailing address)* | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

**Co-Owner Details:** Are you a Florida Resident? ☐ YES ☐ NO | Are you a US Citizen? ☐ YES ☐ NO | Are you deaf or hard of hearing? (Voluntary) ☐ YES ☐ NO

| ☒ Co-Owner or ☐ Lessee's Name as it Appears on Driver License *(First, Full Middle/Maiden, & Last Name)* | Co-Owner's Phone Number *(Voluntary)* | Co-Owner's Email *(Voluntary)* | Sex | Date of Birth |
|---|---|---|---|---|
| LISA CLAYTON-ROBINSON | | | | |

| FL DL/ID or FEID/Suffix Number | Co-Owner's/Lessee's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | N/A |

| Co-Owner's/Lessee's Residential Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

### Section 2: MOTOR VEHICLE DESCRIPTION

| Vehicle Identification Number (VIN) | Florida Title Number | License Plate Number | Previous State of Issue |
|---|---|---|---|
| .4389 | | | |

| Make/Manufacturer | Model | Year | Body | Color | Weight | GVW | BHP/CC |
|---|---|---|---|---|---|---|---|
| CHEVROLET | EQUINOX | 2011 | 4D S | | | 4960 | |

Van Use *(If applicable)* ☐ Passenger ☐ Other
Fuel Type ☐ Natural Gas (Liquid) ☐ Natural Gas (Compressed) ☐ Hybrid (Gas/Electric) ☐ Hybrid (Diesel/Electric) ☐ Electric

### Section 3: BRANDS, USAGE AND TYPE *(Check applicable types)*

☐Assembled from Parts ☐Autonomous ☐Bonded Title ☐Custom ☐Electric ☐Flood ☐Glider Kit ☐ILEV ☐Kit Car
☐Long Term Lease ☐Manuf. Buy Back ☐Police Veh. ☐Private Use ☐Rebuilt ☐Replica ☐Short Term Lease ☐Street Rod ☐Taxicab

### Section 4: LIENHOLDER INFORMATION *(If applicable)*

ELT Customer ☐ YES ☒ NO | ☐ FEID/Suffix # ☐ DMV Account # ☐ DL/ID #, Sex and DOB  36-4766251 | Lienholder's Phone Number *(Voluntary)* | Lienholder's Email *(Voluntary)* N/A

| Date of Lien | Lienholder's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| 9/8/2023 | | | | |

Lienholder's Name *(If box is not checked, title will be mailed to the first lienholder.)*
NATIONAL AUTOMOTIVE,INC DBA NATIONAL AUTOMOTIVE,INC
☐ Check this box if you, lienholder representative, authorize the Department to send the motor vehicle title to the owner and sign here:

### Section 5: TRANSFER TYPE *(If applicable)*

If ownership has transferred, how and when was the motor vehicle acquired? ☐ Inheritance
☒ Sale (Price: $_____) ☐ Gift ☐ Repossession ☐ Court Order ☐ Other (Specify):_____
Date Acquired: 9 / 8 / 2023

### Section 6: ODOMETER DECLARATION

**WARNING:** Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/we state that this ☐5 or ☐6-digit odometer now reads **118245** .xx miles.  *(No tenths)*    Date Read: 9/8/2023

I/we hereby certify that to the best of my/our knowledge the odometer reading:
☒ 1. REFLECTS ACTUAL MILEAGE. ☐ 2. IS NOT THE ACTUAL MILEAGE. ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.



FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE**

**Section 7: DEALER SALES TAX REPORT AND MOTOR VEHICLE TRADE IN INFORMATION** *(if applicable)*

| Florida Sales Tax Registration Number | Dealer License Number | Date of Sale | Amount of Tax | Dealer/Agent Signature |
|---|---|---|---|---|
| 26-8016313205-7 | VI-1065376-2 | 09/08/2023 | 723.44 | |

| Year of Trade In | Make of Trade In | Title Number of Trade In *(if known)* | Vehicle Identification Number (VIN) of Trade In |
|---|---|---|---|
| | | | |

**Section 8: MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION**

This section requires a physical inspection and a verification of the vehicle identification number (VIN) (or the motor number for motor vehicles manufactured prior to 1955) of the motor vehicle described on this form by a licensed Florida dealer, Florida notary public, law enforcement officer, or authorized FLHSMV, tax collector (TC) or license plate agency (LPA) employee. **Complete this section on all used motor vehicles, including trailer (with abbreviation of "TL" and a weight of 2,000lbs or more), not currently titled in Florida.**

I, the undersigned, certify that I have physically inspected the above-described vehicle:

| Vehicle Identification Number (VIN) | Name Certifying Inspector | Certifying Inspector Signature | Date |
|---|---|---|---|
| | | | |

Select which option best represents the certifying inspector:

☐ Law Enforcement    Agency Name: _____    Badge Number: _____
☐ Florida Dealer    Dealer Name: _____    Dealer Number: _____
☐ FLHSMV    Office Name: _____    User ID/Badge: _____
☐ Tax Collector or    Agency Name: _____    County/Agency: _____
   License Plate Agency

☐ Florida Notary Public *(Stamp or Seal)*

Signature: _____

**Section 9: SALES TAX EXEMPTION CERTIFICATION** *(if applicable)*

The purchase of a recreational vehicle to be offered for rent as living accommodations does not qualify for exemption. I certify the motor vehicle described has been purchased and is exempt from the sales tax imposed by Chapter 212, Florida Statutes, by:

☐ Purchaser *(state agencies, counties, etc.)* holds valid exemption certificate    ☐ Vehicle will be used exclusively for rental.

Consumer's Certificate of Exemption Number: _____    Sales Tax Registration Number: _____

I hereby certify that ownership of the motor vehicle described on this application, is not subject to Florida Sales and Use Tax for the following reason:

☐ Inheritance    ☐ Gift    ☐ Divorce Decree    ☐ Transfer between a married couple    ☐ Other: _____

☐ Even trade or trade down
*(State the facts of the even trade or trade down and the transferor information, including the transferor's name and address.)*

**Section 10: REPOSSESSION DECLARATION**

☐ I certify that this motor vehicle was repossessed upon default in the terms of the lien instrument and is now in my possession.

**Section 11: NON-USE AND OTHER CERTIFICATIONS**

If checked, the following certifications are made by the applicant:

☐ I certify that the certificate of title is lost or destroyed.
☐ The vehicle identified will not be operated on the streets and highways of this state until properly registered.
☐ Other: *(explain)* _____

**Section 12: APPLICATION ATTESTMENT AND SIGNATURES**

I/We physically inspected the VIN. (More than one form HSMV 82040 may be used for additional signatures.)
Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

| Full Name of Applicant, Owner | Signature of Applicant, Owner | Date |
|---|---|---|
| ISIAH ROBINSON | *Isiah Robinson* | |

| Full Name of Applicant, Co-Owner | Signature of Applicant, Co-Owner | Date |
|---|---|---|
| LISA CLAYTON-ROBINSON | *Lisa Clayton Daum* | 9/8/2023 |

**Section 13: RELEASE OF SPOUSE OR HEIRS INTEREST** *(if applicable)*

The undersigned person(s) state(s) that _____ died on _____.
*(Name of deceased)*                                                        *(Date)*

☐ Testate (with a will)    ☐ Intestate (without a will) and left the surviving heir(s) named below.
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.
(More than one form HSMV 82040 may be used for additional signatures.)

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
| | | |

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
| | | |

That at the time of death the decedent was owner of the motor vehicle described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle to:

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
| | | |

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
| | | |

# Exhibit J

TMU

# ODOMETER
## DISCLOSURE STATEMENT

TMU

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, NATIONAL AUTOMOTIVE, INC. _____ (transferor's name, print) state that the odometer now reads  118245
(no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☑ (2) I hereby certify that the odometer reading is *NOT* the actual mileage.    **WARNING—ODOMETER DISCREPANCY.**

| | | |
|---|---|---|
| Make | CHEVROLET | Vehicle Identification Number ████4389 |
| Model | EQUINOX | Year 2011 |
| Body Type | LS | Date of Statement 09/08/2023 |

(Transferor's Signature)
CHRISTOPHER CALDWELL
NATIONAL AUTOMOTIVE, INC.
(Printed Name)

(Transferee's Signature)
ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

**TRANSFEROR'S NAME AND ADDRESS**

NATIONAL AUTOMOTIVE, INC.
(Printed Name)

6600 BLANDING BLVD
(Street or Address)

JACKSONVILLE, FL 32244
(City)          (State)          (Zip)

**TRANSFEREE'S NAME AND ADDRESS**

ISIAH ROBINSON AND LISA CLAYTON-ROBINSON
(Printed Name)

████████
(Street or Address)

(City)          (State)          (Zip)

Customized by Wayne Reaves Computer Systems, Inc. XODS.PDF [(152U/384) SOLD; (153Z/396) TRADE
Odometer Disclosure Statement

ODS 4/24/2007

Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

# Exhibit K

# Acknowledgement of Purchase of Vehicle Containing Past Due Starter Interrupt and/or Electronic Tracking (GPS) Device as Condition of Sale

Sale/Lease Date: 09/08/2023        Account Number: 4762        Vehicle Stock Number: 4389

## Buyer(s) Information

ISIAH ROBINSON

COUNTY FLAGLER
LISA CLAYTON-ROBINSON

## Seller/Creditor Information

NATIONAL AUTOMOTIVE, INC.
6600 BLANDING BLVD,
JACKSONVILLE, FL 32244

## Device Disclosure

The Vehicle being purchased is equipped with a
☐ Payment Guarantee Device - For Starter Interrupt.
☐ GPS Device **AND** Payment Guarantee Device.
☐ GPS Device Only.
as a Condition of Sale.

## Vehicle Information

Year: 2011
Make: CHEVROLET
Model: EQUINOX
VIN: 4389

"I/We" or "me/us" refer to the Buyer and Co-Buyer (if any) listed above.

_Initials of Buyer(s)_ — I/We understand and agree that the Lien Holder or Holder of the Motor Vehicle Retail Installment Contract (if assigned), may use the GPS Unit to locate the Vehicle. The Starter Interrupt Device may prevent the Vehicle from starting, subject to any Rights I may have to Cure a Default.

_Initials of Buyer(s)_ — I/We agree not to tamper with the Device and that it remains the Property of the Lien Holder or Holder of the Motor Vehicle Retail Installment Contract (if assigned).

_Initials of Buyer(s)_ — When the Motor Vehicle Retail Installment Contract has been paid in full, I/We agree to return to the Seller/Creditor for removal of the Device from the Vehicle at no cost to me/us.

_Initials of Buyer(s)_ — I/We agree that I/we have no right(s) to privacy regarding the use of the GPS device to track the location of the Vehicle, but in the event that a court, arbitrator, dispute resolution organization or state or federal authority should determine that such a right exists, I/we hereby waive such right to the fullest extent possible. I/We understand the GPS unit is being used to secure collection of monies I hereby acknowledge I/we owe and, where allowed, to repossess the Vehicle as allowed.

Buyer: _Isiah Robinson_
By: ISIAH ROBINSON

Witness: _____
By:

Co-Buyer: _Lisa Clayton Robinson_
By: LISA CLAYTON-ROBINSON

Co-Signer: _____
By:

Customized by Wayne Reaves Computer Systems, Inc.
GPS_STARTER.PDF (150Z/355) VER: DOT NET 8/1/2017

# Exhibit L

## REPOSSESSION AGREEMENT

### SELLER'S NAME AND ADDRESS

NATIONAL AUTOMOTIVE, INC.
6600 BLANDING BLVD
JACKSONVILLE, FL 32244

### PURCHASER'S NAME AND ADDRESS

ISIAH ROBINSON

COBUYER
LISA  CLAYTON-ROBINSON

09/08/2023
**Date**



| VEHICLE INFORMATION | | |
|---|---|---|
| 2011 | CHEVROLET | EQUINOX |
| **Year** | **Make** | **Model** |

4389
**VIN**

I hereby agree that in the event that I fail to make any payment or any part of any payment due under my retail installment contract, regarding the vehicle mentioned above (the "Vehicle"), you are authorized by me and have the right to take back the Vehicle, under the retail installment contract and the law, without the necessity of a court order or any judicial process. I further agree that if it becomes necessary for you to take the Vehicle, you are permitted to do so at any time of the day or night. You may enter and remove the Vehicle from my property or any other property where the Vehicle may be located, provided that you do so without disturbing the peace.

I also give you permission to use any reasonable means to open and gain entry into the Vehicle without causing any undo damage in the process of taking it back.

I understand that should it become necessary for you to take back the Vehicle, and then I later redeem it by making full payment to you, this payment will include any of your costs for taking back the Vehicle.

I agree that I will not keep any personal property of great value in the Vehicle during the term of this retail installment contract. However, in the event I do, I assume any and all responsibility for any personal property left in the Vehicle by me or any other persons, should that property be lost or missing for any reason after it has been taken back by you and stored in a reasonably safe place.

I understand that you may not be required to give me any notice before you take back the Vehicle. My failure to make any payment on time according to the terms of my retail installment contract, may trigger your right to take back the Vehicle.

I understand that I have the right to have this Repossession Agreement examined by my attorney if I desire.

_____
**SELLER'S SIGNATURE**

_____
**WITNESS**

_____
**PURCHASER'S SIGNATURE**

_____
**CO-PURCHASER'S SIGNATURE**

© COPYRIGHT 2007 Wayne Reaves Computer Systems, Inc.
WR Repo Agr ver. 1.03 (rev. 05/07)
HC/4820-2603-4177

REPO_AGR.PDF (12T/38) VER: DOTNET