UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ISIAH ROBINSON, and, LISA CLAYTON ROBINSON, Each an Individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL AUTOMOTIVE, INC., a Florida corporation, and ROBIN RAMAGHI, an individual,<br><br>    Defendants. | Case No. 3:24-cv-00948 |

## DEFENDANT ROBIN RAMAGHI'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR ATTORNEY'S FEES AND COSTS

COMES NOW Defendant, ROBIN RAMAGHI ("RAMAGHI"), by and through her undersigned counsel, and files this Motion to Dismiss Plaintiffs' Verified Amended Complaint for Damages and Incidental Relief (the "Amended Complaint"), and demands an award of her attorney's fees and costs incurred in having to defend this action, and in support hereof states:

### I.   BACKGROUND FACTS

1. On or around September 8, 2023, Plaintiffs purchased a used 2011 Chevrolet Equinox, VIN ending in 4389 (the "Vehicle") from Defendant, National Automotive, Inc. ("NAI"). RAMAGHI was not present at the time of the sale, and she was not a participant in executing the various documents on behalf of NAI.

2. At the time of the sale to Plaintiffs, NAI had not yet received the Vehicle's Certificate of Title from Murray Ford and was dependent on the estimated mileage provided by Murray Ford at the time of its preceding sale of the Vehicle to NAI. *See* NAI's

Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (D.E. 27), at Comp. Exh. "A", pp. 22-23, at ¶ 7.

3. Upon receiving the Vehicle's Certificate of Title from Murray Ford, however, NAI discovered that the mileage for the Vehicle was listed as 112,990 and designated as "not actual." *See* NAI's Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (D.E. 27), at Comp. Exh. "A", pp. 21, 23, at ¶¶ 5 and 8.

4. One NAI received the Vehicle's Certificate of Title from Murray Ford, NAI promptly contacted Plaintiffs, and on September 14, 2023, Plaintiffs returned to NAI to discuss the mileage on the Vehicle. NAI gave Plaintiffs the opportunity to inspect the original Certificate of Title, return the Vehicle, and receive the return of their down payment without any further obligation to NAI. However, Plaintiffs voluntarily chose to keep the Vehicle and sign new paperwork with "TMU" (True Mileage Unknown) clearly marked on the paperwork in multiple places. *See* NAI's Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (D.E. 27), at Comp. Exh. "A", pp. 21, 23, at ¶¶ 5 and 8.

5. Plaintiffs filed their Amended Complaint (D.E. 30) on March 28, 2025, in which they allege a single count against RAMAGHI – Count I - which is an attempted claim for alleged violation of the Federal Odometer Act.

6. The Amended Complaint contains the following limited allegations directed to and/or against RAMAGHI:

(a) RAMAGHI was involved in the misrepresentations and alterations of the alleged odometer tampering and/or ratified said acts performed by National Automotive, Inc. ("NAI"). *See* the Amended Complaint at ¶¶ 6, 55.

(b) RAMAGHI exercised complete control over NAI, to the extent she is alleged to be "the alter ego and mere instrumentality" of NAI. *See* the Amended Complaint at ¶ 10.

(c) RAMAGHI completed the mileage disclosures and executed the Transfer of Title. *See* the Amended Complaint at ¶¶ 52, 53.

(d) RAMAGHI violated 49 U.S.C. § 32703(4) of the Federal Odometer Act by allegedly conspiring with NAI with the intent to defraud. *See* the Amended Complaint at ¶ 68.

II. **STANDARD OF REVIEW**

"[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." *See* Wright & Miller, Federal Practice & Procedure § 1356 (2004). In reviewing and deciding a motion to dismiss pursuant to Rule 12(b)(6), generally "'[a] court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F. 3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County,* 999 F. 2d 1508, 1510 (11th Cir. 1993)). "[W]here [a] plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then [a] [c]ourt may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla.,* 116 F. 3d 1364, 1369 (11th Cir. 1997) (citation omitted).

In considering such pleadings and exhibits, the court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the plaintiff. *Brooks,* 116 F. 3d at 1369; *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir. 2003). However,

"'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertions'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Tepper-Barak v. JM Auto, Inc.,* Case No. 16-CV-61876, 2016 WL 6082358, at *1, *2 (S.D. Fla. Oct. 18, 2016) ("conclusory allegations…are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.,* 550 U.S. at 570). The pleading requirements announced in Rule 8 "demand[] more than [an] unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### III. ARGUMENT

    A.    <u>Plaintiffs have failed to state a cause of action against RAMAGHI under the Federal Odometer Act.</u>

The Federal Odometer Act (the "Act") provides:

A person may not –

(1) advertise for sale, sell, use, install or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;

(2) disconnect, reset, alter, or have disconnected, reset or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

(3) with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

(4) conspire to violate this section or section 32704 or 32705 of this title.

49 U.S.C.A. § 32703. Consumers are permitted to pursue a private cause of action under the Act "to recover money damages from those that violate its provisions with the intent

to defraud." *Tepper-Barak,* 2016 WL 6082358, at *1; 49 U.S.C. §32710(a); *Lherisson v. Whittington,* Case No. 1:23-cv-22462-KMM, 2024 WL 4349766, at *2 (S.D. Fla. Feb. 28, 2024).[1]

But, "[i]n this Circuit, to survive a motion to dismiss, a complaint **must** allege 'all of the **necessary elements** required for a private cause of action pursuant to this statute: (1) that the defendant violated the Act or its regulations, (2) with intent to defraud.'" *Tepper-Barak,* 2016 WL 6082358, at *2 (emphasis in original)(citing *Owens v. Samkle Automotive Inc.,* 425 F. 3d 1318, 1321 (11th Cir. 2005)). "The sole requirement under the Federal Odometer Act is a 'disclosure of the cumulative mileage registered on the odometer' or a 'disclosure that the actual mileage is unknown.'" *Bertolotti v. A&L Int'l Motor Corp.,* Case No. 16-22185-CIV, 2016 WL 6804624, at *2 (S.D. Fla. Nov. 17, 2016); 49 U.S.C. §32705(a). Here, Plaintiffs allege that RAMAGHI violated the Act by: (1) completing the mileage disclosures on the "Transfer Title" (as defined by Plaintiffs) and executing the document; and (2) conspiring with NAI to violate the Act. *See* the Amended Complaint at ¶¶ 52, 68.

Plaintiffs' bare allegations are insufficient to state a cause of action under the Act. In *Bertolotti,* the plaintiff alleged that the defendants violated the Act by: "(1) advertising the vehicle for sale with a rolled back odometer without providing the Car Fax report to show that the odometer was inconsistent due to the condition of the vehicle as a 'salvage' or 'rebuilt' title; and (2) engaging in a conspiracy to violate the Federal Odometer Act." *Id.* The court held these were "bare allegations" that were insufficient to state a cause of

---

[1] Separate and apart from the other arguments raised herein, to the extent Plaintiffs demanded relief in the Amended Complaint beyond that which the statute expressly allows, those prayers for relief should be dismissed.

action under the Act, and in turn, warranted dismissal. *Id. See also, Lherisson,* 2024 WL 4349766, at *3 (in which the Court analyzed the plaintiff's allegations against an individual defendant for alleged violations of the Act and concluded that the plaintiff's claim against the individual must be dismissed for failing to state a claim). In this instance, Plaintiffs' bare allegations fare no better. Plaintiffs' identical allegation that RAMAGHI "conspired with NAI" to violate the Act should likewise be deemed insufficient to state a cause of action under the Act. *See* the Amended Complaint at ¶ 68.

Other than that bare allegation, Plaintiffs merely allege that RAMAGHI completed and executed the Transfer Title – conduct which, standing alone, is insufficient to establish a violation of the Act. *See Bertolotti,* 2016 WL 6804624 at *3 (noting that the plaintiff did not specifically allege that the defendants intentionally concealed the vehicle's current mileage at the time of the sale when discussing plaintiff's failure to state a cause of action under the Act).

Plaintiffs' failure to plead these critical facts is likely because Plaintiffs' counsel has long since been in possession of documents produced by non-party, Murray Ford Mercury Inc. ("Murray Ford"), which were received in response to a non-party subpoena issued and served by Plaintiffs' counsel and thereafter shared with defense counsel, that *directly negate* any wrongdoing by RAMAGHI. A few of the documents produced by Murray Ford are attached hereto as Composite Exhibit "A," which demonstrate that, even before NAI purchased the vehicle from Murray Ford, the mileage was disclosed to be 118,134 by its prior titled owners, Travis and Samantha Ward.[2] It was not until *after* receipt of the actual

---

[2] The Court is well within its rights to review and consider these documents, along with the others attached hereto and/or referred to herein, in ruling on RAMAGHI's Motion. "In considering a motion to dismiss, 'the court may consider a document attached to a motion

Certificate of Title from Murray Ford that NAI (and, by extension, RAMAGHI) had any indication and/or any notice that the mileage was not actual, at which point NAI promptly notified Plaintiffs, who chose to keep the Vehicle and sign new paperwork that was clearly marked with "TMU" = true mileage unknown. *See* the Amended Complaint at Exhibits F and G (D.E. 30). In short, Plaintiffs and their counsel know that RAMAGHI was unaware of any alleged odometer/mileage discrepancy either before and/or at the time of NAI's sale of the Vehicle to Plaintiffs.[3]

Critically, Plaintiffs have also failed to allege the necessary intent. An intent to defraud exists "where a seller exhibited gross negligence or a reckless disregard for the truth in preparing the odometer disclosure statements." *See Bertolotti,* 2016 WL 6804624 at *2; *see also, Sonic Momentum B, L.P. v. Motorcars of Distinction, Inc.*, Case No. 11-80591-CV-HURLEY/HOPKINS, 2012 WL 13019192, at *4 (S.D. Fla. April 23, 2012) (finding that the plaintiff's FOA claim failed as a matter of law because the facts demonstrated at most that the defendant was negligent in filling out the odometer disclosure and that the plaintiff needed to show "recklessness of the sort that would allow

---

to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.'" *RKR Motors, Inc. v. Perez*, Case No. 23-60819-CIV-SINGHAL, 2024 WL 3360488, at *2 (S.D. Fla. June 18, 2024)(citing *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.* These documents are central to Plaintiffs' claim as they go directly to Plaintiffs' allegation that RAMAGHI violated the Act by executing and completing the mileage disclosure on the Transfer Title. Further, the documents are undisputed as they were obtained directly from Murray Ford through Subpoena served by Plaintiffs' counsel.

[3] While not dispositive for the purposes of the instant Motion, *both* Plaintiffs testified at their depositions on July 29, 2025, that neither one of them had any conversation at all with RAMAGHI on September 8, 2023, regarding the Vehicle, including its mileage. It is only fair to RAMAGHI that she be told precisely what she is being accused of having said (misrepresented) and/or having done to Plaintiffs if they allege that they have a right to money damages against her for alleged violations of the Act.

the court to infer intent to defraud"). Notwithstanding their bare allegations, Plaintiffs have simply failed to allege *any* intent to defraud as to RAMAGHI, generally or otherwise. The *only* allegation Plaintiffs made is that RAMAGHI completed the mileage disclosure on the Transfer of Title and executed it. This act alone is not evidence of odometer tampering, nor a violation of the Act, and certainly does not constitute sufficient allegations that RAMAGHI acted with an intent to defraud. *See Lherisson,* 2024 WL 4349766, at *3 (finding plaintiff failed to allege an intent to defraud and the complaint lacked any allegations suggesting that the individual defendant "had actual or constructive notice that the odometer reading was incorrect, or that he was reckless or grossly negligent."). Based on the foregoing, Plaintiffs failed to allege the necessary elements required to survive a motion to dismiss, and the Amended Complaint should be dismissed as to RAMAGHI.

      B.    <u>Plaintiffs' claim against RAMAGHI does not meet Rule 9(b)'s heightened pleading standard.</u>

As noted above, the only Count that is asserted against RAMAGHI is Count I, entitled "Action for Violation of the Federal Odometer Act." "Because a private cause of action requires the allegation of intent-to-defraud, courts have held that the stringent pleading standards of Federal Rule of Civil Procedure 9(b) apply to Federal Odometer Act claims." *Bertolotti,* 2016 WL 6804624 at *2 (internal citation omitted). "The Rule 9(b) standard is satisfied when a plaintiff alleges: '(1) the <u>precise</u> statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff[]; and (4) what the Defendants gained by the alleged fraud.'" *Id.* (underlined emphasis added).

The Amended Complaint does not satisfy Rule 9(b)'s heightened pleading standard sufficient to state a claim against RAMAGHI upon which relief can be granted.[4] Notably, paragraph 68 is the only allegation against RAMAGHI within Count I, save for the incorporation of the preceding paragraphs 1-59 (as incorporated through paragraph 61), and paragraph 68 uses the phrase "violated the act with intent to defraud" without any corresponding allegations of fraud pled with specificity. Moreover, a review of paragraphs 1-59 reflects that paragraphs 6, 10, 11, 50, 52, 53 and 55 only mention RAMAGHI in passing (other than the jurisdictional allegation at paragraph 9), but, as stated above, those paragraphs lack *any* allegations of ultimate fact against her, let alone allegations of fraud with specificity as required by law. *See also, Haynes v. JPMorgan Chase Bank, N.A.,* 466 F. App'x 763, 765 (11th Cir. 2012) ("The

---

[4] "Where a complaint contains claims of fraud or mistake, however, Rule 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity. *See Brooks,* 116 F. 3d at 1381. This particularity requirement is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.' *U.S. ex rel. Matheny v. Medco Health Sols., Inc.,* 671 F. 3d 1217, 1223 (11th Cir. 2012) (internal quotation omitted)...In assessing the sufficiency of factual content and the plausibility of a claim, courts may consider only: (1) the allegations of the complaint; (2) the exhibits attached to the complaint; (3) documents that are undisputed and central to plaintiffs' claim; and (4) matters subject to judicial notice. (internal citation omitted)." *Brexendorf v. Bank of America, N.A.,* 319 F. Supp. 3d 1257, 1261 (M.D. Fla. 2018). "Rule 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *U.S. ex rel. Butler v. Magellan Health Servs., Inc.,* 101 F. Supp. 2d 1365, 1368 (M.D. Fla. 2000) (internal citation omitted). "[T]he Rule's 'particularity' requirement is not satisfied by 'conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud.' To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and way the statements misled the plaintiff; and what the defendant gained through the alleged fraud." *Francois v. Hatami,* 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021) (internal citations omitted).

particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior," citing *Durham v. Bus. Mgmt. Assocs.,* 847 F. 2d 1505, 1511 (11th Cir. 1988)).

It also bears noting that the allegations related to the Transfer of Title, in paragraphs 47-53 of the Amended Complaint, are completely (and intentionally) silent as to when these alleged acts occurred. As discussed above, that is presumably because Plaintiffs know they cannot make such an allegation against RAMAGHI because (a) the allegedly-inaccurate mileage was first reported by the prior titled owners, Travis Ward and Samantha Ward, to Murray Ford (in other words, well before NAI ever acquired the Vehicle, received the original Certificate of Title from Murray Ford and then discussed the mileage with Plaintiffs) (*see* Composite Exhibit "A")  ; and (b) Plaintiffs have recently testified under oath at their depositions that they did not even speak to RAMAGHI during the sale.  As such, Plaintiffs have also failed to satisfy the second Rule 9(b) requirement of alleging "the time and place of and person responsible for the statement."

As a final point, Plaintiffs have not alleged that RAMAGHI gained anything via the alleged fraud. In fact, RAMAGHI offered to allow Plaintiffs to terminate the contract, return the Vehicle, and receive a full return of their deposit upon receipt of the Certificate of Title from Murray Ford. *See* NAI's Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint (D.E. 27), at Comp. Exh. "A", p. 21 at ¶ 5.  For all of the foregoing reasons, Plaintiffs failed to satisfy Rule 9(b)'s pleading requirements, and as such, the Amended Complaint is due to be dismissed as against RAMAGHI.

**Local Rule 3.01(g) Certification**:  Pursuant to Local Rule 3.01(g), counsel certifies that she has attempted to confer with opposing counsel regarding the relief sought in this Motion and has not yet been able to communicate with opposing counsel, and will continue to try diligently, although undersigned counsel respectfully believes that Plaintiffs will oppose the relief sought in this Motion.  Undersigned counsel will supplement this Motion in accordance with the Rule.

WHEREFORE, Defendant, ROBIN RAMAGHI, respectfully requests the Court enter an Order dismissing Plaintiffs' Amended Complaint, awarding her attorney's fees and costs incurred in having to defend this action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar # 47287
10375 Centurion Parkway N., Suite 420
Jacksonville, FL 32256
(904) 224-4449 (Telephone)
(904) 485-8083 (Facsimile)
Primary E-mail: kisrael@mcglinchey.com
Secondary E-mails:
jeldemire@mcglinchey.com
cgipson@mcglinchey.com
**Counsel for Defendant, ROBIN RAMAGHI, and Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served, via the Court's e-Portal, this **4th** day of **August, 2025**, to: **Josh Feygin, Esq.**, josh@sueyourdealer.com, and **Michael Citron, Esq.**, michael@maclegalpa.com, *Counsel for Plaintiffs*.

                                              */s/ Kimberly Held Israel*
                                              ATTORNEY

# FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## DIVISION OF MOTORIST SERVICES
### SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

**APPLICATION FOR DUPLICATE OR LOST IN TRANSIT/REASSIGNMENT FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL TITLE CERTIFICATE**

## 1. TYPE OF APPLICATION

**VEHICLE/VESSEL DUPLICATE:** (Fee Required)
- LOST ☐
- STOLEN ☐
- Damaged (Certificate of Title must be submitted) ☐

NOTE: An indication of lost, stolen or damaged is required.

**VEHICLE/VESSEL LOST IN TRANSIT:** ☐
NOTE: No fee required if vehicle application is made within 180 days from last title issuance date and has been lost in mailing.

**VEHICLE/VESSEL DUPLICATE WITH TRANSFER:** (Both parties must be present for this transaction)
☐ OR ☐ AND NOTE: When joint ownership, please indicate if "or" or "and" is to be shown on the title when issued. If neither box is checked, the title will be issued with "and".

OWNER'S NAME (Last, First, Middle Initial): WARD  TRAVIS
CO-OWNER'S NAME (Last, First, Middle Initial): WARD  SAMANTHA
OWNER'S MAILING ADDRESS: 7397 NW 137TH ST
CITY: LAKE BUTLER    STATE: FL    ZIP: 32054

CAUTION: IF ADDRESS DIFFERS FROM DMV RECORDS, ADDRESS VERIFICATION MUST BE SUBMITTED

## 2. APPLICATION FOR DUPLICATE IS MADE BY:

☐ Owner
☑ LIENHOLDER   DATE OF LIEN: 5/19/2023

MOTOR VEHICLE MOBILE HOME OR RECREATIONAL VEHICLE DEALER/AUCTION LICENSE NUMBER (DEALER/AUCTION LICENSE NUMBER DOES NOT APPLY TO VESSELS):
LIENHOLDER OR DEALER/AUCTION NAME:

## 3. MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIPTION

| Vehicle/Vessel Identification Number | Make/Manufacturer | Year | Body | Color | License Plate or Vessel Registration Number | Florida Title Number |
|---|---|---|---|---|---|---|
| ████4389 | CHEV | 2011 | UT | WHI | | 139878230 |

## 4. VEHICLE USAGE/BRANDS

☐ SHORT TERM LEASE   ☐ LONG TERM LEASE   ☐ POLICE VEHICLE   ☐ PRIVATE USE   ☐ FLOOD
☐ REPLICA   ☐ KIT CAR   ☐ REBUILT   ☐ ASSEMBLED FROM PARTS   ☐ TAXI   ☐ MANUFACTURER'S BUY BACK

## 5. LIENHOLDER INFORMATION

If no lien, Print "None"    ☐ FEID #   ☐ DL# & Sex and Date of Birth   ☐ DMV Account #    Date of Lien    Lienholder Name
Lienholder E-Mail Address    Lienholder Mailing Address    City    State    Zip

If Lienholder authorizes the Department to send title to the owner, check box and countersign.
☐ If this box is not checked, title will be mailed to the first lienholder. (DOES NOT APPLY TO VESSELS) _____ (Signature of Lienholders Representative)

## 6. APPLICATION ATTESTMENT/SIGNATURES AND ODOMETER DECLARATION/DISCLOSURE

WARNING: Federal and state law require that you state the mileage in connection with an application for Certificate of Title. Providing a false statement may result in fines or imprisonment.

I (WE) STATE THAT THIS ☐ 5 or ☑ 6 DIGIT ODOMETER NOW READS **1 1 8 , 1 3 4** XX (NO TENTHS) MILES,
DATE READ 05 / 19 / 23 , AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE.
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☑ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

☐ I CERTIFY THAT THE MOTOR VEHICLE/VESSEL DESCRIBED ABOVE WILL NOT BE OPERATED ON THE STREETS AND HIGHWAYS/WATERWAYS OF THIS STATE AND NO FLORIDA LICENSE PLATE HAS BEEN TRANSFERRED TO OR PURCHASED FOR THIS MOTOR VEHICLE.

I am/we are the owner(s), lienholder(s), and am legally authorized to apply for and receive the Duplicate Certificate of Title. I/we further agree to indemnify the Department and defend the Certificate of Title against all actions or claims by any person.

UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

IF APPLICABLE, I ATTEST TO HAVING ACQUIRED THE MOTOR VEHICLE, MOBILE HOME OR VESSEL DESCRIBED ABOVE BY:
☐ PURCHASE   ☐ GIFT   ☐ INHERITANCE   ☐ COURT ORDER    Date Sold _____   Selling Price $ _____

Signature of Purchaser: _____
Printed Name of Purchaser: _____
Signature of Co-Purchaser: _____
Printed Name of Co-Purchaser's: _____
Signature of Seller/Owner/Lienholder: _[signature]_
Printed Name of Seller/Owner/Lienholder: _____
Signature of Co-Owner: _____
Printed Name of Co-Owner: _____

## 7. FOR FLORIDA DMV OR TAX COLLECTOR/LICENSE PLATE AGENCY USE ONLY

☐ Duplicate authorization verification completed    Signature _____    Printed Name _____    County _____    Agency # _____    Date Completed _____

HSMV 82101 (Rev. 01/13/21)    www.flhsmv.gov

**COMPOSITE EXHIBIT "A"**

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTORIST SERVICES**
2900 Apalachee Parkway - Tallahassee, 32399-0610
**MOTOR VEHICLE POWER OF ATTORNEY/ODOMETER DISCLOSURE**

HSMV 82995 (REV. 10/11)S  (Instructions on Reverse Side)

This form may be used when title is physically held by lienholder or when the title has been lost. This form must be submitted to the state by the person exercising Powers of Attorney. Failure to do so may result in fines or imprisonment.

**VEHICLE DESCRIPTION**

| Vehicle Identification Number | Year | Make | Model | Body | Title No. |
|---|---|---|---|---|---|
| ▓▓▓▓4389 | 2011 | CHEVROLET | EQUINOX | UT | |

**PART A. TRANSFEROR (SELLER'S) POWER OF ATTORNEY TO DISCLOSE MILEAGE.**

I/We, **TRAVIS WARD  SAMANTHA WARD** appoint **MURRAY FORD MERCURY INC**
as of _____ (Date) as my/our attorney-in-fact with full authority to transfer title, to satisfy any lien and to disclose the mileage for the vehicle described above, exactly as stated in the following disclosure.

**WARNING:** Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS |1|1|8|1|3|4| xx (NO TENTHS) MILES.
DATE READ 05/19/23, AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:
☐ 1. REFLECTS ACTUAL MILEAGE.  ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.  ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**TRANSFEROR (Seller):**
Seller's Signature: [signature]     Seller's Printed Name: TRAVIS WARD
Co Seller's Signature: [signature]  Co Seller's Printed Name: SAMANTHA WARD
Seller's Street Address: 7397 NW 137TH ST   City: LAKE BUTLER   State: FL   Zip: 32054

**TRANSFEREE (Purchaser):**
Purchaser's Signature: _____   Purchaser's Printed Name: MURRAY FORD MERCURY INC
Purchaser's Dealership Name: MURRAY FORD MERCURY INC   Dealer License No.: _____
Business Address: 13447 US HIGHWAY 301 SOUTH   City: STARKE   State: FL   Zip: 32091

**PART B. TRANSFEREE (PURCHASER) POWER OF ATTORNEY TO REVIEW TITLE DOCUMENTS AND ACKNOWLEDGE DISCLOSURE.** (PART B IS INVALID UNLESS PART A HAS BEEN COMPLETED.)

I/We, _____ (Print Purchaser's Name) appoint _____ (Print Name of Dealership / Business)
as of _____ (Date) as my/our attorney-in-fact for the purpose of and with full authority to apply for title and/or registration, to file a lien and to sign the mileage disclosure on the title for the vehicle described above, only if the disclosure is exactly as the disclosure completed below.

**WARNING:** Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS |_|_|_|,|_|_|_| xx (NO TENTHS) MILES.
DATE READ __/__/__, AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:
☐ 1. REFLECTS ACTUAL MILEAGE.  ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.  ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**TRANSFEROR (Seller):**
Seller's Signature: _____ (For Dealership / Business)   Seller's Printed Name: _____ (For Dealership / Business)
Business Address: _____   City: _____   State: _____   Zip: _____

**TRANSFEREE (Purchaser):**
Purchaser's Signature: _____   Purchaser's Printed Name: _____
Co Purchaser's Signature: _____   Co Purchaser's Printed Name: _____
Purchaser's Name: _____   Street Address: _____
City: _____   State: _____   Zip: _____

**PART C. CERTIFICATION BY ATTORNEY IN FACT** (Person completing Part C must be the same person transferring information and signing the title.)

I, _____ (Print Name of Person exercising above power(s) of attorney), hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power(s) of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is the same or greater than that previously stated on the title reassigned documents. This certificate is not intended to create, nor does it create any new or additional liability under Federal or State law.

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature: _____   Date: _____   Printed Name: _____
Street Address: _____   City: _____   State: _____   Zip: _____

**ORIGINAL:** DMS Copy (with Title)    **GOLD COPY:** Dealer/Business    **YELLOW COPY:** Part A Seller

NOTICE: ANY ALTERATION OR ERASURE MAY VOID THIS DOCUMENT

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTORIST SERVICES**
2900 Apalachee Parkway - Tallahassee, 32399-0610
**MOTOR VEHICLE POWER OF ATTORNEY/ODOMETER DISCLOSURE**

HSMV 82995 (REV. 10/11)S                                                          (Instructions on Reverse Side)

This form may be used when title is physically held by lienholder or when the title has been lost. This form must be submitted to the state by the person exercising Powers of Attorney. Failure to do so may result in fines or imprisonment.

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Model | Body | Title No. |
|---|---|---|---|---|---|
| ███████████4389 | 2011 | CHEVROLET | EQUINOX | UT | |

**PART A. TRANSFEROR (SELLER'S) POWER OF ATTORNEY TO DISCLOSE MILEAGE.**

I/We, TRAVIS WARD SAMANTHA WARD (Print Seller's Name) appoint MURRAY FORD MERCURY INC (Print Name of Dealership / Business)
as of _____ (Date) as my/our attorney-in-fact with full authority to transfer title, to satisfy any lien and to disclose the mileage for the vehicle described above, exactly as stated in the following disclosure.

**WARNING:** Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS  1 1 3 , 1 3 4  xx (NO TENTHS) MILES,
DATE READ 05 /29 /23 , AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

☐ 1. REFLECTS ACTUAL MILEAGE.   ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.   ☐ 3. IS NOT THE ACTUAL MILEAGE.
                                                                                              WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**TRANSFEROR (Seller):**
Seller's Signature: _[signature]_   Seller's Printed Name: TRAVIS WARD
Co Seller's Signature: _[signature]_   Co Seller's Printed Name: SAMANTHA WARD
Seller's Street Address: 7397 NW 137TH ST   City: LAKE BUTLER   State: FL   Zip: 32054

**TRANSFEREE (Purchaser):**
Purchaser's Signature: _____   Purchaser's Printed Name: MURRAY FORD MERCURY INC
Purchaser's Dealership Name: MURRAY FORD MERCURY INC (Print Name of Dealership/Business)   Dealer License No.: _____
Business Address: 13447 US HIGHWAY 301 SOUTH   City: STARKE   State: FL   Zip: 32091

**PART B. TRANSFEREE (PURCHASER) POWER OF ATTORNEY TO REVIEW TITLE DOCUMENTS AND ACKNOWLEDGE DISCLOSURE. (PART B IS INVALID UNLESS PART A HAS BEEN COMPLETED.)**

I/We, _____ (Print Purchaser's Name) appoint _____ (Print Name of Dealership / Business)
as of _____ (Date) as my/our attorney-in-fact for the purpose of and with full authority to apply for title and/or registration, to file a lien and to sign the mileage disclosure on the title for the vehicle described above, only if the disclosure is exactly as the disclosure completed below.

**WARNING:** Federal law and State law require that you state the mileage in connection with transfer of ownership. Providing a false statement may result in fines or imprisonment.

I/WE STATE THAT THIS ☐ 5 DIGIT OR ☐ 6 DIGIT ODOMETER NOW READS ___,___ xx (NO TENTHS) MILES,
DATE READ ___/___/___, AND I/WE HEREBY CERTIFY THAT TO THE BEST OF MY/OUR KNOWLEDGE THE ODOMETER READING:

☐ 1. REFLECTS ACTUAL MILEAGE.   ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.   ☐ 3. IS NOT THE ACTUAL MILEAGE.
                                                                                              WARNING ODOMETER DISCREPANCY

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

**TRANSFEROR (Seller):**
Seller's Signature: _____ (For Dealership / Business)   Seller's Printed Name: _____ (For Dealership / Business)
Business Address: _____   City: _____   State: _____   Zip: _____

**TRANSFEREE (Purchaser):**
Purchaser's Signature: _____   Purchaser's Printed Name: _____
Co Purchaser's Signature: _____   Co Purchaser's Printed Name: _____
Purchaser's Name: _____   Street Address: _____
City: _____   State: _____   Zip: _____

**PART C. CERTIFICATION BY ATTORNEY IN FACT (Person completing Part C must be the same person transferring information and signing the title.)**

I, _____ (Print Name of Person exercising above power(s) of attorney), hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power(s) of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is the same or greater than that previously stated on the title reassigned documents. This certificate is not intended to create, nor does it create any new or additional liability under Federal or State law.

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Signature: _____   Date: _____   Printed Name: _____
Street Address: _____   City: _____   State: _____   Zip: _____

**ORIGINAL: DMS Copy (with Title)    GOLD COPY: Dealer/Business    YELLOW COPY: Part A Seller**

**NOTICE: ANY ALTERATION OR ERASURE MAY VOID THIS DOCUMENT**

DEAL# 52861    STK# B1284389    CUST# 77141

## STATE OF FLORIDA
### DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
### DIVISION OF MOTORIST SERVICES
Neil Kirkman Building - Tallahassee, FL 32399-0500

## MOTOR VEHICLE TITLE REASSIGNMENT SUPPLEMENT
(Instructions on Reverse Side)

This reassignment is supplement to: [XX] Title No.: _____ State of Issue: _____
[ ] Manufacturer's Statement or Certificate of Origin

Is the title electronic?  [ ] Yes   [ ] No

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Model | Body |
|---|---|---|---|---|
| ████████4389 | 2011 | CHEVROLET | EQUINOX | UT |

### REASSIGNMENT INFORMATION

| Name of Seller(s)/Agent (Print) | DL/ID#, DMS ACCT#, FEID# | DEALER/AUCTION LICENSE (if applicable) |
|---|---|---|
| TRAVIS WARD SAMANTHA WARD | | |

| Street Address | City | State | Zip |
|---|---|---|---|
| 7397 NW 137TH ST | LAKE BUTLER | FL | 32054 |

| Selling Price (If Applicable) | Sales Tax Collected (If Applicable) | Sales Tax Reg. No. (If Applicable) |
|---|---|---|
| | | |

| Purchaser and Co-Purchaser's Printed Name(s) | | Date of Sale |
|---|---|---|
| MURRAY FORD MERCURY INC | | 05/19/23 |

| Purchaser's Address | City | State | Zip |
|---|---|---|---|
| 13447 US HIGHWAY 301 SOUTH | STARKE | FL | 32091 |

| Co-Purchaser's Address (If applicable) | City | State | Zip |
|---|---|---|---|
| | | | |

| Auction Name (If applicable) | Auction License Number | State of License | Date of Auction |
|---|---|---|---|
| | | | |

| Street Address | City | State | Zip |
|---|---|---|---|
| | | | |

### ODOMETER DISCLOSURE STATEMENT

WARNING: FEDERAL AND STATE LAW REQUIRE THAT YOU STATE THE ODOMETER MILEAGE IN CONNECTION WITH TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

I/WE STATE THAT THIS [ ] 5 OR [ ] 6 DIGIT ODOMETER NOW READS 1 1 8 1 3 4 XX (NO TENTHS) MILES.
DATE READ 05 19 23 AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING.

CAUTION:
READ CAREFULLY
BEFORE YOU
CHECK A BOX

[ ] 1. REFLECTS ACTUAL MILEAGE
[ ] 2. IS IN EXCESS OF ITS MECHANICAL LIMITS
[ ] 3. IS NOT THE ACTUAL MILEAGE. WARNING – ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Printed Name of seller(s) Agent | Seller(s)/Agent Signature |
|---|---|
| TRAVIS WARD | *signed* |

| Printed Name of Co-seller (If applicable) | Co-Seller Signature (If applicable) |
|---|---|
| SAMANTHA WARD | *signed* |

| Purchaser(s) Signature | Co-Purchaser(s) Signature |
|---|---|
| | |

| Purchaser(s) Printed Name First, Full Middle or Maiden, Last | Co-Purchaser(s) Printed Name First, Full Middle or Maiden, Last |
|---|---|
| MURRAY FORD MERCURY INC | |

NOTICE: ANY ALTERATION OR ERASURE MAY VOID THIS ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW.

ORIGINAL: SUBMIT WITH APPLICATION FOR TITLE          COPY: SELLER DEALER RETAIN IN FILE

HSMV 82994 (REV. 04/14) S

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
2900 Apalachee Parkway
NEIL KIRKMAN BUILDING, TALLAHASSEE, FLORIDA 32399-0610

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
|---|---|---|---|---|---|
| ▇▇▇▇▇▇▇▇▇▇4389 | 2011 | CHEV | WHI | UT | 139878230 |

### ODOMETER DISCLOSURE STATEMENT

**WARNING:** Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5 or ☑ 6 DIGIT ODOMETER NOWS READS  1 1 8 , 1 3 4  .XX (NO TENTHS) MILES,
DATE READ 05 / 19 / 23, AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

**CAUTION:** Read carefully before checking a box.

☐ 1. REFLECTS ACTUAL MILEAGE.
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS. (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☑ 3. IS NOT THE ACTUAL MILEAGE. WARNING -- ODOMETER DISCREPANCY

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name |
|---|---|
| *[signature]* | TRAVIS LEE WARD / SAMANTHA RAE WARD |

| Seller's Street Address |
|---|
| 7397 NW 137TH ST |

| City | State | Zip |
|---|---|---|
| LAKE BUTLER | FL | 32054 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
|  | Murray Ford |

| Buyer's Street Address |
|---|
| 13447 US Hwy 301 S. |

| City | State | Zip |
|---|---|---|
| Starke | FL | 32091 |

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3. WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1. WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2. WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3. WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4. WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1. COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER. DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2. IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTOR VEHICLES.

HSMV 82993 (REV. 10/09)                    www.flhsmv.gov