UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an individual,

    Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

    Defendant.
_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

    Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an individual.

    Plaintiffs/Counter-Defendants.
_____/

**PLAINTIFFS' MOTION FOR
180-DAY CONTINUANCE OF PRETRIAL DEADLINES**

Plaintiffs/Counter-Defendants, ISIAH and LISA CLAYTON ROBINSON ("Plaintiffs"), by and through undersigned counsel, respectfully move this Court for a 180-day continuance of all pretrial deadlines together with the trial date, as set forth in the Court's Scheduling Order [D.E. 20]. In support thereof, Plaintiffs state:

**INTRODUCTION**

Plaintiffs Isiah Robinson and Lisa Clayton-Robinson bring this action against National Automotive, Inc. and its principal, Robin Ramaghi, asserting claims arising from the sale of a used 2011 Chevrolet Equinox with a fraudulently altered odometer reading. The amended complaint alleges that Defendants knowingly misrepresented the vehicle's mileage as approximately 118,245 miles through multiple written and oral disclosures at the time of sale. Plaintiffs further allege that, following the transaction, Defendants

unilaterally altered odometer disclosure documents and title applications, outside of Plaintiffs' presence, to conceal the mileage discrepancy and evade detection. Plaintiffs assert that Defendants had actual and constructive knowledge that the mileage was not accurate and that these misrepresentations and omissions were part of a broader scheme to defraud. Based on these core allegations, the complaint includes claims for violations of the Federal Odometer Act, common law fraud, fraudulent inducement, breach of express warranty, and revocation of acceptance pursuant to the Magnuson-Moss Warranty Act.

## PROCEDURAL BACKGROUND

The Amended Complaint naming Robin Ramaghi as a defendant was filed on March 28, 2025. [DE 30]. Plaintiffs promptly attempted to serve Defendant Ramaghai but, despite Plaintiffs' best efforts, were unable to effectuate service for Defendant Ramaghai's conduct.  See DE 47-1. ]. Ultimately, Defendant Ramaghai agreed to waive service. The request to waive service was sent on April 22, 2025. [DE 47-2].  The waiver of service was executed on June 4, 2025, and later filed with the Court on July 22, 2025. [DE 45]. On August 04, 2025, Ms. Ramaghi filed a Motion to Dismiss. [DE 46].

As of the date of this Motion for Continuance, the Motion to Dismiss remains pending, leaving the pleadings open. As a result, Plaintiffs have not had the opportunity to engage in any meaningful discovery as to Defendant Ramaghai, which is necessary to develop their claims, uncover the full extent of her involvement in the alleged fraud, and prepare for trial in a manner consistent with due process and the orderly administration of justice.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party diligently and timely pursues its rights but for reasons other than its own negligence, is unable to comply with a scheduling

deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Because the Motion to Dismiss is pending, Defendant Ramaghai has not plead her answer nor her affirmative defenses to the Plaintiffs' amended complaint. As a result, Plaintiffs have not been put on notice of any affirmative defenses Defendant Ramaghai intends to rely upon, depriving the Plaintiffs of fair notice and materially impairing their ability to prosecute this case. Without disclosure of Defendant Ramaghai's defenses, Plaintiffs cannot meaningfully tailor discovery, evaluate potential dispositive issues, or prepare for trial with respect to her role in the alleged conspiracy to violate the Odometer Act. Proceeding under these circumstances would prejudice Plaintiffs and undermine the orderly progression of the case. Given these circumstances and upon discerning that the Plaintiffs would not be able to meet the current deadlines set forth by the Court's scheduling order, Plaintiffs immediately engaged in conferral efforts with respect to the instant Motion. As shown herein, Plaintiffs have acted diligently and are unable to comply with the scheduling order through no fault or negligence of their own.

Given the above, Plaintiffs' Motion sets forth good cause for granting a modification. Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Defendant will not be prejudiced by the granting of this Motion. However, Plaintiffs will be prejudiced if the Motion is not granted, as they will be precluded from obtaining discoverable evidence that could be used in the prosecution of their claim.

Therefore, Plaintiffs respectfully request that the Court exercise its discretion and permit the below-requested modification of the Case Management and Scheduling Order for good cause stated herein.

## PROPOSED REVISED DEADLINES

Given the above, Plaintiffs respectfully propose extending all pretrial deadlines as follows:

| | |
|---|---|
| Disclosure of Expert Reports (Plaintiff): | December 29, 2025 |
| Disclosure of Expert Reports (Defendant): | January 27, 2026 |

| | |
|---|---|
| Disclosure of Expert Reports (Rebuttal): | February 10, 2026 |
| Discovery Deadline: | February 25, 2026 |
| Dispositive/*Daubert* Motions Deadline: | March 30, 2026 |
| All Other Motions Including Motions *In Limine*: | July 1, 2026 |
| Meeting To Prepare Joint Final Pretrial Statement: | July 22, 2026 |
| Joint Final Pretrial Statement/Trial Briefs: | August 3, 2026 |
| Trial Term: | August 31, 2026 |
| Mediation Deadline: | March 11, 2026 |

Furthermore, Plaintiffs respectfully request that the presently scheduled mediation set for September 03, 2025, be cancelled and rescheduled for a date to be mutually coordinated following Defendant Ramaghai's deposition. Otherwise, Plaintiffs fear that mediation will not be a fruitful endeavor given the inability to fully evaluate the parties' respective positions and the full breadth of evidence at hand.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that a good faith effort was made to confer with counsel for Defendant regarding this motion. On August 05, 2025, undersigned counsel contacted Defendant's counsel by email. Counsel advised Defendants opposed a 180-day extension but agreed to a 90-day extension, subject to mediation proceeding as previously scheduled on September 03, 2025. Accordingly, no agreement was reached.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and extend all pretrial deadlines and the trial by 180 days, and for any further relief deemed just and proper by the Court.

Respectfully submitted,

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
Email:  Josh@JFeyginesq.com

*/s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No.: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
(954) 395-2954 - Telephone
Michael@maclegalpa.com
service@maclegalpa.com

*Counsel for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.