UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

      Plaintiffs,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant.
_____

CASE NO. 3:24-cv-00948-WWB-PDB

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION FOR 180-DAY CONTINUANCE OF PRETRIAL DEADLINES**

COMES NOW Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(c), files this response in partial opposition to Plaintiffs/Counter-Defendants' Motion for 180-Day Continuance of Pretrial Deadlines (the "Motion") (D.E. 50) as follows:

1. Within the "Procedural Background" section of the Motion, Plaintiffs appear to insinuate that Defendant, Robin Ramaghi ("Ramaghi"), was evasive in accepting service of process and that Ramaghi (whether directly or through her counsel) delayed completion of the Waiver that was ultimately filed with the Court on July 22, 2025. (D.E. 50, p. 2).

2. Ramaghi respectfully disagrees with that insinuation and states that, to the extent it is pertinent to the Court's consideration of the Motion, the following sequence of events occurred in relation to service on her:

1

(a) the Return of Non-Service reflects that the server attempted service on April 2, 2025, and was given undersigned counsel's name on April 2, 2025 (D.E. 47-1);

(b) the Return of Non-Service states that the server attempted service on Ramaghi at NAI's business location between April 3 - 5, 2025 (D.E. 47-1);

(c) Plaintiffs' counsel reached out to undersigned counsel to inquire about her accepting service on Ramaghi's behalf on April 22, 2025, and undersigned counsel responded the same day (April 22nd) asking for Plaintiffs' counsel to send her the form of Waiver and Acceptance of Service that he proposed to use so she could review and discuss it with Ramaghi;

(d) Plaintiffs' counsel sent undersigned counsel a hyperlink to Form AO 399 – Waiver of the Service of Summons – on May 28, 2025, and undersigned counsel responded to Plaintiffs' counsel on June 2, 2025, stating that she would review the form with Ramaghi and asking if she should fill out the form and send it back to Plaintiffs' counsel for filing;

(e) Plaintiffs' counsel responded to undersigned counsel on June 3, 2025, confirming undersigned counsel should do as she asked on June 2nd, and undersigned counsel did so by returning the completed Waiver to Plaintiffs' counsel on the morning of June 4, 2025.

3. As noted by Plaintiffs in the Motion, Ramaghi timely filed her Motion to Dismiss on August 4, 2025. (D.E. 46). The arguments raised by Ramaghi in the Motion to Dismiss are consistent with the arguments made in NAI's response in opposition to Plaintiffs/Counter-Defendants' Motion for Leave to File Amended Complaint (D.E. 27),

which arguments the Court noted in its Order of March 21, 2025, were better addressed through a motion. (D.E. 28, p. 4).

4. The Parties have mediation scheduled in this case on September 3, 2025, which is just twenty days from now. NAI has already deposed the Plaintiffs, and the Plaintiffs are scheduled to depose NAI's corporate representative tomorrow, August 15, 2025.[1] There is no outstanding paper discovery served by either party on the other(s).[2]

5. The Motion accurately represents that NAI does not oppose a 90-day continuance of the trial and corresponding pretrial deadlines (in light of Ramaghi's pending Motion to Dismiss), but NAI does oppose a 180-day continuance, believing same to be unnecessary and excessive given the discovery conducted by the parties thus far. Plaintiffs did not identify any additional discovery, beyond the potential deposition of Ramaghi in her individual capacity, that they currently anticipate needing to conduct once the Motion to Dismiss is ruled on (and assuming that the Motion is not granted).

6. In addition, and for the same reasons, NAI respectfully wants to proceed with the mediation on September 3, 2025, which has been scheduled since June 12, 2025, so that the parties can explore the resolution of the claims and counterclaims. There is simply no prejudice to Plaintiffs in mediating as previously agreed (which was scheduled while Ramaghi was on the clock to respond to Plaintiffs' Amended Complaint);

---

[1] In its answers to Interrogatories served on Plaintiffs' counsel on January 9, 2025, NAI identified the people who were believed to have knowledge of the issues in the case. The only person that Plaintiffs have sought to depose thus far is NAI's corporate representative.

[2] Each side has recently notified the other of their respective intent to serve additional non-party Subpoenas and are in the applicable "waiting period" under Local Rule 3.04. To date, neither party has objected to any of the earlier non-party subpoenas that the parties expressed their intent to serve.

nor have Plaintiffs articulated any actual prejudice to them by participating in mediation as scheduled.[3]

7.  For all of the foregoing reasons, NAI respectfully submits that Plaintiffs' Motion should be granted in part and denied in part as more fully noted herein.

WHEREFORE, Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC., respectfully requests that the Court enter an Order granting in part and denying in part Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, Motion for 180-Day Continuance of Pretrial Deadlines (D.E. 50), and for such further relief as the Court deems just and proper.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: cgipson@mcglinchey.com
**Attorney for Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney

---

[3] Despite Ramaghi's pending Motion to Dismiss, she and her counsel are nonetheless prepared to discuss her "position" at mediation, based on the limited allegations against her in Plainitffs' Amended Complaint, so the parties can explore a full resolution of all claims/counterclaims.

4