UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:24-CV-00948-WWB-PDB

ISIAH ROBINSON and LISA CLAYTON ROBINSON,

    Plaintiff(s),

vs.

NATIONAL AUTOMOTIVE, INC. and ROBIN RAMAGHI,

    Defendant(s).
_____/

## NOTICE OF MEDIATION CONFERENCE

    This notice is furnished pursuant to Florida Statute 44.302 and Rule 1.700, Florida Rules of Civil Procedure.

    1.    **REFERRAL FOR MEDIATION**: This mediation has been Court ordered or requested by the parties and will be held pursuant to the Fourth Judicial Circuit Court's Administrative Order 2013-13 dated December 6, 2013, a copy of which is attached hereto as **Exhibit "A."**

    2.    **LOCATION**: The mediation conference shall begin at **9:00 am on September 3, 2025, at 1200 Riverplace Blvd., Suite 850, Jacksonville, FL 32207**, and continue until recessed or terminated by the Mediator. The Mediation is scheduled for a **half day**; however, if time permits, the participants shall be prepared to spend as much time as necessary to resolve this matter, or until an Impasse is declared by the Mediator.

    3.    **ATTENDANCE**: The personal attendance of all parties, trial counsel, and insurance representatives is required, unless excused by prior agreement of all parties, and/or counsel or by leave of Court. Parties shall appear with complete authority to resolve the matters in dispute as defined in Florida Rule of Civil Procedure 1.720(b).

    (a)    A corporate party shall send an authorized representative with absolute authority to enter into a full and complete compromise and settlement.

    (b)    A public entity required to conduct business pursuant to Chapter 286, Florida Statutes, shall appear at the Mediation Conference by physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend

settlement to the appropriate decision-making body of the entity.

(c) If insurance is involved in the action, the insurance carrier shall send a representative of the insured party who is not such carrier's outside counsel, who has full authority to settle up to the amount of the plaintiff's last demand or the policy limits, whichever is less, <u>without further consultation</u>.

(d) If a party has knowledge of the existence of a lien, such as workers compensation, medical liens, or other subrogated liens, then that party shall give notice of the date, time and place of the Mediation Conference to the lien holder.

4. **MEDIATION PROCESS**: Mediation is a process in which a neutral and impartial third party, the mediator acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process with the object of helping the parties to communicate constructively and to voluntarily reach their own mutually acceptable resolution of the issues in dispute. A mediator does not make rulings, or give legal advice, or impose any settlement on the parties. The mediator has no power to either compel or enforce settlement agreements.

5. **MEDIATION STATEMENTS AND SUMMARIES**: No less than 48 hours prior to the Mediation Conference, each party shall furnish to the Mediator **with a copy to all counsel involved**, a statement outlining the party's position, the issues involved, the latest settlement negotiations, and designating the persons who will appear at the Mediation Conference. Parties and counsel may attach other documents to the mediation statement, which they wish the mediator to review. These statements should not be filed with the Court. Any party may communicate, through counsel, with the Mediator at any time regarding the conference. All discussions, representations, and statements made at or in conjunction with the Mediation Conference shall be privileged as settlement negotiations and nothing related to the mediation conference shall be admitted at trial or subject to discovery.

6. **COMPENSATION**: The Mediator's practice is devoted primarily to mediation and his time typically is not able to be filled when the Mediation is cancelled or postponed on short notice. **The mediator has set forth the terms of compensation, including the cancellation policy for this Mediation, as follows: Meditations will be billed at the following rates: $250 per party per hour for two-party disputes, $225 per party per hour for three-party disputes, $200 per party per hour for four-party disputes, and $800 per hour to be divided among the parties for disputes involving five or more parties.** If the mediation is cancelled or rescheduled less than five business days (Monday-Friday) prior to the scheduled session and absent other agreement by the parties, each party will be billed for its portion of the minimum fee, which shall be two (2) hours per party for half-day mediations and four (4) hours per party for full-day mediations. This cancellation policy ensures fair compensation for reserved time that cannot typically be filled in less than five days. It shall be the responsibility of the parties to ensure that the Mediator's charges for conducting the Mediation are promptly paid. The failure of the party to make timely payment shall expose any non-paying party to

additional fees, costs, and sanctions as the circumstances require.

7. **SANCTIONS**: If any party or counsel fails to comply with the terms of this Order, the Court may dismiss the case, strike pleadings, enter a default, remove the case from the trial calendar, assess attorney's fees, mediation fees and costs or impose any other sanctions which the Court may deem appropriate under the circumstances. For more information on sanctions, please refer to the attached Administrative Order.

8. **SETTLEMENT:** It shall be the responsibility of the Plaintiff(s)' counsel to immediately notify the Court and the Mediator, in writing, of any settlement or other termination of the litigation.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by E-Service E-mail, to the following:

Joshua Feygin, Esq.
josh@sueyourdealer.com
Atty. for ISIAH ROBINSON and LISA CLAYTON ROBINSON

Kimberly Israel, Esq.
kisrael@mcglinchey.com
Atty. for NATIONAL AUTOMOTIVE, INC. and ROBIN RAMAGHI

*[signature]*

**TERRANCE E. SCHMIDT, MEDIATOR**
Florida Bar No.: 165042
Certification No.: 6667R
1200 Riverplace Blvd., Suite 850
Jacksonville, FL 32207
Telephone: 904/398-1818
E-mail: *terry@TESMediation.com*

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY

ADMINISTRATIVE ORDER NO. 2013-13

RE: MEDIATION IN CIRCUIT CIVIL CASES
DUVAL COUNTY

FILED
DEC 06 2013
CLERK CIRCUIT COURT

WHEREAS, the courts and litigants have been greatly assisted by the mediation process in resolving complex civil cases, and;

WHEREAS, mediation has proven to be effective in reducing the rising costs associated with civil litigation, and;

WHEREAS, the timing of mediation is important to achieving successful results, and;

WHEREAS, mediators in the Fourth Judicial Circuit have been customarily appointed when a case is set for trial without a separate order of referral, and;

WHEREAS, mediators appointed by the Court serve as officers of the Court;

NOW THEREFORE, by the authority vested in me as Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of Judicial Administration, it is

**ORDERED:**

1. **SETTING MEDIATION:** The Court will appoint a qualified mediator in accordance with Rule 1.1720(j) of the Florida Rules of Civil Procedure in all circuit court civil mediation cases, except those cases excluded by Rule 1.710(b) and foreclosure cases, in accordance with §44.302, Florida Statutes, and Rule 1.700, Florida Rules of Civil Procedure, on or before the case is set for trial, unless mediation is determined by the court to be inappropriate or unnecessary. The "Order Setting Case for Jury (or Non-jury) Trial and for Pre-Trial Conference and Requiring Matters to be Completed Prior to Pre-Trial Conference" shall include an order of referral to mediation and appointment of the mediator.

2. **DATE, TIME, LENGTH, AND LOCATION:** The appointed mediator shall be responsible for conferring with counsel (or unrepresented parties) for scheduling the mediation conference. Once the mediation is scheduled, the mediator shall send a Notice of Mediation to the parties confirming the date, time, length, and location of the mediation. The Notice of Mediation shall also include the terms of compensation for the mediator as required by paragraph 7 of this Order. The mediator shall be authorized to resolve scheduling conflicts without further order

EXHIBIT A

Case 3:24-cv-00948-WWB-PDB   Document 53   Filed 08/20/25   Page 5 of 7 PageID 862
OR BK 16666 PAGE 2223

including rescheduling the mediation conference provided the mediation is concluded before the date of the final pretrial conference.

3. **SERVICE OF MEDIATION ORDER:** The appointed mediator shall serve a copy of this Administrative Order with the Notice of Mediation.

4. **ATTENDANCE:** The personal attendance of all parties or their representatives, counsel for the parties, and insurance representatives is required, unless excused by prior agreement of all parties and/or counsel or by leave of Court. Parties and their representatives shall appear at mediation with complete authority to resolve the matters in dispute without further consultation, as defined in 1.720(b)-(d), Florida Rules of Civil Procedure. A Certification of Authority shall be filed in accordance with 1.720(e), Florida Rules of Civil Procedure.

5. **NOTICE TO LIENHOLDERS:** Any party who has knowledge of the existence of a lien, such as worker's compensation lien, medical lien, or other lien with rights of subrogation, shall give the lienholder reasonable notice of the date, time, and place of the mediation conference. Appearance of a lienholder is not mandatory and the absence of a lienholder is not grounds to continue the mediation unless agreed to by the parties or ordered by the Court.

6. **POSITION STATEMENTS:** No fewer than 72 hours prior to the mediation conference, each party shall furnish to the mediator, a copy to all counsel involved, a statement outlining the party's position, the issues involved, and the latest settlement negotiations, and designating the persons who will appear at the mediation conference. Parties and counsel may attach other documents to a position statement. Position statements shall not be filed with the court. Parties are encouraged to review §44.405, Florida Statutes, regarding the confidentiality of discussions and statements made at mediation.

7. **TERMS OF COMPENSATION:** The mediator shall fully set forth the terms of her/his requested compensation, including hourly fees, preparation fees (if any), costs, and cancellation or rescheduling fees in the Notice of Mediation required in paragraph 2 of this Order. Any party objecting to the terms of compensation shall file an objection with the court, and serve all parties and the mediator no later than 15 days from the date of service of the Notice of Mediation. Any party making an objection to the terms of compensation shall immediately place the matter on the court's calendar for a hearing. Attorneys shall advise their clients of the mediator's fee structure including hourly fees, preparation fees, cancellation fees, and costs before the commencement of the

OR BK 16666 PAGE 2224

mediation. Although the obligation to pay mediation fees is that of the client and not the attorney, see Bauer v. Hardy, 651 So. 2d 748 (Fla. 1st DCA 1995), attorneys shall make a diligent effort to ensure the client's payment of the fees.

Unless otherwise ordered by the Court, or mutually agreed to by the parties and the mediator, all mediation charges are to be equally divided between or among the parties. If more than one party is represented by the same counsel, then those parties will be deemed to be "one party" for the purpose of the mediator's charges.

8. **SANCTIONS:** Failure to pay mediator's fees and costs may result in the imposition of additional fees, costs, and other sanctions as determined by the Court. Sanctions may include dismissing the case, striking pleadings, entering a default, removing the case from the trial calendar, assessing additional attorney's fees and costs, or imposing any reasonable punishment deemed necessary by the court.

If a party fails to appear at a duly noticed mediation conference without good cause, the court, upon motion or *sua sponte*, may impose sanctions including an award of mediation fees, attorneys' fees, and costs against the party failing to appear.

9. **SERVICE OF NOTICE:** Service of any notice, pleading, or document required herein shall be made in accordance with Rule 2.516 of the Florida Rules of Judicial Administration.

10. **GOVERNING LAW:** All mediations shall be conducted in accordance with Rules 1.700-1.730 of the Florida Rules of Civil Procedure and Chapter 44 of the Florida Statutes.

11. This Administrative Order supersedes Amended Administrative Order No. 2004-6 and shall be recorded by the Clerk of the Court in the Official Records of Duval County, Florida, and **shall take effect February 1, 2014** in both Clay and Nassau Counties and remain in full force and effect unless and until otherwise ordered by the Court.

**ENTERED** at Jacksonville, Duval County, Florida, this 22 day of _____, 2014.

_____
**DONALD R. MORAN, JR.**
**CHIEF JUDGE**

OR BK 16666 PAGE 2225

cc: All Judges in the Fourth Judicial Circuit
The Honorable Robert M. Foster, Administrative Judge, Nassau County
The Honorable John H. Skinner, Administrative Judge, Clay County
All Magistrates in the Fourth Judicial Circuit
The Honorable Ronnie Fussell, Clerk of the Circuit Court, Duval County
The Honorable Tara S. Green, Clerk of the Circuit Court, Clay County
The Honorable John Crawford, Clerk of the Circuit Court, Nassau County
The Honorable Cindy Laquidara, General Counsel
James Gardner, Director of Mediation Services
Joseph G. Stelma, Jr., Court Administrator, Fourth Judicial Circuit
Eve Janocko, Court Operations Program Assistant
Penny W. Schmidt, Esq. (PSchmidt@jaxtrialattorneys.com)
Jim Kowalski, Esq., Executive Director JALA
Charles Bishop, Family Court Manager, Fourth Circuit
Caroline C. Emery, Court Counsel
Fourth Circuit Court Law Library, Duval County
Judicial Staff Attorneys
The Jacksonville Bar Association
Nassau County Bar Association
Clay County Bar Association