**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICTOF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

       Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC., a
Florida Corporation, and
ROBIN RAMAGHI,
an individual

       Defendants.
_____/


NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

       Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

       Plaintiffs/Counter-Defendants.
_____/


**<u>PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON ("Plaintiffs"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rules, respectfully move for leave to amend the operative complaint, and in support state as follows:

## I.    INTRODUCTION

Plaintiffs filed their Amended Complaint on March 28, 2025 [D.E. 30]. On August 4, 2025, Defendant Robin Ramaghi moved to dismiss the Amended Complaint [D.E. 46].[1] Shortly thereafter, critical discovery developments occurred, including the belated production of responsive documents on August 07, 2025 as late as August 15, 2025, and deposition testimony taken that same day, both of which confirmed the factual basis necessitating further amendment.

Plaintiffs now seek leave to (1) bifurcate their Federal Odometer Act claims between the two Defendants in this case, in order to clarify their distinct roles and responsibilities, and (2) assert additional claims under the Florida Motor Vehicle Retail Sales Act, Florida Statutes §520.01, et *sequi.* ("FMVRSA") against Defendant National Automotive and Defendant Robin Ramaghai, based on evidence uncovered in the recent discovery. This amendment will promote clarity, efficiency, and fairness in the litigation, avoid prejudice from conflating distinct roles of the Defendants, and streamline both discovery and trial presentation.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should "freely give leave [to amend] when justice so requires." The Eleventh Circuit has repeatedly emphasized the liberal nature of this standard. See *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (leave to amend should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment).

## III.    ARGUMENT

---

[1] As the Plaintiffs requested that Defendant Ramaghai waive service via email sent on April 22, 2025 [DE 47-2, p.5], the filing of the Defendant's Motion to Dismiss on August 04, 2025 [DE 48] - 104 days after the Plaintiffs sent the request for waiver- was untimely. *See* Rule 4(d)(3), Fed. R. Civ. Pro.

Plaintiffs' proposed amendment is timely, narrowly focused, and supported by information confirmed through written discovery responses and deposition testimony taken on August 15, 2025. That discovery established the factual basis for distinct claims under the FMVRSA, specifically that the Defendant charged a $25.00 late fee to the Plaintiffs' retail installment account for the financing of the vehicle that is the subject of the instant dispute. The charge exceeds the statutory caps of Fla. Stat. §520.07(6) and establishes liability for both Defendants under the plain language of the statute. This information was not previously made available to the Plaintiffs as it was only through discovery that Plaintiffs for the first time were able to discern the improper late fees assessed to their account. Furthermore, Deposition testimony obtained on August 15, 2025 also demonstrated the need to clarify the allegations in the counts for violations of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq*. as between the two Defendants, as reflected in the well plead Second Amended Complaint.

Rule 15(a)(2) provides that leave should be "freely given when justice so requires," a directive consistently applied in this Circuit absent undue delay, bad faith, or prejudice. The amendment does not enlarge the case but ensures that the pleadings accurately reflect the evidence, promoting efficiency and clarity going forward.

Defendants will not be unfairly prejudiced by this amendment. Underscoring the lack of prejudice, the Defendants have previously consented, in part, to a continuance of the pre-trial deadlines and the trial date [DE 51] in light of the impact the untimely Motion to Dismiss will have on the orderly progress of the case. The amendment to the complaint narrows and clarifies the issues, facilitates targeted motion practice, and aligns the pleadings with evidence already produced. Addressing these matters now will conserve resources, streamline trial, and

position the case to proceed on a clear and accurate record. This is precisely the circumstance in which Rule 15(a)(2) contemplates amendment.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and permit Plaintiffs to file their Second Amended Complaint, attached hereto as Exhibit "A." Upon granting of this Motion, Plaintiffs shall verify the same and file a copy of the Second Amended Complaint on the docket as its own entry.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred with counsel for Defendants regarding the relief sought in this Motion. Counsel confirmed that no conferral was necessary under Rule 15 as to Ramaghi, but that a conferral was required as to Defendant National Automotive. Plaintiffs' counsel has sought and requested Defendants' position with respect to the amendment and was advised the Defendants oppose the same. Counsel for both Defendants is the same.

Respectfully submitted this August 25, 2025

*/s/ Michael A. Citron*

Michael A. Citron, Esq.
FBN: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Tel : 954.395.2954
Michael@maclegalpa.com
Service@maclegalpa.com
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205,
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*