UNITED STATES DISTRICT COURT
MIDDLE DISTRICTOF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

  Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation, and
ROBIN RAMAGHI,
an individual

  Defendants.
_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

  Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

  Plaintiffs/Counter-Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT ROBIN RAMAGHAI'S MOTION TO DISMISS**

Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON ("Plaintiffs"), by and through undersigned counsel, respond to Defendant Robin Ramaghai's Motion to Dismiss [DE 46] and in support state as follows:

  **i.**  **The Motion to Dismiss is Moot.**

Plaintiffs filed their Amended Complaint on March 28, 2025 [DE 30]. On August 4, 2025, Defendant Robin Ramaghai moved to dismiss that Amended Complaint [DE 46].

Shortly thereafter, critical discovery developments occurred, including the belated production of responsive documents on August 7, 2025 and August 15, 2025, as well as deposition testimony taken on August 15, 2025. These developments confirmed the factual basis necessitating further amendment. *See* DE 54.

Contemporaneously with this response, Plaintiffs have filed a Motion for Leave to Amend [DE 54], attaching their proposed Second Amended Complaint as Exhibit "A" [DE 54-1].

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or a Rule 12(b) motion. Plaintiffs timely exercised this right as to the corporate defendant.

Once an amended complaint is filed, it becomes the operative pleading and supersedes the prior complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Accordingly, any motion directed to a superseded complaint is rendered moot. See also *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020).

Plaintiffs acknowledge that the corporate defendant, National Automotive, Inc., previously filed an Answer. [DE 39]. Thus, amendment as to that defendant requires leave of court under Rule 15(a)(2). Plaintiffs have sought such leave, and Rule 15(a)(2) directs that leave should be "freely give[n] when justice so requires." The Eleventh Circuit has long emphasized the strong policy favoring amendment absent undue delay, bad faith,

2

dilatory motive, or undue prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

As to the individual defendant, Robin Ramaghai, Plaintiffs' request reflects their first attempt to amend claims asserted against her. Plaintiffs are entitled to amend as a matter of course under Rule 15(a)(1). And once leave to amend is granted under Rule 15(a)(2), the proposed Second Amended Complaint will supersede the prior pleading, and the pending Motion to Dismiss directed at the Amended Complaint will likewise be moot.

### ii.     Defendant's Demand for Attorney's Fees is Improper.

Defendant Ramaghai's request for attorney's fees and costs in her Motion to Dismiss is procedurally and substantively improper. Requests for attorney's fees must be separately pled and supported. See *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1299 (11th Cir. 2021) (requests for attorney's fees must be properly pled and supported by statute, contract, or rule). Defendant Ramaghai's demand for attorney's fees is silent as to any statutory, contractual or rule basis for same since none exists.

Indeed, the Odometer Act does not authorize prevailing-party attorney's fees for a defendant. By the plain wording of the statute, 49 U.S.C. § 32710(b), only a prevailing plaintiff may recover attorney's fees and costs. The Act's fee-shifting provision is asymmetrical, designed to encourage private enforcement by consumers, not to penalize them with fee liability if unsuccessful. The statute explicitly provides for the recovery of costs and reasonable attorney's fees only for the prevailing plaintiff, not the defendant. Specifically, 49 USCS § 32710 states that a court may award "costs and a reasonable attorney's fee to the person when a judgment is entered for that person". There is no

3

indication in the statute or case law that a defendant such as Mrs. Ramagahi is entitled to recover attorney's fees under the Odometer Act.

Accordingly, Defendant's Robin Ramaghai's request for attorney's fees and costs should be rejected outright as improperly pled and contrary to the express statutory scheme of the Odometer Act.

**WHEREFORE,** Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to Amend [DE 54], deny Defendant Robin Ramaghai's Motion to Dismiss [DE 46], accept the Second Amended Complaint [DE 54-1] as the operative pleading once a verified copy is filed as a standalone docket entry, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted this August 25, 2025:

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205,
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685