UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an individual,

    Plaintiffs,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

    Defendant.
_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

    Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an individual.

    Plaintiffs/Counter-Defendants.
_____/

**PLAINTIFFS' FIRST AMENDED MOTION FOR**
**180-DAY CONTINUANCE OF PRETRIAL DEADLINES**

Plaintiffs/Counter-Defendants, ISIAH and LISA CLAYTON ROBINSON ("Plaintiffs"), by and through undersigned counsel, respectfully move this Court for a 180-day continuance of all pretrial deadlines together with the trial date, as set forth in the Court's Scheduling Order [D.E. 20]. In support thereof, Plaintiffs, in compliance with Local Rule 3.08(b), state:

**INTRODUCTION**

Plaintiffs Isiah Robinson and Lisa Clayton-Robinson bring this action against National Automotive, Inc. and its principal, Robin Ramaghi, asserting claims arising from the sale of a used 2011 Chevrolet Equinox with a fraudulently altered odometer reading. The amended complaint alleges that Defendants knowingly misrepresented the vehicle's mileage as approximately 118,245 miles through multiple written and oral disclosures at

the time of sale. Plaintiffs further allege that, following the transaction, Defendants unilaterally altered odometer disclosure documents and title applications, outside of Plaintiffs' presence, to conceal the mileage discrepancy and evade detection. Plaintiffs assert that Defendants had actual and constructive knowledge that the mileage was not accurate and that these misrepresentations and omissions were part of a broader scheme to defraud. Based on these core allegations, the complaint includes claims for violations of the Federal Odometer Act, common law fraud, fraudulent inducement, breach of express warranty, and revocation of acceptance pursuant to the Magnuson-Moss Warranty Act.

## PROCEDURAL BACKGROUND

The Amended Complaint adding Robin Ramaghi as a defendant was filed on March 28, 2025. [D.E. 30.] Plaintiffs promptly attempted to serve Ms. Ramaghi but, despite diligent efforts, were unable to effectuate service. See [D.E. 47-1.] Plaintiffs sent a request for waiver of service on April 22, 2025, which Ms. Ramaghi executed on June 4, 2025. The waiver was filed on July 22, 2025. [D.E. 45; D.E. 47-2.] On August 4, 2025, Ms. Ramaghi filed a motion to dismiss. [D.E. 46.]

As of this filing, the motion to dismiss remains pending, and the pleadings are open. Plaintiffs have also moved to amend the Amended Complaint [D.E. 54] and have timely responded to the motion to dismiss. [D.E. 55.] Mediation concluded on September 3, 2025. In addition, on September 2, 2025, Plaintiffs served a separate paper contemplated by the Federal Rules in response to recent filings. Thus far, Plaintiffs have not had a fair opportunity to conduct meaningful discovery as to Ms. Ramaghi, discovery that is necessary to develop the claims, clarify the scope of her involvement in the alleged fraud, and prepare this case for trial consistent with due process and orderly case management.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party diligently and timely pursues its

rights but for reasons other than its own negligence, is unable to comply with a scheduling deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Because the Motion to Dismiss is pending, Defendant Ramaghai has not plead her answer nor her affirmative defenses to the Plaintiffs' amended complaint. As a result, Plaintiffs have not been put on notice of any affirmative defenses Defendant Ramaghai intends to rely upon, depriving the Plaintiffs of fair notice and materially impairing their ability to prosecute this case. Without disclosure of Defendant Ramaghai's defenses, Plaintiffs cannot meaningfully tailor discovery, evaluate potential dispositive issues, or prepare for trial with respect to her role in the alleged fraud. Proceeding under these circumstances would prejudice Plaintiffs and undermine the orderly progression of the case. Given these circumstances and upon discerning that the Plaintiffs would not be able to meet the current deadlines set forth by the Court's scheduling order, Plaintiffs immediately engaged in conferral efforts with respect to the instant Motion. As shown herein, Plaintiffs have acted diligently and are unable to comply with the scheduling order through no fault or negligence of their own.

Given the above, Plaintiffs' Motion sets forth good cause for granting a modification. Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Defendant will not be prejudiced by the granting of this Motion. However, Plaintiffs will be prejudiced if the Motion is not granted, as they will be precluded from obtaining discoverable evidence that could be used in the prosecution of their claim.

Therefore, Plaintiffs respectfully request that the Court exercise its discretion and permit the below-requested modification of the Case Management and Scheduling Order for good cause stated herein.

**PROPOSED REVISED DEADLINES**

Given the above, Plaintiffs respectfully propose extending all pretrial deadlines as follows:

| | |
|---|---|
| Disclosure of Expert Reports (Plaintiff): | December 29, 2025 |
| Disclosure of Expert Reports (Defendant): | January 27, 2026 |

| | |
|---|---|
| <u>Disclosure of Expert Reports (Rebuttal):</u> | February 10, 2026 |
| <u>Discovery Deadline:</u> | February 25, 2026 |
| <u>Dispositive/*Daubert* Motions Deadline:</u> | March 30, 2026 |
| <u>All Other Motions Including Motions *In Limine*</u>: | July 1, 2026 |
| <u>Meeting To Prepare Joint Final Pretrial Statement:</u> | July 22, 2026 |
| <u>Joint Final Pretrial Statement/Trial Briefs:</u> | August 3, 2026 |
| <u>Trial Term</u>: | August 31, 2026 |

## LOCAL RULE 3.08(b) CERTIFICATION
## OF CLIENT CONSENT TO TRIAL CONTINUANCE

Undersigned trial counsel certifies, pursuant to Local Rule 3.08(b), that Plaintiffs Isiah Robinson and Lisa Clayton Robinson have been advised of, and understand, the need for and implications of continuing the trial term and associated pretrial deadlines, and that each Plaintiff expressly consents to the requested continuance of the trial term and related pretrial deadlines.

## TRIAL COUNSEL CERTIFICATION:

*/s/. J. Feygin Esq.*
Trial Counsel for Plaintiffs
Date: September 3, 2025

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that a good faith conferral occurred regarding this motion. On August 5, 2025, undersigned emailed defense counsel to confer. Defense counsel advised that Defendant opposes a continuance of 180 days but would agree to a continuance of 90 days on the condition that mediation proceed as scheduled on September 3, 2025. No agreement was reached. Although this motion has been amended to reflect the current procedural posture and to include the certification required by Local Rule 3.08(b), the parties' positions remain unchanged. Undersigned remains available to confer further.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and extend all pretrial deadlines by 180 days, and for any further relief deemed just and proper by the Court.

        Respectfully submitted,

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

Michael A. Citron, Esq.
Florida Bar No.: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
(954) 395-2954 - Telephone
Michael@maclegalpa.com
service@maclegalpa.com

*Counsel for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.