UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

      Plaintiffs,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant.
_____

CASE NO. 3:24-cv-00948-WWB-PDB

## DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

COMES NOW Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(c), timely files this response in opposition to Plaintiffs/Counter-Defendants' Motion for Leave to File A Second Amended Complaint (the "Motion") (D.E. 54) as follows:

### STATEMENT OF MATERIAL FACTS

1. Plaintiffs, Isiah Robinson and Lisa Robinson ("Plaintiffs"), initiated this action against NAI on September 12, 2024, by filing a five-count Verified Complaint, to wit: (1) Action for Violation of the Federal Odometer Act; (2) Action for Fraud; (3) Action for Fraudulent Inducement; (4) Action for Breach of Express Warranty; and (5) Action for Revocation of Acceptance. (D.E. 1).

1

2. On December 19, 2024, the Court entered its Case Management and Scheduling Order, in which it set a deadline to amend the pleadings on January 27, 2025, and closed discovery as of August 29, 2025. (D.E. 22).

3. On February 19, 2025, Plaintiffs filed their Amended Motion for Leave to File An Amended Complaint, in which they sought leave to file an Amended Complaint against NAI as well as to add Robin Ramaghi ("Ramaghi") as a putative defendant to the action under Count I – the Action for Violation of the Federal Odometer Act. (D.E. 26).

4. Over NAI's objection, the Court granted Plaintiff leave to amend by its Order of March 21, 2025. (D.E. 28).

5. Plaintiffs' Verified Amended Complaint was filed as a stand-alone docket entry by Plaintiffs' counsel on March 28, 2025. (D.E. 30). In the Amended Complaint, Plaintiffs attempt to assert the following claims: (1) Action for Violation of the Federal Odometer Act (against NAI and Ramaghi); (2) Action for Fraud (against NAI); (3) Action for Fraudulent Inducement (against NAI); (4) Action for Breach of Express Warranty (against NAI); and (5) Action for Revocation of Acceptance (against NAI).

6. On August 25, 2025, Plaintiffs – through counsel who more recently appeared in the action[1] – filed the Motion. (D.E. 54).[2] In the Motion, Plaintiffs state that

---

[1] Attorney Michael Citron entered his appearance in the case as co-counsel for Plaintiffs on July 17, 2025. (D.E. 43).

[2] Footnote 1 of the Motion incorrectly asserts that Ramaghi's Motion to Dismiss was untimely. While this assertion appears to have no bearing on the relief currently requested by Plaintiffs, NAI nonetheless disagrees with counsel's representation. As was laid out in NAI's Response in Partial Opposition to Plaintiffs/Counter-Defendants' Motion for 180-Day Continuance of Pretrial Deadlines (D.E. 51), filed on August 14, 2025, NAI's counsel and co-counsel for Plaintiffs, Josh Feygin, communicated by e-mail regarding the Waiver of the Service of Summons form; it was signed and returned to Mr. Feygin on June 4, 2025; and Ramaghi's Motion to Dismiss was timely filed thereafter.

2

they are seeking leave to "bifurcate their Federal Odometer Act claims between the two Defendants in this case, in order to clarify their distinct roles and responsibilities" and to assert additional claims under the Florida Motor Vehicle Retain Sales Act against NAI and Ramaghi. (D.E. 54, p. 2).

## **ARGUMENT**

**I.  To the extent it was intended to be included, Plaintiffs' request to bifurcate their Federal Odometer Act claims between the two Defendants should be denied.**

At the outset, NAI notes that, while Plaintiffs state in the Introduction section of the Motion that they seek leave to bifurcate their Federal Odometer Act claims between the two Defendants "in order to clarify their distinct roles and responsibilities," Plaintiffs did not actually request such relief in the Motion. More specifically:

- the title to the pleading does not reference a motion to bifurcate;

- the opening paragraph of the Motion does not seek leave to bifurcate;

- the Legal Standard section of the Motion does not address the standard to be applied by the Court for bifurcating issues/claims in the case and/or to bifurcate trials on the same claim against two different defendants in an action;

- the Argument section of the Motion does not address, nor attempt to justify or explain, the reasons for Plaintiffs seeking or the reasons for the Court to allow bifurcation of the same claim against NAI and Ramaghi, which would immediately open the door to the potential for disparate results (especially in the case of a jury trial); and

- the Conclusion section of the Motion does not address bifurcation nor identify bifurcation of one particular claim/count as part of the relief being sought.[3]

In addition to these procedural deficiencies, the Motion does not address or justify bifurcation from a substantive standpoint. NAI is unable to more fully address Plaintiff's request to "bifurcate their Federal Odometer Act claims between the two Defendants in this case, in order to clarify their distinct roles and responsibilities," (D.E. 54, p. 2) because NAI has no idea what that means.[4] Because Plaintiffs have not supported a request for bifurcation with any rule, statute, case law or factual support (coupled with Plaintiffs' failure to attach the proposed Second Amended Complaint to the Motion, which is addressed below), NAI is not able to more fully respond in opposition to Plaintiffs' request. NAI will simply state that, until the Court rules on Ramaghi's Motion to Dismiss, which will determine whether Ramaghi remains as a party defendant in this action subject to Count I of the Amended Complaint (and/or until the Court rules on the instant Motion), NAI (and

---

[3] Even the Local Rule 3.01(g) Certification section of the Motion does not reference bifurcation and instead only references Rule 15, which does not apply to bifurcation, and "amendment."

[4] Nor is NAI able to glean any information from Plaintiffs' Response to Defendant Robin Ramaghai's Motion to Dismiss (D.E. 55) that may shed any light on this subject because Plaintiffs did not make any substantive arguments in response to the arguments raised in the Motion to Dismiss, choosing instead to rest on the argument that Ramaghi's Motion to Dismiss will be rendered moot if the Motion is granted. On that point, to the extent applicable to the Court's analysis of the Motion, NAI respectfully disagrees. This issue was addressed by the Court in *Melendez v. Hamilton*, Case No. 6:23-cv-2337-WWB-RMN, 2024 WL 5672325, at *1 (M.D. Fla. Sept. 9, 2024), wherein the Court held, "While Plaintiff correctly notes that Rule 15(a) gives parties the right to amend their pleading once as a matter of course, by filing a motion for leave to amend Plaintiff 'waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments.' (internal citations omitted). Thus, by seeking leave to file the amended pleading, Plaintiff waived any right he had to amend as a matter of course and the proposed First Amended Complaint is not the operative pleading in this case." *Id.*

4

Ramaghi) are unable to more fully address the potential bifurcation of Plaintiffs' Federal Odometer Act claims and any potential impact of bifurcation on the proceedings. NAI (and, as applicable, Ramaghi) respectfully requests the opportunity to address this issue further with the Court, as may be applicable.

## II. Plaintiffs' motion for leave to amend should likewise be denied.

NAI recognizes that leave to amend may be freely given upon certain circumstances when justice so requires it, but in this instance, NAI respectfully submits that the Motion should be denied. First and foremost, Plaintiffs did not attach their proposed Second Amended Complaint to the Motion[5], nor did Plaintiffs set forth the substance of the proposed amendment in the Motion itself (save for, at best, a single sentence that describes what Florida statute the to-be-added claims purportedly fall under), thereby preventing NAI and, more importantly the Court, from being able to assess the viability of the proposed amendment. *Plantation Botanicals, Inc. v. Euromed USA, Inc.*, Case No. 2:06-cv-103-FtM-99SPC, 2007 WL 461204, at *1 (M.D. Fla. Feb. 7, 2007) (wherein the Court accepted the Report and Recommendation of the Magistrate Judge, who noted that, "Pursuant to Fed.R.Civ.P. 7(b), the proper method to request leave to amend a complaint is either to attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court can assess the viability of proposed amendment" and finding that because the plaintiff failed to attach a copy of the proposed amendment complaint to its motion and the motion itself did not set forth the substance of the proposed amendment in a

---

[5] Although the Motion states that the proposed Second Amended Complaint is attached as Exhibit "A," the attachment at D.E. 54-1 is another copy of the Motion itself.

5

manner which would allow the court to assess the viability of the proposed amended complaint, the motion for leave to amend should be denied without prejudice until the plaintiff corrected the deficiency in its motion); *Farrell v. G.M.A.C.*, Case No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *1 (M.D. Fla. Apr. 15, 2008).[6]

More specifically, NAI is unable to more fully address whether Plaintiffs have acted with undue delay, are acting in bad faith, whether the amendment would cause NAI and Ramaghi undue prejudice,[7] and whether amendment would be futile.[8]  So too, the Court is unable to evaluate each of these factors by virtue of Plaintiffs' failure to attach the proposed Second Amended Complaint as an exhibit to the Motion.  On the issue of futility alone, "'[t]he Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. (internal citation omitted). 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.' (internal citations omitted)." *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1146 (M.D. Fla. 2012), *aff'd,* 517 F. App'x 664 (11th Cir. 2013); *Hall v. United Ins. Co. of Am.*, 367 F. 3d 1255, 1263 (11th Cir. 2004) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal," quoting *Burger*

---

[6] In fact, in *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002), the court noted that "the right to amend is not absolute." *Id.* at 1275.

[7] The Motion states, in a conclusory way, that "Defendants will not be unfairly prejudiced by this amendment." (D.E. 54, p. 3). Plaintiffs' sole support for that statement is NAI's prior willingness to consent to a 90-day continuance of the pretrial deadlines and trial date. *Id.* But that is no longer the case – NAI does not consent to a continuance (as was confirmed in Plaintiffs' Amended Motion for 180-Day Continuance (D.E. 58)), and NAI's prior willingness to consent to a 90-day continuance occurred well before it knew that Plaintiffs were going to seek leave to amend their Complaint yet again.

[8] It is also entirely unclear how or why Plaintiffs can credibly argue that "The amendment does not enlarge the case," (D.E. 54, p. 3) when the Motion plainly states that the amendment seeks to add yet another claim against NAI and Ramaghi under a Florida statute not previously invoked and/or not otherwise at issue in the case.

6

*King Corp. v. Weaver,* 169 F. 3d 1310, 1320 (11th Cir. 1999)); *Pettaway v. Miami Air Int'l, Inc.*, 624 F. Supp. 3d 1268, 1282-1283 (M.D. Fla. 2022); *Mutch v. PGA Tour, Inc.*, Case No. 3:04-cv-97-J-12TEM, 2006 WL 8439223, at *2 (M.D. Fla. Jan. 18, 2006).

In addition, Plaintiffs have not argued, much less demonstrated, good cause under Rule 16, Fed. R. Civ. P.  While the Motion states that that their proposed amendment is "timely, narrowly focused, and supported by information contained through written discovery responses and deposition testimony taken on August 15, 2025" (D.E. 54, p. 3), NAI and Ramaghi are unable to evaluate or address that statement in the absence of having the benefit of reviewing the proposed Second Amended Complaint.  To the extent the Motion relies on "information contained through written discovery responses," however, NAI's written discovery responses were served on Plaintiffs' counsel in early January 2025.[9]  Moreover, the Motion claims that the amendment will, among other things that NAI is unable to address, "streamline both discovery and trial presentation," but discovery is already closed (and, per the December 2024 Case Management and Scheduling Order, was due to close four days after the Motion was filed).

For all of these reasons, the Motion should respectfully be denied due to Plaintiffs' failure to exercise diligence in pursuing leave to amend and/or Plaintiffs' failure to satisfy

---

[9] Moreover, to the extent that the Motion is based on the NAI corporate representative deposition taken by Plaintiffs on August 15, 2025, that deposition was first discussed between counsel for the parties in mid-June and was confirmed by e-mail between counsel on June 24, 2025, to occur on August 15, 2025.  More specifically, on June 10, 2025, Mr. Feygin proposed a corporate rep deposition on July 29th or 30th "[d]ue to prior commitments on [his] end." Upon NAI's counsel proposing August 15th as an alternate date by e-mail on June 13th, Mr. Feygin responded on June 24th that he had just gotten back from being abroad, was catching up, and confirmed that August 15th worked for him. Undersigned counsel confirmed, by reply e-mail on June 24th, that August 15th remained available.

7

the "good cause" requirement under Rule 16, Fed. R. Civ. P. and/or Plaintiffs' failure to satisfy the requirements of Rule 15, Fed. R. Civ. P.

WHEREFORE, Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC., respectfully requests that the Court enter an Order denying Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, Motion for Leave to File A Second Amended Complaint, and for such further relief as the Court deems just and proper.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: jeldemire@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney

8