**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ISIAH ROBINSON and LISA CLAYTON ROBINSON, Each an Individual,<br><br>    Plaintiffs/Counter-Defendants,<br>vs.<br><br>NATIONAL AUTOMOTIVE, INC., a Florida Corporation,<br><br>    Defendant/Counter-Plaintiff. | **CASE NO.: 3:24-cv-00948**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY** |

Under Local Rule 3.01(d), the Court may permit a reply where warranted. "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). A reply is proper if it will assist the Court's resolution of the motion. *Weiss v. AT&T Inc.*, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023). Plaintiffs seek leave to file a seven (7) page reply to address only the new issues and law raised in Defendant's response as follows.

   *i.    Plaintiffs Seek Clarification of Counts*

Defendant argues leave to amend should be denied on the basis of an improper request for bifurcation. DE 60, pgs. 3-5. But as the Reply will show, Plaintiffs only intend to separate the Odometer Act claims against Defendant NAI and Defendant Ramaghai into distinct counts. As the Eleventh Circuit explained, "[b]ifurcation 'divides the claims for a limited period of time . . . but treats them as part of the same case for purposes of final resolution. In other words, [b]ifurcation does not produce two separate cases.'" *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Plaintiffs merely propose to clarify the

pleadings by separating the Odometer Act claims into two counts and developing the allegations as to Defedant Ramaghai's conspiracy to violate the Act. This approach addresses the very issues raised in Defendant Ramaghai's Motion to Dismiss [DE 55] and will streamline the case.

### ii. Plaintiffs satisfied Rule 15(a).

The Defendant further contends the Motion should be denied because Plaintiffs failed to comply with Rule 15(a), claiming Plaintiffs only dedicated one sentence to address the substance of the amendment. DE 60, p. 5. Yet, under Rule 15(a) the substance of the proposed amendment serves as the functional equivalent of a copy of the proposed amendment if it is sufficient on its face to inform the Court of the proposal." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277-78 (11th Cir. 2018) (internal quotation marks and citations omitted).

The proposed amended complaint was omitted due to a technical error. As will be explicated in the Reply, Plaintiffs nevertheless satisfied Rule 15(a) with a detailed summary of the proposed amendment, setting forth the very claims being raised, the legal basis for the same, and the extent of the amendments. *See* DE 54, p. 3.[1]

### iii. Plaintiffs timely showed good cause.

Defendant claims Plaintiffs failed to show good cause for amendment, pointing to the service of NAI's discovery responses in January 2025. See DE 60 at 7. That argument omits critical facts. As will be shown in the Reply, despite Plaintiffs' requests, the

---

[1] If the Court requires, Plaintiffs are prepared to append the proposed amended complaint with their Reply to enable the Court to assess the utility of the proposed amendments. *See Rajaraman v. GEICO Indem. Co.,* No. 23-CV-425-JPS, 2023 U.S. Dist. LEXIS 136594, at *6–7 (E.D. Wis. Aug. 7, 2023) (holding that although plaintiffs failed to attach the proposed amended complaint to their motion, the omission was cured on reply and leave to amend was still granted).

Defendant withheld responsive documents until August 7, 2025, and continued producing them piecemeal through August 15, the date of its corporate representative's deposition. Only after reviewing those materials and conducting that deposition, could Plaintiffs identify the unlawful late fees supporting the Motor Vehicle Retail Sales Finance Act claim. Only after deposing Defendant Ramaghai in her representative capacity did Plaintiffs uncover the facts supporting the Odometer Act claim. Defendant's delay forced Plaintiffs into a reactive posture, but once the withheld documents were disclosed, Plaintiffs acted promptly. Amendments based on newly revealed facts are routinely allowed, especially where Rule 9(b)'s heightened pleading standard applies. See *United States ex rel. Sedona Partners, LLC v. Able Moving and Storage Inc.*, 146 F.4th 1032, 1041 (11th Cir. 2025).

### 3.01(g) CERTIFICATION

The undersigned certifies that on September 9 & 10, 2025, counsel conferred by email and Defendant/Counter-Plaintiff objected to the requested relief.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2025, a true and correct copy of the foregoing has been served, via e-mail, to all counsel of record.

Respectfully submitted,

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:Josh@Sueyourdealer.com
**SUE YOUR DEALER– A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiffs*