UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each an
Individual,

      Plaintiffs,

v.

NATIONAL AUTOMOTIVE, INC.,
a Florida corporation,

      Defendant.

CASE NO. 3:24-cv-00948-WWB-PDB

---

### DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR PROTECTIVE ORDER OR ALTERNATIVELY MOTION TO QUASH PLAINTIFFS' PROPOSED SUBPOENA DUCES TECUM TO AMERIS BANK

COMES NOW Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Rules 26 and 45, Fed. R. Civ. P., timely files its Motion for Protective Order directed to Plaintiffs/Counter-Defendants' proposed Subpoena Duces Tecum for Production of Documents Without Deposition directed to Ameris Bank, attached as Exhibit A to Plaintiff's Notice of Production of Intent to Serve a Subpoena Duces Tecum, or alternatively a Motion to Quash said Subpoena Duces Tecum. In support, NAI states as follows:

### RELEVANT FACTUAL BACKGROUND

1.     On March 28, 2025, Plaintiffs filed their Verified Amended Complaint for Damages and Incidental Relief against NAI and co-Defendant, Robin Ramaghi ("Ramaghi"), stemming from the purchase and sale of a vehicle, in which Plaintiffs attempt to assert the following claims: (1) Action for Violation of the Federal Odometer Act (against

1

NAI and Ramaghi); (2) Action for Fraud (against NAI); (3) Action for Fraudulent Inducement (against NAI); (4) Action for Breach of Express Warranty (against NAI); and (5) Action for Revocation of Acceptance (against NAI). (D.E. 30). As can be seen, Count I is a claim under federal law, while the remaining claims are asserted under Florida law.

2.      On August 28, 2025, Plaintiffs served their Notice of Production of Intent to Serve a Subpoena *Duces Tecum* for Production of Documents Without Deposition (the "Notice of Production"). Attached to the Notice of Production as Exhibit A was a proposed Subpoena Duces Tecum (the "Subpoena") directed to Ameris Bank, which included Schedule A. A true and correct copy of Plaintiffs' Notice is attached hereto as Exhibit "A."

3.      The scope of Plaintiffs' proposed document request to Ameris Bank is factually inaccurate, overbroad in scope, ambiguous, not likely to lead to the discovery of admissible evidence, not proportional to the needs of the case, seeks irrelevant and immaterial information, and seeks proprietary business information belonging to NAI as well as private and protected financial information belonging to non-parties to this action. More specifically:

- Check No. 12479 was not negotiated or drawn against an account at Ameris Bank. Rather, a copy of it was produced to Plaintiffs in a "torn" format, and NAI's corporate representative testified that it was not negotiated by Plaintiffs. There is no dispute between the parties that Check No. 12479 was not negotiated.

- The definition of "Time Period" in the Subpoena is confusing and ambiguous because it appears to be dependent on the "issuance of Check No. 12479" rather than the deposit/negotiation of Check No. 12479, and moreover makes reference to "as drawn on National Automotive, Inc.'s Operating Account," but it is unclear if

2

that phrase relates to Check No. 12479 or the other requested checks. To compound the confusion, the proposed Subpoena does not attach a copy of Check No. 12479 for Ameris Bank's reference.

- NAI does not have an operating account at Ameris Bank ending in 54, as described in Section iii(1) of the Subpoena[1], but the definition of "Operating Account" is broader than the definition in Section iii(1), in that it defines it as "the checking or deposit account maintained by National Automotive, Inc. at Ameris Bank from which checks are drawn in the ordinary course of business, *including without limitation* the account upon which Check No. 12479 was issued." (italicized emphasis added).

- Based on the nature of Plaintiffs' claims against NAI, and given that Check No. 12479 was not even negotiated/deposited by Plaintiffs, Plaintiffs have no legitimate need for "five (5) checks immediately preceding Check No. 12479" and "five (5) checks immediately following Check No. 12479." Further, it is confusing and ambiguous as to whether Plaintiffs seek checks in a particular numerical order, e.g. checks no. 12474, 12475, 12476, 12477, 12478, 12480, 12481, 12482, 12483, 12484 (assuming such checks were even issued/negotiated), or whether Plaintiff seeks the production of five checks before the date reflected on Check No. 12479 and five checks after the date reflected on Check No. 12479, regardless of when said checks were actually (or ever) negotiated.

---

[1] Section iii(1) of the proposed Subpoena seeks, in pertinent part, "Copies (front and back) of the ten (10) checks drawn on the Operating Account of National Automotive, Inc. (*Account ending in 54)* maintained at Ameris Bank, as follows…" (italicized emphasis added).

3

- For each of the ten (10) checks that Plaintiffs seek, they seek "the entire document in its original form, including both the **front and back** of each check, all endorsements, deposit stamps, clearing information, and any electronically stored data or metadata that is part of the banking record." (bold emphasis in original). In Section iii(1) of the proposed Subpoena, Plaintiffs reframe the request as seeking "the full endorsement and deposit information, including any bank processing stamps, notations, or electronic clearing data appearing on the front and back of each check." But, based on the nature of Plaintiffs' claims against NAI, and given that Check No. 12479 was not even negotiated/deposited by Plaintiffs, Plaintiffs have no legitimate need for (a) the name of the payee on each requested check and/or any content on the For/memo line of each requested check, as that would require the disclosure of who NAI is/was doing business with and what the check was for, all of which is proprietary and confidential business information that is wholly unrelated to Plaintiffs' claims in this case; (b) the specific bank upon which each payee deposited/negotiated/cashed each requested check, which is private and protected financial information belonging to the payees, who have not been given notice of the potential disclosure of their banking information; and/or (c) the account number into which each payee deposited each requested check, which is likewise private and protected financial information belonging to the payees.

### MEMORANDUM

"Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1306

(11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and 'proportional to the needs of the case.'" Fed. R. Civ. P. 26(b)(1)." *Centennial Bank v. Servisfirst Bank Inc.*, Case No. 8:16-cv-88-T-36JSS, 2016 WL 4163560, at *2 (M.D. Fla. Aug. 5, 2016).

Further, "[a] party has standing to move to quash a subpoena directed at a non-party if the party alleges a 'personal right or privilege' with respect to the subpoenas." *Id.* at *3. But, "'[a] party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash.' *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)." *Id.* at *4. In this instance, NAI timely files this Motion prior to Plaintiffs' issuance and service of the proposed Subpoena on Ameris Bank.

For the reasons outlined in paragraph 3 above, NAI respectfully submits that the proposed Subpoena to Ameris Bank, as currently worded, seeks the production of information that is confusing, is neither relevant nor material to the claims at issue in this case (which are listed in paragraph 1 above), is not necessary to Plaintiffs in this action, and is not likely to lead to the discovery of admissible evidence. In the alternative, and at a minimum, to the extent the Court allows the Subpoena to be issued and served on Ameris Bank as currently worded, then NAI respectfully requests that its counsel have the opportunity to review and redact any confidential, proprietary or otherwise protected financial information from Ameris Bank's document production before its production to Plaintiffs and their counsel, with a corresponding privilege log provided to Plaintiffs'

counsel in conjunction therewith.[2]  NAI has a personal right, privilege and direct interest in protecting its own financial transactions and business dealings that have no bearing on or relationship to Plaintiffs or the transaction underlying the Amended Complaint, including the identity of others with whom NAI does business, the purpose for that business, and the financial information belonging to non-parties to these proceedings.[3]

**Local Rule 3.01(g) Certification:**    Pursuant to Local Rule 3.01(g), counsel certifies that she has attempted to confer with opposing counsel, Joshua Feygin and Michael Citron, on September 10 and 11, 2025, through e-mails and attempts to reach them by telephone, regarding the relief sought in this Motion and has not been advised by Plaintiffs' counsel if there is an agreement on the resolution of all or part of this motion. Undersigned counsel will continue to attempt to confer with Plaintiffs' counsel regarding the relief sought herein and will supplement this Motion accordingly.

WHEREFORE, Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC., respectfully requests that the Court enter an Order protecting against the production of

---

[2] Counsel would likewise maintain the original production from Ameris Bank intact and make said document production available for the Court's *in camera* review and inspection as deemed appropriate and/or necessary.

[3] *See, e.g. TTT Foods Holding Co. LLC v. Namm,* 2017 WL 4876209, at *2 (S.D. Fla. Jan. 19, 2017) ("'Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure.' *Rowe v. RodriguezSchmidt,* 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012) (citin g *Borck v. Borck,* 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005)). 'But, 'where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable.' ' *Elsner v. E-Commerce Coffee Club,* 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013) (citing *Bd. of Trs. of the Internal Improvement Trust Fund v. Am. Educ. Enters., LLC,* 99 So. 3d 450, 458 (Fla. 2012)). The party seeking discovery must provide a 'reasonable evidentiary basis' for the relevancy of the financial discovery. *Rowe,* 89 So. 3d at 1103; *Elsner v. E-Commerce Coffee Club,* 126 So. 3d 1261, 1264 (Fla. 4th DCA 2013).").  In this instance, Plaintiffs have no such reasonable evidentiary basis for the scope of the information sought from Ameris Bank.

documents from Ameris Bank as currently worded in the proposed Subpoena Duces Tecum, or without putting adequate safeguards in place to protect against the disclosure of unnecessary and protected proprietary business and financial information, or otherwise quashing the proposed Subpoena Duces Tecum directed to Ameris Bank, and for such further relief as the Court deems just and proper.

<div align="center">

**McGLINCHEY STAFFORD**

</div>

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: jeldemire@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC.***

<div align="center">

## CERTIFICATE OF SERVICE

</div>

I HEREBY CERTIFY that on September 11, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICTOF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

      Plaintiffs,

vs.

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation, and
ROBIN RAMAGHI, an
individual,

      Defendants.

_____/


NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

      Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

      Plaintiffs/Counter-Defendants.

_____/


## PLAINTIFF'S NOTICE OF PRODUCTION OF INTENT
## TO SERVE A SUBPOENA *DUCES TECUM* FOR PRODUCTION OF
## DOCUMENTS WITHOUT DEPOSITION

Notice is hereby provided that within 14 days from the filing of this Notice,

EXHIBIT "A"

pursuant to Local Rule 3.04 and Fed. R. Civ. P. 45, the undersigned will serve a Subpoena *Duces Tecum* for Production of Documents Without Deposition upon the Ameris Bank. A true and correct copy of the Subpoena is attached hereto as Exhibit A.

> ***/s/ Joshua Feygin***
> Joshua Feygin, Esq.
> FLORIDA BAR NO: 124685
> Email: Josh@sueyourdealer.com
> 1930 Harrison Street
> Suite 208 F
> Hollywood, FL 33020
> Telephone: (954) 228-5674
> Facsimile: (954) 697-0357
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was provided to the persons shown on the Service List, on August 28, 2025.

> **SUE YOUR DEALER – A LAW FIRM**
> ***/s/ Joshua Feygin***
> Joshua Feygin, Esq.

## SERVICE LIST

**NATIONAL AUTOMOTIVE, INC.**
C/o Kimberly Held Israel, Esq.
kisrael@mcglinchey.com
McGlinchey Stafford PLLC
Suite 200
10407 Centurion Parkway N.
Jacksonville, FL 32256

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| ISIAH ROBINSON, LISA CLAYTON ROBINSON | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:24-cv-00948 |
| NATIONAL AUTOMOTIVE, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      AMERIS BANK
C T CORPORATION SYSTEM 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: SUE YOUR DEALER - A LAW FIRM<br>      1930 Harrison Street, Suite 208 F<br>      Hollywood, FL 33020 | Date and Time:<br><br>     09/30/2025 5:00 pm |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/27/2025

         *CLERK OF COURT*

                                 OR

_____      /s/ Joshua Feygin, Esq.
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs,
ISIAH ROBINSON and LISA CLAYTON-ROBINSON _____ , who issues or requests this subpoena, are:
Joshua Feygin, Esq., 1930 Harrison St, Suite 208F, Hollywood, FL, 33020, Josh@sueyourdealer.com, 954-228-5674

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-00948

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICTOF FLORIDA
### JACKSONVILLE DIVISION

### CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

   Plaintiffs,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

   Defendant.

_____/

NATIONAL AUTOMOTIVE,
INC., a Florida Corporation,

   Defendant/Counter-Plaintiff,

v.

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual.

   Plaintiffs/Counter-Defendants.

_____/

### **SCHEDULE A**

  The following documents and electronically stored information are to be produced in connection with the subpoena duces tecum served upon the custodian of records for AMERIS BANK.

 **i.**   **DEFINITIONS**

1.    **"National Automotive, Inc."** means the defendant National Automotive, Inc., together with its predecessors, successors, assigns, affiliates, divisions, parents, subsidiaries, owners, officers, directors, employees, agents, representatives, and any other persons acting or purporting to act on its behalf.

2.    **"Ameris Bank" or "Bank"** means Ameris Bank, including but not limited to its agents, officers, directors, employees, representatives, custodians, branches, departments, divisions, affiliates, or any other person or entity acting or purporting to act on its behalf.

3.    **"Operating Account"** means the checking or deposit account maintained by National Automotive, Inc. at Ameris Bank from which checks are drawn in the ordinary course of business, including without limitation the account upon which Check No. 12479 was issued.

4.    **"Check" or "Checks"** means any negotiable instrument or draft drawn on the Operating Account, whether physical or electronic, and includes all endorsements, deposit information, front and back images, and any processing data (including magnetic ink character recognition (MICR) data, clearinghouse information, or substitute check images).

5.    **"Document" or "Documents"** shall have the broadest meaning ascribed under Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and includes, without limitation, all originals, drafts, copies, reproductions, images, or electronically stored information ("ESI") from which information can be obtained, whether inscribed by hand, print, electronic, or any other means.

6.    **"You" or "Your"** means Ameris Bank and any of its present or former agents, officers, directors, employees, representatives, or custodians having possession, custody, or control of the documents requested herein.

7. **"Relating to" or "Concerning"** means, without limitation, referring to, describing, discussing, constituting, comprising, evidencing, containing, embodying, reflecting, identifying, or in any way pertaining to the subject matter at issue.

## ii. INSTRUCTIONS

1. **Time Period.** Unless otherwise specified, the time period for this request is limited to the issuance of Check No. 12479 and encompasses the five (5) checks immediately preceding and the five (5) checks immediately following that check, as drawn on National Automotive, Inc.'s Operating Account.

2. **Complete Production.** Produce the entire document in its original form, including both the **front and back** of each check, all endorsements, deposit stamps, clearing information, and any electronically stored data or metadata that is part of the banking record.

3. **Legibility.** All documents must be produced in a reasonably legible form. If any document cannot be legibly reproduced, produce the original document for inspection.

4. **Organization.** Documents shall be produced as kept in the ordinary course of business or organized and labeled to correspond to the categories in this subpoena.

5. **Duplicates.** If the same document exists in multiple versions, produce each version in your possession, custody, or control, including any that contain handwritten notes, stamps, signatures, or other alterations.

6. **Privilege Log.** If you withhold any document on the basis of privilege or work product, provide a privilege log identifying the nature of the document, the parties to it, the date, and the basis for the privilege asserted.

7.    **Supplementation.** This request is deemed a continuing one, and if additional responsive documents are located or created after the date of your initial production, you are under a duty to supplement your production promptly.

8.    **Interpretation.** These requests are intended to be construed broadly to secure full disclosure. If you cannot comply with any part of a request, comply with all parts you can, and state the reasons for your inability to comply with the remainder.

iii.    **DOCUMENTS TO BE PRODUCED BY AMERIS BANK**

Pursuant to the Subpoena Duces Tecum issued in the matter of *Robinson, et al. v. National Automotive, Inc., et al.*, pending in the United States District Court, Middle District of Florida, you are commanded to produce the following records:

1.    Copies (front and back) of the ten (10) checks drawn on the Operating Account of National Automotive, Inc. (Account ending in 54) maintained at Ameris Bank, as follows:

a.    The five (5) checks immediately preceding Check No. 12479; and

b.    The five (5) checks immediately following Check No. 12479.

2.    Each produced item should reflect the full endorsement and deposit information, including any bank processing stamps, notations, or electronic clearing data appearing on the front and back of each check.

3.    In addition to producing the documents described above, Ameris Bank shall provide a sworn Custodian of Records Affidavit or business records certification, executed by the custodian of records or other qualified witness, attesting to the following:

a. That the attached documents are true and correct copies of records kept by Ameris Bank in the ordinary course of its regularly conducted business activities;

b. That the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

c. That the records were kept in the course of a regularly conducted business activity; and That it is the regular practice of Ameris Bank to make and maintain such records.

Such certification should be in affidavit form and notarized, or in the form of a written declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, sufficient to satisfy the requirements of Federal Rules of Evidence 803(6) and 902(11).