United States District Court
Middle District of Florida
Jacksonville Division

**ISIAH ROBINSON &
LISA CLAYTON ROBINSON,**

 *Plaintiffs & Counter-defendants,*

v.

**NATIONAL AUTOMOTIVE, INC.,**     **NO. 3:24-CV-948-WWB-PDB**

 *Defendant & Counter-claimant,*

&

**ROBIN RAMAGHI,**

 *Defendant.*

# Order

 The one-year anniversary of this action is this week. *See* Doc. 1.

 The court imposed a January 2025 deadline to add parties or otherwise amend the pleadings and an August 2025 deadline to complete discovery. Doc. 22. The plaintiffs belatedly amended their pleading, Docs. 29, 30, with the court's permission, Doc. 28; one defendant answered the amended pleading and raised a counterclaim, Doc. 39; the plaintiffs answered the counterclaim, Doc. 40; the other defendant moved to dismiss the amended pleading and for attorney's fees, Doc. 46; and the plaintiffs responded to the motion to dismiss and for attorney's fees, Doc. 55. The plaintiffs now move to amend their pleading again through a motion filed four days before the discovery period

ended. Doc. 54. At least one defendant opposes the amendment. Doc. 60. The plaintiffs also move for leave to reply to the response in opposition. Doc. 63.

The law on amending a pleading is in the order entered on March 21, 2025. *See* Doc. 28. Added to that law is this: the scope of discovery depends on the claims and defenses, *see* Fed. R. Civ. P. 26(b)(1); and a motion for leave to amend a pleading should either state the substance of the proposed amendment or include the proposed amended pleading, *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018).

Both of the plaintiffs' motions, Docs. 54, 63, are **denied**.

A motion requesting leave to reply "must specify the need for … the proposed reply" but "must not include the proposed reply." Local Rule 3.01(d). The plaintiffs explain what they mean in their request for bifurcation. Doc. 63 at 1–2. The plaintiffs assert that the reason for their delayed motion for leave to amend was the withholding of responsive documents. Doc. 63 at 2–3. The plaintiffs argue, "Only after reviewing those materials and conducting that deposition, could Plaintiffs identify the unlawful fees supporting the Motor Vehicle Retail Sales Financial Act claim." Doc. 63 at 3. The plaintiffs state that their failure to include the proposed amended pleading with their motion for leave to amend was "due to a technical error." Doc. 63 at 2. The motion for leave to reply is really a reply itself, in violation of Local Rule 3.01(d).

The deadlines to amend the pleadings and complete discovery has passed. *See* Doc. 22. The plaintiffs fail to show that, despite diligence, they could not have discovered the evidence to support the new claim earlier, a particularly difficult showing considering that the plaintiffs themselves were the ones who were charged the allegedly improper late fee, *see* Doc. 54 at 3,

and who retained counsel with "Sue Your Dealer—A Law Firm" before the litigation began to help them determine the legality of the defendants' actions. The plaintiffs fail to sufficiently detail or coherently explain the need for "bifurcation" in the motion for leave to amend. *See* Doc. 54.

At some point, the pleadings must close. That said, moving for amendment during and after trial, *see* Fed. R. Civ. P. 15(b)(1), remains available to the plaintiffs if they can satisfy the requirements of the rule.

**Ordered** in Jacksonville, Florida, on September 11, 2025.

Patricia D. Barksdale
United States Magistrate Judge