UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA CLAYTON ROBINSON, Each an Individual,

    Plaintiffs,

v.

NATIONAL AUTOMOTIVE, INC., a Florida corporation,

    Defendant.
_____

CASE NO. 3:24-cv-00948-WWB-PDB

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' FIRST AMENDED MOTION FOR 180-DAY CONTINUANCE OF PRETRIAL DEADLINES**

COMES NOW Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(c), files this response in opposition to Plaintiffs/Counter-Defendants' Motion for 180-Day Continuance of Pretrial Deadlines (the "Motion") (D.E. 58)[1] as follows:

1. Plaintiffs' original Complaint against NAI was filed on September 12, 2024. (D.E. 1).

2. NAI filed its Answer and Affirmative Defenses to the Complaint and its original Counterclaim on November 8, 2024. (D.E. 17).

---

[1] Plaintiffs' Motion at D.E. 57 was replaced by the operative Motion at D.E. 58. The Motion at D.E. 57 incorrectly stated that NAI did not oppose a continuance. Plaintiffs' counsel addressed and clarified this in his Local Rule 3.01(g) certification at D.E. 58. Only to the extent deemed necessary, NAI also intends this Response to oppose the identical relief sought by Plaintiffs in their Motion at D.E. 57.

3. On February 19, 2025, Plaintiffs filed their Amended Motion for Leave to File an Amended Complaint (D.E. 26), in which the proposed Verified Amended Complaint sought to add a claim against co-defendant, Robin Ramaghi ("Ramaghi"), under Count I only, which is the claim for an alleged violation of the Federal Odometer Act. Plaintiffs attached NAI's amended answers to interrogatories numbered 7 and 8 as Exhibit E to their Amended Motion, which verified amended answers were served on Plaintiffs' counsel on January 26, 2025,[2] as support for Plaintiffs seeking leave to amend to add Ramaghi to the suit.

4. On March 28, 2025, Plaintiffs filed their Verified Amended Complaint (the "Amended Complaint"), which added Ramaghi as a defendant in Count I only.

5. As was addressed in NAI's Response to Plaintiffs' prior motion for a continuance (D.E. 51, pgs. 1-2, ¶ ¶ 2 and 3), Ramaghi timely filed her Motion to Dismiss the Amended Complaint, which is pending.[3]

6. Ramaghi was deposed for a few hours by Plaintiffs' counsel on August 15, 2025, in her capacity as the corporate representative of NAI.[4]

---

[2] In its original answers to Interrogatories served on Plaintiffs' counsel on January 9, 2025, in particular in response to Interrogatory number 2, NAI identified the people who were believed or known to have knowledge of the issues in the case, and the first person listed was Ramaghi. *See, e.g.,* D.E. 26 at Exhibit "B" (p. 30 of 106).

[3] Although Plaintiffs filed a Response to the Motion to Dismiss (D.E. 55), the Response does not actually address the substantive arguments raised by Ramaghi regarding the claim asserted against her, instead arguing the Motion to Dismiss is moot because Plaintiffs had sought leave to amend (D.E. 54), which motion has since been denied by the Court. (D.E. 65).

[4] The only deposition that Plaintiffs have taken is NAI's corporate representative on August 15, 2025. NAI deposed Plaintiffs on July 29, 2025.

7. There is no outstanding paper discovery served by either party on the other(s).[5]

8. As of the filing of this Response, Plaintiffs' motion to amend the Amended Complaint has been denied (D.E. 65), and discovery is closed. (D.E. 22).[6] The parties have already timely complied with the Court's requirement to mediate by September 12, 2025.

9. NAI respectfully opposes Plaintiffs' requested 180-day continuance, as such length of time is unnecessary and excessive given the procedural posture of the case and the discovery conducted by the parties thus far. In their Motion, Plaintiffs did not describe any specific discovery directed to Ramaghi (or about the asserted claim against Ramaghi) that they will need to conduct, or that they did not already have an opportunity to conduct in the year since the case was filed, that would justify a 180-day continuance in the event Ramaghi's Motion to Dismiss is denied.[7] Further, Plaintiffs did

---

[5] In August 2025, each side notified the other side of their respective intent to serve additional non-party Subpoenas Duces Tecum. NAI recently filed a Motion for Protective Order or Alternatively Motion to Quash as to Plaintiffs' proposed Subpoena Duces Tecum directed to Ameris Bank (D.E. 64), which is pending, and counsel for the parties are in ongoing communications about that proposed Subpoena. No objections were raised regarding the other non-party Subpoenas, and the objection period(s) have passed.

[6] Neither party has disclosed any expert witnesses or expert reports, and the time for doing so has passed. (D.E. 22).

[7] NAI is confused by Plaintiffs' statement that they need "discovery that is necessary to develop the claims, clarify the scope of [Ramaghi's] involvement in the alleged fraud…" (D.E. 58, p. 2, under "Procedural Background"). Given that Plaintiffs sought leave to amend their Complaint in mid-February 2025 to add an intent-based/fraud-based claim against Ramaghi (D.E. 26), presumably Plaintiffs would have already either developed the facts or conducted the discovery necessary to justify seeking leave to assert such a claim against Ramaghi in the first place, and Plaintiffs should have already "clarified the scope" of Ramaghi's alleged involvement in the alleged fraud before filing the Amended Complaint on March 28, 2025. (D.E. 30). Granted, Plaintiffs' failure to "clarify the scope" of Ramaghi's alleged involvement in the alleged fraud is generally the subject of her pending Motion to Dismiss.

3

not argue, nor did they establish, that they have somehow been precluded from deposing fact witnesses who may have information and knowledge about Plaintiffs' claim against Ramaghi.

10.   For these reasons, and because Plaintiffs have not demonstrated good cause to support a 180-day/six-month continuance of these proceedings, NAI respectfully submits that Plaintiffs' Motion should be denied.

WHEREFORE, Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC., respectfully requests that the Court enter an Order denying Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON, First Amended Motion for 180-Day Continuance of Pretrial Deadlines (D.E. 58), and for such further relief as the Court deems just and proper.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287
10375 Centurion Pkwy. N., Ste. 420
Jacksonville, FL 32256
Telephone: (904) 224-4449
Fax: (904) 485-8083
Primary E-Mail: kisrael@mcglinchey.com
Secondary E-Mail: jeldemire@mcglinchey.com
***Attorney for Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, causing a copy to be served on counsel for all parties of record.

*/s/ Kimberly Held Israel*
Attorney