## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,

    Plaintiffs and Counter-Defendants,

vs.

NATIONAL AUTOMOTIVE, INC., a
Florida Corporation,

    Defendant and Counter-Plaintiff.
_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM, INCORPORATED STATEMENT OF MATERIAL FACTS, AND <u>MEMORANDUM OF LAW</u>**

The Plaintiffs, ISIAH ROBINSON and LISA CLAYTON ROBINSON, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 3.01, respectfully move this Court for entry of final summary judgment in their favor and against Defendant NATIONAL AUTOMOTIVE INC. as to Defendant's Amended Counterclaim, which appears at docket entry (D.E.) number 39. As explained below, Defendant's Counterclaim is contradicted by the undisputed record, unsupported by competent evidence, barred by lack of standing, and devoid of any triable issue of material fact.

**I. INTRODUCTION**

The Defendant's Counterclaim alleges that Plaintiffs disabled or removed a GPS tracking device on or about May 4, 2024, from the vehicle they purchased from the Defendant. But subpoenaed data from SVR Tracking—the GPS tracking service administrator hired by the Defendant, shows that the GPS device continued transmitting location updates through at least September 30, 2024. Defendant's own Rule 30(b) (6)

witness conceded that she has no personal knowledge of any disablement and that a power loss in the vehicle was a plausible explanation for the temporary inactivity.

Critically, the Defendant lacks standing to assert any claim related to the GPS, has never verified any of its interrogatory responses, and failed to disclose or prove any damages. Its fee claim under the Counterclaim further entitles Plaintiffs to reciprocal fees under Fla. Stat. Sec. 57.105(7). The Counterclaim is baseless and should be disposed of summarily.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). All factual inferences must be construed in favor of the nonmoving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).

Once the moving party has met its burden, the burden then shifts to the non-moving party to come forward with evidence showing a genuine dispute. *Bailey v. Allgas Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002). "If the record, taken as a whole, cannot lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When opposing stories exist, but one is "blatantly contradicted by the record," summary judgment is appropriate. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III. INCORPORATED STATEMENT OF MATERIAL FACTS**

1. Plaintiffs purchased a 2011 Chevrolet Equinox from Defendant for $10,000.00 on September 8, 2023. See D.E. 19 at 2; a true and correct copy of the Buyer's Order is attached here as Exhibit A.

2. Defendant filed its Amended Counterclaim on April 29, 2024 [D.E. 39, beginning at 15], alleging that Plaintiffs intentionally disabled or caused the GPS unit to be removed on or about May 4, 2024.

3. SVR Tracking produced subpoenaed records showing GPS activity through September 30, 2024. A true and correct copy of the subpoena response is attached here as Exhibit B.

4. The only lapse in GPS activity occurred between May 4, 2024, and September 6, 2024, and was due to the vehicle losing power. Ex. B; see also Ramaghi Deposition, Exhibit C at Pp. 141-142, 151-157.

5. Plaintiff Isiah Robinson testified that the vehicle sat idle during that time period. A true and correct copy of Mr. Robinson's affidavit is attached as Exhibit D.

6. Defendant's Rule 30(b)(6) designee, Robin Byler Ramaghi, confirmed that she had no personal knowledge that the GPS was disabled or removed. Ex. C at 135-36, 140-42; 152, 158, 161-62.

7. Ms. Ramaghi admitted the GPS could have stopped reporting due to vehicle battery loss, and no inspection was ever performed. *Id*.

8. Defendant's Rule 26 Initial Disclosures do not identify any person with knowledge of tampering or any documents evidencing removal or disablement. A true and correct copy is attached here as Exhibit E.

9. Defendant has not produced any evidence of damages related to the alleged GPS disablement, and its disclosures contain no computation under Rule 26. Ex. E at 3.

10. Defendant's discovery responses were never verified. A true and correct copy is attached here as Exhibit F.

11. Defendant never produced any SVR diagnostic reports, invoices, or technical confirmations of GPS disablement. See Ex. B; Ex. C.

12. The GPS Acknowledgment form contains no enforceable penalty clause, default provision, attorney's fee provision, or damages mechanism. A true and correct copy is attached here as Exhibit G.

13. The RISC does not incorporate or otherwise reference the GPS Acknowledgment form.

14. Defendant's Counterclaim seeks attorneys' fees without any underlying agreement or statutory basis entitling it to such recovery. See D.E. 39, ¶29.

## IV. ARGUMENT

### A. *There Is No Evidence of Breach*

Defendant has failed to produce competent evidence that Plaintiffs disabled or removed the GPS unit. SVR's records, Mr. Robinson's testimony, and Ms. Ramaghi's admissions all confirm that the vehicle merely lost power. There is no genuine dispute. The Defendant cannot meet its burden. See *Celotex*, 477 U.S. at 325; *Clark v. Coats & Clark Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

### B. *Defendant Lacks Article III Standing: No Concrete Injury, No Jurisdiction*

To establish standing in federal court, a plaintiff must satisfy three essential

elements: (1) an injury in fact that is concrete and particularized and actual or imminent; (2) causation showing the injury is fairly traceable to the defendant's conduct; and (3) redressability demonstrating the injury can be remedied by judicial relief. *Amato v. Elicker*, 534 F. Supp. 3d 196 (D. Conn. 2021). The injury-in-fact requirement demands that the harm be "de facto"—that is, real and not abstract. *Diedrich v. Ocwen Loan Servicing LLC*, 839 F.3d 583 (7th Cir. 2016); *Yaw v. Del. River Basin Comm'n Del. Riverkeeper Network*, 49 F.4th 302 (3d Cir. 2022). These principles form the constitutional floor of federal jurisdiction.

The Supreme Court has made clear that "a bare procedural violation, divorced from any concrete harm," is insufficient to satisfy Article III. *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818 7th Cir. 2016). Likewise, "deprivation of a procedural right" in violation of a statute "is insufficient to create Article III standing" without "some concrete interest that is affected by the deprivation." *Phillips v. United States Customs & Border Protection*, 74 F.4th 986 (9th Cir. 2023).

For intangible harms, courts must assess whether the asserted injury bears "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts, such as physical harm, monetary harm, or various intangible harms." *Bassett v. Credit Bureau Servs.*, 60 F.4th 1132 (8th Cir. 2023). This historical analogy need not be an exact duplicate, but there must be a "close historical or common-law analogue." *Nixon v. Pond5 Inc.*, 2025 U.S. Dist. LEXIS 138221 (S.D.N.Y. July 21, 2025); *Salazar v. NBA*, 118 F.4th 533 (2d Cir. 2024). Only those plaintiffs who have been concretely harmed by a defendant's conduct may sue in federal court. *Bassett*, 60 F.4th 1132.

Applying these well-settled principles, NAI lacks standing because it has failed to allege or establish any concrete injury stemming from the alleged GPS disablement. Even assuming arguendo that NAI owns the GPS unit through a subscription with SVR, its Counterclaim fails at the threshold for lack of injury in fact. NAI has not alleged that the vehicle was in default, that it sought to repossess the vehicle, or that any effort to enforce its rights was impaired.

The loss of GPS signal alone is legally insufficient to create standing. The record is undisputed that the gap in GPS activity was due to vehicle power loss, not tampering or removal, and that activity resumed without intervention. NAI never requested recovery assistance from SVR, never engaged a third-party to locate the vehicle, never attempted repossession, and never even initiated an inquiry to determine whether the GPS was functioning properly. This total absence of follow-up eviscerates any suggestion of actual or imminent harm.

Indeed, if NAI had suffered impairment of its security interest, a repossession effort or demand for return of the vehicle would be expected. But the absence of any such allegation fatally undermines the required showing of concrete harm. As the Eleventh Circuit has made clear, standing cannot rest on speculative or hypothetical threats. A plaintiff must allege "an injury in fact, a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Klos v. Paulson*, 309 Fed. Appx. 322 (11th Cir. 2009).

The Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) reinforces that "mere risk of future harm without more does not give rise to Article III standing for recovery of damages." *Green-Cooper v. Brinker Int'l Inc.*, 73 F.4th 883 (11th

Cir. 2023). A theoretical or technical breach, without evidence of impact on NAI's security interest, fails as a matter of law. *See McCullum v. Orlando Reg'l Healthcare Sys.*, 768 F.3d 1135 (11th Cir. 2014)(plaintiff must come forward with evidence showing injury that is actual, concrete, and not speculative).

Moreover, NAI has not identified any traditional harm historically recognized at common law that could analogize to this situation. There is no allegation of trespass, conversion, impairment of security, or interference with contract. The claimed injury is untethered to any historically cognizable tort or contractual harm. *See again Nixon*, 2025 U.S. Dist. LEXIS 138221; *Bassett*, 60 F.4th 1132.

The Counterclaim appears to rest entirely on the supposition that "if the GPS was disabled, then damage must have occurred." This is precisely the kind of "abstract harm" that federal courts have consistently rejected as insufficient to confer standing. *Jacobrown v. United States*, 764 F. Supp. 2d 221 (D.D.C. 2011); *Ndaba v. Obama*, 697 F. Supp. 2d 75 (D.D.C. 2010).

Further undermining NAI's position is the integration clause in the Retail Installment Sales Contract, which states that the "entire agreement is contained in this Contract," and that "any change to this Contract must be in writing and signed by you and us." Under Florida law, the RISC's merger clause supersedes any other agreements, including the GPS Agreement and its terms. *See Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 53 n.1 (Fla. 1st DCA 2005). Moreover, parol evidence, including agreements like the GPS Agreement, cannot be introduced to alter the RISC's terms. Duval Motors Co., 73 So. 3d at 265, 269 (parole evidence includes "other extrinsic evidence" like a previously signed agreement "where such agreement was made before or at the time of the instrument in

question.") (Emphasis supplied). The GPS acknowledgment form contains no default remedy, forfeiture provision, or condition subsequent that would tie GPS functionality to contractual breach. Thus, even if a disablement occurred, NAI cannot identify any contractual right that was impaired.

Finally, NAI has not produced or disclosed any computation of damages under Rule 26(a)(1)(A)(iii), nor has it supported its Counterclaim with verified discovery responses or evidence. The speculative nature of its claim, combined with its complete failure to articulate or quantify harm, underscores the absence of standing.

Accordingly, NAI's Counterclaim must be dismissed as a matter of law for want of Article III standing. It has failed to allege any concrete, particularized injury, identify an impairment to any enforceable legal interest, or articulate a historical or common-law analogue that would support federal jurisdiction. In the absence of default, repossession efforts, monetary loss, or the deprivation of a cognizable contractual right, NAI's claim is jurisdictionally deficient and cannot survive summary judgment.

Even assuming arguendo that a technical breach occurred, NAI has failed to present any competent evidence of damages. It has not disclosed a GPS replacement cost, repair invoice, service disruption, towing fee, or any financial loss attributable to the alleged disablement. *See again* Exhibit F, a true and correct copy of Defendant's Responses to Interrogatories, which remain unverified.[1] Nor has the Defendant provided

---

[1] Fed. R. Civ. P. 33 requires that interrogatory responses be answered fully, in writing, and under oath. See Fed. R. Civ. P. 33(b)(3). Rule 33(b)(5) further mandates that the responding party must personally sign the answers under penalty of perjury, while objections must be signed by the attorney. Neither occurred here, and the Defendant utterly failed to sign the responses at all, let alone verify them under oath or provide notarization. Courts within the Eleventh Circuit have consistently held that such responses are not competent summary judgment evidence. See *Carr v. Tatangelo*, 338 F.3d 1259, 1273 (11th Cir. 2003) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158

any Rule 26(a)(1)(A)(iii) computation of damages. *See Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011). The absence of damages is independently fatal. Summary judgment is appropriate. *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Although inadmissible as unsworn and unsigned, Defendant's interrogatory responses, if considered, merely underscore the absence of any triable issue, reinforcing both Defendant's lack of standing and the speculative nature of its alleged harm. Defendant expressly admits that it "has not yet calculated the damages it has incurred" and concedes that it does not know whether the GPS device was removed, whether it remains on the vehicle, or whether it is repairable. *See again* Exhibit F. These admissions, even if properly verified, would be legally insufficient to establish injury in fact, causation, or redressability.

In short, even if the Court were to overlook the Defendant's fatal procedural deficiencies in their discovery responses, which it should not, Defendant's own responses affirmatively establish that it lacks any non-speculative injury. It cannot quantify damages, cannot verify harm, and cannot show any impairment of a concrete interest. The Defendant's assertions are limited to speculation that it may be forced to replace the GPS unit or face some future risk if a repossession is attempted, while simultaneously acknowledging it does not know whether the device is still installed, repairable, or requires replacement. The Defendant has also produced no supporting documentation, no

---

n.17 (1970)) (holding that interrogatory responses not signed under oath "cannot be considered in ruling on a motion for summary judgment"). See also *United States v. Quebe*, 321 F.R.D. 303, 314 (S.D. Ohio 2017) (unverified responses lack evidentiary value and are inadmissible at trial).

invoices, repair estimates, subscription cancellation fees, towing expenses, diagnostic reports, or third-party evaluations. Despite asserting that Plaintiffs "refused to allow inspection," Defendant never moved to compel such inspection or pursued any discovery remedy to determine the GPS unit's status. These omissions reflect a complete failure of proof on the essential element of damages. Altogether, summary judgment against the Defendant is proper here, as the Defendant has no standing to maintain its counterclaim against the Plaintiffs.

The alleged inability to monitor the vehicle's location does not, by itself, constitute a compensable injury under the law. No repossession was attempted. No theft occurred. No financial loss has been claimed. The Eleventh Circuit has consistently held that speculative or contingent injuries cannot support standing or relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023).

Defendant's assertion that it "is also at risk of additional damages" only further confirms the hypothetical and contingent nature of the alleged harm. As the Eleventh Circuit has made clear, "[a] threatened injury must be certainly impending." Without a concrete loss tied to the alleged disablement, there is no genuine issue for trial.

### C. *Rule 30(b)(6) Testimony Bars Speculation*

Ms. Ramaghi's sworn testimony forecloses any genuine issue. She had no personal knowledge of any tampering. Her admissions are binding. See e.g., *Rosen v. Provident Life and Accident Ins. Co.*, 308 F. Supp. 2d 1304, 1307 (S.D. Fla. 2004).

### D. *Fee Request Triggers Entitlement Under Section 57.105(7)*

To the extent the Court finds the GPS Acknowledgment to be incorporated to the

RISC, Defendant's demand for attorney's fees activates Plaintiffs' reciprocal entitlement to attorneys' fees. *See*, Fla. Stat. § 57.105(7). The Court should reserve jurisdiction to award reasonable fees upon conclusion of this matter.

Fla. Stat. § 57.105 provides a clear legal basis for the argument that if the GPS Acknowledgment is incorporated into the Retail Installment Sales Contract (RISC), the Defendant's demand for attorney's fees triggers the Plaintiffs' reciprocal entitlement to attorney's fees. The statute states that if a contract contains a provision allowing attorney's fees to one party for enforcing the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action with respect to the contract. This provision applies to contracts entered into on or after October 1, 1988 Fla. Stat. § 57.105, *Nagel v. Glob. Growth Holdings, Inc.*, 730 F. Supp. 3d 1243 (M.D. Fla. 2024), *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, 2023 U.S. Dist. LEXIS 143444 (M.D. Fla. 2023).

Case law supports the application of Fla. Stat. § 57.105 to transform unilateral attorney's fee provisions into reciprocal ones. For example, in *Nagel v. Glob. Growth Holdings, Inc.*, 730 F. Supp. 3d 1243, the court emphasized that Fla. Stat. § 57.105 applies when a contract includes a provision for attorney's fees for one party, and the other party prevails in an action related to the contract. The statute ensures mutuality of attorney's fees, even if the original contract provision was unilateral. See again *Nagel v. Glob. Growth Holdings, Inc.*, 730 F. Supp. 3d 1243. Similarly, in Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald, 215 So. 3d 116, 119 (Fla. 3d DCA 2017), the court noted that Fla. Stat. § 57.105 statutorily transforms a one-sided attorney's fee provision into a reciprocal one, ensuring fairness between the parties *Endurance Am.*

*Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, 2023 U.S. Dist. LEXIS 143444.

Additionally, Florida courts have consistently held that once the statutory conditions of Fla. Stat. § 57.105 are met, an award of attorney's fees is mandatory for the prevailing party. For instance, in *Scotlynn USA Div., Inc. v. Titan Trans Corp.*, 2022 U.S. Dist. LEXIS 173700 (M.D. Fla. September 26, 2022), the court affirmed that Fla. Stat. § 57.105 mandates reciprocity in attorney's fee provisions, even if the original contract only allowed fees for one party. *Scotlynn* at *13 (M.D. Fla. Sep. 26, 2022). This principle was also upheld in *Holiday Square Owners Ass'n v. Tsetsenis* (Fla. 5th DCA 2002), where the court ruled that once a party is deemed the prevailing party under Fla. Stat. § 57.105, the award of fees is obligatory *RABCO Corp. v. Steele Plaza, LLC*, 2018 U.S. Dist. LEXIS 227802 (M.D. Fla. August 9, 2018).

Finally, the court should reserve jurisdiction to award reasonable fees upon the conclusion of the matter. Courts have recognized the necessity of reserving jurisdiction to determine the amount of fees after entitlement is established. For example, *in Scotlynn United States Div., Inc. v. Titan Trans Corp.*, 2023 U.S. Dist. LEXIS 175834 (M.D. Fla. August 2, 2023), the court directed the prevailing party to file a supplemental motion to determine the amount of fees and costs after entitlement was granted Scotlynn USA Div., Inc. v. Titan Trans Corp., No. 2:18-cv-521-JLB-NPM, 2022 U.S. Dist. LEXIS 173700, at *10 (M.D. Fla. Sep. 26, 2022). This approach ensures that the prevailing party's entitlement to fees is fully adjudicated in accordance with § 57.105(7).

## V. CONCLUSION

Overall, there are no material facts in dispute. The Defendant's counterclaim is refuted by its own admissions, contradicted by record evidence, unsupported by verified

discovery, and legally barred. Summary judgment should be entered in Plaintiffs' favor.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Enter summary judgment in favor of Plaintiffs on the entirety of Defendant's Counterclaim;

2. Dismiss the Counterclaim with prejudice;

3. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to section 57.105(7);

4. Reserve jurisdiction to determine the amount of fees; and

5. Grant all further relief deemed just and proper.

Respectfully submitted this September 29, 2025

*/s/ Michael A. Citron*

Michael A. Citron, Esq.
FBN: 105083
**MAC Legal, P.A.**
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Tel : 954.395.2954
Michael@maclegalpa.com
Service@maclegalpa.com
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 29, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Michael A. Citron*
Michael A. Citron, Esq.
FBN: 105083
**MAC Legal, P.A.**

                4601 Sheridan Street, Ste. 205
                Hollywood, FL 33021
                Tel : 954.395.2954
                Michael@maclegalpa.com
                Service@maclegalpa.com
                *Counsel for Plaintiff(s)*