UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs/Counter-Defendants,
vs.

NATIONAL AUTOMOTIVE, INC., a
Florida Corporation, and
ROBIN RAMAGHI,
an individual

    Defendants/Counter-Plaintiffs.
_____/

### DECLARATION OF LISA CLAYTON ROBINSON

I, Lisa Clayton Robinson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. On September 8, 2023, I was present with my husband, Isiah Robinson, when we purchased a 2011 Chevrolet Equinox from National Automotive, Inc.

2. At the time of the sale, the dealership represented that the Equinox had 118,245 miles and that this figure was its actual mileage.

3. The sales paperwork given to us that day included an Odometer Disclosure Statement listing 118,245 miles without the "not actual" selection checked off, a Title Application (HSMV 82040) affirming that 118,245 "reflects the actual mileage," a Separate Odometer Disclosure Statement and Acknowledgment (HSMV 82933) again stating 118,245 as accurate, and a Bill of Sale and Retail Installment Sales Contract both showing the mileage as 118,245 with no indication that it was not actual.

4. These documents were given to us at the conclusion of the September 8, 2023 sale, but the copies were not signed by the dealership.

5. I was not presented with the certificate of title during the sale, and I was not told or shown that the title contained any "NOT ACTUAL" mileage branding when I agreed to purchase the Equinox.

6. No mileage disclosure on the certificate of title was made in my presence.

7. I do not know and have never had any connection to any person identified as "Robert Karr."

8. I believed, based on the dealership's paperwork and statements, that the Equinox had 118,245 actual miles.

9. I relied on the mileage representation in deciding to purchase the vehicle.

10. Mileage was important to me, because a lower-mileage vehicle was important in my decision to purchase the vehicle.

11. Based upon my experience, I knew that vehicles with lower mileage tend to have less mechanical issues than vehicles with higher mileage.

12. Had I known the mileage was not actual, I would not have purchased the Equinox.

13. I did not consent to or participate in any post-sale alterations to the Disclosure Statement, Title Application, or Separate Odometer Disclosure Statement and Acknowledgment.

14. I was not asked to approve those changes, and I never approved them.

15. I did not sign any second Bill of Sale or Retail Installment Sales Contract, and I did not authorize the addition of any "TMU" or "not actual" notations after the sale.

16. After September 8, 2023, I never returned to the dealership to sign new contracts or authorize changes to mileage disclosure documents.

17. After uncovering the mileage misrepresentations, I filed a complaint with the Florida Department of Highway Safety and Motor Vehicles on behalf of myself and my husband. The DHSMV completed its investigation and cited the Defendant for its conduct.

18. I authorized my attorney to send a pre-suit demand package to the dealership in an effort to resolve the dispute without litigation, but the dealership disregarded it.

19. During the course of this lawsuit, I compared the original bill of sale and retail installment sales contract with the altered versions the defendant produced. The altered contracts are identical to the originals in every respect, except for the after-the-fact notations of "TMU." All of my signatures appear stroke-for-stroke identical across both sets of documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of September, 2025.

*Lisa Clayton Robinson*
_____
LISA CLAYTON ROBINSON