**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
(Jacksonville Division)

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs/Counter-Defendants,
vs.

NATIONAL AUTOMOTIVE, INC., a
Florida Corporation, and
ROBIN RAMAGHI,
an individual

    Defendants/Counter-Plaintiffs.
_____/

## DECLARATION OF ISIAH ROBINSON

I, Isiah Robinson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. On September 8, 2023, I purchased a 2011 Chevrolet Equinox from National Automotive, Inc.

2. At the time of the sale, the dealership represented to me that the Equinox had 118,245 miles and that this figure was its actual mileage.

3. The sales paperwork given to me that day included an Odometer Disclosure Statement listing 118,245 miles without the "not actual" selection checked off, a Title Application (HSMV 82040) affirming that 118,245 "reflects the actual mileage," a Separate Odometer Disclosure Statement and Acknowledgment (HSMV 82933) again stating 118,245 as accurate, and a Bill of Sale and Retail Installment Sales Contract both showing the mileage as 118,245 with no indication that it was not actual.

4. These documents were handed to me at the conclusion of the September 8, 2023 sale, but the copies were not signed by the dealership.

5. I was not presented with the certificate of title during the sale, and I was not told or shown that the title contained any "NOT ACTUAL" mileage branding when I agreed to purchase the Equinox.

6. No mileage disclosure on the certificate of title was made in my presence.

7. I do not know and have never had any connection to any person identified as "Robert Karr."

8. I believed, based on the dealership's paperwork and statements, that the Equinox had 118,245 actual miles.

9. I relied on the mileage representation in deciding to purchase the vehicle.

10. Mileage was important to me, because a lower-mileage vehicle was important in my decision to purchase the vehicle.

11. Based upon my experience with Chevrolet vehicles, I knew that vehicles with lower mileage tend to have less mechanical issues than vehicles with higher mileage.

12. Had I known the mileage was not actual, I would not have purchased the Equinox.

13. I did not consent to or participate in any post-sale alterations to the Disclosure Statement, Title Application, or Separate Odometer Disclosure Statement and Acknowledgment.

14. No one asked me to approve those changes, and I never approved them.

15. I did not sign any second Bill of Sale or Retail Installment Sales Contract, and I did not authorize the addition of any "TMU" or "not actual" notations after the sale.

16. After September 8, 2023, I never returned to the dealership to sign new contracts or authorize changes to the mileage disclosures documents.

17. After discovering the mileage misrepresentations, I submitted a complaint to the Florida Department of Highway Safety and Motor Vehicles to resolve my dispute with the dealership. The DHSMV concluded the investigation and cited the Defendant for its conduct.

18. I also authorized my attorney to send a pre-suit demand package to the dealership to resolve the matter without having to litigate the dispute, but it was ignored.

19. During the lawsuit, I had a chance to compare the bill of sale and retail installment sales contract against the altered bill of sale and altered retail installment sales contract the defendant produced. Upon review, the altered contracts are identical in every respect to the originals, except for the after-the fact notations of "TMU." In fact, all of my signatures are identical, stroke for stroke.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of September, 2025.

*Isiah Robinson*
ISIAH ROBINSON