UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs/Counter-Defendants,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation, and
ROBIN RAMAGHI,
an individual

    Defendants/Counter-Plaintiffs.
_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ERRATA SHEET FOR THE DEPOSITION OF ROBIN BYLER-RAMAGHI

Plaintiffs move to strike the errata sheet served for the deposition of Defendant's corporate representative[1], Robin Byler-Ramaghi, because it was not served within thirty days after notice that the transcript was available, as required by Federal Rule of Civil Procedure 30(e).

### I.    Introduction and procedural background

The deposition of Robin Ramaghai occurred on August 15, 2025. *See* Ex. A. at ¶ 4. The court reporter notified defense counsel on September 2, 2025 that the transcript was available and provided the read and sign materials, including an errata form. *Id.* at ¶ 6. The reporter's read letter is dated August 27, 2025 and confirms the witness did not waive read and sign and that an errata sheet was attached. *Id.* at ¶ 5. The witness signed an errata sheet dated October 21, 2025. DE 71 at 62-65. Defendant first submitted the

---

[1] Located at DE 71 at 62-65 and DE 74 at 34-37.

Page **1** of **4**

errata to the court reporter on October 23, 2025. Ex. A at ¶ 7. The September 2nd, 2025 availability notice started the thirty-day clock under Rule 30(e), which expired on October 2, 2025. The errata was therefore submitted to the court reporter twenty-one days late and is due to be stricken.

## II.     Legal standard

Rule 30(e)(1) permits a deponent to review the transcript and, if requested, to sign a statement listing any changes in form or substance and the reasons for making them within thirty days after being notified by the officer that the transcript is available. *United States EEOC v. Qualtool, Inc.*, No. 5:21-cv-229-ACC-PRL, 2022 U.S. Dist. LEXIS 200752, at *4 (M.D. Fla. Nov. 3, 2022). Rule 30(f)(1) requires the officer to note in the certificate whether review was requested and to attach any changes made during the thirty-day period. Courts in this District enforce these requirements strictly. *See Travelers Indem. Co. Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670-FTM-38CM, 2016 WL 866368, at *4 (M.D. Fla. Mar. 7, 2016); *Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33TBM, 2015 WL 3484835, at *6 (M.D. Fla. June 2, 2015). Notably, the 30-day period is triggered by notification of transcript availability, rather than deponent's physical possession. *Travelers Indem.*, 2016 WL 866368, at *4.

## III.     Argument

The court reporter for the Ramagahi deposition notified opposing counsel of the availability of the transcript on September 2nd, 2025, via email. Ex. A at ¶ 6. The September 2nd, 2025 notice of availability triggered the thirty-day period. *Travelers Indem.*, 2016 WL 866368, at *4. The first submission of any signed changes occurred on October 23, 2025. Ex. A at ¶ 7. Because the changes were not made and served during the thirty-day period, the officer may not attach them to the transcript and the Court should

strike the errata. Strict enforcement protects the integrity of sworn deposition testimony and prevents prejudice arising from post hoc alterations.

Plaintiffs submit the Affidavit of Laura Sweet of Florida Court Reporting in support of the instant motion. Ex. A. The affidavit authenticates the September 2nd, 2025 availability notice with the attached read letter and errata form and confirms receipt and delivery of the signed errata sheet on October 23rd, 2025. The affidavit removes any factual dispute about when the transcript was made available and when the errata was first submitted. Rule 30(e) requires changes to be made during the thirty-day period, which did not occur here.

## IV. Requested relief

Plaintiffs respectfully request that the Court enter an order:

1. Striking the errata sheet for the deposition of Robin Byler-Ramaghi as untimely under Rule 30(e).

2. Directing that the errata not be appended to the transcript and that any attempted changes be excluded for any purpose other than impeachment.

3. Granting any further relief the Court deems just.

### Local Rule 3.01(g) certification

Plaintiffs' counsel conferred with Defendant's counsel regarding the relief requested in this motion on **November 03, 2025**. Defendant opposes the requested relief.

Dated: November 12, 2025   Respectfully submitted,

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**

>4601 Sheridan St #205,
>Hollywood, FL 33021
>Tel: (954) 228-5674
>Fax: (954) 697-0357
>*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

     I certify that on Wednesday, November 12, 2025, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Joshua E. Feygin*
>JOSHUA FEYGIN, ESQ.
>FL Bar No.: 124685