UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and LISA
CLAYTON ROBINSON, Each
an Individual,

    Plaintiffs/Counter-Defendants,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation, and ROBIN
RAMAGHI, an individual,

    Defendants/ Counter-Plaintiffs.
_____

CASE NO.: 3:24-cv-00948

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ERRATA SHEET FOR THE DEPOSITION OF ROBIN BYLER-RAMAGHI

COMES NOW Defendant, NATIONAL AUTOMOTIVE, INC. ("NAI"), by and through its undersigned counsel, and pursuant to Local Rule 3.01, files this Response in Opposition to Plaintiffs' Motion to Strike Defendant's Errata Sheet for the Deposition of Robin Byler-Ramaghi (the "Motion") (D.E. 75), and states as follows:

**I.    STANDARD OF REVIEW**

Motions to strike are highly disfavored, and striking testimony in particular is an extraordinary remedy that should be sparingly used. *Johnson Bros. Corp. v. WSP USA, Inc.,* Case No. 6:21-CV-200-JA-EJK, 2024 WL 3091163, at *1 (M.D. Fla. June 21, 2024) ("Motions to strike are generally disfavored and infrequently granted.") (internal citations and quotations omitted); *Mulfort v. State of Florida*, Case No. 6:24-cv-1118-JSS-EJK, 2025 WL 101579, at *2 (M.D. Fla. Jan. 15, 2025).

1

Rule 30(e), Fed. R. Civ. P., governs errata sheets. In pertinent part, the rule provides that, upon request by the deponent, the deponent "must be allowed 30 days after being notified by the officer that the transcript or recording is available in which…to review the transcript" and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1).

At least two Courts within this District have held that untimeliness alone does not determine whether a motion to strike is warranted. *See Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co.*, Case No. 6:14-CV-1287-ORL-31, 2015 WL 4167377, at *1 (M.D. Fla. July 9, 2015) (holding that the errata sheet was untimely, but refusing to strike it on this basis alone and treating it as timely); and *Travelers Indem. Co. of Connecticut v. Attorney's Title Ins. Fund, Inc.,* Case No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *4 (M.D. Fla. Mar. 7, 2016) (holding that the court will not determine whether the errata sheet should be stricken on the basis of timeliness alone and that it is the untimeliness of the errata sheet paired with the failure to include any reasons for material and contradictory changes made to testimony that are sufficient grounds to strike). *See also, Johnson Bros. Corp.,* 2024 WL 3091163 at *1 (wherein Judge Antoon forgave the untimeliness of the errata sheet, citing *EBC, Inc. v. Clark Bldg. Sys., Inc.,* 618 F. 3d 253, n. 12 (3d Cir. 2010) ("The natural language of the rule, then, does not preclude courts from allowing more time upon a prior request or forgiving minor untimeliness after the fact. Instead, the rule grants courts discretion to do so under appropriate circumstances.")).

In this instance, Plaintiffs' Motion is focused solely on timeliness and does not address any other alleged deficiencies with the errata sheet.

## II. ARGUMENT

### A. Any untimeliness in the return of the Errata Sheet was minimal and caused no prejudice to Plaintiffs.

As noted above, Plaintiffs seek to strike Mrs. Ramaghi's errata sheet based solely on its untimeliness. *See* the Motion, p. 2. On September 2, 2025, the court reporter sent an e-mail to undersigned counsel and her legal assistant advising that the deposition transcript was available for Mrs. Ramaghi's review and provided the "read letter." *See* the Motion, p. 1 and Exh. A. However, due to an inadvertent administrative oversight and due to no fault of Mrs. Ramaghi (or anyone else affiliated with NAI), undersigned counsel did not see the e-mail from the court reporting firm, nor realize that the deposition transcript had been ordered and was therefore available for Mrs. Ramaghi's review, and counsel's legal assistant did not bring this to her attention at any time. *See* the Affidavit of Kimberly Held Israel attached hereto as Exhibit "A"; *see also, Carmody v. MHM Sols., Inc.,* No. 08-14198-CIV, 2008 WL 2844038, at *1 (S.D. Fla. July 23, 2008) (the Eleventh Circuit has noted that "excusable neglect encompasses situations in which failure to comply with a filing deadline is due to negligence" and "a clerical error or miscommunication can cause a party to inadvertently overlook a filing deadline.") (internal citations and quotations omitted). While the review and the return of Mrs. Ramaghi's errata sheet did not constitute NAI missing a "filing" deadline *per se*, immediately upon realizing that the deposition transcript had been ordered and the court reporter had transmitted the e-mail about its review, undersigned counsel promptly communicated with Mrs. Ramaghi about it and subsequently returned the completed and signed errata sheet on October 23, 2025 – twenty-one days after it should have been returned. *See* Exh. "A."

Critically, Plaintiffs allege *no prejudice* from the brief delay in the return of the errata sheet and given the nature of the changes on the errata sheet itself, they cannot demonstrate any actual prejudice. Moreover, Plaintiffs cited only a couple of excerpts from Mrs. Ramaghi's deposition testimony in their Motions for Summary Judgment (D.E. 68 and 69) that are "impacted" by her errata sheet, but none of her changes materially altered her testimony.[1] Given these circumstances, NAI is left wondering why Plaintiffs have devoted time – and are asking and/or expecting the Court to devote time and resources - to seeking to strike the errata sheet, rather than ensuring that the Court (and the jury) have clear and accurate testimony. Regardless, the lack of prejudice to Plaintiffs and the brief delay in the return of the errata sheet weigh heavily against the drastic remedy of striking it.

Plaintiffs rely on two cases for the assertion that timeliness is to be construed strictly. *See* the Motion, p. 2. The first, *Travelers Indem. Co. of Connecticut*, cited above, states that the requirements of Rule 30(e) are to be strictly complied with, but the Court goes on to state that when the untimeliness is minor, the court will consider other factors to determine if the errata sheet should be stricken. *Travelers Indem. Co. of Connecticut,* 2016 WL 866368, at *2 and *4. In this instance, those other factors are not present. The errata sheet contained the required information, namely the reason for the changes made. Plaintiffs also relied on *Rezendes v. Domenick's Blinds & Decor, Inc.,* No. 8:14-CV-1401-

---

[1] *See, e.g.,* D.E. 68 at ¶ 6, citing Mrs. Ramaghi's deposition testimony at pp. 161-62, and the errata sheet changed her answer to "do not" so that the answer now reads, "And I do not appreciate you trying to word it as such"; and D.E. 69 at ¶ ¶ 9-10, citing Mrs. Ramaghi's deposition testimony at pp. 107:20-108:5, and the errata sheet made an alteration to add "Mr. and" to "Mrs. Robinson" and replace "her" with "their". This is consistent with the undisputed fact that both Plaintiffs were present for the test drive, asked for blank contract documents and both purchased the Vehicle.

T-33TBM, 2015 WL 3484835 at *6 (M.D. Fla. June 2, 2015). However, the *Rezendes* court did not actually address the timeliness issue, and instead held that the errata sheet should be stricken because it failed to provide an explanation for the changes made and because it made "sweeping changes to material aspects of" the subject testimony. *Id.* In this instance, Mrs. Ramaghi did not make anything close to "sweeping" or "broad" changes to her testimony, the other elements of Rule 30(e) were satisfied, and Plaintiffs did not argue otherwise.

> **B.     The changes noted on the Errata Sheet are limited, did not materially alter Mrs. Ramaghi's testimony but rather provided necessary clarification to the transcription of her testimony.**

In *Maronda Homes, Inc. of Florida*, 2015 WL 4167377, the court granted plaintiff's motion to strike due to the significant and excessive number of material changes that the errata sheet contained as well as the deponent's failure to provide explanations for the changes in testimony. *Id.* at *2, *4. The court emphasized the sheer volume of material changes the defendant sought to make via the errata sheet and relied heavily on the *Norelus* court's holding that a 63-page errata sheet, containing 868 changes (which significantly improved the plaintiff's case), was not proper. *Id.* citing *Norelus v. Denny's Inc.,* 628 F. 3d 1270 (11th Cir. 2010). Notably, however, the court did *not* rely on the untimeliness of the errata sheet as a basis to strike it. *Id.* at *2. Instead, the court focused on the defendant's failure to provide *any* reasons for the changes to the deponent's testimony, which changes were vast and substantially altered the original testimony. *Id.* at *2, *4.

Unlike the errata sheet reviewed in *Maronda*, in this instance Mrs. Ramaghi made twenty-six corrections/changes to her testimony on a three and a half page errata sheet.

5

(D.E. 71 at Exh. D). Of those 26 changes, half of them were to correct typographical errors; one was due to her failure to properly hear the question, resulting in a misunderstanding of what she was being asked; and the remaining twelve clarified her answers to correct confusion or her recollection of her original testimony but did *not* materially change the substance of the answers themselves. At best, only one clarification could even remotely be considered "material," but Mrs. Ramaghi added the word "not" because it appears to have been inadvertently omitted by the court reporter, e.g. she corrected the transcription of "a lot of times me" with "a lot of times not me" *Id.* at 40:9. Even this particular change is consistent with, *not contrary to*, Mrs. Ramaghi's testimony about who picked up the original title from Murray Ford for the subject Vehicle. (D.E. 68-3, at 72:18-73:5).

The *Maronda Homes, Inc. of Florida* court held "a change in substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in the transcript, such as dropping a 'not'." *Maronda Homes, Inc. of Florida,* 2015 WL 4167377, at *3 (citing *Norelus,* 628 F. 3d 1270 (11th Cir. 2010). Moreover, numerous federal courts in Florida have held that Rule 30(e) permits substantive changes to deposition testimony to address discrepancies, mistakes, and confusion, such as the types of corrections or clarifications at issue here. *See Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.,* Case No. 1:22-cv-21456-MORENO/GOODMAN, 2023 WL 5747675, at *3 (S.D. Fla. Sept, 5, 2023); *Lane Constr. Corp. v. Skanska USA Civil Southeast, Inc.,* Case No. 6:21-cv-164-RBD-DCI, 2022 WL 17904259, at *1 (M.D. Fla. Dec. 23, 2022) ("The court chooses to follow the broad, natural reading of Rule 30(e) which allows for substantive changes to deposition testimony");

6

*Savoia-McHugh v. Glass,* Case No. 3:19-cv-2018-MCR-HTC, 2021 WL 1516384, at *2-3 (N.D. Fla. Apr. 16, 2021); *Allstate Ins. Co. v. Vizcay,* Case No. 8:11-cv-804, 2013 WL 12157570, at *2 (M.D. Fla. Aug. 2, 2013); and *Cultivos Yadran S.A. v. Rodriguez,* 258 F.R.D. 530, 533 (S.D. Fla. 2009).

In this instance, Mrs. Ramaghi's changes, which are not numerous and do not change Defendant's factual or legal assertions in this case, are merely efforts to ensure the record is clear, e.g. to correct or clarify any confusion, problems hearing each other and/or inadvertent transcription/typographical errors. Moreover, Mrs. Ramaghi testified that she had been sick and was coughing throughout the Zoom deposition (D.E. 68-3 at 5:8-11; 53:4; 69:25-70:4) and also that she is hard of hearing, and the record is replete with instances of Mrs. Ramaghi noting her inability to hear or her difficulty hearing Plaintiffs' counsel's questions. (D.E. 68-3 at 17:5-13; 27:25–28:20; 30:9–31:9; and 82:3-21). Put simply, Mrs. Ramaghi did not materially change her testimony via the errata sheet.

### III. Conclusion

Mrs. Ramaghi's errata sheet does not materially change her testimony, is limited in number and scope, and includes a clear and logical explanation for each change. For these reasons, NAI respectfully requests that the Court forgive the brief and wholly unintentional delay in the return of the errata sheet, accept it as timely filed, and deny Plaintiffs' Motion to Strike.

WHEREFORE, Defendant, NATIONAL AUTOMOTIVE, INC., a Florida corporation, respectfully requests that the Court enter an Order denying Plaintiffs' Motion

to Strike, accept the errata sheet as timely filed, and granting such further relief as is just and proper.

                Respectfully submitted,

                **McGLINCHEY STAFFORD**

                */s/ Kimberly Held Israel*
                Kimberly Held Israel, Esq.
                Florida Bar # 47287
                10375 Centurion Parkway N., Suite 420
                Jacksonville, FL 32256
                Tel.: (904) 224-4449
                Fax: (904) 485-8083
                Primary E-mail: kisrael@mcglinchey.com
                Secondary E-mail: cgipson@mcglinchey.com
                ***Counsel for Defendants, NATIONAL AUTOMOTIVE, INC. and ROBIN RAMAGHI***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Court's ePortal, this **25th** day of **November, 2025**, on all counsel of record.

                */s/ Kimberly Held Israel*
                Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIAH ROBINSON, and
LISA CLAYTON ROBINSON,
Each an Individual,

CASE NO.: 3:24-cv-00948

    Plaintiffs/Counter-Defendants,

vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation, and ROBIN
RAMAGHI, an individual,

    Defendants/ Counter-Plaintiffs.

---

## AFFIDAVIT OF KIMBERLY HELD ISRAEL IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ERRATA SHEET

STATE OF FLORIDA
COUNTY OF DUVAL

BEFORE ME this day personally appeared, KIMBERLY HELD ISRAEL, who, first being duly sworn, deposes and says:

1. I am over the age of 18 and am competent to testify to the matters contained herein.

2. I am an attorney licensed to practice in the State of Florida, and I represent Defendants in the above-captioned matter. I make this affidavit based on my personal knowledge in support of Defendant's Response in Opposition to Plaintiffs' Motion to Strike Defendant's Errata Sheet (D.E. 75).

EXHIBIT "A"

3.    At 4:46 p.m. on September 2, 2025, Laura Sweet, of Florida Court Reporting, e-mailed me and my legal assistant (who is no longer employed by McGlinchey Stafford) to notify us that the transcript of the corporate representative of National Automotive, Inc. was available and to ask if I wanted to purchase a copy. The e-mail attached what she described as "Mrs. Ramaghi's read letter." A copy of that e-mail is attached to Ms. Sweet's Affidavit. (D.E. 75-1, Exh. B). As is also noted in her e-mail, she asked me to "confirm receipt," which to my recollection I did not do; nor does she claim that I did.

4.    In fact, due to the volume of e-mails I received at that time, I did not see/read/review Ms. Sweet's e-mail as it was inadvertently missed. Unfortunately, despite being copied on the e-mail, my legal assistant did not ever bring Ms. Sweet's e-mail to my attention; nor did my legal assistant ask me for any instructions as to what to do with the "read letter," e.g. whether she should contact Mrs. Ramaghi or Ms. Sweet to arrange for Mrs. Ramaghi's review of the deposition transcript, or whether there was any type of deadline to return the completed errata sheet that she needed to calendar.

5.    I do not have any recollection, nor record, of Ms. Sweet, or anyone else affiliated with Florida Court Reporting, reaching out to me again after the initial e-mail of September 2nd to confirm my receipt of that e-mail or to check on the status of the errata sheet. Nor does Ms. Sweet claim to have tried to contact me again after the initial September 2nd e-mail.

6. Regardless, I did not realize that Ms. Sweet had e-mailed me about the deposition transcript until September 30, 2025. Promptly upon discovering that she had done so, I instructed my legal assistant to reach out to Mrs. Ramaghi with instructions to review the deposition transcript and note any corrections or clarifications that may be needed. My legal assistant, however, did not notify Mrs. Ramaghi that she should fill out and return the errata sheet by October 2nd, and I was out of the office beginning on the afternoon of October 1st and all day on October 2nd in observance of Yom Kippur.

7. Following the transmission of the deposition transcript to Mrs. Ramaghi, which was 177 pages (excluding the index), I communicated directly with Mrs. Ramaghi regarding the completion of the errata sheet and e-mailed it to Ms. Sweet on October 23rd. The errata sheet itself contains the same information as that contained on the form attached as part of Exhibit A to Ms. Sweet's affidavit, e.g. the page number, line number, change made and the reason for the change. (D.E. 71, Exh. D).

8. The failure to return Mrs. Ramaghi's errata sheet within thirty days was the result of excusable neglect and was not the result of an intentional disregard for the applicable Rule(s).

9. I respectfully request that the Court accept this explanation and permit the errata sheet to stand – and be deemed timely submitted – as neither Mrs. Ramaghi nor anyone else on behalf of National Automotive Inc. are responsible for the inadvertent administrative errors described above.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KIMBERLY HELD ISRAEL

STATE OF FLORIDA
COUNTY OF DUVAL

Sworn to and subscribed before me this 25th day of November, 2025, by KIMBERLY HELD ISRAEL, who is personally known to me.

_____
NOTARY PUBLIC, State of Florida
My Commission Expires:

4