**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**
Case No. 3:24-cv-00948-WWB-PDB

ISIAH ROBINSON and
LISA CLAYTON ROBINSON,

Plaintiffs/Counter-Defendants,

v.

NATIONAL AUTOMOTIVE, INC.,

Defendant/Counter-Plaintiff.

_____/

## UNNOPPOSED TIME-SENSITIVE MOTION TO CONTINUE REMAINING PRETRIAL DEADLINES AND REQUEST FOR RULING BY JANUARY 21, 2026

The Plaintiffs, by and through undersigned counsel, respectfully move pursuant to Federal Rule of Civil Procedure 16(b)(4) for entry of an order continuing the remaining pretrial deadlines set forth in the Case Management and Scheduling Order [DE 22] so that those deadlines align with the Court's *sua sponte* order continuing the Trial Status Conference and Jury Trial entered on January 13, 2026 [DE 78].

This motion is time-sensitive, and the Plaintiffs respectfully request a ruling by January 21, 2026, in order to conserve the resources of the Parties and the Court. Absent prompt clarification of the operative pretrial schedule, the Parties will be required to proceed with extensive and costly final pretrial preparations that may ultimately prove unnecessary or require duplication depending on the Court's resolution of the pending summary judgment motions.

i.  **Procedural background.**

On December 19, 2024, the Court entered its Case Management and Scheduling Order (DE 22), which established pretrial deadlines tied to a March 2, 2026 trial term. Under that Order, the Parties were required to meet in person to prepare the Joint Final Pretrial Statement by January 23, 2026, the Joint Final Pretrial Statement and related materials were due February 2, 2026, the Trial Status Conference was set for February 10, 2026, and trial was set for the March 2026 trial term commencing March 2, 2026.

On January 13, 2026, the Court entered a paperless order *sua sponte* rescheduling the Trial Status Conference to April 14, 2026, and resetting the jury trial to the May 2026 trial term commencing May 4, 2026 [DE 78]. The order did not modify the remaining pretrial deadlines, which now precede the rescheduled Trial Status Conference and trial term by a substantial margin and are no longer synchronized with the Court's revised trial calendar.

Plaintiffs' motions for summary judgment [DE 68-69] and Defendant's motion for summary judgment [DE 70] remain pending before the Court. While the timing of any ruling on those motions is necessarily within the Court's discretion, there exists a meaningful possibility that one or more of the pending motions may be granted in whole or in part. Any such ruling would narrow, alter, or eliminate issues for trial and would materially affect the scope of motions in limine, witness lists, exhibit lists, jury instructions, and verdict forms. Requiring the Parties to complete comprehensive final pretrial preparation before the scope of trial has been crystallized risks unnecessary duplication of effort and the expenditure of resources that may ultimately prove unnecessary.

Notwithstanding the Court's *sua sponte* continuance, the Parties have acted diligently and in full compliance with the Case Management Order. The Parties have

timely scheduled the required in-person meeting to prepare the Joint Final Pretrial Statement, which is currently set to occur on January 22, 2026, and undersigned counsel for Plaintiffs has already booked airfare to attend that meeting. In addition, the Parties are actively and diligently working to prepare the Joint Final Pretrial Statement and all related submissions, including proposed verdict forms, witness lists, exhibit lists, and jury instructions, in order to comply with the existing deadlines. The need for relief does not arise from delay, inattention, or a failure to prosecute the case, but from the Court's intervening continuance of the trial and Trial Status Conference, which altered the procedural posture of the case after the pretrial deadlines were set.

Resetting the remaining pretrial deadlines will further the efficient and cost-effective resolution of this action. Aligning those deadlines with the rescheduled Trial Status Conference and trial term will reduce the risk of wasted effort, avoid unnecessary expense, and allow the Parties to focus their pretrial preparation on the issues that will actually be tried. It will also promote judicial economy by ensuring that pretrial submissions accurately reflect the claims and defenses remaining after resolution of the pending dispositive motions.

    ii.    **Legal Memorandum**

Scheduling orders may be modified for good cause shown. Fed. R. Civ. P. 16(b)(4). Good cause exists if the schedule "cannot reasonably be met despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee notes; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Conservation of judicial resources and reducing the risk of unnecessary briefing is a good cause basis to modify a scheduling order. *Cleveland v. City of Montgomery*, 300 F.R.D. 578, 580 (M.D.

Ala. 2014). The decision whether to grant a continuance lies within the sound discretion of the Court. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). In exercising that discretion, courts consider the diligence of the moving party, whether the continuance would cure the identified need, the inconvenience to the Court or opposing party, and the prejudice to the moving party if relief is denied. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990).

Each of these factors weighs in favor of granting the requested relief. The Parties have acted diligently and continue to do so. Continuing the pretrial deadlines will fully address the inefficiencies created by the current misalignment of deadlines and trial dates. Defendant does not oppose the requested relief, and no witnesses or discovery are affected. Absent relief, the Parties will be required to incur substantial costs and expend significant effort preparing final pretrial materials that may require revision or may prove unnecessary depending on the Court's dispositive rulings, contrary to the principles of efficiency and cost savings embodied in Rule 1.

The requested continuance also satisfies the requirements set forth in Section II.B.2 of the Case Management and Scheduling Order. The Motion is unopposed. The requested relief does not seek additional discovery, as discovery closed on August 29, 2025, and no party seeks to reopen discovery. The Parties further agree that the requested continuance will not affect the dispositive motions deadline or the rescheduled trial date, and no party seeks to supplement or refile the pending summary judgment motions. Because discovery is closed and no further discovery will occur, there is no discovery that will be conducted after the dispositive motions deadline that could be used for summary judgment purposes, rendering that requirement moot under the

circumstances of this case. Finally, the Parties agree that the granting of this Motion, which is sought solely to align the remaining pretrial deadlines with the Court's rescheduled trial setting, will not be relied upon as a basis to seek any further extensions of deadlines in this case.

The Plaintiffs respectfully request that the remaining pretrial deadlines be reset to preserve the same temporal relationship to the rescheduled May 4, 2026 trial term as existed under the original Case Management Order. Specifically, Plaintiffs request that the deadline for the in-person meeting to prepare the Joint Final Pretrial Statement be reset from January 23, 2026 to March 17, 2026; and that the deadline for filing the Joint Final Pretrial Statement and related materials be reset from February 2, 2026 to March 27th, 2026. The Trial Status Conference would remain set for April 14, 2026, and the jury trial would remain set for the May 2026 trial term commencing May 4, 2026, as previously ordered by the Court.

### iii.  Conclusion

For these reasons, the Plaintiffs respectfully request that the Court grant this time-sensitive motion, continue the remaining pretrial deadlines as set forth above, and grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred in good faith with counsel for Defendant regarding the relief requested in this Motion. The conferral occurred via email on January 14, 2026. Defendant does not oppose the requested continuance of the remaining pretrial deadlines.

/s/ *Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@sueyourdealer.com
4601 Sheridan St #205,
Hollywood, FL 33021
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was provided to the persons shown on the Service List, on January 14, 2026.

SUE YOUR DEALER – A LAW FIRM
*/s/ Joshua Feygin*
Joshua Feygin, Esq.

**SERVICE LIST**

Kimberly H. Israel, Esq.
FL Bar No.: 47287
McGlinchey Stafford, PLLC
kisrael@mcglinchey.com
10407 Centurion Parkway N.
Suite 200
Jacksonville, FL 32256
*Counsel for Defendant,*
*NATIONAL AUTOMOTIVE, INC.*