**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ISIAH ROBINSON and LISA CLAYTON
ROBINSON,

           Plaintiffs,

v.                                                                        Case No.: 3:24-cv-948-WWB-PDB

NATIONAL AUTOMOTIVE, INC. and
ROBIN RAMAGHI,

           Defendants.

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Robin Ramaghi's Motion to Dismiss (Doc. 46)[1] and Plaintiffs' Response (Doc. 55). For the reasons set forth below, the Court will grant the Motion.

**I.     BACKGROUND**

On September 8, 2023, Plaintiffs Isiah Robinson and Lisa Clayton-Robinson purchased a used 2011 Chevrolet Equinox from Defendant National Automotive, Inc. ("**National Automotive**"). (Doc. 30, ¶¶ 14–15). As part of the sale, the Robinsons executed an "Odometer Disclosure Statement," a "Separate Odometer Disclosure Statement," and an "Application for Certificate of Motor Vehicle Title" that disclosed the Equinox's mileage as 118,245. (*Id.* ¶¶ 22, 25, 29). Upon belief that this disclosure did not accurately reflect the vehicle's mileage, Plaintiffs filed a complaint with the Florida

---

[1] As part of the Motion, Defendant attached multiple pages of additional documents for consideration. (*See* Doc. 46 at 13–17). However, they are unnecessary to resolve the issues presented in the Motion and, therefore, will not be considered.

Department of Highway Safety and Motor Vehicles ("**DHSMV**").  (*Id.* ¶¶ 32–34).  Plaintiffs allege that, throughout the course of the DHSMV investigation, National Automotive manipulated the disclosures originally given to Plaintiffs by retroactively designating the mileage as "not the actual mileage of the vehicle."  (*Id.* ¶¶ 35–41).

Plaintiffs subsequently obtained a copy of the title history of the Equinox from the DHSMV, which revealed that National Automotive acquired the Equinox from Murray Ford on September 1, 2023.  (*Id.* ¶¶ 44, 46).  At the time that Murray Ford acquired the vehicle, the face of the transfer title disclosed the mileage as 112,990, but clearly stated that figure as "NOT ACTUAL."  (*Id.* ¶¶ 47–48).  Plaintiffs allege that Defendant Ramaghi executed the Transfer Title between Murray Ford and National Automotive despite an incomplete odometer measure and completed the mileage disclosures provided to Plaintiffs.  (*Id.* ¶¶ 49–53).  As a result, Plaintiffs allege that Defendant Ramaghi is liable to them under the Federal Odometer Act ("**Odometer Act**").  (*Id.* ¶¶ 60–72).

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Where a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Id.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.

*See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "naked assertions devoid of further factual enhancement" are insufficient.  *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.    DISCUSSION

Defendant Ramaghi argues that the Amended Complaint fails to plausibly allege the elements of a claim under the Odometer Act and further fails to meet the heighted pleading standard under Federal Rule of Civil Procedure 9(b).  Specifically, she argues that Plaintiffs' allegations are entirely conclusory and fail to allege the necessary intent to state a cause of action.  In their Response, Plaintiffs argue that Ramaghi's Motion is moot because they filed a motion for leave to file a Second Amended Complaint.  (Doc. 55 at 2).  However, Plaintiffs' request to amend their pleading was denied, (*see* Doc. 65 at 2–3), meaning the Amended Complaint remains the operative pleading in this matter and Ramaghi's Motion is not moot.  Plaintiffs do not advance any other substantive argument

in opposition to the Motion.  Instead, their only other argument is that Ramaghi's demand for attorney's fees is improper.

"The Federal Odometer Act imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage."  *Coleman v. Lazy Days RV Ctr., Inc.*, No. 8:05-cv-930-T, 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006) (citing 49 U.S.C. § 32705).  To state a claim for monetary relief under the Odometer Act, a party must allege that a person violated the Act or its regulations, or conspired to do so, "with intent to defraud."   49 U.S.C. §§ 32703(4); 32710(a); *see also Tepper-Barak v. JM Auto, Inc.*, No. 16-cv-61876, 2016 WL 6082358, at *2 (S.D. Fla. Oct. 18, 2016) ("In this Circuit, to survive a motion to dismiss, a complaint *must* allege 'all of the *necessary elements* required for a private cause of action pursuant to this statute: (1) that the defendant violated the Act or its regulations, (2) with intent to defraud." (quoting *Owens v. Samkle Auto., Inc.,* 425 F.3d 1318, 1321 (11th Cir. 2005))).

Count I alleges that National Automotive violated the Odometer Act by making a false statement to a transferee, failing to provide Plaintiffs with the actual title certificate to transfer title for examination and signature, utilizing an unsecure power of attorney to sign as both buyer and seller in confirming a federal odometer reading, and accepting an incomplete title transfer from Murray Ford.  (Doc. 30, ¶¶ 63–67).  However, with respect to Ramaghi, Plaintiffs only make the bare, conclusory allegation that Ramaghi conspired with National Automotive to violate the Odometer Act.  (*Id.* ¶ 68).  The only factual allegations Plaintiffs' make against Ramaghi are that she executed the transfer title from Murray Ford to National Automotive, (*id.* ¶ 50), and completed the mileage disclosures on

the Transfer Title to Plaintiffs, (*id.* ¶ 52). These allegations fall short of stating with particularity the circumstances constituting fraud and do not explain how Ramaghi acted with *intent* to defraud. *See Lherisson v. Whittington*, No. 1:23-cv-22462, 2024 WL 4349766, at *3 (S.D. Fla. Feb. 28, 2024) (dismissing complaint that failed to allege whether the defendant had "actual or constructive knowledge" that an odometer reading was incorrect); *Bertolotti v. A&I Int'l Motor Corp.*, No. 16-22185-Civ, 2016 WL 6804624, at *3 (S.D. Fla. Nov. 17, 2016).

Alternatively, "courts have found an 'intent to defraud' where a seller exhibited gross negligence or a reckless disregard for the truth in preparing odometer disclosure statements." *Bertolotti*, 2016 WL 6804624, at *2. Plaintiffs' allegations, however, are not sufficient to plausibly allege that Ramaghi acted in a grossly negligent manner by filling out the mileage disclosures. For instance, the Amended Complaint lacks any allegation that Ramaghi personally had "reason to suspect the vehicle's odometer was incorrect." *Coleman v. Lazy Days RV Ctr., Inc.*, No. 8:05-cv-930-T, 2007 WL 2021832, at *2 (M.D. Fla. July 12, 2007). Because Plaintiffs have failed to allege any kind of intent to defraud beyond conclusory allegations, the Court finds that the Amended Complaint fails to state a claim against Ramaghi.

With respect to Ramaghi's request for attorney's fees and costs, Local Rule 3.01(b) requires a motion to include a "concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." No part of the Motion advances any substantive argument in support of this request, and the Court is not required to consider underdeveloped arguments. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (nothing that the court need not

consider "perfunctory and underdeveloped" arguments).   In the absence of any supporting authority or legal basis, the Court will deny Ramaghi's request.

## IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Robin Ramaghi's Motion to Dismiss (Doc. 46) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. Count I of the Verified Amended Complaint (Doc. 30) is **DISMISSED without prejudice** as to Defendant Robin Ramaghi.

3. The Clerk is directed to terminate Robin Ramaghi as a Defendant in this matter and amend the case style accordingly.

**DONE AND ORDERED** in Jacksonville, Florida on February 5, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record