UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

CASE NO.: 3:24-cv-00948

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
Each an Individual,

    Plaintiffs/Counter-Defendants,
vs.

NATIONAL AUTOMOTIVE, INC.,
a Florida Corporation,

    Defendants/Counter-Plaintiffs.
_____/

**PLAINTIFFS' NOTICE OF INTENT TO RELY UPON CERTIFIED BUSINESS RECORDS OF MANHEIM REMARKETING, INC.. PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)**

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON ROBINSON ("Plaintiffs"), pursuant to Federal Rules of Evidence 803(6) and 902(11), hereby provide notice of their intent to introduce at trial certified domestic records of regularly conducted activity, and state as follows:

**I. IDENTIFICATION OF RECORDS**

    1.    Plaintiffs intend to offer into evidence business records of Manheim Remarketing, Inc., doing business as Manheim Fort Lauderdale, produced in response to subpoena in this action.

    2.    These records are accompanied by a "Certificate of Authentication of Records" executed on January 13, 2025, by Jenna A. Mathews, duly authorized records custodian for Manheim Remarketing, Inc., in Williamson County, Tennessee.

    3.    The certification establishes that:

    (a) the declarant is a records custodian or other qualified person;

  (b) the records are originals or duplicate copies of domestic business records;
  (c) the records were made at or near the time of the events recorded by a person with knowledge;
  (d) the records were kept in the course of regularly conducted business activity; and
  (e) making such records was a regular practice of that business activity.

4. The records and certification have been produced in discovery and remain available for inspection by Defendant.

## II. ADMISSIBILITY UNDER FEDERAL RULE OF EVIDENCE 803(6)

5. Federal Rule of Evidence 803(6) provides that records of a regularly conducted activity are admissible where:

  (a) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
  (b) the record was kept in the course of a regularly conducted business activity; and
  (c) making the record was a regular practice of that activity.

6. The accompanying certification satisfies each element of Rule 803(6). The reliability of the records arises from their creation and maintenance in the ordinary course of business.

7. The Manheim records at issue consist of auction-related business records maintained by a national automotive remarketing company in the ordinary course of its operations, and were not created for purposes of litigation.

8. There is no indication of untrustworthiness. The records are routine operational tracking records generated and maintained by a tracking services provider in the ordinary course of business, not documents prepared for litigation.

## III. SELF-AUTHENTICATION UNDER FEDERAL RULE OF EVIDENCE 902(11)

9. Federal Rule of Evidence 902(11) provides that domestic records meeting the requirements of Rule 803(6) are self-authenticating when accompanied by a written declaration of the custodian or other qualified person certifying compliance with the rule.

10. The Advisory Committee Notes to the 2000 Amendments confirm that a declaration complying with 28 U.S.C. § 1746 satisfies Rule 902(11). The September 17, 2025 certification complies with that statute.

11. Extrinsic evidence of authenticity is not required. The purpose of Rule 902(11) is to eliminate unnecessary live testimony where authenticity is not legitimately disputed and to conserve judicial resources.

12. Business records admitted pursuant to Rules 803(6) and 902(11) are non-testimonial in nature. The Supreme Court specifically observed that business records "by their nature are not testimonial." *Crawford v. Washington*, 584 U.S. 36, 56 (2004).

13. In United States v. Ellis, 460 F.3d 920, 927 (7th Cir. 2006), the court concluded that business records could be properly introduced pursuant to Federal Rules of Evidence 803(6) and 902(11). *See also, United States v. Hagege*, 437 F.3d 943, 957-958 (9th Cir. 2006) (holding that "foreign business records admitted under § 3505 are not subject to the Crawford requirement of confrontation"); *United States v. Lopez-Moreno*, 420 F.3d 420, 436-437 (5th Cir. 2005) (holding that public records are not testimonial and recognizing that, under Crawford, business records are not testimonial and are not subject to the requirements of the Confrontation Clause).

14. The Court of Appeals for the District of Columbia followed *Ellis'* reasoning in *United States v. Adefehinti*, 510 F.3d 319, 325-328 (D.C. Cir. 2008) (reversing conviction on other grounds). The court held that it is not necessary for the certifying

records custodian to have personal knowledge of the creation of the records maintained by the business. *Id*. at 325.

16. 15. Admission of certified business records under these rules does not implicate confrontation concerns.

16. A records custodian need not possess personal knowledge of each recorded event. It is sufficient that the custodian is familiar with the record-keeping practices of the business.

17. Accordingly, live testimony from Manheim Remarketing, Inc.'s custodian is unnecessary, and requiring such testimony would result in needless delay and expense.

**IV. NOTICE REQUIREMENT**

18. Rule 902(11) requires that the proponent provide reasonable written notice of the intent to offer the record and make the record and certification available for inspection so that the opposing party has a fair opportunity to challenge them.

19. Plaintiffs have produced the records and certification in discovery and hereby provide formal notice of their intent to rely upon them at trial.

**V. LOCAL RULE 3.01(g) CERTIFICATION**

20. This filing is a notice, not a motion. Local Rule 3.01(g) applies to motions and requires conferral only before filing most motions. Because this Notice does not seek Court action, no conferral is required under Local Rule 3.01(g).

**WHEREFORE**, Plaintiffs hereby give notice of their intent to introduce the above-described certified business records pursuant to Federal Rules of Evidence 803(6) and 902(11).

Dated: 3/2/2026                                      Respectfully submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205,
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 3/2/2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to the following counsel of record:

All parties of record.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685