**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.: 3:24-cv-00948**

ISIAH ROBINSON, and,
LISA CLAYTON ROBINSON,
each an Individual,

      Plaintiffs/Counter-Defendants,
vs.

NATIONAL AUTOMOTIVE, INC., a
Florida Corporation,

      Defendants/Counter-Plaintiffs.
_____

**PARTIES' JOINT MOTION FOR EXTENSION OF TIME TO FILE JOINT FINAL PRETRIAL STATEMENT AND ALL RELATED PRETRIAL SUBMISSIONS**

Plaintiffs/Counter-Defendants, ISIAH ROBINSON and LISA CLAYTON ROBINSON (collectively, "Plaintiffs"), and Defendant/Counter-Plaintiff, NATIONAL AUTOMOTIVE, INC. ("NAI") (all parties collectively, the "Parties"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Middle District of Florida Local Rule 3.01(d), and the Court's Case Management and Scheduling Order (D.E. 22), as modified by this Court's Endorsed Order dated January 16, 2026 (D.E. 80), respectfully and jointly move this Court for a brief extension of time through and including **Tuesday, March 31, 2026**, to file the Joint Final Pretrial Statement and all related pretrial submissions required thereunder, including the parties' joint jury instructions, proposed verdict form, voir dire questions, witness lists, and

1

exhibit lists, as well as the trial briefs (which are optional per Section D(1) of the Case Management and Scheduling Order). In support thereof, the Parties state:

## BACKGROUND

1.    On December 19, 2024, the Court entered its Case Management and Scheduling Order (D.E. 22), setting February 2, 2026, as the deadline for filing the Joint Final Pretrial Statement and all related pretrial submissions required thereunder.

2.    On January 16, 2026, the Court granted the Parties' unopposed motion to continue pretrial deadlines, extending the deadline for the required in-person meeting to prepare the Joint Final Pretrial Statement to March 17, 2026, and extending the filing deadline to March 27, 2026. *See* D.E. 80 (Endorsed Order, Barksdale, M.J.).

3.    The Joint Final Pretrial Statement requires the preparation and coordination of a substantial body of integrated pretrial submissions, including a Joint Final Pretrial Statement conforming to Local Rule 3.06(b), a single set of jointly-proposed jury instructions (including any contested instructions with supporting authority), a proposed verdict form, proposed voir dire questions, witness lists, exhibit lists on the Court-approved form (including any objections), deposition designations and trial briefs. *See* D.E. 22 at pp. 7–10.

4.    Since the Court's last extension, the Parties and their respective counsel have been engaged in extensive, good-faith discussions and collaborative revisions directed toward completing the Joint Final Pretrial Statement and all related submissions in compliance with the Court's requirements.

2

5.    Despite those efforts, the Parties have been unable to fully complete and file the Joint Final Pretrial Statement by today's deadline of March 27, 2026, due to competing personal and professional obligations of both counsel and the parties, which have prevented the Parties from finalizing the remaining outstanding submissions.

6.    The Parties require a brief additional period of time to finalize the outstanding pretrial submissions, resolve remaining issues as to jury instructions and the verdict form, and ensure the Joint Final Pretrial Statement is submitted in full conformity with the requirements of Local Rule 3.06(b) and D.E. 22.

7.    The extension requested herein is brief - four (4) days - through and including Tuesday, March 31, 2026, and will not prejudice any party nor will it affect the trial term or any remaining deadlines in this case.

## MEMORANDUM OF LAW

Scheduling orders may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists where the schedule "cannot reasonably be met despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee notes; *see also Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998).

The decision whether to grant a continuance lies within the sound discretion of the Court. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). In exercising that discretion, courts consider: (1) the diligence of the moving party; (2) whether the continuance would cure the identified need; (3) the inconvenience to the Court or opposing party; and (4) the prejudice to the moving party if relief is denied. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). All four factors weigh in favor of granting the requested extension.

3

First, the Parties have been diligent. Since the Court's last extension (D.E. 80), the Parties and their counsel have been actively engaged in the preparation of the Joint Final Pretrial Statement and all related submissions, including joint jury instructions, the proposed verdict form, voir dire questions, witness and exhibit lists, and trial briefs. Over 20 iterations have been exchanged among the Parties, and counsel have met multiple times virtually and by phone, in addition to exchanging e-mails, in an effort to comply with the pretrial requirements. The current deadline has not been met solely because competing personal and professional obligations of both counsel and the Parties have prevented completion of the final remaining submissions, not from any lack of effort or attention to the matter.

Second, the brief extension requested will cure the identified need. A four-day extension through March 31, 2026, provides the Parties sufficient time to finalize and file the Joint Final Pretrial Statement in full conformity with Local Rule 3.06(b) and the Court's Case Management and Scheduling Order. Filing a complete, compliant pretrial statement serves judicial economy and reduces the risk of incomplete or deficient submissions that could require additional Court attention.

Third, there is no inconvenience to the Court or any party. This motion is **joint and unopposed.** The extension does not affect the trial date, the trial term, or any other remaining deadline in this case. No party objects. The Case Management and Scheduling Order's checklist requirements are satisfied: (1) the motion is joint; (2) all parties agree the extension will not affect the trial status conference or the trial date; and (3) neither party will use the granting of this extension to support any further motion to extend any other deadline. *See* D.E. 22 at p. 5.

4

Fourth, the Parties would be prejudiced if relief is denied. Denial would require the Parties to file an incomplete or non-compliant Joint Final Pretrial Statement today, risking sanctions under the Case Management and Scheduling Order, including the potential striking of pretrial submissions. *See* D.E. 22 at 12 (noting sanctions may include striking of pleadings for failure to comply). A four-day extension eliminates that risk at no cost to the Court or the Parties.

## CONCLUSION

**WHEREFORE**, Plaintiffs/Counter-Defendants Isiah Robinson and Lisa Clayton Robinson and Defendant/Counter-Plaintiff National Automotive, Inc., jointly and respectfully request that this Court enter an Order granting a brief extension of time through and including **Tuesday, March 31, 2026**, for the Parties to file the Joint Final Pretrial Statement and all related pretrial submissions consistent therewith, as required by the Court's Case Management and Scheduling Order (D.E. 22), as modified by D.E. 80.

## LOCAL RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), undersigned counsel certify that the Parties have conferred regarding the relief requested herein and are in agreement. This motion is jointly filed and agreed upon by all Parties. No further conferral is required because the motion is joint and unopposed.

Respectfully submitted this 27th day of March, 2026:

/s/ Joshua E. Feygin
**JOSHUA E. FEYGIN, ESQ.**
Florida Bar No. 124685
SUE YOUR DEALER – A LAW FIRM
1930 Harrison St, Suite 208F

Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
Email: Josh@sueyourdealer.com
*Counsel for Plaintiffs/Counter-Defendants*
*Isiah Robinson and Lisa Clayton Robinson*


and

/s/ Kimberly Held Israel
**KIMBERLY HELD ISRAEL, ESQ.**
Florida Bar No. 47287
Kaufman Dolowich
301 E. Pine Street, Suite 1150
Orlando, FL 32801
Tel: (407) 358-5619
Primary E-mail:
kim.israel@kaufmandolowich.com
Secondary E-mail:
Natalie.nunley@kaufmandolowich.com
*Counsel for Defendant/Counter-Plaintiff,*
*National Automotive, Inc.*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Kimberly Held Israel*
ATTORNEY

6