**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ISIAH ROBINSON and LISA CLAYTON
ROBINSON,

        Plaintiffs,

v.                                Case No.: 3:24-cv-948-WWB-PDB

NATIONAL AUTOMOTIVE, INC.,

        Defendant.

                                /

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiffs' Motion to Strike Defendant's Errata Sheet (Doc. 75) and Defendant's Response in Opposition (Doc. 77). In the Motion, Plaintiffs argue that the Court should strike Defendant's errata sheet for the deposition of Robin Byler-Ramaghi because it is untimely under Federal Rule of Civil Procedure 30(e).

"Under Rule 30(e), on request of the deponent or a party before a deposition is completed, a deponent is allowed 30 days 'after being notified by the [court reporter] that the transcript . . . is available' to review the deposition transcript and submit changes and corrections." *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-cv-1287-Orl, 2015 WL 4167377, at *1 (M.D. Fla. July 9, 2015) (quoting Fed. R. Civ. P. 30(e)). Defendant concedes that the errata sheet is untimely but argues that it should not be stricken because the untimeliness was minimal, and that courts do not strike errata sheets simply for timeliness reasons.

"Absent a court-approved extension, the failure to submit a timely errata sheet may result in the party's waiver of the opportunity to make corrections to her deposition

testimony." *Travelers Indem. Co. of Conn. v. Att'ys Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM, 2016 WL 866368, at *2 (M.D. Fla. Mar. 7, 2016).  Contrary to Defendant's suggestion, courts have stricken errata sheets solely for being untimely when it caused substantive changes to be made outside the discovery period.  *See Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1310–11 (S.D. Fla. 2010) (striking an errata sheet filed fifty-nine days after a deposition transcript was delivered to plaintiff's counsel).  Here, as the parties agree, the deadline expired on October 2, 2025, but the errata sheet was not submitted until October 23, 2025, twenty-one days after it should have been returned. (Doc. 75 at 2–3; Doc. 77 at 3).  Defendant did not seek an extension of the deadline from the court.  Furthermore, discovery was closed, leaving Plaintiff no redress from the Court to address the changes.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that deadlines may be extended for "good cause" "after the time has expired if the party failed to act because of excusable neglect."  *See also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect.").  "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)).  To establish good cause, the party seeking the

2

extension must establish that the schedule could not be met despite the party's diligence. *Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008).

In the Response, Defendant states that the late submission was due to inadvertent administrative oversight. Specifically, Defendant states that the notification that the transcript was available was not reviewed even though the court reporter sent an e-mail to both defense counsel and to her legal assistant, in part because of the "volume of e-mails" counsel was receiving at that time. (Doc. 77 at 3, 10). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 877 (11th Cir. 2022) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). "So, failure to abide by a clear legal deadline constitutes inexcusable neglect." *Id.* Rule 30(e) is clear and unambiguous, and both Defense counsel and her assistant were made aware of the availability of the deposition transcript by the court reporter. Nor does the work and e-mail load of Defendant's counsel constitute excusable neglect. *See Jean-Baptiste v. City of Mia.*, No. 23-22670-CIV, 2025 WL 947635, at *4 (S.D. Fla. Mar. 28, 2025); *Jones v. Fulton Cnty.*, No. 1:06-CV-2125, 2008 WL 11334167, at *4 (N.D. Ga. Sept. 2, 2008).

Moreover, even if the initial failure was excusable, Defendant became aware that the transcript was available on September 30, 2025, before the deadline passed. (Doc. 77 at 11). Nevertheless, Defendant did not request an extension, explain why it was unable to seek such an extension, or otherwise comply with the clear deadline. Counsel's busy schedule is not an excuse for failure to timely act or provide the witness with the necessary deadline to act. *See Milbrath v. NCL Bah., Ltd.*, 1:17-cv-22071, 2018 WL

3

2021338, at *3 (S.D. Fla. Jan. 29, 2018).  Accordingly, Defendant has not established good cause and excusable neglect for the failure to timely file the errata sheet.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion to Strike Defendant's Errata Sheet (Doc. 75) is **GRANTED**.

2. Defendant's errata sheet is **STRICKEN**.  The errata sheet may not be appended to the transcript and any statements contained therein will not be considered by the Court.

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4