**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
Case No. 3:24-cv-00948-WWB-PDB

**ISIAH ROBINSON** and
**LISA CLAYTON ROBINSON,**

     Plaintiffs/Counter-Defendants,

v.

**NATIONAL AUTOMOTIVE, INC.,**

     Defendant/Counter-Plaintiffs.

_____/

## PLAINTIFFS' TIME-SENSITIVE UNOPPOSED MOTION FOR LEAVE FOR CO-COUNSEL MICHAEL A. CITRON TO APPEAR REMOTELY AT FINAL PRETRIAL CONFERENCE

Plaintiffs Isiah Robinson and Lisa Clayton Robinson, by and through their undersigned counsel, respectfully move this Court for an order permitting Plaintiffs' co-counsel, Michael A. Citron, Esq., of MAC Legal, P.A., to appear remotely via Zoom videoconference at the Final Pretrial Conference presently scheduled for 10:00 a.m. on Monday, April 14, 2026. This is a time sensitive motion and Plaintiffs respectfully request a ruling by April 13, 2026. In support thereof, Plaintiffs state as follows:

## BACKGROUND

This matter is set for a five-day jury trial before the Honorable Wendy W. Berger. The Court has scheduled a Final Pretrial Conference for April 14, 2026 at 9:00 a.m. (D.E. 78). Mr. Citron has been materially involved in all aspects of the preparation and prosecution of this action on behalf of Plaintiffs, and his participation in the conference will be of assistance to the Court.

Mr. Citron has been called in to an in-person three-week jury trial in the Superior Court of California, County of San Francisco, in *The Gap, Inc. v. SVES Go, LLC, et al.*, Case No. CGC-24-615167, in which he serves as co-counsel for all named defendants. That trial is set to commence on April 14, 2026, requiring Mr. Citron's in-person attendance in San Francisco. His presence in California on April 14, 2026 is not a matter of convenience as Mr. Citron is under a professional and court-imposed obligation to appear in that proceeding and cannot be in two courtrooms simultaneously.

Importantly, this motion does not seek to excuse lead trial counsel from the Court's in-person attendance requirement. Joshua Feygin, Esq. of Sue Your Dealer – A Law Firm, designated lead trial counsel for Plaintiffs in this action, will be present in person at the Final Pretrial Conference in full compliance with the Trial Order's directive that "[l]ead trial counsel and local counsel for each party ... must attend the final pretrial conference in person unless previously excused by the Court." D.E. 22, § V.B. The relief sought pertains only to co-counsel Mr. Citron.

## <u>MEMORANDUM OF LAW</u>

No specific Local Rule of the Middle District of Florida prohibits co-counsel from appearing remotely at a pretrial conference. This Court nonetheless retains broad inherent authority to manage its docket and to permit remote participation where appropriate and where no prejudice results. *See United States v. Reynolds*, 23 F.4th 1130, 1134 (11th Cir. 2022) ("[d]istrict courts possess inherent authority to manage their dockets and courtroom procedures"); Fed. R. Civ. P. 16(d) (vesting the court with authority to control conduct of pretrial proceedings). The Court's administrative orders following the COVID-19 pandemic further normalized video conference participation for

proceedings not requiring live testimony. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Administrative Order No. 6:20-mc-10 (M.D. Fla. Mar. 17, 2020), and successive orders.

Courts in this District and Circuit have routinely permitted remote appearances by counsel where good cause is shown. *See Sain on behalf of VRS v. Sain*, 548 F. Supp. 3d 1181, 1183 (M.D. Fla. 2021) (witness appeared via Zoom); *Melvin v. United States*, No. 5:22-cv-393-GAP-PRL (M.D. Fla. 2024) (Lammens, M.J.) (hearing conducted via Zoom); *United States v. Rodriguez*, 75 F.4th 1231, 1238 (11th Cir. 2023) (sentencing hearing conducted remotely via Zoom).

Plaintiffs respectfully submit that good cause exists here. Mr. Citron's inability to appear in person on April 14, 2026 is the direct result of a court-imposed trial obligation in another jurisdiction, not convenience or expense avoidance. Lead trial counsel will be present in person, satisfying the in-person requirement of this Court's order. Permitting Mr. Citron to appear via Zoom will allow him to contribute meaningfully to the conference while honoring his obligations to the California court, without causing any prejudice to Defendant or disruption to these proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order permitting Michael A. Citron, Esq. to appear via Zoom videoconference for the Final Pretrial Conference on April 14, 2026 at 10:00 a.m., and directing the Clerk to provide the necessary videoconference access information. Given the proximity of the conference, Plaintiffs respectfully request that the Court issue its ruling on or before Monday, April 13, 2026.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), the undersigned certifies that on April 10, 2026, counsel conferred with Defendant's counsel, Kimberly Held Israel, Esq. by email, in a good faith effort to resolve the issues raised by this motion. The parties agree on the resolution of this motion.

Respectfully submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205, Hollywood,
FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
Attorneys for Plaintiffs Isiah Robinson
and Lisa Clayton Robinson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice and service to all counsel of record via transmission of Notices of Electronic Filing.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685