**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
Case No. 3:24-cv-00948-WWB-PDB

**ISIAH ROBINSON** and
**LISA CLAYTON ROBINSON,**

    Plaintiffs/Counter-Defendants,

v.

**NATIONAL AUTOMOTIVE, INC.,**

    Defendant/Counter-Plaintiffs.

_____/

## JOINT NOTICE OF SETTLEMENT AND PLAINTIFFS' MOTION TO STAY

Plaintiffs, ISIAH ROBINSON and LISA CLAYTON ROBINSON (collectively, "Plaintiffs"), and Defendant, NATIONAL AUTOMOTIVE, INC. ("Defendant"), by and through their respective undersigned counsel, hereby notify the Court pursuant to the Court's Case Management and Scheduling Order (D.E. 22, Section VII(C)) and Local Rule 3.09(a) that the parties have reached a settlement of this matter in its entirety. Plaintiffs respectfully move this Court, pursuant to its inherent authority, to stay all proceedings in this action for a period of thirty (30) days to permit the parties to negotiate, execute, and effectuate the terms of the settlement agreement, and state the following in support:

## MEMORANDUM OF LAW

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is

appropriate. *CTI—Container Leasing Corp. v. Uiterwyk Corp*., 685 F.2d 1284, 1288 (11th Cir. 1982). A stay may be granted to enable performance under a settlement agreement where there is no prejudice to any party and the stay promotes judicial economy. *Glaze Supply Co. v. Canyon Power Sols., LLC*, No. 6:21-cv-1841-ACC-GJK, 2021 U.S. Dist. LEXIS 260779 (M.D. Fla. Nov. 29, 2021).

A stay of thirty days is warranted here. The parties have reached a settlement that will resolve all claims and counterclaims in this litigation. Staying the proceedings will allow the parties sufficient time to reduce the agreement to writing, obtain necessary signatures, and effectuate its terms without incurring unnecessary additional litigation costs. The requested stay is brief, is not sought for purposes of delay, and will not prejudice any party. Entry of a stay will further judicial economy by allowing the parties to dispose of this matter without further expenditure of the Court's resources in connection with imminent trial preparation deadlines and the trial itself.

In the alternative, should the Court decline to enter a stay, the parties respectfully request that the Court retain jurisdiction over the settlement agreement upon their express consent. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 380 (1994); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278, 1280 (11th Cir. 2012).

**WHEREFORE**, Plaintiffs, joined by Defendant, respectfully request that the Court (1) accept this Joint Notice of Settlement; (2) stay all pending deadlines and proceedings in this action for thirty (30) days to permit the parties to finalize, execute, and effectuate the written settlement agreement; and (3) grant such other relief as the Court deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), undersigned counsel for Plaintiffs certifies that on April 13, 2026, counsel conferred with counsel for Defendant, Kimberly Held Israel, Esq. , by e-mail in a good faith effort to resolve the issues raised by this Motion. Defendant does not object to the relief requested herein.

Respectfully submitted,

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205, Hollywood,
FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
Attorneys for Plaintiffs Isiah Robinson
and Lisa Clayton Robinson

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice and service to all counsel of record via transmission of Notices of Electronic Filing.

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685